LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
ALBERT L. SIEBER (CSB No. 233482)
asieber@fenwick.com
LIWEN A. MAH (CSB No. 239033)
lmah@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

PATRICK E. PREMO (CSB NO. 184915)
ppremo@fenwick.com
DENNIS M. FAIGAL (CSB NO. 252829)
dfaigal@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for Plaintiff SUCCESSFACTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOFTSCAPE, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 08 1376 EDL<br><br>***EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY; AND MEMORANDUM OF POINTS AUTHORITIES IN SUPPORT THEREOF** |

### INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 26(d), 30(a), and 34, Plaintiff SuccessFactors, Inc. ("SuccessFactors") hereby moves the Court for an order of relief from the presumptive statutory stay of formal discovery prior to the initial Rule 26(f) conference to allow

SuccessFactors to immediately serve its first set of discovery requests on defendant Softscape, Inc. ("Softscape"), take a Rule 30(b)(6) deposition of Softscape, and serve subpoenas on two third-party Internet service providers, such discovery to be completed within seven days of service of this order.

SuccessFactors brings this motion concurrently with its *ex parte* application for a temporary restraining order ("TRO") and motion for preliminary injunction, on grounds that it will otherwise be irreparably harmed by Softscape's continued use or dissemination of a document containing false, misleading and scandalous misinformation about SuccessFactors, and which has been circulated under SuccessFactors' trademark. As described more fully in the concurrent TRO application, Softscape created a 43-page presentation entitled "SUCCESSFACTORS Workforce Performance Management: The Naked Truth" (the "Presentation"), which was then e-mailed to at least twenty-five of SuccessFactors' prospective or actual customers. While the initial evidence demonstrates that the Presentation originated from Softscape, SuccessFactors urgently seeks additional evidence regarding Softscape's acts and decisions regarding the creation and dissemination of the Presentation to support its preliminary injunction application. Expedited and targeted initial discovery is necessary to provide the Court with a more developed record for the resolution of SuccessFactors' motion for a preliminary injunction.

SuccessFactors' limited document requests and deposition topics, attached as **Exhibit A** and **Exhibit C** to the Declaration of Liwen A. Mah in Support of Plaintiff's Motion for Expedited Discovery ("Mah Decl."), will adduce specific evidence probative of Softscape's infringement of SuccessFactors' trademarks, Softscape's unauthorized access to Successfactors' computer system in violation of 18 U.S.C § 1030 and Softscape's false advertising in violation of Section 43(a)(1)(B) of the federal Lanham Act, 15 U.S.C. § 1125(a). Accordingly, SuccessFactors respectfully requests that this Court grant its motion for an order permitting: (1) fifteen document requests with responses and documents by Plaintiff due within five business days of service of the Court's order; (2) a Rule 30(b)(6) oral deposition of Softscape to be initiated with seven business days of the order; and (3) leave to subpoena third-party Internet service providers Verizon

Internet Services, Inc. and Comcast Cable Communications, Inc. for documents concerning the use of IP addresses that have been tied to the Presentation or its dissemination

## ARGUMENT

### I. IN LIGHT OF THE INJUNCTIVE RELIEF THAT SUCCESSFACTORS SEEKS, GOOD CAUSE EXISTS FOR EXPEDITED DISCOVERY.

#### A. This Court Has Authority to Order Expedited Discovery for Good Cause.

Federal Rules of Civil Procedure 26(d), 30(a), and 34(b) authorize the Court to shorten the timing requirements of Rule 26(d) in order to serve discovery requests and take depositions on an expedited basis. Courts in the Ninth Circuit apply a flexible "good cause" standard to determine whether expedited discovery is warranted. *Semitool v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 274-75 (N.D. Cal. 2002) (expedited discovery granted on showing of good cause). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at 276. Expedited discovery is proper where it may ultimately conserve the resources of the parties and the court by expediting the litigation. *Id.* No showing of irreparable harm is necessary. *Id.*

In particular, courts recognize that expedited discovery is necessary and proper where, as here, a plaintiff seeks development of a full evidentiary record to support a motion for a preliminary injunction. *See e.g., Pod-Ners, LLC v. Northern Feed & Bean*, 204 F.R.D. 675, 676 (D. Colo. 2002) (granting a motion for expedited discovery and requiring defendants to respond within 11 days of service); *Nabisco, Inc. v. PF Brands, Inc.*, 50 F. Supp. 2d 188, 194 (S.D. N.Y. 1999), *aff'd*, 191 F.3d 208 (2d Cir. N.Y. 1999), (ordering expedited discovery on preliminary injunction). "Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Ellsworth Assocs. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996); *see also Sports Design and Development v. Schoeneboom*, 871 F. Supp. 1158, 1167 (N.D. Iowa 1995) (granting temporary restraining order and expedited discovery in a Lanham Act action because plaintiff "will need expedited discovery . . . to prepare for the preliminary injunction hearing").

