**ORIGINAL**

1   LAURENCE F. PULGRAM (CSB No. 115163)
    lpulgram@fenwick.com
2   ALBERT L. SIEBER (CSB No. 233482)
    asieber@fenwick.com
3   LIWEN A. MAH (CSB No. 239033)
    lmah@fenwick.com
4   FENWICK & WEST LLP
    555 California Street, 12th Floor
5   San Francisco, CA  94104
    Telephone: (415) 875-2300
6   Facsimile:  (415) 281-1350

7   PATRICK E. PREMO (CSB NO. 184915)
    ppremo@fenwick.com
8   DENNIS M. FAIGAL (CSB NO. 252829)
    dfaigal@fenwick.com
9   FENWICK & WEST LLP
    Silicon Valley Center
10  801 California Street
    Mountain View, CA  94041
11  Telephone:    (650) 988-8500
    Facsimile:    (650) 938-5200

12
    Attorneys for Plaintiff SUCCESSFACTORS, INC.
13

14
                    UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16
                       SAN FRANCISCO DIVISION
17

18
    SUCCESSFACTORS, INC., a Delaware          Case No.  CV 08 1376 EDL
19  corporation,
                                              **DECLARATION OF LIWEN A. MAH IN**
20              Plaintiff,                     **SUPPORT OF SUCCESSFACTORS, INC.'S**
                                              **APPLICATION FOR EXPEDITED**
21         v.                                  **DISCOVERY**

22  SOFTSCAPE, INC., a Delaware
    corporation,
23
                Defendant.
24

25         I, Liwen Mah, declare as follows:

26         1.      I am an attorney admitted to practice before this Court.  I am an associate at the

27  law firm of Fenwick & West LLP, counsel of record for Plaintiff SuccessFactors, Inc.

28  ("SuccessFactors") in this action. I submit this declaration in support of SuccessFactors' Motion

FILED

MAR 1 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  for Expedited Discovery. I have personal knowledge of the matters set forth herein and, if called

2  upon, could and would testify competently thereto.

3        2.     Attached as **Exhibit A** are true and correct copies of SuccessFactors' proposed

4  expedited discovery to Softscape, including fifteen document requests and a notice of oral

5  deposition of Softscape pursuant to Federal Rule of Civil Procedure 30(b)(6). The written

6  discovery and deposition topics are focused and limited in scope to the matters relevant to

7  SuccessFactors' motion for preliminary injunction. Furthermore, SuccessFactors' proposed

8  discovery schedule is reasonable in light of the need for adequate discovery before the Court

9  hears SuccessFactors' motion for preliminary injunction.

10        3.     I have reviewed the Internet Protocol ("IP") addresses that SuccessFactors has

11  identified as being linked to the document at the heart of SuccessFactors' application for a

12  temporary restraining order and motion for preliminary injunction: specifically, a 43-page

13  presentation entitled "SUCCESSFACTORS Workforce Performance Management: The Naked

14  Truth" (the "Presentation"). These IP addresses include 68.236.68.19 and 24.34.56.79 and

15  98.216.168.122. For each of these IP addresses, I used a lookup tool at http://www.dnsstuff.com.

16  Attached as **Exhibit B** are true and accurate copies of the lookup results, which associate Verizon

17  Internet Services with 68.236.68.19 and Comcast Cable Communications with 24.34.56.79 and

18  98.216.168.122.

19        4.     Attached as **Exhibit C** are true and correct copies of SuccessFactors' proposed

20  expedited discovery to Verizon Internet Services, Inc. and Comcast Cable Communications, Inc.,

21  specifically one document subpoena for each company. The document requests are focused and

22  limited in scope regarding the use of the IP addresses described above. Furthermore,

23  SuccessFactors' proposed discovery schedule is reasonable in light of the need for adequate

24  discovery before the Court hears SuccessFactors' motion for preliminary injunction.

25        5.     Based on review of access records and other activities, SuccessFactors is informed

26  and believes that Javier Cruz, Ely Valls, or New Millenium Shoe Corp. may have some

27  connection to Softscape's access to SuccessFactors' computer systems.

28  //

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1         I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3         Executed this 10th day of March 2008, at San Francisco, California.

4                  /S/  LIWEN MAH

5                    Liwen Mah

6         Attorneys for Plaintiff

7         SUCCESSFACTORS, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MAH DECL. ISO PLAINTIFF'S MOTION FOR          -3-                          CASE NO.
EXPEDITED DISCOVERY

**EXHIBIT  A**

1  LAURENCE F. PULGRAM (CSB No. 115163)
   lpulgram@fenwick.com
2  ALBERT L. SIEBER (CSB No. 233482)
   asieber@fewick.com
3  LIWEN A. MAH (CSB No. 239033)
   lmah@fenwick.com
4  FENWICK & WEST LLP
   555 California Street, 12th Floor
5  San Francisco, CA  94104
   Telephone: (415) 875-2300
6  Facsimile:  (415) 281-1350

7  PATRICK E. PREMO (CSB NO. 184915)
   ppremo@fenwick.com
8  DENNIS M. FAIGAL (CSB NO. 252829)
   dfaigal@fenwick.com
9  FENWICK & WEST LLP
   Silicon Valley Center
10 801 California Street
   Mountain View, CA  94041
11 Telephone:    (650) 988-8500
   Facsimile:    (650) 938-5200
12
   Attorneys for Plaintiff SUCCESSFACTORS, INC.
13

14

15                UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

17                  SAN FRANCISCO DIVISION

18

19 SUCCESSFACTORS, INC., a Delaware          Case No.
   corporation,
20                                            **PLAINTIFF'S FIRST SET OF REQUESTS**
                        Plaintiff,            **FOR PRODUCTION OF DOCUMENTS AND**
21                                            **THINGS (NOS. 1 – 15)**
            v.
22
   SOFTSCAPE, INC., a Delaware
23 corporation,

24                      Defendant.

25        Pursuant to the Court's order granting SuccessFactors, Inc.'s ("SuccessFactors") motion

26 for expedited discovery and Rules 26 and 34 of the Federal Rules of Civil Procedure,

27 SuccessFactors requests that Defendant Softscape, Inc. ("Softscape") respond in writing to each

28 of the following Requests and produce the documents and things requested for inspection and

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  copying, in accordance with the definitions and instructions set forth below, at the offices of

2  Fenwick & West LLP, 555 California Street, Suite 1200, San Francisco, California 94104, within

3  five (5) days of service.

