LAURENCE F. PULGRAM (CSB NO. 115163)
lpulgram@fenwick.com
ALBERT L. SIEBER (CSB NO. 233482)
asieber@fewick.com
LIWEN A. MAH (CSB NO. 239033)
lmah@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  (415) 875-2300
Facsimile:   (415) 281-1350

PATRICK E. PREMO (CSB NO. 184915)
ppremo@fenwick.com
DENNIS M. FAIGAL (CSB NO. 252829)
dfaigal@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:   (650) 988-8500
Facsimile:   (650) 938-5200

Attorneys for Plaintiff SUCCESSFACTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC., a Delaware corporation,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SOFTSCAPE, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>　　　　　　　　Defendants. | Case No. CV 08 1376 CW<br><br>**PLAINTIFF'S SUPPLEMENTAL STATEMENT IN SUPPORT OF TEMPORARY RESTRAINING ORDER**<br><br>Date of Filing:  March 11, 2008<br>Trial Date:　　No date set |

1    Since the filing of the Application for a Temporary Restraining Order on March 11, 2008, counsel for Plaintiff SuccessFactors, Inc. ("SuccessFactors") has had conversations with Mr. Robert Goodin, of Goodin MacBride Squeri Day & Lamprey LLP, counsel for Defendant. Plaintiff understands that Defendant is going to acknowledge that it created the Presentation, but assert that it was intended as an internal document and that Defendant does not know how it came to be disseminated. Defendant has offered to agree not to disseminate the document further while it prepares an opposition to the TRO Application. Plaintiff submits this Statement to explain why it does not believe that this offer is nearly sufficient to displace the need for immediate injunctive relief.

   1.    Most importantly, mere agreement not to disseminate further is not enough, since Defendants could continue to *sell* on the basis of the prior dissemination, repeating the falsehoods and marketing by use of them. The Presentation was not circulated casually. It was e-mailed to the particular decision makers at dozens of key prospects. *See*, *e.g.*, Bernshteyn Declaration ¶ 7 & Exhs. 2, 6. Those prospects are going to be the subject of competition today, tomorrow, and next week. Defendant must be prohibited from continuing to misuse of the Presentation that was previously sent. This is why Plaintiff's Proposed Order requests an order prohibiting electronic or oral communications that contain or repeat the false information in the Presentation (paragraph (b)), and prohibiting *use* of the Presentation to disrupt Plaintiff's relationships with prospective customers (paragraph (c)). An "agreement" not to disseminate would not prevent Defendant from continuing its unfair competition in interacting with customers. It also would not address Defendant's wrongful and unauthorized access of Plaintiff's computer networks, which the TRO should also restrain.

   2.    In addition, given that Defendant claims not to know how the Presentation it wrote ever escaped to the outside world, an "agreement" by the Defendant not to circulate the document further is cold comfort, indeed. If Defendant cannot even identify how the material was previously disseminated, an offer to stop ongoing dissemination "voluntarily" cannot be trusted to be effectual. A Court order is necessary.

3. In all events, the suggestion that the Presentation was intended as an internal document is not reconcilable with the fact that the Presentation was written in the voice of a purported testimonial *to potential customers by other customers*, nor with the fact that it used Plaintiff's PowerPoint template and trademark. Prompt discovery about the dissemination of this document is warranted.

Plaintiffs submit that this is exactly the kind of case where an immediate Court.

Respectfully,

Dated: March 12, 2008    FENWICK & WEST LLP

By:    **/s/ Laurence F. Pulgram**
Laurence F. Pulgram
Attorneys for Plaintiff SUCCESSFACTORS, INC.

*1281884*