1  GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP
   ROBERT A. GOODIN, State Bar No. 061302
2  FRANCINE T. RADFORD, State Bar No. 168269
   KEITH E. JOHNSON, State Bar No. 202321
3  505 Sansome Street, Suite 900
   San Francisco, California 94111
4  Telephone:   (415) 392-7900
   Facsimile:    (415) 398-4321
5
   Attorneys for Defendant
6  Softscape, Inc.

7

8                         UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                                OAKLAND DIVISION

11  SUCCESSFACTORS, INC., a Delaware            No. CV 08 1376 CW
    corporation,
12                                              **DEFENDANT SOFTSCAPE, INC.'S
                   Plaintiff,                   OPPOSITION TO PLAINTIFF'S EX
13                                              PARTE APPLICATION FOR
         v.                                     TEMPORARY RESTRAINING ORDER
14                                              AND ORDER TO SHOW CAUSE RE:
    SOFTSCAPE, INC., a Delaware corporation;    PRELIMINARY INJUNCTION**
15  and DOES 1-10, inclusive,
                                                Date of Filing: March 11, 2008
16                 Defendants.

Defendant's Opp. to Plaintiff's Ex
Parte App. for TRO and OSC                                       Case No. CV 08 1376 CW

1  Defendant Softscape, Inc., hereby opposes the Ex Parte Application for Temporary
2  Restraining Order and Order to Show Cause Re: Preliminary Injunction and Request for
3  Expedited Discovery filed by SuccessFactors, Inc., on grounds that plaintiff has not, and cannot,
4  demonstrate probable success on the merits or irreparable harm.

5  Plaintiff's application for a temporary restraining order arises out of a claim that
6  defendant Softscape, Inc., ("Softscape") on a single occasion e-mailed "anonymously" to 25 of
7  plaintiff's customers or prospective customers a Powerpoint presentation critical of plaintiff and
8  its product and services, and allegedly containing some false information, on March 4, 2008.
9  From this, plaintiff contends that it received a smattering of queries from recipients of the email,
10 has been the subject of what appears to be very limited "negative discussion" on an internet
11 message board, and, somehow, suffered irreparable harm for which the drastic relief of a
12 temporary restraining order, and ultimately an injunction, is the proper remedy.

13 First, the Powerpoint presentation ("the Presentation") described by plaintiff was
14 indeed created by Softscape. Declaration of Susan Mohr, General Counsel ("Mohr Decl."), ¶ 4.
15 However, it was generated in-house and intended for <u>internal use only</u> by sales staff. Mohr Decl.,
16 ¶ 4.[1]  Softscape did not authorize release or publication of the Presentation. Mohr Decl., ¶ 4.
17 When this matter was brought to Softscape's attention, the CEO sent an e-mail to all sales staff
18 reaffirming the confidentiality of the Presentation document and that it was not to be released
19 outside of the company. Mohr Decl., ¶ 5.

20 Softscape is investigating the leak of the Presentation, which it considers to be

---

[1] It is doubtful that even if this e-mail was authorized it could lead to liability on the merits. Regarding allegations made by plaintiff regarding content of the Presentation, serious questions exist as to whether use of a password to obtain access to website information intended for potential customers violates the Computer Fraud and Abuse Act. See <u>Lockheed Martin Corp. v. Speed</u>, 81 U.S.P.Q.2d (BNA) 1669 (2006), dismissing CFAA claims where the gist of the complaint was not aimed so much at the allegedly improper access, but at the actions subsequent to that access. Cf. <u>U.S. v. Phillips</u>, 477 F.2d 215 (5th Cir. 2007) and cases cited therein. In Phillips, as in other CFAA cases, the defendant stole private information such as credit card numbers, bank account information, and social security numbers in order to engage in identity theft by using a sophisticated "brute force attack" program to hack into the database. Plaintiff's Lanham Act claim is similarly vulnerable, given their admission that there is no likelihood of confusion here: there is no danger that a reader would mistake the material in question for something prepared by plaintiff. Nor is there any intent to pass off the material as plaintiff's own.

