IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUCCESSFACTORS,INC. a Delaware corporation,<br><br>    Plaintiff,<br><br>   v.<br><br>SOFTSCAPE, INC., a Delaware corporation; and DOES 1-10,<br><br>    Defendants.<br>_____/ | No. C 08-1376 CW<br><br>TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE |

   Plaintiff SuccessFactors, Inc.'s motion for a temporary restraining order and application for expedited discovery were filed on March 11, 2008, with notice to Defendant Softscape. Defendant filed an opposition on March 12, 2008.  Having considered the parties' papers, the Court grants in part Plaintiff's motion for a temporary restraining order, grants in part Plaintiff's motion for expedited discovery and orders Defendant to respond to the remainder of Plaintiff's motion for expedited discovery and to show cause why a preliminary injunction should not issue.

   A temporary restraining order may be issued only if "immediate and irreparable injury, loss, or damage will result to the applicant" if the order does not issue.  Fed. R. Civ. P. 65(b).  To obtain a temporary retraining order, the moving party must

establish either: (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions regarding the merits exist and the balance of hardships tips sharply in the moving party's favor.  See Baby Tam & Co. v. City of Las Vegas, 154 F.3d 1097, 1100 (9th Cir. 1998); Rodeo Collection, Ltd. v. W. Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987).

 The Court finds that Plaintiff has made a sufficient showing that serious questions regarding the merits exist and the balance of hardships tips sharply in its favor to justify granting the relief it seeks.  Therefore, the motion for a temporary restraining order is GRANTED and Defendant and its agents are hereby ORDERED to refrain from:

 (1) Publishing, circulating, e-mailing, making available or otherwise distributing any product or document using Plaintiff's trademarks or Plaintiff's secret information.

 (2) Accessing for improper reason any computer system or computer owned, operated or licensed by Plaintiff and subject to restrictions on access without Plaintiff's express written authorization.

 (3) Making any statements that purport to be made by anybody other rather than Defendant or its agents.

 This temporary restraining order is effective on Plaintiff's posting a bond in the amount of $10,000.  The temporary restraining order shall remain in effect until the Court rules on Plaintiff's motion for a preliminary injunction.

 General counsel for Defendant declares that Defendant "has

2

never and is not now using the Presentation in external sales meetings or marketing efforts, and has no intention to release on the internet, or otherwise publish externally, the Presentation." Mohr Decl. ¶ 5; see also Defendant's Opposition at 3.  Therefore, the Court need not grant Plaintiff's request that this order enjoin Defendant from publishing, circulating, e-mailing, making available or otherwise distributing the Presentation.

It is further ORDERED that Plaintiff may serve its proposed subpoenas on Verizon Internet Services Inc. and Comcast Cable Communications Holdings, Inc.  Defendant shall file a response to the remainder of Plaintiff's motion for expedited discovery by March 17, 2008.  Any reply shall be filed by March 21, 2008 and the motion will be heard on March 27, 2007.

Finally, it is ORDERED that Defendant show cause before this Court on March 27, 2008 at 2:00 p.m., or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining Defendant or its agents during the pendency of this action from publishing, circulating, e-mailing, making available or otherwise distributing any product or document using Plaintiff's trademarks or Plaintiff's secret information, from accessing for improper reason any computer system or computer owned, operated or licensed by Plaintiff and subject to restrictions on access without Plaintiff's express written authorization, and from making any statements that purport to be made by anybody other than Defendant or its agents.

If Defendant wishes, it may respond to this order to show cause by filing a written submission on or before March 17, 2008.

3

1  If Defendant files a written submission, Plaintiffs may reply on or
2  before March 21, 2008.
3      IT IS SO ORDERED.

5  Dated: 3/13/08

                                CLAUDIA WILKEN
                                United States District Judge

**United States District Court**
For the Northern District of California

4