| | |
|---|---|
| 1 | C. WILLIAM CRAYCROFT (CSB No. 41211) |
| | b.craycroft@craycroftlaw.com |
| 2 | LAW OFFICES OF C. WILLIAM CRAYCROFT |
| | 1741 Technology Drive, Suite 200 |
| 3 | San Jose, CA  95110 |
| | Telephone:  (408) 961-4584 |
| 4 | Facsimile:   (408) 279-5845 |

Attorneys for Plaintiff SUCCESSFACTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC., a Delaware corporation, | Case No.  CV 08 1376 CW |
| Plaintiff, | **DECLARATION OF C. WILLIAM CRAYCROFT IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER PERMITTING ISSUANCE OF TWO SUBPOENAS ON SHORTENED TIME** |
| v. | |
| SOFTSCAPE, INC., a Delaware corporation, and DOES 1-10, inclusive, | Date of Filing:   March 11, 2008 |
| Defendants. | Trial Date:         No date set |

I, C. William Craycroft, declare as follows:

1. I am an attorney duly admitted to practice in California and before this Court and maintain a law firm in San Jose, California. I am co-counsel with Fenwick & West LLP for plaintiff SuccessFactors, Inc. ("Plaintiff") in the above-captioned action and I make this declaration in support of Plaintiff's Motion for an Order Permitting Issuance of Two Subpoenas. I make this declaration of my own personal knowledge (except to any extent otherwise specified), and, if called as a witness, I could and would testify competently to the facts set forth herein.

2. Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Subpoena in a Civil Case directed to Google Inc.

3. Attached hereto as <u>Exhibit B</u> is a true and correct copy of the draft Subpoena in a Civil Case, which will be directed to the Internet Service Provider.

4. The reason for this motion and immediate issuance of the two subpoenas on shortened time is because the Court has scheduled a preliminary injunction hearing for March 27, 2008. The subpoenas are crucial to identify the true identity of "John Anonymous," the person who emailed from his or her Gmail account the PowerPoint Presentation at the center of this action.

5. I have prepared the subpoenas with a response date of March 20, 2008 for Google, and a response date of March 25, 2008 for the ISP. The issuance of these subpoenas and compliance with the proposed schedule will permit the parties and this Court to have the necessary information in time for the upcoming March 27 preliminary injunction.

6. My co-counsel, Laurence Pulgram, asked counsel of record, Steve Taylor and Jessica Grant of Taylor & Company Law Offices, if they would stipulate to the issuance of the two subpoenas. On March 17, 2008, at approximately 3:30 p.m., I understand that Ms. Grant spoke with Mr. Pulgram to confirm that neither she nor her client, Softscape, will oppose SuccessFactors' request. Therefore, there is no opposition to this motion.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this declaration was executed this 17th day of March, 2008, in San Jose, California

                     **/s/ C. William Craycroft**
  &nbsn;                    C. William Craycroft

*1282124*

DECLARATION OF C. WILLIAM CRAYCROFT ISO MOTION FOR ISSUANCE OF SUBPOENAS — - 2 - — CASE NO. CV 08 1376 CW

**EXHIBIT A TO DECLARATION OF C. WILLIAM CRAYCROFT**

≥ AO88  (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

_____Northern_____  DISTRICT OF  _____California_____

SUCCESSFACTORS, INC., a Delaware corporation

**SUBPOENA IN A CIVIL CASE**

V.

SOFTSCAPE, INC., a Delaware corporation

Case Number: [1] **CV 08 1376 CW**

TO: **Custodian of Records for Google Inc.**
**1600 Amphitheatre Parkway**
**Mountain View, CA  94043**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**Please see Attachment 1.**

| PLACE | DATE AND TIME |
|---|---|
| **Law Offices of C. William Craycroft**<br>**1741 Technology Drive, Suite 200**<br>**San Jose, CA  95110** | **March 20, 2008**<br>**12:00 p.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| __Attorney for Plaintiff SuccessFactors, Inc.__ | March 17, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
**C. William Craycroft (CSB No. 41211)**
**Law Offices of C. William Craycroft, 1741 Technology Drive, Suite 200, San Jose, CA  95110       (408) 961-4584**

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

| SERVED | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
               DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT 1

## DEFINITIONS

The following terms, as used herein, have the following meanings:

1.  The terms "PLAINTIFF" or "SUCCESSFACTORS" mean and include, collectively and/or individually, SuccessFactors, Inc., and its parents, subsidiaries, affiliates, corporate divisions, predecessors or successor companies, if any, and its current and former officers, directors, employees, consultants, attorneys, authorized agents, sales representatives, distributors, dealers, direct and indirect contractors, and/or all other PERSONS acting or purporting to act on its behalf.

