LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
ALBERT L. SIEBER (CSB NO. 233482)
*asieber@fewick.com*
LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

PATRICK E. PREMO (CSB NO. 184915)
*ppremo@fenwick.com*
DENNIS M. FAIGAL (CSB NO. 252829)
*dfaigal@fenwick.com*
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for Plaintiff
SUCCESSFACTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOFTSCAPE, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 08 1376 CW<br><br>**PLAINTIFF'S OBJECTIONS AND MOTION TO STRIKE DEFENDANT'S EVIDENCE OFFERED IN SUPPORT OF ITS RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Date: March 27, 2008<br>Time: 2:00 p.m.<br>Courtroom: 2<br>Judge: Hon. Claudia Wilken<br><br>Date of Filing: March 11, 2008<br>Trial Date: No date set |

Pursuant to Civil Local Rule 7-5, Plaintiff SuccessFactors, Inc. ("SuccessFactors," or "Plaintiff") hereby objects and moves to strike the following incompetent or inadmissible evidence submitted by Defendant Softscape, Inc. ("Softscape," or "Defendant") in support of its Response to

1  Order to Show Cause.  Plaintiff requests that the Court disregard the following materials for the
2  reasons set forth herein.

| Defendant's Inadmissible Evidence | Bases for Objection |
|---|---|
| **1. Mohr Declaration in Support of Defendant's Response to Order to Show Cause ("Mohr Decl.") ¶ 4**<br>". . . To my knowledge, there have been no further public distributions of this or any other similar Presentation by any person connected with Softscape." | Objection – Inadequate Foundation.  Fed. R. Evid. 602.  Declarant does not state the basis for her knowledge regarding "distributions of this or any other similar Presentation by any person connected with Softscape."  Declarant is the General Counsel, not a member of the Sales Group.  She does not claim to have been involved in the creation of the Presentation, offers no foundational facts to show she was present when Defendant provided it to employees, or monitored employees' use of it.  Nor does she discuss any information regarding her role in the investigation of the creation of the Presentation, its distribution, or the content of Defendant's investigation into the matter.  *See L.A. Times Communs., LLC v. Dep't of the Army*, 442 F. Supp. 2d 880, 886 (C.D. Cal. 2006) (sustaining objection to declaration filed by defendant's general counsel where it was "unclear" how defendant acquired personal knowledge of facts attested to). |
| **2. Mohr Declaration ¶ 5**<br>"To the best of my knowledge, Softscape has never used, is not now using, and will not use the Presentation in any external sales meeting or marketing effort.  Softscape did not authorize, allow, permit, condone, or otherwise ratify the actions of the person who distributed the Presentation.  Softscape did not distribute the Presentation." | Objection – Inadequate Foundation.  Fed. R. Evid. 602.  Ms. Mohr establishes no basis for her personal knowledge of any of the evidentiary facts being offered.  *See* Objection 1, *supra*.  It is especially apparent that Ms. Mohr lacks personal knowledge with regard to her statement that "Softscape did not distribute the Presentation" because in *two paragraphs later*, in the very same declaration, she states that "Softscape does not know how *or by whom* the Presentation was released."  She continues by acknowledging that it may have been distributed by a Softscape employee.  Second Mohr Declaration ¶ 7 (emphasis added); *see also id.* ¶ 9.  Declarant also presents no evidence of any communications (oral or written) that the Presentation be treated as "confidential, for internal use only", and/or should not be distributed prior to this lawsuit |

| **Defendant's Inadmissible Evidence** | **Bases for Objection** |
|---|---|
| | being filed.<br><br>Objection – Legal Conclusion. Ms. Mohr makes numerous statements about what Softscape did or did not do. Yet Ms. Mohr acknowledges that she does not know what Softscape's employees may have done. Therefore, these denials of actions by Softscape are necessarily premised on a theory that acts by Defendant's employees or other agents that were not specifically authorized by Softscape are not attributable to Softscape. This is an improper legal conclusion. *MySpace, Inc. v. Wallace*, 498 F. Supp. 2d 1293, 1298-99 (C.D. Cal. 2007) (striking declaration submitted in opposition to motion for preliminary injunction that offered opinions on issues of law). |
| **3. Mohr Declaration ¶ 6**<br>"…the CEO of Softscape, Dave Watkins, sent an e-mail *reaffirming* the confidentiality of the document . . . ." (emphasis added). | Objection – Inadequate Foundation. Fed. R. Evid. 602. Defendant offers no evidence that Ms. Mohr has personal knowledge that Mr. Watkins or any other Softscape officer or employee actually did direct that the Presentation was to remain "confidential" before Mr. Watkins sent the attached e-mail.<br><br>Objection – Hearsay. Fed. R. Evid. 801. Declarant's description of the letter is inadmissible hearsay. *Self-Insurance Inst. of Am. v. Software & Info. Indus. Ass'n*, 208 F. Supp. 2d 1058, 1064 (C.D. Cal. 2000) (description of letter attached to declaration is inadmissible hearsay; "there is no need to explain its contents to the Court"). |
| **4. Mohr Declaration Ex. B**<br>March 12, 2008 e-mail from Defendant's CEO, Dave Watkins, stating, *inter alia*, that the Presentation "is a Softscape confidential document that should be used only for internal use by sales," and that "The Naked truth is based on publicly available information." | Objection – Hearsay. Fed. R. Evid. 801(c). Although this email is admissible to the extent tendered by Plaintiff as an admission of a party opponent, it is not admissible by Plaintiff for the truth of the matters asserted—*i.e.*, that the Presentation "is a Softscape confidential document," or that the Presentation was based on publicly available information. These assertions of confidentiality are not made under oath, and are rank hearsay. |

| Defendant's Inadmissible Evidence | Bases for Objection |
|---|---|
| **5. Declaration of Susan Mohr in Support of Defendant's Opposition to Application for Temporary Restraining Order ("Mohr TRO Decl.") ¶ 4**[1]<br>". . . Softscape did not authorize release or publication of the Presentation, and to the best of my knowledge Softscape did not participate in its alleged circulation to SuccessFactor's customers on the internet or otherwise, directly or indirectly. Although I am continuing to investigate, Softscape is presently unaware how the disclosure of the Presentation occurred. I am now aware that there was any dissemination of this material other than by the single anonymous March 4, 2008, email." | Objection – Inadequate Foundation. Fed. R. Evid. 602. *See* Objections 1 and 2, *supra*.<br><br>Objection. Legal Conclusion. *See* Objection 2, *supra*. |
| **6. Mohr TRO Declaration ¶ 5**<br>"To the best of my knowledge, Softscape has never and is not using the Presentation in external sales meetings or marketing efforts, and has no intention to release on the internet, or otherwise published externally, the Presentation . . . ." | Objection – Inadequate Foundation. Fed. R. Civ. Pro. 602. *See* Objections 1 and 2, *supra*.<br><br>Objection. Legal Conclusion. *See* Objection 2, *supra*. |

Respectfully,

Dated: March 21, 2008              FENWICK & WEST LLP


By:    **/s/ Patrick E. Premo**
       Patrick E. Premo
       Attorneys for Plaintiff SUCCESSFACTORS, INC.

*1282319*

---

[1] Ms. Mohr reaffirmed the contents of this earlier declaration in, and attached the earlier declaration as Exhibit 1 to, the Second Mohr Declaration. *See* Second Mohr Declaration ¶ 2 and Exh.1

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW