1  LAURENCE F. PULGRAM (CSB NO. 115163)
   *lpulgram@fenwick.com*
2  ALBERT L. SIEBER (CSB NO. 233482)
   *asieber@fewick.com*
3  LIWEN A. MAH (CSB NO. 239033)
   *lmah@fenwick.com*
4  FENWICK & WEST LLP
   555 California Street, 12th Floor
5  San Francisco, CA  94104
   Telephone:  (415) 875-2300
6  Facsimile:   (415) 281-1350

7  PATRICK E. PREMO (CSB NO. 184915)
   *ppremo@fenwick.com*
8  DENNIS M. FAIGAL (CSB NO. 252829)
   *dfaigal@fenwick.com*
9  FENWICK & WEST LLP
   Silicon Valley Center
10 801 California Street
   Mountain View, CA  94041
11 Telephone:    (650) 988-8500
   Facsimile:    (650) 938-5200

12 Attorneys for Plaintiff
13 SUCCESSFACTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOFTSCAPE, INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 08 1376 CW<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF EXPEDITED DISCOVERY**<br><br>Date:         March 27, 2008<br>Time:         2:00 p.m.<br>Courtroom: 2<br>Judge:        Hon. Claudia Wilken<br><br>Date of Filing:  March 11, 2008<br>Trial Date:      No date set |

## INTRODUCTION

Plaintiff SuccessFactors, Inc. ("SuccessFactors") has been able to narrow and tailor the discovery it seeks on an expedited basis based on disclosures Defendant Softscape, Inc. ("Softscape") has made to date. Because Softscape has now conceded that it prepared the Presentation and does not dispute its falsity, Plaintiff seeks expedited discovery to determine principally two issues: (1) how Defendant compromised SuccessFactors' confidential sales demo account and used this and other information pilfered from SuccessFactors, and (2) which person(s) orchestrated, and how, the preparation and targeted distribution of the Softscape Presentation to numerous customers and prospects. Defendant has failed to offer any meaningful information about the Presentation, which is at the center of this controversy, to either the Court or Plaintiff SuccessFactors. Defendant has thus far refused to reveal which employees, officers or agents created the document, to whom it was distributed, and what contemporaneous instructions were given as to its use or distribution.

The expedited discovery, along with the preservation order requested by SuccessFactors, are necessary for three reasons. First, in light of Plaintiff's evidence of the unauthorized access to Plaintiff's computers under false pretenses, there is a significant risk that critical and fleeting evidence will be lost from the very people who were responsible for the pretexting if the Court does not allow expedited discovery. Second, Plaintiff needs expedited discovery to mitigate the harm that Defendant's actions are causing to SuccessFactors' goodwill with its customers, and to protect against future break-ins of Plaintiff's computer and data systems. Expedited discovery will allow Plaintiff to try to stem the harm to its reputation, customer relations, and good will in a timely way and minimize the risk of future hacking into its confidential computer systems. Third, only by knowing promptly the full scope of Defendant's illicit escapades can SuccessFactors ensure that it receives adequate relief. Defendant's remarkable record of defalcations is only starting to come to light. These are serious misbehaviors, which deserve immediate attention.

Plaintiff has learned much from its own investigation, but there are limits to what Plaintiff can learn independently. Defendant's inability or unwillingness to answer even the most fundamental questions about the use and distribution of the Presentation increases the urgency of

1  Plaintiff's remaining, tailored requests. Accordingly, for the reasons stated in its moving papers

2  and in this reply, Plaintiff respectfully requests an order permitting it to immediately issue its

3  revised and slimmed down set of eight document requests and nine 30(b)(6) deposition topics. In

4  addition, Plaintiff seeks a further order to move the current deadline for the parties to participate

5  in the Rule 26(f) conference from May 27 to April 10, 2008, so that discovery may proceed

6  without undue delay.

## FACTUAL RECORD

8  Plaintiff's independent investigation has revealed proof that Softscape impersonated a

9  customer in an effort to obtain access to SuccessFactors' confidential sales materials. A customer

10 prospect identifying herself as Ely Valls set up two sales demonstration meetings on February 19

11 and 21, 2008. Ms. Valls represented herself to be the purported owner of a 50-person shoe

12 company called "New Millenium Shoe" in San Juan, Puerto Rico. SuccessFactors has now

13 obtained evidence linking Softscape to the sham meetings set up by Ms. Valls in Puerto Rico.

