JESSICA L. GRANT (SBN 178138)
JONATHAN A. PATCHEN (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
E-mail: jgrant@tcolaw.com
E-mail: jpatchen@tcolaw.com

Attorneys for Defendant SOFTSCAPE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SOFTSCAPE, INC.,<br><br>Defendant. | Case No.: C-08-1376 (CW)<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO SUCCESSFACTORS' MOTION TO STRIKE**<br><br>(REDACTED Declaration of David Watkins Filed Herewith)<br><br>Date:   March 27, 2008<br>Time:   2:00 p.m.<br>Place:  Courtroom 2<br><br>Honorable Claudia Wilken |

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
SUCCESSFACTORS' MOTION TO STRIKE: CASE NO. C-08-1376 (CW)

## I. INTRODUCTION

Because of the pace of preliminary injunctive proceedings, this Court is authorized to examine all evidence put before it, including evidence that does not technically conform to the Federal Rules of Evidence. Here, plaintiff SuccessFactors, Inc. ("SuccessFactors") raises a series of technical objections to the declaration of Softscape, Inc.'s ("Softscape") General Counsel, Susan Mohr, filed on March 17, 2008 in support of defendant Softscape's opposition to the plaintiff's preliminary injunction motion ("Mohr Declaration"). This Court should not strike the declaration when SuccessFactors provides no reason to depart from the rule that allows consideration of *all* proffered evidence, no matter the alleged infirmity.

Softscape submits that this opposition is appropriate because SuccessFactors filed a separate and new Motion to Strike the Mohr Declaration late in the evening on Friday, March 21, 2008. Due process, as well as considerations of the emergency and extraordinary nature of preliminary injunction proceedings, justifies Softscape's submittal of this memorandum of points and authorities and the supporting declaration of David Watkins in support of defendant's opposition to plaintiff's Motion to Strike.

## II. ARGUMENT

### A. THIS COURT HAS DISCRETION TO, AND SHOULD, CONSIDER THE MOHR DECLARATION

The law is clear that in this preliminary injunction proceeding, the Court may consider the Mohr Declaration. *See Metro Publishing Inc. v. Surfmet, Inc.*, 2002 U.S. Dist. LEXIS 26232 *11 n.4 (N.D. Cal. July 3, 2002) (Wilken, J.) (holding that "[o]n a motion for preliminary injunction, the Court may rely on evidence that would be inadmissible in other contexts" and overruling hearsay objections) (citing *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984)); *see also Bracco v. Lackner*, 462 F. Supp. 436, 442 (N.D. Cal. 1978).

Because this Court should exercise its discretion to consider the Mohr Declaration, SuccessFactors' objections to foundation, legal conclusion, and hearsay are misplaced. *See Communities for a Better Environment v. Pacific Steel Casting Co.*, 2006 U.S. Dist. LEXIS 96067 *4 n.2 (N.D. Cal. Sept. 20, 2006) ("The objections are based on the Federal Rules of Evidence and

TAYLOR & CO.
LAW OFFICES, LLP

1.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO SUCCESSFACTORS' MOTION TO STRIKE: CASE NO. C-08-1376 (CW)

go to such issues as foundation, authentication, hearsay, and relevance. District courts, however, have discretion to consider otherwise inadmissible evidence when ruling on the merits of a preliminary injunction.") (citing *Rosen Entertainment Systems, LP v. Eiger Vision*, 343 F. Supp. 2d 908, 912 (C.D. Cal. 2004)). In such a case, the impact of the evidentiary objections is to weight, not admissibility. *Id.*

In fact, this Court has already considered and granted weight to at least a portion of the Mohr Declaration that SuccessFactors now finds so objectionable. *Compare* TRO at pp. 2-3 (Docket No. 26) (crediting the declaration that Softscape "has never and is not now using the Presentation in external sales meetings or marketing efforts") *with* SuccessFactors' Motion to Strike (Docket No. 44) (objecting to the declaration that "Softscape has never used, is not now using, and will not use the Presentation in any external sales meeting or marketing effort."). Because the Court had already relied on the Mohr Declaration, it would prejudice Softscape if the Court were now to insist on strict application of the Federal Rules of Evidence.

**B.  SUCCESSFACTORS EVIDENTIARY OBJECTIONS, BASED SOLELY ON THE FORM OF THE EVIDENCE, ARE UNFOUNDED**

SuccessFactors' objections – regarding foundation, hearsay, and legal conclusion – target the *form* of the evidence rather than the *substance* of the evidence. Outside of trial, however, these objections are generally unfounded.

In a thoughtful opinion, Judge Shubb of the Eastern District of California addressed the growing problem of evidentiary objections to every summary judgment motion. *See Burch v. Regents of the University of California*, 433 F. Supp. 2d 1110, 1118 (E.D. Cal. 2006). Specifically addressing "objections to the *form* in which the evidence is presented," Judge Shubb noted such objections "are particularly misguided where, as here, they target the non-moving party's evidence" because the focus is on the nature, and not the form, of the evidence. *Id.* at 1119 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

Thus, for example, a hearsay objection to consideration of a diary at the summary judgment stage was rejected by the Ninth Circuit because the contents of the diary were "mere recitations of events within the [plaintiff/appellant's] personal knowledge and, depending on the

2.

