1  JESSICA L. GRANT (SBN 178138)
   JONATHAN A. PATCHEN (SBN 237346)
2  TAYLOR & COMPANY LAW OFFICES, LLP
   One Ferry Building, Suite 355
3  San Francisco, California 94111
   Telephone: (415) 788-8200
4  Facsimile: (415) 788-8208
   E-mail: jgrant@tcolaw.com
5  E-mail: jpatchen@tcolaw.com

6  Attorneys for Defendant SOFTSCAPE, INC.

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                  OAKLAND DIVISION

11

12  SUCCESSFACTORS, INC.,                    Case No.: C-08-1376 (CW)

13         Plaintiff,                        **DECLARATION OF DAVID WATKINS
                                             IN OPPOSITION TO PLAINTIFF'S
14  v.                                       MOTION TO STRIKE AND IN
                                             RESPONSE TO ORDER TO SHOW
15  SOFTSCAPE, INC.,                         CAUSE**

16         Defendant.                        Date:    March 27, 2008
                                             Time:    2:00 p.m.
17                                           Dept.:   Courtroom 2

18                                           Honorable Claudia Wilken

19

20

21

22            **REDACTED – PUBLICY FILED VERSION**

23      **[ORIGINAL FILED UNDER SEAL PURSUANT TO COURT ORDER]**

24

25

26

27

28

SUPPLEMENTAL DECLARATION OF DAVID WATKINS IN OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE AND IN RESPONSE TO ORDER TO SHOW CAUSE: CASE NO. C-08-1376 (CW)

I, DAVID WATKINS, declare as follows:

1.     I am the Founder and Chief Executive Officer of Softscape, Inc. ("Softscape"), the defendant in this matter. I make this declaration of my own personal knowledge, unless otherwise stated, and if called as a witness, I could and would testify competently to the facts stated herein.

2.     Softscape and plaintiff SuccessFactors, Inc. ("SuccessFactors") are direct competitors engaged in the business of developing and selling human resource software systems. I myself have been involved in the human resource software industry since 1995.

3.     Because of the limited time in which to respond to the plaintiff's request for a preliminary injunction, and my role and responsibilities as the Chief Executive Officer of Softscape, I have only recently been able to fully analyze the claims made by Robert Bernshteyn in his March 11, 2008 declaration filed in support of SuccessFactors' TRO and OSC Re Preliminary Injunction. I also submit this declaration in an effort to cure any alleged evidentiary infirmities that may be contained in the two declarations filed in this action by the General Counsel of Softscape, Susan Mohr, on March 12 and 17, 2008.

4.     I am one of the authors of the internal Softscape PowerPoint presentation attached as Exhibit 1 to the Bernshteyn Declaration titled "The Naked Truth" that is the subject of SuccessFactors' motion for preliminary injunction (the "Presentation"). As discussed below, I believe that each statement in that Presentation that is claimed to be false by Mr. Bernshteyn in his March 11, 2008 declaration is, in fact, true.

5.     I am personally aware of, and have reviewed, all of the research that formed the basis of the statements contained in the Presentation. Most of information contained in the Presentation was derived from publically available sources, such as (a) information posted on SuccessFactors' website, (b) information presented by SuccessFactors in public webinars, and (c) information presented by SuccessFactors at public trade shows or other similar venues. Other sources of information include information I and other Softscape employees received from current and former SuccessFactors customers, some of whom have switched to using Softscape's software products and others who have engaged us as a potential vendor. For reasons of business confidentiality, at this stage in the proceedings I am not at liberty to reveal the name and identity

TAYLOR & CO.
LAW OFFICES, LLP

SUPPLEMENTAL DECLARATION OF DAVID WATKINS IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND IN RESPONSE TO ORDER TO SHOW CAUSE: CASE NO. C-08-1376 (CW)

1    of these sources of information.  In my professional judgment and experience, however, I believe

2    the information I received from these customers is truthful and accurate.

3         6.      More specifically, I have the following response to the statements made in Mr.

4    Bernshteyn's March 11, 2008 declaration:

5              a.      Mr. Bernshteyn claims, in paragraph 15(a) of his declaration, that the

6    statement the Presentation is "a compilation of the facts from Successfactors customers" in Slide 2

7    of the Presentation is false.  Slides 9-12 in the Presentation are based on the information I received

8    ██████████████████████████████████████████████████████████████████

9    █████████████████████████████████████████████████████████

10   ████████████████████████████████████              Thus, I believe the statements

11   contained in Slide 2 of the Presentation to be true.