**B.   In light of the injunctive relief that SuccessFactors seeks, good cause exists for expedited discovery.**

Here, the nature of the relief and evidence sought constitutes good cause for expedited, focused discovery, especially since any possible prejudice to Softscape would be slight from merely accelerating discovery that must ultimately occur.

As other courts have found in the context of preliminary injunctions, expedited discovery is appropriate to enable SuccessFactors to obtain evidence regarding its probable success on the merits. Although SuccessFactors has been able to analyze the Presentation and logs of Softscape's access to SuccessFactors' servers to deduce Softscape's involvement (*see* Declaration of Jim Matheson in Support of Plaintiff's Motion For a Temporary Restraining Order and Order To Show Cause Re Preliminary Injunction ("Matheson Decl.") ¶¶ 5-18), full information and many probative documents lie exclusively in the custody, control, or possession of Softscape. For instance, only Softscape would have complete information about

- how and when its employees or agents authored the Presentation;
- how and when its employees or agents accessed SuccessFactors' computers and data to develop the Presentation;
- any purported factual support for the content of the Presentation, including any communications from purported former employees of SuccessFactors; and
- the extent to which it has impermissibly used SuccessFactors' trademarks in additional documents besides the Presentation.

Further, although SuccessFactors knows that the Presentation has caused harm with respect to certain prospective customers, only Softscape is likely to have complete information about who received the Presentation and the motivation and strategy for Softscape's use of the Presentation unlawfully to compete with SuccessFactors. Without access to that evidence, Plaintiff and the Court would have incomplete information about Softscape's false advertising, trademark infringement, unfair competition, fabrication of the Presentation, the full extent of dissemination to the public, and the resulting irreparable harm.

/ / /

Providing access to that evidence would impose comparatively little inconvenience on Softscape compared to the devastating harm that continued circulation of the false Presentation can cause in the marketplace. Documents and testimony gathered in preparation for the hearing on SuccessFactors' motion for a preliminary injunction overlap the documents and testimony that Softscape would have to produce anyway during the course of this litigation. SuccessFactors' claims revolve around one focused set of facts regarding the false factual basis for the Presentation, its authorship and preparation, its distribution within Softscape and to the public, and communications about the same. This level of inquiry is certainly justified by the virulent and viciously false content of the Presentation and its immediate and serious impact in the marketplace.

Furthermore, the overwhelming majority of documents requested—such as computer files, computer access logs, and e-mails—are likely to be in readily accessible in electronic form, so it should not be difficult for Softscape to produce such documents quickly in their existing electronic format. For example, an IP address (68.236.68.19) and user identification (Dennis Martinek) identified from SuccessFactors' server logs and databases suggests that Softscape may have obtained several images within the Presentation by use of one computer, and it would be easy to copy and produce the data from that computer.[1] Because the relevant documents may only be available in electronic form and could "easily be erased and manipulated," there is especially good cause for expedited discovery. *See Physicians Interactive v. Lathian Sys.*, 2003 U.S. Dist. LEXIS 22868, at *10, *29-*30 (E.D. Va. 2003) (granting motion for expedited production of electronic data, including identification and "mirror image" of defendant's computer equipment that interacted with the plaintiff's computer servers).

In addition, at its heart, the preliminary injunction motion is about one document: the Presentation, which limits the burden on Softscape to prepare for an oral deposition. Presumably a small number of individuals participated in the creation, revision, or dissemination of that

---

[1] To address concerns that Softscape's computers may contain sensitive data that could turn out to be extraneous, SuccessFactors would be willing to stipulate to an appropriately worded protective order.

1  Presentation, so even with an expedited schedule, Softscape should be able to easily prepare its
2  representatives for the Rule 30(b)(6) deposition.

3  Since this expedited discovery would be a great aid to the Court in deciding Plaintiff's
4  motion for preliminary injunction, would protect important evidence from being lost, and
5  outweighs the minimal prejudice to Softscape, there is good cause to allow expedited discovery.
6  *See Semitool v. Tokyo Electron Am., Inc.*, 208 F.R.D at 276.