### DEFINITIONS

5       1.     The terms "YOU," "YOUR," "DEFENDANT," or "SOFTSCAPE" mean and

6  include, collectively and/or individually, Softscape, Inc., and its parents, subsidiaries, affiliates,

7  predecessors or successor companies, if any, and its current and former officers, directors,

8  employees, consultants, attorneys, authorized agents, sales representatives, distributors, dealers,

9  direct and indirect contractors, and/or all other PERSONS acting or purporting to act on its behalf.

10      2.     The terms "PLAINTIFF" or "SUCCESSFACTORS" mean and include, collectively

11 and/or individually, SuccessFactors, Inc., and its parents, subsidiaries, affiliates, corporate

12 divisions, predecessors or successor companies, if any, and its current and former officers,

13 directors, employees, consultants, attorneys, authorized agents, sales representatives, distributors,

14 dealers, direct and indirect contractors, and/or all other PERSONS acting or purporting to act on its

15 behalf.

16      3.     The terms "PERSON" or "PERSONS" shall include both natural persons, corporate

17 or other business entities, and all other forms of legal entities, and shall include, but is not limited

18 to, the following: corporations, partnerships, joint ventures, associations, business organizations,

19 trade organizations, standards organizations, and sole proprietorships.

20      4.     The terms "DOCUMENT" or "DOCUMENTS" have the broadest meaning

21 accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items

22 defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item.  The terms

23 shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of

24 every type and description and every tangible thing that is or has been in YOUR possession,

25 custody, or control, to which YOU have access or of which YOU have knowledge.

26 "DOCUMENT(S)" shall also include, but shall not be limited to, the following items, whether

27 printed or recorded or reproduced by hand:  agreements, contracts, leases, communications

28 (including intra-company communications), electronic mail, data from Personal Digital Assistants

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   (including handheld computers, "smart phones," such as the palmOne™ Treo© and other similar

2   devices and pagers), correspondence, postings on intranet or internet forums or websites (such as

3   web pages and web logs or blogs), faxes, telegrams, cables, telexes, teletype messages, memoranda,

4   records, books, diaries, notebooks calendars (paper, electronic and otherwise), telephone and other

5   logs, telephone and other bills, voicemail and transcriptions thereof, recorded distributions,

6   forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes,

7   expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations,

8   conversations, investigations and interviews, sales brochures and literature, advertisements, price

9   lists, trade letters, press releases, stenographic, handwritten and any other notes, projections,

10  working papers, checks (front and back), check stubs and receipts, models, surveys, devices,

11  pictures, photographs, films, computer records, data compilations, and voice and video recordings.

12  "DOCUMENT(S)" shall not be limited in any way as to the form of storage (such as paper,

13  microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, flash memory drive, or

14  other storage device). A draft or non-identical copy is a separate document within the meaning of

15  this term.

16      5.      The terms "COMMUNICATION" or "COMMUNICATIONS" refer to any

17  exchange of information by any means of transmission and the sending or receipt of information of

18  any kind by or through any means, including but not limited to speech, writings, documents,

19  language (machine, foreign or otherwise) of any kind, computer electronics or electronic data,

20  sound, radio or video signals, telecommunications, telephone, teletype, facsimile, telegram,

21  microfilm, microfiche, photographic film of all types or other media of any kind. The terms

22  "COMMUNICATION" and "COMMUNICATIONS" also include, without limitation, all

23  meetings, notices, requests, response, demands, complaints, press, publicity or trade releases, and

24  postings on intranet or internet forums or websites (such as web pages and web logs or blogs).

25      6.      "PRESENTATION" means the document shown as Exhibit A to the Declaration of

26  in Support of Plaintiff's TRO Application, including all components, formats, versions, portions,

27  notes, and version data thereof.

28  / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    7.    SUCCESSFACTORS' TRADEMARKS means the name SUCCESSFACTORS

2    and the logos registered with the United States Patent and Trademark Office with Serial Numbers

3    78660874, 78946750, 78706535, and 77248286.

4    8.    The term "CONCERNING" means pertaining to, mentioning, commenting,

5    describing, analyzing, dealing with, resulting from, constituting, including, comprising, consisting

6    of, containing, referring to, reflecting, discussing, showing, stating, explaining, contradicting,

7    providing context to, evidencing, concerning, or recording a particular subject in whole or in part,

8    either directly or indirectly, or being in any way logically or factually connected with the matter

9    discussed or identified.

10    9.    The terms "or" and "and" shall be read in the conjunctive and in the disjunctive

11    wherever they appear, and neither of these words shall be interpreted to limit the scope of these

12    Requests.

13    10.    The words "any," "all," and "each" shall be construed as "all and each."

14    11.    The use of a verb in any tense shall be construed as the use of the verb in all other

15    tenses.

16    12.    The singular form of any word shall be deemed to include the plural.  The plural

17    form of any word shall be deemed to include the singular.

18    **INSTRUCTIONS**

19    1.    In responding to the following requests, furnish all available DOCUMENTS,

20    including documents in the possession, custody, or control of any of your attorneys, directors,

21    officers, agents, employees, representatives, associates, investigators or division affiliates,

22    partnerships, parents or subsidiaries, and persons under your control, not merely documents in your

23    direct possession.

24    2.    All DOCUMENTS shall be organized and produced pursuant to Rule 34(b) of the

25    Federal Rules of Civil Procedure.

26    3.    Electronic records and computerized information must be produced in an intelligible

27    format, together with a description of the system from which they were derived sufficient to permit

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    rendering the records and information intelligible. Electronic information must be produced in

2    native format.