Defendant's Opp. to Plaintiff's Ex
Parte App. for TRO and OSC            1.            Case No.CV 08 1376 CW

confidential information. Mohr Decl. ¶ 4. Based on information presently available to it, Softscape did not participate in its release to SuccessFactor's customers on the internet or otherwise, directly or indirectly, and is unaware of how the disclosure occurred. Mohr Decl., ¶ 4.

Second, to the best of Ms. Mohr's knowledge, Softscape has never and is not now using the Presentation in external sales meetings or marketing efforts. Moreover, Softscape has no intention to release on the internet, or otherwise publish externally, the Presentation. Mohr Decl., ¶ 5.

Plaintiff has not met the purposefully strict requirements for a temporary restraining order. Issuance of an ex parte temporary restraining order is an "emergency procedure," appropriate only when the applicant is in need of immediate relief. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2951 (2007) (i.e., "when it is the sole method of preserving a state of affairs in which the court can provide effective final relief."). Plaintiff must show "immediate and irreparable injury, loss, or damage" will result without the emergency relief of a temporary restraining order. Id.

Plaintiff here has not established any harm, let alone irreparable harm. The totality of evidence of harm alleged by plaintiff consists of: (1) "numerous inquiries" from customers or prospective customers who received the single email and Presentation referenced above;[2] (2) "negative discussion" on an internet message board; and (3) a single analyst reducing the company's price target from $15 to $12, based apparently not on the distribution of the Presentation (of which he says, "[T]he claims appear to be unfounded"), but upon other economic factors, not the least of which were significant losses in 2005, 2006, and 2007, a possibility of increased unemployment (and less demand for its products), and the fact that the company "sells into a highly fragmented and price competitive HR market with relatively low barriers to entry." See Exhibit 4, p. 2 to the Declaration of Robert Bernshteyn in support of plaintiff's application. Plaintiff also alleges in very general terms "loss of prospects and goodwill," the full impact of

---

[2] It should be noted that the *complete* e-mail from the single customer allegedly "lost" as a result of receiving the Presentation—as opposed to the portion quoted by plaintiff—indicates that it was not planning to buy SuccessFactor's product even *before* it received the "Naked Truth."

Defendant's Opp. to Plaintiff's Ex Parte App. for TRO and OSC       2.       Case No.CV 08 1376 CW

which might never be known.  Such unsubstantiated, broad allegations are not sufficient to establish irreparable harm.  See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F.Supp. 68 (D.C. Maine 1993) (irreparable harm not found where claim for relief based upon the assertion of loss of goodwill and business reputation and other elements of damage that would be "unascertainable" or "incalculable.")

Moreover, as Ms. Mohr's declaration establishes, there is no continuing threat from distribution of the Presentation by Softscape.  The company did not release the Presentation, and does not intend to circulate or otherwise publish its confidential, internal work product.  Thus, given Softscape's policy, plaintiff cannot establish, as it must for the extraordinary relief of a temporary restraining order, that it would continue to suffer irreparable harm without the requested order.

Because plaintiff has not met the burden required for a temporary restraining order, its ex parte application should be denied.  Furthermore, plaintiff's Application for Expedited Discovery, which it asks the Court to consider at this time, should be denied for plaintiff's failure to show good cause.  There is no need for expedited treatment of discovery.  Defendant is already under an obligation to preserve evidence, and the Court can build into the case management schedule, assuming plaintiff will continue to seek injunctive relief, a reasonable discovery plan that will not unduly burden defendant.

Dated:  March 12, 2008

Respectfully submitted,

GOODIN, MACBRIDE, SQUERI,
DAY & LAMPREY, LLP
Robert A. Goodin
Francine T. Radford
Keith E. Johnson


By   /s/Robert A. Goodin
       Robert A. Goodin
Attorneys for Defendant
SOFTSCAPE, INC.

2600/001/X97738.v1

Defendant's Opp. to Plaintiff's Ex Parte App. for TRO and OSC    3.    Case No.CV 08 1376 CW