2.  The terms "PERSON" or "PERSONS" shall include both natural persons, corporate or other business entities, and all other forms of legal entities, and shall include, but is not limited to, the following: corporations, partnerships, joint ventures, associations, business organizations, trade organizations, standards organizations, and sole proprietorships.

3.  The terms "DOCUMENT" or "DOCUMENTS" have the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item. The terms shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of every type and description and every tangible thing that is or has been in YOUR possession, custody, or control, to which YOU have access or of which YOU have knowledge. "DOCUMENT(S)" shall also include, but shall not be limited to, the following items, whether printed or recorded or reproduced by hand: agreements, contracts, leases, communications (including intra-company communications), electronic mail, data from Personal Digital Assistants (including handheld computers, "smart phones," such as the palmOne$^{TM}$ Treo© and other similar devices and pagers), correspondence, postings on intranet or internet forums or websites (such as web pages and web logs or blogs), faxes, telegrams, cables, telexes, teletype messages, memoranda, records, books, diaries, notebooks calendars (paper, electronic and otherwise),

telephone and other logs, telephone and other bills, voicemail and transcriptions thereof, recorded distributions, forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes, expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations, conversations, investigations and interviews, sales brochures and literature, advertisements, price lists, trade letters, press releases, stenographic, handwritten and any other notes, projections, working papers, checks (front and back), check stubs and receipts, models, surveys, devices, pictures, photographs, films, computer records, data compilations, and voice and video recordings. "DOCUMENT(S)" shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, flash memory drive, or other storage device). A draft or non-identical copy is a separate document within the meaning of this term.

   4.  The terms "COMMUNICATION" or "COMMUNICATIONS" refer to any exchange of information by any means of transmission and the sending or receipt of information of any kind by or through any means, including but not limited to speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer electronics or electronic data, sound, radio or video signals, telecommunications, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types or other media of any kind. The terms "COMMUNICATION" and "COMMUNICATIONS" also include, without limitation, all meetings, notices, requests, response, demands, complaints, press, publicity or trade releases, and postings on intranet or internet forums or websites (such as web pages and web logs or blogs).

   5.  "PRESENTATION" means the document shown as Exhibit A to the Declaration of in Support of Plaintiff's TRO Application, including all components, formats, versions, portions, notes, and version data thereof.

   6.  The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests.

## INSTRUCTIONS

1. All DOCUMENTS shall be organized and produced pursuant to Rule 34(b) of the Federal Rules of Civil Procedure.

2. Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible. Electronic information must be produced in native format.

3. If any information requested is claimed to be privileged, immune from discovery or otherwise not discoverable, YOU are requested to provide all information falling within the scope of the document request which is discoverable, and for each item of information contained in a document to which a claim of privilege is made, YOU must identify such document in a privilege and/or redaction log pursuant to Federal Rule of Civil Procedure 26(b)(5), such identification to include at least the following:

    (a) the basis on which the privilege is claimed;

    (b) the names and positions of the author of the document and all other persons participating in the preparation of the document;

    (c) the name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

    (d) where not apparent, the relationship of the author, writer, sender, initiator, addressee or any other recipient with each other;

    (e) the date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if no date appears on the document;

    (f) a description of any accompanying material transmitted with or attached to such document;

    (g) the number of pages in such document;

    (h) the particular document request to which such document is responsive; and

    (i)  the general subject matter and whether any business or non-legal matter is contained or discussed in such document.

## DOCUMENTS TO BE PRODUCED

1. All DOCUMENTS in YOUR possession, custody or control that concern, describe, refer to or relate to the full headers associated with all electronic messages sent from or received by identity of the user of the GOOGLE INC. e-mail account "[hcmknowledge2008a@gmail.com](mailto:hcmknowledge2008a@gmail.com)," including but not limited to the Internet protocol ("IP") addresses and any login tracker information.

*1282185*

**EXHIBIT B TO DECLARATION OF C. WILLIAM CRAYCROFT**

**Issued by the**
# UNITED STATES DISTRICT COURT
_____Northern_____ DISTRICT OF _____California_____

SUCCESSFACTORS, INC., a Delaware corporation

**SUBPOENA IN A CIVIL CASE**

V.

SOFTSCAPE, INC., a Delaware corporation

Case Number:[1] **CV 08 1376 CW**

TO: **Internet Service Provider**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**Please see Attachment 1.**

| PLACE | DATE AND TIME |
|---|---|
| **Law Offices of C. William Craycroft**<br>**1741 Technology Drive, Suite 200**<br>**San Jose, CA  95110** | **March 25, 2008**<br>**9:00 a.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| **Attorney for Plaintiff SuccessFactors, Inc.** | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
**C. William Craycroft (CSB No. 41211)**
**Law Offices of C. William Craycroft, 1741 Technology Drive, Suite 200, San Jose, CA  95110       (408) 961-458**

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT 1

## DEFINITIONS

The following terms, as used herein, have the following meanings:

1. "GOOGLE" and "YOU" refer to Google, Inc. and Google, Inc.'s employees, officers, directors and agents.