14 Defendant's CEO, Dave Watkins, is a member of the social-networking site, Facebook,

15 and has a page that directly links him to "Ely Valls" of Puerto Rico. Declaration of Patrick E.

16 Premo in Support of SuccessFactors, Inc.'s Reply Memorandum in Support of Expedited

17 Discovery ("Premo Reply Decl.") ¶ 11, Ex. 6. This is just one of a number of connections that

18 SuccessFactors has identified in its detailed declarations submitted to the Court. *See* Declaration

19 of James Matheson in Support of Plaintiff's Application for a Temporary Restraining Order and

20 Order to Show Cause re Preliminary Injunction; Declaration of James Matheson in Support of

21 Preliminary Injunction and Expedited Discovery; Declaration of Jorge Andes Corrales in Support

22 of Preliminary Injunction and Expedited Discovery; and Premo Reply Decl.

23 SuccessFactors does not know the full extent of the Defendant's use of information from

24 the phony sales meetings or unauthorized misappropriation of its data from the demo account, but

25 it needs the discovery to determine this promptly. SuccessFactors also needs to learn the full

26 extent of the email distribution of the Presentation. Plaintiff has made efforts to seek cooperation

27 with Defendant on both expedited discovery and participation in a Rule 26(f) conference so that

28 both parties can begin discovery. Premo Decl. ¶¶ 12-14. To date, Defendant has rejected these

efforts.

**ARGUMENT**

**I.      EXPEDITED DISCOVERY IS NECESSARY TO IDENTIFY THE SOURCE OF THE COMPUTER HACK AND SCOPE OF THE UNLAWFUL DISTRIBUTION OF THE PRESENTATION.**

Defendant contends that if provisional relief is not granted to Plaintiff, expedited discovery is not justified. To the contrary, expedited discovery serves a different purpose from the preliminary injunction that SuccessFactors seeks. The preliminary injunction would prevent Defendant, or those in concert with Defendant, from causing irreparable harm to SuccessFactors' hard-earned goodwill. Expedited discovery, on the other hand, allows Plaintiff to try to protect itself from that irreparable harm. By learning which of its customers and prospects may have been recipients of the Presentation or the misinformation within it, Plaintiff can try to salvage its reputation. By learning how and when Defendant accessed Plaintiff's computers without authorization, Plaintiff can implement security measures to reduce the risk of future breaches of its proprietary systems.[1] Any delay in this discovery would cause Plaintiff to remain unnecessarily vulnerable to continued calumny or security risks.

**II.     PLAINTIFF ONLY SEEKS VERY LIMITED DISCOVERY ON AN EXPEDITED BASIS.**

Contrary to Defendant's hyperbole that the proposed discovery comprises "nearly all discovery that is possible in this case,"[2] Plaintiff has submitted focused and limited requests. *See* Premo Reply Decl. ¶¶ 3, Exhs. 1 & 2. SuccessFactors' Document Requests and Deposition Topics relate directly to Softscape's trademark infringement, false advertising, and/or unauthorized access to SuccessFactors' computer systems.

---

[1] Although the relief sought here is distinct from Plaintiff's motion for injunctive relief, this information would also be essential for Plaintiff to be able to enforce the terms of the preliminary injunction if granted by the Court.

[2] Defendant's concessions that it authored the false and misleading Presentation and accessed Plaintiff's computers allowed a substantial reduction in the number of requests. But even the original requests were targeted toward specific computers, persons, and documents. Plaintiff did not seek expedited discovery on wide ranging topics such as damages or general sales tactics. Nor did Plaintiff seek multiple depositions.

1    Deposition Topics One through Four, and Document Requests One through Three, pertain

2  directly to the Presentation, its purpose, and intended audience.