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO SUCCESSFACTORS' MOTION TO STRIKE: CASE NO. C-08-1376 (CW)

circumstances, could be admitted into evidence at trial in a variety of ways." *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003). The same approach should be taken here with respect to SuccessFactors' various hearsay objections.

A rationale for this general approach is hinted at in the *Fraser* case and is fully explained by Judge Shubb: Because "even seemingly appropriate objections based on hearsay and failures to authenticate/lay a foundation are difficult to address away from the dynamics of a trial. During trial, when a party raises valid evidentiary objections, the opposing party will have an opportunity to present the evidence in an alternative and admissible form. At trial, a question can always be rephrased if an objection to it is sustained. Not so in the context of summary judgment practice." *Burch*, 433 F. Supp. 2d. at 1122.

This approach applies here with even more force. SuccessFactors' preliminary injunction motion comes *before* any type of discovery has occurred in the case, so alternative forms of evidentiary proof have yet to be discovered, much less tested at trial. Moreover, unlike a summary judgment motion, this Court is being asked to make a preliminary assessment of the merits. When making such a preliminary assessment, the Court's focus should be even more on the specific nature, and not the form, of the evidence.

In any event, Ms. Mohr, as General Counsel of Softscape, has sworn that she has personal knowledge of the facts contained in her declaration. This assertion should be sufficient for admissibility. *See Coca-Cola Co. v. Omni Pac. Co.*, 2000-2 Trade Cas. (CCH) P73,101 *6 (N.D. Cal. 2000) (denying a foundation objection when an affidavit was made "based on his assertion of personal knowledge gained over the course of his employment."); *Reva Int'l, Inc. v. MBraun, Inc.*, 2007 U.S. Dist. LEXIS 94821 *21 (D. Nev. Dec. 28, 2007) (overruling a foundation objection when the president of a company asserted that he had personal knowledge and, as president, he "would have been in a position to have personal knowledge as to whe[ther] he or [the company] had any knowledge or intent.").

Moreover, even if Ms. Mohr did not lay out specific facts regarding her personal knowledge, it may fairly be inferred from her position as Softscape's General Counsel. *See In re Kaypro*, 218 F.3d 1070, 1075 (9th Cir. 2000) ("Personal knowledge may be inferred from the

TAYLOR & CO.
LAW OFFICES, LLP

3.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO SUCCESSFACTORS' MOTION TO STRIKE: CASE NO. C-08-1376 (CW)

declarant's position"); *Barthelemy v. Air Lines Pilots Ass'n,* 897 F.2d 999, 1018 (9th Cir. 1990) (concluding that a CEO's personal knowledge of various corporate activities could be presumed).

For the same reason, SuccessFactors' objection and argument that Ms. Mohr's statements in her declaration that Softscape did not authorize, ratify or condone the distribution of the Presentation merely constitute a legal conclusion, rather than facts, is unfounded. Ms. Mohr is simply describing what Softscape's position was -- and continues to be -- on the unauthorized distribution of the Presentation outside the Softscape workplace. Whether the anonymous, unauthorized distribution of the Presentation, in a manner that was not linked to Softscape in the public mind, can somehow be attributed to Softscape, is the legal question presented here. Whether the distribution of the Presentation was authorized, ratified or condoned by Softscape, is a *factual* question Ms. Mohr is particularly well suited to address.

### C. IN AN ABUNDANCE OF CAUTION, SOFTSCAPE PROVIDES ADDITIONAL EVIDENTIARY SUPPORT

Softscape has every reason to believe that this Court will continue its past practice and will fairly consider the declaration of Susan Mohr. In support of its opposition to SuccessFactors' newly filed Motion to Strike, however, Softscape is providing the Court with an additional declaration from its Chief Executive Officer that addresses and expounds on the subject matter of the Mohr Declaration. The extraordinary nature of preliminary injunctive relief, coupled with the relative informality of procedure at this stage, counsels strongly in favor of considering all probative evidence. *See University of Texas v. Camenisch,* 451 U.S. 390, 395 (1981).

///
///
///
///
///
///
///
///

TAYLOR & CO.
LAW OFFICES, LLP

4.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO SUCCESSFACTORS' MOTION TO STRIKE: CASE NO. C-08-1376 (CW)

### III. CONCLUSION

For the reasons stated above, defendant Softscape respectfully requests that plaintiff's Motion to Strike the Declaration of Susan Mohr be denied, and that the content of Ms. Mohr's declaration be considered by this Court in making its determination as to the merits of plaintiff's pending motion for preliminary injunction.

Dated: March 26, 2008

Respectfully submitted,

TAYLOR & COMPANY LAW OFFICES, LLP


By: /s/Jessica L. Grant
Jessica L. Grant
Attorneys for Defendant SOFTSCAPE, INC.

TAYLOR & CO.
LAW OFFICES, LLP

5.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO SUCCESSFACTORS' MOTION TO STRIKE: CASE NO. C-08-1376 (CW)