12             b.      Mr. Bernshteyn claims, in paragraph 15(c) of his declaration, that the

13   statements that "63% of their 2005 Customers left [SuccessFactors] by 2008" and that one out of

14   every two of its customers leave SuccessFactors within 2-3 years (Slide 3) are false.  I believe this

15   statement to be true, and I based it on publically available information that SuccessFactors posts

16   and displays on its website.  I have seen at least 231 customer names that have appeared on

17   SuccessFactors' website and/or webinars and then disappeared within the 2-3 year period.  When

18   compared to their current customer base, this yields the retention figure that was used in the

19   Presentation.  Mr. Bernshteyn's "proof" that the above statements are false cites a claimed 90%

20   *annual* retention rate; this does not address the *three-year* retention rate discussed in the slide.  In

21   his declaration Mr. Bernshteyn *does agree* that there are multiple "methodology[ies]" that could

22   be used to calculate customer retention data.

23             c.      In paragraph 9 of his declaration, Mr. Bernshteyn objects to the

24   methodology employed in determining whether SuccessFactors' customers have left.  Based on

25   my personal observations, SuccessFactors lists each and every one of its customers on its website

26   without exception.  Based on my experience then, the logical inference that can be drawn when a

27   customer name is removed from the SuccessFactors website is that the company is no longer a

28   SuccessFactors customer.  Thus, I believe that the calculation that was used to compute the

1  number of SuccessFactors' lost customers for use in the Presentation is accurate. In fact, Mr.

2  Bernshteyn does not claim that any of the companies identified in paragraphs 10–13 of his

3  declaration as no longer listed on the SuccessFactors website are in fact *current* SuccessFactors

4  customers. For example, Merrill Lynch and Apple are both claimed to have purchased stand-alone

5  software in the past. At least one of those two companies is a current Softscape customer. In

6  direct contradiction to Mr. Bernshteyn's claim in paragraph 11(a), I have personal knowledge that

7  SuccessFactors maintains on its website the names of companies *after* they have been merged into

8  or acquired by other companies.

9         d.      In paragraph 15(f), Mr. Bernshteyn claims that the Presentation was false in

10  its claim that Sears "pulled the plug on the entire project" (Slide 8), stating that Sears remains "a

11  valued and important customer." I have direct knowledge that ███████████████████

12  ████████████████████████████████████████████████████

13         e.      In paragraph 16(a), Mr. Bernshteyn claims that the statement that

14  SuccessFactors' product cannot "handle a situation where an employee changes their position and

15  manager during the year," is false (Slide 11). This statement is true. ██████████████

16  ████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████

18  ██████████████████████████████

19         f.      In paragraphs 12-13 of his declaration, Mr. Bernshteyn claims that

20  statements regarding Mastercard, Bank of America and Reebok are false because they are still

21  "highly referenceable customers" of SuccessFactors. I believe the statements contained in the

22  slides in the Presentation regarding those companies are true. Mr. Bernshteyn does not dispute

23  that these companies are "No Longer Reference[d]" on SuccessFactors' website – the only claim

24  that is made about each specific company in Slides 16, 17, and 22. For example, I have observed

25  that Mastercard was listed by SuccessFactors as a customer in July 2005. They are no longer

26  listed or referenced on the SuccessFactors website. Similarly, Reebok used to be listed on

27  SuccessFactors' website. ████████████████████████████████████

28  ████████████████████████████████████

SUPPLEMENTAL DECLARATION OF DAVID WATKINS IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND IN RESPONSE TO ORDER TO SHOW CAUSE: CASE NO. C-08-1376 (CW)

1    ████████████

2           g.     In paragraph 16(b) of his declaration, Mr. Bernshteyn claims the statement

3    that SuccessFactors employs "440 consultants" in 2008 is false.  I believe the statement to be true

4    because I know SuccessFactors' approximate ratio of consultants to total workforce, and I

5    extrapolated that information based upon information published in SuccessFactors S-1/A

6    prospectus.  Mr. Bernshteyn does not dispute any of the other numbers of consultants listed on

7    Slide 23 of the Presentation.

8           h.     In paragraph 16(e), Mr. Bernshteyn claims that the statement in Slide 24