### C. In light of the injunctive relief that SuccessFactors seeks, good cause also exists for expedited subpoenas.

Good cause also exists to expedite two subpoenas to third-party Internet service providers, Verizon Internet Services, Inc. and Comcast Cable Communications, Inc. SuccessFactors has identified and linked IP addresses 68.236.68.19 and 24.34.56.79 and 98.216.168.122 to the authorship of the Presentation and to access to SuccessFactors' password protected files. *See* Matheson Decl. ¶¶ 5-18. These IP addresses are associated with the Internet service providers listed above and are both located in Massachusetts, near Softscape's headquarters. *See* Mah Decl., **Exhibit B**. A focused set of document requests, *see id.*, **Exhibit C**, is likely to produce evidence about who used these IP addresses to access information that appears in the Presentation and evidence about how the Presentation was disseminated. It is critical to obtain this information in an expedited manner, as Internet service providers may not retain records regarding IP address usage very long.

Because of the modest number of IP addresses and limited time period of interest, the burden on the third parties should be slight, especially since the documents and records sought are likely in easily accessible electronic form. Without this expedited discovery, critical evidence may be lost, and SuccessFactors and the Court might accordingly be unable to ascertain the full scope of Softscape's false advertising and unauthorized access to SuccessFactors' computers.

II. **THE LIMITED DISCOVERY IS FOCUSED ON ISSUES DIRECTLY RELATED TO CLAIMS ASSERTED IN PLAINTIFF'S TRO APPLICATION AND MOTION FOR PRELIMINARY INJUNCTION.**

In applying the "good cause" standard under Rule 26(d), courts can consider the scope of the requested discovery. *See In re Gannett Satellite Information Network, Inc.*, 1997 U.S. Dist. LEXIS 19600 (D. Mass. 1997) (granting a motion for "particularized" expedited discovery). As shown in **Exhibit A** and **Exhibit C** to the Mah Declaration, SuccessFactors has carefully tailored its initial discovery requests to the issues pertinent to the injunctive relief it seeks. Namely, SuccessFactors' Document Requests and Deposition Topics all pertain to Softscape's trademark infringement, false advertising, or unauthorized access to SuccessFactors' computer systems. For example, Deposition Topics One through Seven and Document Requests One through Seven pertain directly to the Presentation, its purpose, and falsity. Deposition Topics Eight through Twelve and Document Requests Seven through Fourteen pertain to how Softscape may have obtained information about SuccessFactors, created false information, made that false information public, and accessed SuccessFactors' computers without authorization. Deposition Topics Five through Ten and Document Requests Five through Twelve are likely to produce evidence probative of Softscape's interference with SuccessFactors' actual or prospective customer relationships and the resulting irreparable harm. The last Deposition Topic and last Document Request pertain to how Softscape obtained and used SuccessFactors' trademarks, such as the SuccessFactors logo that prominently appears on every page of the Presentation.

Where possible, SuccessFactors has narrowed its requests to specific, individual persons, customers, or computers that it has identified as being most likely to be helpful in resolving the issues in this case. Furthermore, SuccessFactors has minimized the burden on Softscape by limiting its requests for documents and things to cover only January 2007 and later.

Accordingly, SuccessFactors' discovery requests strike a careful balance between the need to develop a thorough record for the Court to decide the motion for preliminary injunction and a desire to allow Softscape to respond to the requests in an expedient but complete manner without prejudice or undue burden.

## CONCLUSION

The discovery sought is limited and crafted to address issues relevant to Plaintiff's motion for preliminary injunction. It seeks information that is in others' possession and control, that is not available from another source, and that is necessary for the Court's adjudication. For the foregoing reasons, SuccessFactors respectfully requests that this Court grant its motion for expedited discovery.

Dated: March 11, 2008                    FENWICK & WEST LLP

By: _____
Patrick E. Premo
Attorneys for Plaintiff SUCCESSFACTORS, INC.

*1281597*

## CONCLUSION

The discovery sought is limited and crafted to address issues relevant to Plaintiff's motion for preliminary injunction. It seeks information that is in others' possession and control, that is not available from another source, and that is necessary for the Court's adjudication. For the foregoing reasons, SuccessFactors respectfully requests that this Court grant its motion for expedited discovery.

Dated: March 11, 2008                                FENWICK & WEST LLP

                                                     By: /s/ Patrick E. Premo
                                                     Patrick E. Premo
                                                     Attorneys for Plaintiff SUCCESSFACTORS, INC.

*1281597*