3         4.     If YOU are unable to comply with a demand for any DOCUMENT in full, YOU are

4    requested to specify, pursuant to Federal Rule of Civil Procedure 34, whether YOUR inability to

5    comply is because the DOCUMENT has never existed, has been destroyed, has been lost,

6    misplaced or stolen, and/or has never been, or is no longer in YOUR possession, custody or control.

7    The statement shall set forth the name and address of any PERSON or organization known or

8    believed by YOU to have possession, custody, or control of the DOCUMENT.

9         5.     If any information requested is claimed to be privileged, immune from discovery or

10   otherwise not discoverable, YOU are requested to provide all information falling within the scope

11   of the document request which is discoverable, and for each item of information contained in a

12   document to which a claim of privilege is made, YOU must identify such document in a privilege

13   and/or redaction log pursuant to Federal Rule of Civil Procedure 26(b)(5), such identification to

14   include at least the following:

15        (1)    the basis on which the privilege is claimed;

16        (2)    the names and positions of the author of the document and all other persons

17               participating in the preparation of the document;

18        (3)    the name and position of each individual or other person to whom the

19               document, or a copy thereof, was sent or otherwise disclosed;

20        (4)    where not apparent, the relationship of the author, writer, sender, initiator,

21               addressee or any other recipient with each other;

22        (5)    the date of creation or transmittal indicated on each document, or an

23               estimate of that date, indicated as such, if no date appears on the document;

24        (6)    a description of any accompanying material transmitted with or attached to

25               such document;

26        (7)    the number of pages in such document;

27        (8)    the particular document request to which such document is responsive; and

28   / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

(9)    the general subject matter and whether any business or non-legal matter is contained or discussed in such document.

6.    Each Request for DOCUMENTS seeks production of all DOCUMENTS described along with any attachments, drafts, and non-identical copies in any language whatsoever, in the possession, custody or control of YOU or YOUR respective agents or all available information, including such information as becomes available to YOU after YOUR answers hereto are served.

7.    To the fullest extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure, each Request shall be deemed continuing so as to require further and supplemental production if YOU receive, discover, become aware of, or create additional responsive DOCUMENTS subsequent to the date of the Response to these Requests.

8.    If YOU object to any portion or aspect of any Request, provide all information responsive to the portion to which YOU do not object.

9.    Unless otherwise specified, each Request for DOCUMENTS seeks production of all DOCUMENTS created or modified on or after January 1, 2007.

### DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

ALL DOCUMENTS CONCERNING the genesis, creation, review, or revision of the PRESENTATION, including but not limited to any versions, edits, memoranda, notes, e-mails, embedded objects, file histories, or document management system logs.

**DOCUMENT REQUEST NO. 2:**

ALL DOCUMENTS CONCERNING any facts received from SUCCESSFACTORS' actual or potential customers and included in the PRESENTATION, or the compilation of such facts as described on page 2 of the PRESENTATION.

**DOCUMENT REQUEST NO. 3:**

ALL DOCUMENTS CONCERNING any assertions in the PRESENTATION, including but not limited to DOCUMENTS that support or refute those assertions.

///

///

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**DOCUMENT REQUEST NO. 4:**

ALL DOCUMENTS CONCERNING the identity of potential, intended, or actual recipients of the PRESENTATION or of any COMMUNICATIONS about the PRESENTATION, including but not limited to lists of recipients or communications with employees, customers, or other third parties.

**DOCUMENT REQUEST NO. 5:**

ALL COMMUNICATIONS CONCERNING the PRESENTATION or any assertion therein, including but not limited to COMMUNICATIONS between or involving SOFTSCAPE employees, its customers, or current or former SUCCESSFACTORS employees.

**DOCUMENT REQUEST NO. 6:**

ALL COMMUNICATIONS between SOFTSCAPE and Sears, Regions Bank, Intelsat, David Sinkfield, ICMA Retirement, Harris-Williams, or any current or former SUCCESSFACTORS employee or consultant regarding SUCCESSFACTORS, its products, services, employees, business, or actual or prospective customers.

**DOCUMENT REQUEST NO. 7:**

ALL DOCUMENTS created or modified after January 2008 CONCERNING materials obtained by SOFTSCAPE from SUCCESSFACTORS' website, online customer community, or online demonstration environments, including but not limited to copies of webpages or the content therein.

**DOCUMENT REQUEST NO. 8:**

ALL DOCUMENTS CONCERNING the user name "John Anonymous" or associated e-mail address "hcmknowledge2008a@gmail.com" to the extent that they mention the PRESENTATION or SOFTSCAPE, SUCCESSFACTORS, or their products, services, employees, business, or actual or prospective customers.

**DOCUMENT REQUEST NO. 9:**

ALL DOCUMENTS CONCERNING or showing access from any SOFTSCAPE computer to SUCCESSFACTORS' website, online customer community, or online demonstration environments, including but not limited to DOCUMENTS CONCERNING web browser history

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  files, system logs, user names, passwords, user "ACE275," or any copy of a SUCCESSFACTOR

2  webpage or its contents.

3  **DOCUMENT REQUEST NO. 10:**

4       A true and accurate bit-for-bit copy of the data storage media for any computer used by

5  Dennis Martinek for work concerning SOFTSCAPE or SUCCESSFACTORS.

6  **DOCUMENT REQUEST NO. 11:**

7       A true and accurate bit for bit copy of the data storage media for any computer that has or

8  has had the IP address 68.236.68.19.

9  **DOCUMENT REQUEST NO. 12:**

10       A true and accurate bit-for-bit copy of the data storage media for any computer that was

11  involved in the creation, modification, collection of information for, sharing, or e-mailing of the

12  PRESENTATION.

13  **DOCUMENT REQUEST NO. 13:**

14       ALL DOCUMENTS CONCERNING the use of IP addresses 68.236.68.19, 24.34.56.79,

15  and 98.216.168.122, and 82.108.171.66, or computers using those IP addresses, to access any

16  SUCCESSFACTORS computers, webpages, online customer community, or demonstration

17  software environment, or to COMMUNICATE CONCERNING SUCCESSFACTORS.