2. "YOUR" means owned by, or in possession, custody or control of GOOGLE and its employees, officers, directors and agents.

3. The terms "PLAINTIFF" or "SUCCESSFACTORS" mean and include, collectively and/or individually, SuccessFactors, Inc., and its parents, subsidiaries, affiliates, corporate divisions, predecessors or successor companies, if any, and its current and former officers, directors, employees, consultants, attorneys, authorized agents, sales representatives, distributors, dealers, direct and indirect contractors, and/or all other PERSONS acting or purporting to act on its behalf.

4. The terms "PERSON" or "PERSONS" shall include both natural persons, corporate or other business entities, and all other forms of legal entities, and shall include, but is not limited to, the following: corporations, partnerships, joint ventures, associations, business organizations, trade organizations, standards organizations, and sole proprietorships.

5. The terms "DOCUMENT" or "DOCUMENTS" have the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item. The terms shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of every type and description and every tangible thing that is or has been in YOUR possession, custody, or control, to which YOU have access or of which YOU have knowledge. "DOCUMENT(S)" shall also include, but shall not be limited to, the following items, whether printed or recorded or reproduced by hand: agreements, contracts, leases, communications (including intra-company communications), electronic mail, data from Personal Digital Assistants

(including handheld computers, "smart phones," such as the palmOne™ Treo© and other similar devices and pagers), correspondence, postings on intranet or internet forums or websites (such as web pages and web logs or blogs), faxes, telegrams, cables, telexes, teletype messages, memoranda, records, books, diaries, notebooks calendars (paper, electronic and otherwise), telephone and other logs, telephone and other bills, voicemail and transcriptions thereof, recorded distributions, forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes, expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations, conversations, investigations and interviews, sales brochures and literature, advertisements, price lists, trade letters, press releases, stenographic, handwritten and any other notes, projections, working papers, checks (front and back), check stubs and receipts, models, surveys, devices, pictures, photographs, films, computer records, data compilations, and voice and video recordings. "DOCUMENT(S)" shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, flash memory drive, or other storage device). A draft or non-identical copy is a separate document within the meaning of this term.

  6. The terms "COMMUNICATION" or "COMMUNICATIONS" refer to any exchange of information by any means of transmission and the sending or receipt of information of any kind by or through any means, including but not limited to speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer electronics or electronic data, sound, radio or video signals, telecommunications, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types or other media of any kind. The terms "COMMUNICATION" and "COMMUNICATIONS" also include, without limitation, all meetings, notices, requests, response, demands, complaints, press, publicity or trade releases, and postings on intranet or internet forums or websites (such as web pages and web logs or blogs).

  7. "PRESENTATION" means the document shown as Exhibit A to the Declaration of in Support of Plaintiff's TRO Application, including all components, formats, versions, portions, notes, and version data thereof.

8. The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests.

## INSTRUCTIONS

1. All DOCUMENTS shall be organized and produced pursuant to Rule 34(b) of the Federal Rules of Civil Procedure.

2. Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible. Electronic information must be produced in native format.

3. If any information requested is claimed to be privileged, immune from discovery or otherwise not discoverable, YOU are requested to provide all information falling within the scope of the document request which is discoverable, and for each item of information contained in a document to which a claim of privilege is made, YOU must identify such document in a privilege and/or redaction log pursuant to Federal Rule of Civil Procedure 26(b)(5), such identification to include at least the following:

    (a) the basis on which the privilege is claimed;

    (b) the names and positions of the author of the document and all other persons participating in the preparation of the document;

    (c) the name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

    (d) where not apparent, the relationship of the author, writer, sender, initiator, addressee or any other recipient with each other;

    (e) the date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if no date appears on the document;

      (f)      a description of any accompanying material transmitted with or attached to such document;

      (g)      the number of pages in such document;

      (h)      the particular document request to which such document is responsive; and

      (i)      the general subject matter and whether any business or non-legal matter is contained or discussed in such document.

## DOCUMENTS TO BE PRODUCED

1. DOCUMENTS to show the identity, location, employer, network, or operating system of any PERSON using YOUR internet services with the IP address [IP address to be provided by Google] on or after January 1, 2008, including but not limited to a user profile or other DOCUMENTS CONCERNING the true name, e-mail address, street address, and/or telephone number of any such PERSON.

2. ALL DOCUMENTS CONCERNING the use of IP address [IP address to be provided by Google] to access any SUCCESSFACTORS servers.

3. DOCUMENTS sufficient to show how YOU monitor, track, or record internet usage by IP address [IP address to be provided by Google], including but not limited to how the DOCUMENTS produced in response to Request Nos. 1 and 2 were kept in the course of regularly conducted activity.

*1282172*