3    Deposition Topic Five, and Document Request Four pertain, to recipients of the

4  Presentation or the information therein.  Given the dearth of information about Defendant's

5  investigation, it is likely that Plaintiff is not aware of all the recipients.  There is a substantial need

6  for Plaintiff to mitigate the harm to its goodwill as quickly as possible.

7    Deposition Topics Six through Eight, and Document Requests Five through Seven, pertain

8  to how Softscape may have obtained information about SuccessFactors and accessed

9  SuccessFactors' computers without authorization.

10    The last Deposition Topic and Document Request pertain to how Softscape obtained and

11  used SuccessFactors' trademarks.  Such information will help Plaintiff prevent future access to its

12  presentation templates and other files containing its trademarks.

13    Discovery of this information is necessary to assist SuccessFactors in knowing who

14  participated in the preparation of the Presentation, and thereby help in determining who was

15  behind the "anonymous" distribution.

16    SuccessFactors' original discovery requests were limited.  SuccessFactors has gone one step

17  further and narrowed the requests even more.  In light of Softscape's admission that it did, in fact,

18  prepare the Presentation and its concession (at least for this phase) as to the falsity of statements

19  within the document, SuccessFactors is willing to forego, at least on an expedited basis, the

20  discovery that was previously aimed at those issues.  The remaining discovery is now limited to

21  eight document requests and nine 30(b)(6) deposition topics.

22  **III.   THE FACTS SURROUNDING THIS CASE SUGGEST THERE IS A SIGNIFICANT RISK OF DATA LOSS.**

23

24    Defendant claims to have spent the past ten days investigating the "leak" of the

25  Presentation, yet still has not explained anything about how it happened or by whom.  Defendant

26  says there are hundreds of computers and data storage devices that may possibly be implicated by

27  the IP addresses Plaintiff found in the course of its investigation.  This suggests that there is a

28  multiplied risk that important, transitory data will be erased or lost unless the discovery process

begins now.  Furthermore, some of the access to Plaintiff's computers appears to have originated from personal computers not within the four walls of Softscape.  It is hard to accept Defendant's reassurance that there will be no lost evidence when Defendant seems so uncertain from its investigation what should be protected and preserved.

Softscape's sole declarant says that the company has a "commercially reasonable document retention policy" in place.  *See* Mohr Decl. ¶ 10.  Commercially reasonable destruction policies allow for routine purging and destruction of electronic records.  What Softscape's declarant fails to state is whether Softscape has instituted a litigation hold to prevent this routine purging or what records would be covered by any such hold.  Defendant should immediately mirror image the computers of all key players.  But Defendant refuses even to engage in the basic, Rule 26(f) identification of data preservation process that Plaintiff has requested.

Plaintiff reasonably fears that critical evidence may be lost in the absence of timely intervention by the Court.  Only expedited discovery and an order that all of the relevant data must be preserved will ensure that important data will not disappear.

## **CONCLUSION**

For the foregoing reasons, Plaintiff SuccessFactors, Inc., respectfully requests that the Court allow the expedited, revised discovery as proposed by Plaintiff, enter a preservation order as proposed by Plaintiff, and move the current deadline for the parties to participate in the Rule 26(f) conference from May 27 to April 10, 2008, so that discovery may proceed without undue delay.

Respectfully submitted,

Dated:  March 21, 2008                FENWICK & WEST LLP


By: __**/s/ Patrick E. Premo**__
Patrick E. Premo
Attorneys for Plaintiff SUCCESSFACTORS, INC.

24024/00404/LIT/1282518.4

1  LAURENCE F. PULGRAM (CSB NO. 115163)
   *lpulgram@fenwick.com*
2  ALBERT L. SIEBER (CSB NO. 233482)
   *asieber@fenwick.com*
3  LIWEN A. MAH (CSB NO. 239033)
   *lmah@fenwick.com*
4  FENWICK & WEST LLP
   555 California Street
5  San Francisco, CA  94104
   Telephone:   (415) 875-2300
6  Facsimile:    (415) 281-1350

7  PATRICK E. PREMO (CSB NO. 184915)
   *ppremo@fenwick.com*
8  DENNIS FAIGAL (CSB NO. 252829)
   *dfaigal@fenwick.com*
9  FENWICK & WEST LLP
   Silicon Valley Center
10 801 California Street
   Mountain View, CA  94041
11 Telephone:   (650) 988-8500
   Facsimile:    (650) 938-5200