9    that customer data "is mixed with others" is untrue.  It is not.  Mr. Bernshteyn concedes that all

10   customer data is stored in *one database* separated by secure "table schemas."  In my experience, a

11   "table schema" refers to the fact that while all data is stored in one database, different customer

12   data is stored in different parts of the same database.  Moreover, in its public S-1/A prospectus,

13   SuccessFactors stated that it used a non-industry standard "hybrid approach to [their] *multi-tenant*

14   database architecture . . . the core of the approach is *multi*-tenant with identical database table

15   schemas for each customer."  (emphasis added).  Accordingly, the statements in Slide 24 are

16   accurate.

17          i.     In paragraph 16(c), Mr. Bernshteyn claims the statement that

18   SuccessFactors adds new features "without asking you if you want it" is false, stating that 95% of

19   "enhancements" are delivered on an "opt-in" basis.  In my experience, I believe the number is

20   substantially lower than 95%, but his statement concedes that at least 5% of "enhancements" are

21   added on a non-opt-in basis.  Moreover, even if only 5% of the upgrades qualify, SuccessFactors

22   sends these upgrades out *monthly* (in fact, they have 71 releases of their software) resulting in

23   substantial and frequent changes to the software.

24          j.     In paragraph 16(f), Mr. Bernshteyn claims as false the statement that a

25   SuccessFactors' product – Ultra – is a "scam" (Slide 31).  That is not true.  Based on my

26   experience ████████████████████████████████████████

27   ████████████████████████████████████████████

28   ████████████████████████████████████████████

k.    In paragraph 16(g), Mr. Bernshteyn claims that the "suggest[ion] that users are required to scroll through long forms" is false because there is a feature that allows users to tab through pages (Slide 41). The statements made in Slide 41 are true. ████████████

████████████████████████████████████████████ Instead, he only says that a customer need not scroll because they can tab. In my experience clicking on a tab does not mitigate the need to "scroll."

7.    SuccessFactors does not claim that any of the following information described in the Presentation, all of which I believe to be true of my personal knowledge, is false:

a.    ████████████████████████████;

b.    ███████████████████████████████████████
████████████████████;

c.    ██████████████████████████████████████
████████████;

d.    ████████████████████████████████████████
███████;

e.    ████████████████████████████████████████
███████;

f.    ████████████████████████████████████████
███;

g.    ████████████████████████████████████████
██████████████████████; and

h.    ████████████████████████████████████████
███.

8.    I have personal knowledge that the Presentation was intended for Softscape's *internal* use only. It was so marked and saved electronically on the company's server, and this treatment of the Presentation was repeatedly emphasized to the Softscape sales force both orally and in writing. No distribution of the Presentation outside the company was ever authorized by Softscape, and such distribution would be in direct contravention and violation of Softscape's employment and business policies.

TAYLOR & CO.
LAW OFFICES, LLP

6.
SUPPLEMENTAL DECLARATION OF DAVID WATKINS IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND IN RESPONSE TO ORDER TO SHOW CAUSE: CASE NO. C-08-1376 (CW)

1        9.     After I learned the Presentation had been disseminated publicly, I took two actions.

2  First, I sent the e-mail attached to this declaration as <u>Exhibit A</u> to all Softscape employees.

3  Second, I authorized an internal investigation into the "leak" of the Presentation.

4        10.    As part of our internal investigation, Softscape took the following steps:

5          a.  ████████████████████████████

6  ████████████████████████████████████████████

7  ██████████████████████████████████████

8          b.  ██████████████████████████████████

9  ██████████████████████████████████████████

10  ██████████████████████████████████████

11  ████.

12          c.  ████████████████████████████████

13  ██████████████████████████████████████

14  ████████████████████████████████████████████

15  ████

16          d.  ██████████████████████████████████

17  ████████████████████████████████████████

18  ██████████████████████████████████████

19  ████████████████████████████████████████

20  ████████████████████████████████████████████

21  ██████████████████████████████████████

22  ████████████████████████████

23          e.  ████████████████████████████████████

24  ██████████████████████████████████████

25  ██████████████████████████████████████

26  ██████████████████████████████████████

27  ██████████████████████████████████████

28  ████████████████████████████████████████████

TAYLOR & CO.
LAW OFFICES, LLP

SUPPLEMENTAL DECLARATION OF DAVID WATKINS IN OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE AND IN RESPONSE TO ORDER TO SHOW CAUSE: CASE NO.  C-08-1376 (CW)

1

2

3

   f.  I believe that Softscape has to date taken all the steps it can reasonably take

to identify the person(s) and the methods they used to disseminate the Presentation in violation of

Softscape's policies.