18  **DOCUMENT REQUEST NO. 14:**

19       ALL DOCUMENTS CONCERNING the relationship of Javier Cruz, Ely Valls, or New

20  Millenium Shoe Corp. with SOFTSCAPE or SUCCESSFACTORS, including but not limited to

21  COMMUNICATIONS among any of them.

22  **DOCUMENT REQUEST NO. 15:**

23       ALL DOCUMENTS CONCERNING SOFTSCAPE's procurement, copying, or use of

24  SUCCESSFACTORS' TRADEMARKS or PowerPoint templates.

25  //

26  //

27  //

28  //

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

2   Dated:  March 11, 2008                    FENWICK & WEST LLP

3

4                                        By: _____

5                                             Patrick E. Premo
                                             Attorneys for Plaintiff SuccessFactors, Inc.
6

7                                                                    *1281619*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   LAURENCE F. PULGRAM (CSB No. 115163)
    lpulgram@fenwick.com
2   ALBERT L. SIEBER (CSB No. 233482)
    asieber@fenwick.com
3   LIWEN A. MAH (CSB No. 239033)
    lmah@fenwick.com
4   FENWICK & WEST LLP
    555 California Street, 12th Floor
5   San Francisco, CA 94104
    Telephone: (415) 875-2300
6   Facsimile: (415) 281-1350

7   PATRICK E. PREMO (CSB NO. 184915)
    ppremo@fenwick.com
8   DENNIS M. FAIGAL (CSB NO. 252829)
    dfaigal@fenwick.com
9   FENWICK & WEST LLP
    Silicon Valley Center
10  801 California Street
    Mountain View, CA 94041
11  Telephone:  (650) 988-8500
    Facsimile:   (650) 938-5200

12

    Attorneys for Plaintiff SUCCESSFACTORS, INC.

13

14               UNITED STATES DISTRICT COURT

15           NORTHERN DISTRICT OF CALIFORNIA

16               SAN FRANCISCO DIVISION

17

18  SUCCESSFACTORS, INC., a Delaware    Case No.
    corporation,
19                       **NOTICE OF DEPOSITION OF DEFENDANT**
           Plaintiff,      **SOFTSCAPE, INC. PURSUANT TO**
20                       **FEDERAL RULE OF CIVIL PROCEDURE**
    v.                          **30(b)(6)**
21
    SOFTSCAPE, INC., a Delaware
22  corporation; and DOES 1-10, inclusive,

23            Defendants.

24

25      **TO DEFENDANT SOFTSCAPE, INC.:**

26      **PLEASE TAKE NOTICE THAT** pursuant to the Court's order granting Plaintiff

27  SuccessFactors, Inc.'s ("SuccessFactors") motion for expedited discovery and Rules 26 and

28  30(b)(6) of the Federal Rules of Civil Procedure, SuccessFactors, by and through its attorneys of

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  record, will take the deposition upon oral examination of Defendant Softscape, Inc. ("Softscape")

2  by and through the person(s) designated by Softscape to testify on its behalf regarding the topics

3  set forth in Exhibit A.  The deposition will commence at 9:00 A.M. on March 19, 2008, at

4  **Goodwin Procter LLP, Exchange Place, Boston, MA  02109-1000,** or at such other place as the

5  parties may agree.  The deposition will be taken before a notary public or other officer authorized

6  by law to administer oaths, and will be recorded by both stenographic and videographic means.

7  Provisions for real-time monitoring via LiveNote™ or similar facility may also be used.  Said

8  deposition shall continue from day to day, weekends and holidays excepted, until completed or

9  adjourned by the attorney taking the deposition.

10         Pursuant to Rule 30(b)(6), Softscape is required to designate one or more of its officers,

11  directors, managing agents or other persons to testify on its behalf as to matters known or reasonably

12  available to Softscape concerning the subjects identified in Exhibit A hereto.

13  Dated: March 11, 2008                    FENWICK & WEST LLP

14

15

16                                    By: _____
                                          Patrick E. Premo
17                                        Attorneys for Plaintiff SUCCESSFACTORS, INC.

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

## **EXHIBIT A**

2

### **DEFINITIONS**

3      1.      The terms "YOU," "YOUR," "DEFENDANT," or "SOFTSCAPE" mean and

4   include, collectively and/or individually, Softscape, Inc., and its parents, subsidiaries, affiliates,

5   corporate divisions, predecessors or successor companies, if any, and its current and former

6   officers, directors, employees, consultants, attorneys, authorized agents, sales representatives,

7   distributors, dealers, direct and indirect contractors, and/or all other PERSONS acting or

8   purporting to act on its behalf.

9      2.      The terms "PLAINTIFF" or "SUCCESSFACTORS" mean and include, collectively

10   and/or individually, SuccessFactors, Inc., and its parents, subsidiaries, affiliates, corporate

11   divisions, predecessors or successor companies, if any, and its current and former officers,

12   directors, employees, consultants, attorneys, authorized agents, sales representatives, distributors,

13   dealers, direct and indirect contractors, and/or all other PERSONS acting or purporting to act on its

14   behalf.

15      3.      The terms "PERSON" or "PERSONS" shall include both natural persons,

16   corporate or other business entities, and all other forms of legal entities, and shall include, but is

17   not limited to, the following:  corporations, partnerships, joint ventures, associations, business

18   organizations, trade organizations, standards organizations, and sole proprietorships.

19      4.      The terms "COMMUNICATION" or "COMMUNICATIONS" refer to any

20   exchange of information by any means of transmission and the sending or receipt of information of

21   any kind by or through any means, including but not limited to speech, writings, documents,

22   language (machine, foreign or otherwise) of any kind, computer electronics or electronic data,

23   sound, radio or video signals, telecommunications, telephone, teletype, facsimile, telegram,

24   microfilm, microfiche, photographic film of all types or other media of any kind.  The terms

25   "COMMUNICATION" and "COMMUNICATIONS" also include, without limitation, all

26   meetings, notices, requests, response, demands, complaints, press, publicity or trade releases, and

27   postings on intranet or internet forums or websites (such as web pages and web logs or blogs).

28   / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.      "PRESENTATION" means the document shown as Exhibit 1 to the Declaration of Rob Bernshteyn in Support of Plaintiff's Motion for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction, including all components, formats, versions, portions, notes, and version data thereof.