12
   Attorneys for Plaintiff
13 SUCCESSFACTORS, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOFTSCAPE, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 08 1376 CW<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED APPLICATION FOR EXPEDITED DISCOVERY** |

On March 27, 2008 at 2:00 P.M. in Courtroom 2, the Court heard Plaintiff SuccessFactors, Inc.'s ("SuccessFactors") Application for an Order Allowing Expedited Discovery, with opposition by Defendant Softscape.

/ / /

1 **<u>Order with Respect to Expedited Discovery</u>**

2 Having reviewed and considered all papers on file and argument of counsel, and the matter
3 having been submitted, the Court finds that Plaintiff has presented good cause for expedited
4 discovery, and Plaintiff's motion for expedited discovery is granted as follows:

5     1.    Softscape, Inc. shall provide written, verified responses and responsive,
6 non-privileged documents to SuccessFactors' First Set of Document Requests on or before
7 April 10, 2008.

8     2.    Softscape, Inc. shall also appear, through one or more representatives, for an oral
9 deposition pursuant to Federal Rule of Civil Procedure 30 (b)(6) on or before April 17, 2008, with
10 the specific date and time to be agreed upon by the parties after meeting and conferring.

12 **<u>Order with Respect to Preservation of Evidence</u>**

13 The Court finds:

14     1.    Plaintiff is entitled to a fair opportunity to prove its case without spoliation or loss
15 of evidence.

16     2.    Plaintiff may suffer irreparable injury to its ability to obtain all relevant evidence if
17 the same is destroyed or lost before trial on the merits can be held.

18 GOOD CAUSE HAVING BEEN SHOWN, IT IS ORDERED AS FOLLOWS:

19 Defendant Softscape and its agents, servants, and employees, and all persons acting under,
20 in concert with, or for them shall, during the pendency of this action:

21     1.    Preserve all evidence, data, records, and things in their possession or control,
22 including all electronic records, records of internet transactions or communications, and records of
23 officers, directors, consultants or employees whether maintained on facilities provided by Softscape
24 or otherwise utilized by such persons, related to:

25         a.    The genesis, creation, review, or revision of the Presentation.

26         b.    The basis for any assertions in the Presentation.

27         d.    The identity of any actual, potential, or intended recipients of the
28             Presentation or of any communications about the Presentation.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    e.   Communications of Softscape with any person not employed by Softscape
2         (other than its attorneys) concerning the Presentation.
3    f.    Communications among employees of Softscape concerning the
4         Presentation.
5    g.   Communications between Softscape and Sears, Regions Bank, Intelsat,
6         David Sinkfield, ICMA Retirement, Harris-Williams, or any current or
7         former SuccessFactors employee or consultant.
8    h.   The user name "John Anonymous," associated e mail address
9         "hcmknowledge2008a@gmail.com," and all communications from, with or
10        concerning same.
11   i.   Access from any Softscape computer to SuccessFactors' website, online
12        customer community, or online demonstration environments, including but
13        not limited to access via the user name "ACE275," and any information
14        obtained from such access.
15   k.   Any data storage media for any computer that was involved in the creation,
16        modification, collection of information for, sharing, or e-mailing of the
17        Presentation.
18   l.   Identity, access, and use of any computer associated with IP addresses
19        68.236.68.19 or 82.108.171.66 or 24.34.56.79 or 98.216.168.122 and
20        involved in the creation, revision, storage, communication, or distribution of
21        the Presentation or any part thereof.
22   m.   Relationship of Javier Cruz, Ely Valls, or New Millenium Shoe, or anyone
23        posing as them, with Softscape or SuccessFactors and any communications
24        among any of them.
25   ///
26   ///
27   ///
28   ///

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

n. Softscape's procurement of images of, copying of, or use of SuccessFactors' trademarks or PowerPoint template.

**IT IS SO ORDERED.**

Dated: March ___, 2008

The Honorable Claudia Wilken
United States District Court Judge

*1281638*