   11.  On March 24, 2008, I again informed all Softscape employees that "the

Presentation was created for internal use only and is not, under any circumstances, to be circulated

outside of Softscape." A true and correct copy of my March 24 e-mail is attached as <u>Exhibit B</u>.

   12.  At no time has Softscape authorized, allowed, permitted, condoned, or otherwise

ratified the distribution of the Presentation outside our company.

   I declare under penalty of perjury under the law of the United States of America,

that the foregoing is true and correct.  Executed this 26th day of March 2008 in Wayland,

Massachusetts.

           /s/David Watkins
           DAVID WATKINS

TAYLOR & CO.
LAW OFFICES, LLP

8.

SUPPLEMENTAL DECLARATION OF DAVID WATKINS IN OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE AND IN RESPONSE TO ORDER TO SHOW CAUSE: CASE NO. C-08-1376 (CW)

# EXHIBIT A

**From:** Dave Watkins
**Sent:** Wednesday, March 12, 2008 5:45 PM
**To:** *Sales Group
**Cc:** Susan Mohr
**Subject:** CONFIDENTIAL
Team:

Our Internal Naked Truth Document somehow made it to the outside world. It is a Softscape confidential document that should be used only for internal use by sales. Information contained in the document should be used judiciously in competitive situation as required.

If anyone knows how this was distributed please let me or Susan know. All discussions will be kept confidential.

The Naked truth is based on publicly available information.

_____

**Dave Watkins**
Founder, CEO
Softscape, Incorporated
Softscape ConferenceManager
One Softscape Place
526 Boston Post Road
Wayland, MA 01778
( + 1 508 358 1072 x1300 (Office)
( + 1 617 835 8835 (Cell)
7 + 1 508 358 3072
( 07824646245 (UK Local Cell)
* dave@softscape.com
7 www.softscape.com
Atlanta | Bangkok | Boston | Chicago | Connecticut | Dallas | Hong Kong | Johannesburg | London |
New York | San Francisco | Sydney | Washington DC |
**Softscape Recognized by Forrester as one of the only vendors that can claim to have the "four pillars"
of Strategic HCM - Performance, Learning, Rewards and Recruitment and "Softscape has done a good
job in assembling a full strategic HCM suite"**
**For more, please see the press release at** http://www.softscape.com/us/pr2007/pr_07_04-16_forrester-tm.htm

# EXHIBIT B

## Laura Secor

| | |
|---|---|
| **From:** | Dave Watkins |
| **Sent:** | Monday, March 24, 2008 5:14 PM |
| **To:** | *All Softscape Employees |
| **Cc:** | Jessica Grant; Susan Mohr |
| **Subject:** | Team Announcement |

All:

As you know, SuccessFactors has filed a lawsuit against Softscape as a result of the inadvertent and anonymous disclosure of the PowerPoint presentation entitled "The Naked Truth" (the "Presentation"). Although the information contained in the Presentation is compiled from publicly available sources, I want to re-emphasize that the Presentation was created for internal use only and is not, under any circumstances, to be circulated outside of Softscape.

If you have any questions, please contact me or Susan Mohr.

**Dave Watkins**
Founder, CEO
Softscape, Incorporated



One Softscape Place
526 Boston Post Road
Wayland, MA 01778
☎  + 1 508 358 1072 x1300 (Office)
☎  + 1 617 835 8835 (Cell)
🖷  + 1 508 358 3072
☎   07824646245 (UK Local Cell)
✉  dave@softscape.com
🖳  www.softscape.com
Atlanta | Bangkok | Boston | Chicago | Connecticut | Dallas | Hong Kong | Johannesburg | London |
New York | San Francisco | Sydney | Washington DC |
Softscape Exceeds 3.4 Million Users, Dominates Strategic Human Capital Management Market for Global
Enterprises, Increased Demand From Large Multi-National Enterprises and Ongoing Profitable Operations
Close Out Stellar Year
For more, please see the press release at http://www.softscape.com/us/pr2008/pr_08_0310_dominates.htm