6.      SUCCESSFACTORS' TRADEMARKS means the name SUCCESSFACTORS and the logos registered with the United States Patent and Trademark Office with Serial Numbers 78660874, 78946750, 78706535, and 77248286.

7.      The term "CONCERNING" means pertaining to, mentioning, commenting, describing, analyzing, dealing with, resulting from, constituting, including, comprising, consisting of, containing, referring to, reflecting, discussing, showing, stating, explaining, contradicting, providing context to, evidencing, concerning, or recording a particular subject in whole or in part, either directly or indirectly, or being in any way logically or factually connected with the matter discussed or identified.

8.      The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests.

9.      The words "any," "all," and "each" shall be construed as "all and each."

10.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

11.     The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

## 30(b)(6) DEPOSITION TOPICS

1.      The genesis, creation, review, or revision of the PRESENTATION.

2.      Facts in the PRESENTATION received from SUCCESSFACTORS' actual or potential customers, or the compilation of such facts, as described on page 2 of the PRESENTATION.

3.      The truth and basis for any assertions in the PRESENTATION.

4.      The identity of any actual, potential, or intended recipients of the

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    PRESENTATION or of any COMMUNICATIONS about the PRESENTATION.

2         5.    COMMUNICATIONS of SOFTSCAPE with any person not employed by

3    SOFTSCAPE (other than it's attorneys) CONCERNING the PRESENTATION or any fact or

4    assertion therein.

5         6.    COMMUNICATIONS among employees of SOFTSCAPE CONCERNING the

6    PRESENTATION or any fact or assertion therein.

7         7.    COMMUNICATIONS between SOFTSCAPE and Sears, Regions Bank, Intelsat,

8    David Sinkfield, ICMA Retirement, Harris-Williams, or any current or former

9    SUCCESSFACTORS employee or consultant.

10        8.    The user name "John Anonymous," associated e-mail address

11   "hcmknowledge2008a@gmail.com," and all COMMUNICATIONS from, with or CONCERNING

12   same.

13        9.    Access from any SOFTSCAPE computer to SUCCESSFACTORS' website,

14   online customer community, or online demonstration environments, including but not limited to

15   access via the user name "ACE275," and any information obtained form such access.

16        10.   Dennis Martinek's relationship with SOFTSCAPE or SUCCESSFACTORS,

17   including but not limited to his work concerning SOFTSCAPE or SUCCESSFACTORS.

18        11.   Identity, use of, and access to or from any computer associated with IP addresses

19   68.236.68.19, 24.34.56.79, 98.216.168.122, or 82.108.171.66.

20        12.   Relationship of Javier Cruz, Ely Valls, or New Millenium Shoe Corp. with

21   SOFTSCAPE or SUCCESSFACTORS and related COMMUNICATIONS.

22        13.   SOFTSCAPE's procurement of images of, copying of, or use of

23   SUCCESSFACTORS' TRADEMARKS or Powerpoint template.

24                                                                *1281600*

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**EXHIBIT B**

DNS Stuff: DNS tools, DNS hosting tests, WHOIS, traceroute, ping, and...    http://www.dnsstuff.com/tools/whois.ch?ip=68.236.68.19

  

**The Planet**    **SSL Certs**

Home  Products  Partners  DNSreport  Resource Center  Forum  Free DNS Tools

Your IP: 63.197.243.249  ASN: 23233 [FENWICK]  Near: Los Altos, California United States

# Tools

**50+ robust tools: Standard and Professional Tool sets available**

**BUY NOW** _and save!_  **TRY FREE** _for 21 days!_  **LEARN** _more..._

✆ Chat by phone 866.751.4124 or +1.978.225.8430 (INTL)

**Contact Sales**

## WHOIS - 68.236.68.19

Generated by www.DNSstuff.com

⌐**Email link to results**

```
Location: United States [City: Philadelphia, Pennsylvania]


OrgName:    Verizon Internet Services Inc.
OrgID:      VRIS
Address:    1880 Campus Commons Dr
City:       Reston
StateProv:  VA
PostalCode: 20191
Country:    US

NetRange:   68.236.0.0 - 68.239.255.255
CIDR:       68.236.0.0/14
NetName:    VIS-68-236
NetHandle:  NET-68-236-0-0-1
Parent:     NET-68-0-0-0-0
NetType:    Direct Allocation
NameServer: NS1.BELLATLANTIC.NET
NameServer: NS2.BELLATLANTIC.NET
NameServer: NS2.VERIZON.NET
NameServer: NS4.VERIZON.NET
Comment:    Please send all abuse reports to *****@verizon.net.
Comment:    DO NOT send e-mail to *********@verizon.com as it will not be answered.
RegDate:    2003-07-18
Updated:    2006-06-01

OrgAbuseHandle: VISAB-ARIN
OrgAbuseName:   VIS Abuse
OrgAbusePhone:  +1-C14-513-6711
OrgAbuseEmail:  ****@verizon.net

OrgTechHandle: ZV20-ARIN
OrgTechName:   Verizon Internet Services
OrgTechPhone:  800-243-6994
OrgTechEmail:  *****@gnilink.net

# ARIN WHOIS database, last updated 2008-03-09 19:10
# Enter ? for additional hints on searching ARIN's WHOIS database.
```

[If E-mail address(es) were hidden on this page, you can click here to get the results with the E-mail address].

⌐**Email link to results**



email.com    Service Provider for **DNSstuff**

ABOUT US  HELP  CONTACT  NEWS  PRESS  AFFILIATE  ADVERTISE  JOBS  SITE MAP  TRADEMARKS  PRIVACY POLICY  TERMS OF USE

© Copyright 2000-2008 DNSstuff, LLC All Rights Reserved

DNS Stuff: DNS tools, DNS hosting tests, WHOIS, traceroute, ping, and...          http://www.dnsstuff.com/tools/whois.ch?ip=98.216.168.122

 

Who else is UNIFIED?
Find out now

username          password

Home  Products  Partners  DNSreport  Resource Center  Forum  Free DNS Tools
Your IP: 63.197.243.249 ASN: 23233 [FENWICK] Near: Los Altos, California United States

# Tools

50+ robust tools:  Standard and Professional Tool sets available
BUY NOW  *and save!*    TRY FREE  *for 21 days!*    LEARN  *more...*

✆ Chat by phone 866.751.4124 or +1.978.225.8430 (INTL)
Contact Sales

## WHOIS - 98.216.168.122

Generated by www.DNSstuff.com

Email link to results

Location: United States [City: Mt. Laurel, New Jersey]

```
Comcast Cable Communications, Inc. JUMPSTART-5 (NET-98-192-0-0-1)
                                   98.192.0.0 - 98.247.255.255
Comcast Cable Communications, Inc. BOSTON-14 (NET-98-216-0-0-1)
                                   98.216.0.0 - 98.217.255.255

# ARIN WHOIS database, last updated 2008-03-09 19:10
# Enter ? for additional hints on searching ARIN's WHOIS database.
```

[If E-mail address(es) were hidden on this page, you can click here to get the results with the E-mail address].

Email link to results



The Planet    FREE setup



ABOUT US  HELP  CONTACT  NEWS  PRESS  AFFILIATE  ADVERTISE  JOBS  SITE MAP  TRADEMARKS  PRIVACY POLICY  TERMS OF USE
© Copyright 2000-2008 DNSstuff, LLC All Rights Reserved

 

DOUBLE YOUR RAM
DOUBLE YOUR HARD DRIVE          $109 MO
100% UPTIME SLA · 30 DAY GUARANTEE          $0 SETUP!

Home  Products  Partners  DNSreport  Resource Center  Forum  Free DNS Tools

Your IP: 63.197.243.249  ASN: 23233 [FENWICK]  Near: Los Altos, California United States

# Tools

50+ robust tools:  Standard and Professional Tool sets available

**BUY NOW** *and save!*   **TRY FREE** *for 21 days!*   **LEARN** *more*

☎ Chat by phone 866.751.4124 or +1.978.225.8430 (INTL)
**Contact Sales**

## WHOIS - 24.34.56.79

Generated by www.DNSstuff.com

‖Email link to results

Location: United States [City: Sudbury, Massachusetts]

```
Comcast Cable Communications Holdings, Inc CCCH3-8 (NET-24-34-0-0-1)
                          24.34.0.0 - 24.34.255.255
Comcast Cable Communications Holdings, Inc. BOSTON-5 (NET-24-34-0-0-2)
                          24.34.0.0 - 24.34.255.255

# ARIN WHOIS database, last updated 2008-03-09 19:10
# Enter ? for additional hints on searching ARIN's WHOIS database.
```

[If E-mail address(es) were hidden on this page, you can click here to get the results with the E-mail address].

‖Email link to results



**Receive the latest alerts in specific areas of interest, such as security or storage.** CLICK HERE FOR MORE

ABOUT US  HELP  CONTACT  NEWS  PRESS  AFFILIATE  ADVERTISE  JOBS  SITE MAP  TRADEMARKS  PRIVACY POLICY  TERMS OF USE

© Copyright 2000-2008 DNSstuff, LLC All Rights Reserved

**EXHIBIT C**

AO 88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUCCESSFACTORS, INC.,<br>       Plaintiff<br><br>     v.<br><br>SOFTSCAPE, INC.,<br>       Defendant | **SUBPOENA IN A CIVIL CASE**<br>Case Number:<br>U.S. District Court for the Northern District of California |

TO:    Comcast Cable Communications Holdings, Inc.
           1800 Bishops Gate Blvd
           Mt Laurel, NJ  08054

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| TBD | TBD |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**See attached Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| Fenwick & West LLP<br>555 California Street, 12th Floor<br>San Francisco, California 94104<br>Telephone: (415) 875-2300 | March 17, 2008 at<br>11:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiff SuccessFactors, Inc. | March 11, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Liwen Mah, Fenwick & West LLP, 555 California St., 12th Floor, San Francisco, CA 94104  (415) 875-2300

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e) on next page)

AO 88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                         DATE                                SIGNATURE OF SERVER

                                              _____
                                              ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### DEFINITIONS

1.      "YOU," "YOUR," or "Comcast" means third party Comcast Cable Communications Holdings, Inc. and shall include its divisions, parents, subsidiaries, affiliates, predecessor or successor companies, if any, and its past and present officers, directors, employees, attorneys, authorized agents, sales representatives, distributors, consultants, dealers and other persons acting or purporting to act on its behalf.

2.      "DEFENDANT" or "Softscape" means defendant Softscape, Inc. and shall include its divisions, parents, subsidiaries, affiliates, predecessor or successor companies, if any, and its past and present officers, directors, employees, attorneys, authorized agents, sales representatives, distributors, consultants, dealers and other persons acting or purporting to act on its behalf.

3.      "PLAINTIFF" means plaintiff SuccessFactors, Inc. and shall include its parent companies; subsidiaries, affiliates, or divisions thereof; predecessor or successor companies, if any; and its past and present officers, directors, employees, consultants, attorneys, authorized agents, sales representatives, distributors, dealers or other persons acting or purporting to act on its behalf.

4.      The terms "PERSON" or "PERSONS" shall include both natural persons, corporate or other business entities, and all other forms of legal entities, and shall include, but is not limited to, the following: corporations, partnerships, joint ventures, associations, business organizations, trade organizations, standards organizations, and sole proprietorships.

5.      The terms "DOCUMENT" or "DOCUMENTS" have the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item.  The terms shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of every type and description and every tangible thing that is or has been in YOUR possession, custody, or control, to which YOU have access or of which YOU have knowledge.  "DOCUMENT(S)" shall also include, but shall not be limited to, the following items, whether printed or recorded or reproduced by hand:  agreements, contracts, leases, communications (including intra-company communications), electronic mail, data from Personal Digital Assistants (including handheld computers, "smart phones," such as the palmOneTM Treo© and other similar devices and pagers), correspondence, postings on intranet or internet forums or websites (such as web pages and web logs or blogs),

faxes, telegrams, cables, telexes, teletype messages, memoranda, records, books, diaries, notebooks calendars (paper, electronic and otherwise), telephone and other logs, telephone and other bills, voicemail and transcriptions thereof, recorded distributions, forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes, expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations, conversations, investigations and interviews, sales brochures and literature, advertisements, price lists, trade letters, press releases, stenographic, handwritten and any other notes, projections, working papers, checks (front and back), check stubs and receipts, models, surveys, devices, pictures, photographs, films, computer records, data compilations, and voice and video recordings. "Document(s)" shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, flash memory drive, or other storage device). A draft or non-identical copy is a separate document within the meaning of this term.

6.    The terms "COMMUNICATION" or "COMMUNICATIONS" refer to any exchange of information by any means of transmission and the sending or receipt of information of any kind by or through any means, including but not limited to speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer electronics or electronic data, sound, radio or video signals, telecommunications, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types or other media of any kind. The terms "COMMUNICATION" and "COMMUNICATIONS" also include, without limitation, all meetings, notices, requests, response, demands, complaints, press, publicity or trade releases, and postings on intranet or internet forums or websites (such as web pages and web logs or blogs).

7.    The term "CONCERNING" means pertaining to, mentioning, commenting, describing, analyzing, dealing with, resulting from, constituting, including, comprising, consisting of, containing, referring to, reflecting, discussing, showing, stating, explaining, contradicting, providing context to, evidencing, concerning, or recording a particular subject in whole or in part, either directly or indirectly, or being in any way logically or factually connected with the matter discussed or identified.

8.    The term "IP address" means Internet Protocol address.

9.    The words "all" and "each" shall be construed as "all and each."

10.    The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these discovery requests.

11.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

12.    The singular form of any word shall be deemed to include the plural.  The plural form of any word shall be deemed to include the singular.

## INSTRUCTIONS FOR DOCUMENT REQUESTS

1.    In responding to the following requests, furnish all available documents, including documents in the possession, custody, or control of any of your attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and persons under your control, not merely documents in your direct possession.

2.    Documents in magnetic form or which contain electronic information must be produced in an intelligible format, or must be produced together with a description of the system from which they were derived, sufficient to permit rendering the documents intelligible.

3.    Selection of documents from files and other sources and the numbering of such documents shall be performed in such a manner as to insure that the source of each document may be determined, if necessary.

4.    File folders with tabs or labels or directories of files identifying documents called for by these requests must be produced intact with such documents.

5.    Documents attached to each other shall not be separated.

6.    Should you seek to withhold any document based on some limitation of discovery (including, but not limited to, a claim of privilege), supply a list of the documents for which limitation of discovery is claimed, indicating:

    a.  the type of document (e.g., "letter," "memorandum");

    b.  the identity of each document's author, writer, sender, or initiator;

    c.  the identity of each document's recipient, addressee, or person for whom it was intended;

    d.  where not apparent, the relationship of the author, writer, sender, initiator, addressee or any other recipient with each other;

    e.  the date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if no date appears on the document;

      f.   the general subject matter as described on each document, or, if no such description appears, then some other description sufficient to identify the document; and

      g.   the claimed grounds for limitation of discovery (e.g., "attorney-client privilege").

7.     Should you have a good faith objection to any discovery request or part thereof, you shall state the specific nature of the objection and whether it applies to the entire discovery request or to specific parts of a discovery request. If the objection relates to only part or parts of a discovery request, then you shall identify the objectionable part or parts and identify or produce any and all documents responsive to the remaining parts.

8.     To the extent permitted and authorized by law, these document requests shall be deemed continuing so as to require further and supplemental responses and production if you obtain additional documents between the time of initial production and the time of hearing or trial.

## DOCUMENT REQUESTS

1.     ALL DOCUMENTS CONCERNING the identity, location, employer, computers, network, or operating system of any PERSON using YOUR internet services with the IP address 24.34.56.79 on or after January 1, 2006, including but not limited to a user profile or other DOCUMENTS CONCERNING the true name, e-mail address, street address and/or telephone number of any such PERSON.

2.     ALL DOCUMENTS CONCERNING the identity, location, employer, computers, network, or operating system of any PERSON using YOUR internet services with the IP address 98.216.168.122 on or after January 1, 2006, including but not limited to a user profile or other DOCUMENTS CONCERNING the true name, e-mail address, street address and/or telephone number of any such PERSON.

3.     ALL DOCUMENTS CONCERNING the use of IP addresses 24.34.56.79 or 98.216.168.122 to access any SUCCESSFACTORS servers.

4.     DOCUMENTS sufficient to show how YOU monitor, track, or record internet usage by IP address, including but not limited to how the DOCUMENTS produced in response to Request Nos. 1 to 3 were kept in the course of regularly conducted activity.

AO 88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SUCCESSFACTORS, INC.,<br>        Plaintiff | **SUBPOENA IN A CIVIL CASE**<br>Case Number:<br>U.S. District Court for the Northern District of California |
|       v. | |
| SOFTSCAPE, INC.,<br>        Defendant | |

TO:    Verizon Internet Services Inc.
          1880 Campus Commons Drive
          Reston, VA  20191

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| TBD | TBD |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**See attached Exhibit A**

| PLACE<br>Fenwick & West LLP<br>555 California Street, 12th Floor<br>San Francisco, California 94104<br>Telephone: (415) 875-2300 | DATE AND TIME<br><br>March 17, 2008 at<br>11:00 A.M. |
|---|---|

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorneys for Plaintiff SuccessFactors, Inc. | DATE<br><br>March 11, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Liwen Mah, Fenwick & West LLP, 555 California St., 12th Floor, San Francisco, CA 94104  (415) 875-2300

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e) on next page)

AO 88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | | MANNER OF SERVICE |
|---|---|---|
| SERVED ON (PRINT NAME) | | |

| | | TITLE |
|---|---|---|
| SERVED BY (PRINT NAME) | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## DEFINITIONS

1.    "YOU," "YOUR," or "Verizon" means third party Verizon Internet Services, Inc. and shall include its divisions, parents, subsidiaries, affiliates, predecessor or successor companies, if any, and its past and present officers, directors, employees, attorneys, authorized agents, sales representatives, distributors, consultants, dealers and other persons acting or purporting to act on its behalf.

2.    "DEFENDANT" or "Softscape" means defendant Softscape, Inc. and shall include its divisions, parents, subsidiaries, affiliates, predecessor or successor companies, if any, and its past and present officers, directors, employees, attorneys, authorized agents, sales representatives, distributors, consultants, dealers and other persons acting or purporting to act on its behalf.

3.    "PLAINTIFF" means plaintiff SuccessFactors, Inc. and shall include its parent companies; subsidiaries, affiliates, or divisions thereof; predecessor or successor companies, if any; and its past and present officers, directors, employees, consultants, attorneys, authorized agents, sales representatives, distributors, dealers or other persons acting or purporting to act on its behalf.

4.    The terms "PERSON" or "PERSONS" shall include both natural persons, corporate or other business entities, and all other forms of legal entities, and shall include, but is not limited to, the following: corporations, partnerships, joint ventures, associations, business organizations, trade organizations, standards organizations, and sole proprietorships.

5.    The terms "DOCUMENT" or "DOCUMENTS" have the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item.  The terms shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of every type and description and every tangible thing that is or has been in YOUR possession, custody, or control, to which YOU have access or of which YOU have knowledge.  "DOCUMENT(S)" shall also include, but shall not be limited to, the following items, whether printed or recorded or reproduced by hand:  agreements, contracts, leases, communications (including intra-company communications), electronic mail, data from Personal Digital Assistants (including handheld computers, "smart phones," such as the palmOneTM Treo© and other similar devices and pagers), correspondence, postings on intranet or internet forums or websites (such as web pages and web logs or blogs),

faxes, telegrams, cables, telexes, teletype messages, memoranda, records, books, diaries, notebooks calendars (paper, electronic and otherwise), telephone and other logs, telephone and other bills, voicemail and transcriptions thereof, recorded distributions, forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes, expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations, conversations, investigations and interviews, sales brochures and literature, advertisements, price lists, trade letters, press releases, stenographic, handwritten and any other notes, projections, working papers, checks (front and back), check stubs and receipts, models, surveys, devices, pictures, photographs, films, computer records, data compilations, and voice and video recordings. "Document(s)" shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, flash memory drive, or other storage device). A draft or non-identical copy is a separate document within the meaning of this term.

6.    The terms "COMMUNICATION" or "COMMUNICATIONS" refer to any exchange of information by any means of transmission and the sending or receipt of information of any kind by or through any means, including but not limited to speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer electronics or electronic data, sound, radio or video signals, telecommunications, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types or other media of any kind. The terms "COMMUNICATION" and "COMMUNICATIONS" also include, without limitation, all meetings, notices, requests, response, demands, complaints, press, publicity or trade releases, and postings on intranet or internet forums or websites (such as web pages and web logs or blogs).

7.    The term "CONCERNING" means pertaining to, mentioning, commenting, describing, analyzing, dealing with, resulting from, constituting, including, comprising, consisting of, containing, referring to, reflecting, discussing, showing, stating, explaining, contradicting, providing context to, evidencing, concerning, or recording a particular subject in whole or in part, either directly or indirectly, or being in any way logically or factually connected with the matter discussed or identified.

8.    The term "IP address" means Internet Protocol address.

9.    The words "all" and "each" shall be construed as "all and each."

10.    The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these discovery requests.

11.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

12.  The singular form of any word shall be deemed to include the plural.  The plural form of any word shall be deemed to include the singular.

## INSTRUCTIONS FOR DOCUMENT REQUESTS

1.  In responding to the following requests, furnish all available documents, including documents in the possession, custody, or control of any of your attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and persons under your control, not merely documents in your direct possession.

2.  Documents in magnetic form or which contain electronic information must be produced in an intelligible format, or must be produced together with a description of the system from which they were derived, sufficient to permit rendering the documents intelligible.

3.  Selection of documents from files and other sources and the numbering of such documents shall be performed in such a manner as to insure that the source of each document may be determined, if necessary.

4.  File folders with tabs or labels or directories of files identifying documents called for by these requests must be produced intact with such documents.

5.  Documents attached to each other shall not be separated.

6.  Should you seek to withhold any document based on some limitation of discovery (including, but not limited to, a claim of privilege), supply a list of the documents for which limitation of discovery is claimed, indicating:

    a.  the type of document (e.g., "letter," "memorandum");

    b.  the identity of each document's author, writer, sender, or initiator;

    c.  the identity of each document's recipient, addressee, or person for whom it was intended;

    d.  where not apparent, the relationship of the author, writer, sender, initiator, addressee or any other recipient with each other;

    e.  the date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if no date appears on the document;

f.      the general subject matter as described on each document, or, if no such description appears, then some other description sufficient to identify the document; and

g.      the claimed grounds for limitation of discovery (e.g., "attorney-client privilege").

7.      Should you have a good faith objection to any discovery request or part thereof, you shall state the specific nature of the objection and whether it applies to the entire discovery request or to specific parts of a discovery request.  If the objection relates to only part or parts of a discovery request, then you shall identify the objectionable part or parts and identify or produce any and all documents responsive to the remaining parts.

8.      To the extent permitted and authorized by law, these document requests shall be deemed continuing so as to require further and supplemental responses and production if you obtain additional documents between the time of initial production and the time of hearing or trial.

## DOCUMENT REQUESTS

1. ALL DOCUMENTS CONCERNING the identity, location, employer, computers, network, or operating system of any PERSON using YOUR internet services with the IP address 68.236.68.19 on or after January 1, 2006, including but not limited to a user profile or other DOCUMENTS CONCERNING the true name, e-mail address, street address and/or telephone number of any such PERSON.

2. ALL DOCUMENTS CONCERNING the use of IP address 68.236.68.19 to access any SUCCESSFACTORS servers.

3. DOCUMENTS sufficient to show how YOU monitor, track, or record internet usage by IP address, including but not limited to how the DOCUMENTS produced in response to Request Nos. 1 to 2 were kept in the course of regularly conducted activity.