LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
ALBERT L. SIEBER (CSB NO. 233482)
*asieber@fewick.com*
LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone: (415) 875-2300
Facsimile:  (415) 281-1350

PATRICK E. PREMO (CSB NO. 184915)
*ppremo@fenwick.com*
DENNIS M. FAIGAL (CSB NO. 252829)
*dfaigal@fenwick.com*
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     (650) 988-8500
Facsimile:     (650) 938-5200

Attorneys for Plaintiff
SUCCESSFACTORS, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOFTSCAPE, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 08 1376 CW<br><br>**PLAINTIFF'S OBJECTIONS TO DECLARATION OF DAVID WATKINS**<br><br>Date:          March 27, 2008<br>Time:          2:00 p.m.<br>Courtroom:     2<br>Judge:         Hon. Claudia Wilken<br><br>Date of Filing:     March 11, 2008<br>Trial Date:         No date set |

Pursuant to Civil Local Rule 7-5, Plaintiff SuccessFactors, Inc. ("SuccessFactors," or "Plaintiff") hereby objects to the untimely Declaration of David Watkins, submitted by Defendant Softscape, Inc. ("Softscape," or Defendant") in support of its Response to Order to Show Cause. Plaintiff requests that the Court disregard the declaration for the reasons set forth herein.

## I.    THE WATKINS DECLARATION SHOULD BE EXCLUDED IN ITS ENTIRETY

Defendant Softscape, Inc. ("Softscape") filed an additional declaration in opposition to Plaintiff's motion for a preliminary injunction on March 26, 2008, after the close of business, *nine days* after the deadline imposed by this Court, and on the eve of hearing on the motion.  It should be stricken in its entirety, and should not be considered in ruling on Plaintiff's motion. *See, e.g.*, *Conwest Res., Inc. v. Playtime Novelties, Inc.*, 84 U.S.P.Q.2d (BNA) 1019 (N.D. Cal. 2006) (refusing to consider late-filed declarations submitted by defendant in ruling on motion for preliminary injunction); *Helguero v. City of Costa Mesa*, No. 97-55686, 1998 U.S. App. LEXIS 1689, at *8-*9 (9th Cir. Feb. 3, 1998) (unpublished opinion) (district court properly refused to consider late-filed declarations filed in support of preliminary injunction); *Hansen Bev. Co. v. Nat'l Bev. Corp.*, Case No. 06-5470-ER, 2006 U.S. Dist. LEXIS 96472 (C.D. Cal. Oct. 5, 2006) (in entering preliminary injunction, refusing to consider "any last minute offer of proof" consisting of information available to defendants at the time they filed their original response; "Defendants are, of course, free to raise these issues at the trial on the merits to determine whether a permanent injunction should issue"), *rev'd on other grounds*, 493 F.3d 1074 (9th Cir. 2007), *vacated as moot*, 499 F.3d 923 (9th Cir. 2007).[1]

Under the circumstances, consideration of Defendant's late-filed declaration would be manifestly prejudicial to Plaintiff because it purports to state facts related to a defense that was never raised in Defendant's opposition—namely, the purported truth of some the statements contained in the Presentation.  *See* Watkins Decl. ¶¶ 5-6.  Plaintiff has never had the opportunity to respond, either legally or factually, to the contentions made by Mr. Watkins in his declaration. *See Hansen Bev.*, 2006 U.S. Dist. LEXIS 96472 (C.D. Cal. Oct. 5, 2006) (refusing to consider late-filed declarations in opposition to preliminary injunction in part because "other side had no opportunity to respond").

---

[1] *See also, e.g.*, *Carson Harbor Village, Ltd. v. County of L.A.*, 433 F.3d 1260, 1263 n.3 (9th Cir. 2006) (district court properly excluded declarations filed in submitted on the day of hearing on motion for summary judgment and affirming summary judgment); *Woodfin Suite Hotels, LLC v. City of Emeryville*, C-07-1719-SBA, 2007 U.S. Dist. LEXIS 44079, at *10-*11 (N.D. Cal. June 7, 2007) (striking opposition to motion to dismiss filed six days late and granting motion to dismiss).

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

In fact, Defendant's Opposition papers expressly acknowledged that Defendant ***was not challenging falsity for the purposes of deciding the preliminary injunction.***  As stated in its Response,

> [a]lthough SuccessFactors spends considerable effort trying to demonstrate that the Presentation is false, and that Softscape believed the information to be accurate, ***that issue is irrelevant for purposes of determining whether a preliminary injunction should issue.***

Response at 12:19-21 (emphasis added).  Relying on that statement, Plaintiff presented no further argument on the issue of truth or falsity.  And, of course, by submitting an entirely new argument after Plaintiff's reply, Defendant has deprived Plaintiff of its right to notice and an opportunity to present a reply to these new matters.  It is hard to imagine a more compelling circumstance of prejudice than to permit a litigant to raise the night before the hearing issues that it had earlier unequivocally disclaimed.

Furthermore, Defendant offers no good explanation for its prolonged delay in presenting this declaration to the Court.  Its testimony was readily available to Defendant at all times, and Defendant does not make any suggestion to the contrary.  Instead, Mr. Watkins complains only that his time is "limited," and that the schedule set forth by the Court did not allow him to complete his declaration in anything approaching a timely fashion.  *See* Watkins Decl. ¶ 3.  The repercussions of Defendant's failure to honor the Court's scheduling order are appropriately borne by Defendant, not Plaintiff.[2]

Finally, Local Rule 7-3 provides that "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval."  Defendant neither sought nor obtained Court approval, or a stipulation, for its filing, rendering it improper under the Local Rules.

---

[2] Defendant fashions the declaration in part as in opposition to Plaintiff's objections to the timely-filed declarations submitted by Defendant's General Counsel, Susan Mohr.  Watkins Decl. ¶ 3. This gambit fails as well.  A party has no right to file untimely declarations to supplement earlier-filed declarations that are deficient.  *See., e.g.*, *Carson Harbor Village*, 433 F.3d at 1263 n.3 (district court properly excluded untimely-filed declarations submitted to fill holes in earlier declarations).  Nor would any need to reinforce Ms. Mohr's declaration possibly entitle Defendant to raise a completely new issue waived in its Opposition papers.

1    defendant's untimely declaration is replete with inadmissible evidence[3]

2

| Defendant's Inadmissible Evidence | Bases for Objection |
|---|---|
| **1. Watkins Decl. ¶ 4**<br><br>". . . As discussed below, I believe that each statement in that Presentation that is claimed to be false by Mr. Bernshteyn in his March 11, 2008 declaration is, in fact, true." | Objections – Inadequate Foundation; Hearsay. Fed. R. Evid. 602, 801. The paragraphs purporting to substantiate the truth of the statements are largely based on inadmissible hearsay from unidentified Softscape customers, or are otherwise inadmissible. *J.K. Harris & Co. v. Kassel*, 253 F. Supp. 2d 1120, 1129-30 & nn.7-8 (enjoining statements declared false by plaintiff and rebutted only by inadmissible evidence of what third parties had said to Defendant as purported support for the truth of the statements). |
| **2. Watkins Decl. ¶ 5**<br><br>". . . Other sources of information include information I and other Softscape employees received from current and former SuccessFactors customers, some of whom have switched to using Softscape's software products and others who have engaged us as a potential vendor. For business reasons, at this stage of the proceedings I am not at liberty to reveal the name and identity of these sources of information. In my professional judgment and experience, however, I believe the information I received from those customers is truthful and accurate." | Objections – Inadequate Foundation; Hearsay. Fed. R. Evid. 602, 801; *J.K. Harris* 253 F. Supp. 2d at 1129-30 & nn.7-8; *Allen v. IT&T*, 164 F.R.D. 489, 492 (D. Ariz. 1995) ("[I]t is not enough that an affiant *assert* that he or she has personal knowledge of the facts recited; the facts themselves must show that they are matters known to the affiant personally and are not based upon hearsay or upon 'information and belief.'"), *aff'd*, 1997 U.S App. LEXIS 6693 (9th Cir. 1997). |

---

[3] Because of the untimeliness of the Watkins Declaration, Plaintiff reserves its right to make further objections to any of the statements contained therein as appropriate through the duration of this action.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

| | |
|---|---|
| **3. Watkins Declaration ¶ 6(a)**<br><br>• "Slides 9-12 in the Presentation are based on the information I received ██████ ███████████████████████ ██████████████████ ██████████████ | Objections – Inadequate Foundation; Hearsay. Fed. R. Evid. 602, 801; *J.K. Harris* 253 F. Supp. 2d at 1129-30 & nn.7-8.<br><br>Objections – Relevance. Misleading. Fed. R. Evid. 401-03. The false or misleading statement in the Presentation is the statement that the entire Presentation is a compilation of facts from customers. Declarant's statement that four slides (out of 43) are purportedly based on information received from customers is misleading and irrelevant. |
| **4. Watkins Declaration ¶ 6(a)**<br><br>"█ ████████████████████████ ████████████████████████ ██████████████████" [Lines 3:9-10] | Objections – Inadequate Foundation; Hearsay. Fed. R. Evid. 602, 801; *Allen v. IT&T*, 164 F.R.D. at 492 (D. Ariz. 1995). Declarant sets forth no facts to support his statement that SuccessFactors lacks corporate integrity. |

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

| | |
|---|---|
| **5. Watkins Decl. ¶¶ 6(b)-6(c), 6(f)**<br><br>Attesting to declarant's "belief" in the truth of various statements, but not as to facts within his personal knowledge substantiating the truth. | Objections – Relevance. Misleading, Lack of Foundation. Fed. R. Evid. 401-03, 602. The false and misleading statements in the Presentation at issue are (a) regarding SuccessFactors' customer retention rate and (b) that SuccessFactors' customers listed on the website have left SuccessFactors as a result of dissatisfaction. Declarant's statements confirm that that the methodology Defendant used in creating the Presentation assumed (incorrectly) that any customer no longer listed on SuccessFactors' website was no longer a customer and was dissatisfied. Nothing in declaration supports the truth of this assumption, a basis for personal knowledge supporting this assumption, or the false and misleading statements derived from this methodology. |
| **6. Watkins Declaration ¶ 6(d)**<br><br>"I have direct knowledge that the Presentation that  " [Lines 4:11-12] | Objections – Inadequate Foundation; Hearsay. Fed. R. Evid. 602, 801; *J.K. Harris* 253 F. Supp. 2d at 1129-30 & nn.7-8; *Allen v. IT&T*, 164 F.R.D. at 492 (D. Ariz. 1995). The declarant does not substantiate anything he saw, did, said, heard or otherwise perceived creating his supposed "direct knowledge." |
| **7. Watkins Declaration ¶ 6(e)**<br><br>"  " [Lines 4:15-18] | Objections – Inadequate Foundation; Hearsay. Fed. R. Evid. 602, 801; *J.K. Harris* 253 F. Supp. 2d at 1129-30 & nn.7-8; *Allen v. IT&T*, 164 F.R.D. at 492 (D. Ariz. 1995). |
| **8. Watkins Declaration ¶ 6(f)[4]**<br><br>" | Objections – Inadequate Foundation; Hearsay. Fed. R. Evid. 602, 801; *J.K. Harris* 253 F. Supp. 2d at 1129-30 & nn.7-8; *Allen v. IT&T*, 164 F.R.D. at 492 (D. Ariz. 1995). |

---

[4] *See also* Objection 5, *supra*.

| | |
|---|---|
| ████████" [Lines 4:27-5:1] | |

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

| | |
|---|---|
| **9. Watkins Declaration ¶ 6(g)**<br><br>"I believe the statement to be true because I know SuccessFactors' approximate ratio of consultants to total workforce, and I extrapolated that information based upon information published in SuccessFactors' S-1/A prospectus." | Objections – Inadequate Foundation; Hearsay. Fed. R. Evid. 602, 801.<br><br>Objections – Relevance. Misleading. Fed. R. Evid. 401-03. Declarant does not dispute the ultimate fact that SuccessFactors employs far less than the 440 consultants claimed in the Presentation. Declarant simply sets forth a flawed methodology for calculating his number used in the presentation. Nothing in declaration supports the truth of the false and misleading statements derived from this flawed methodology. |
| **10. Watkins Declaration ¶ 6(h)** | Objections – Inadequate Foundation; Hearsay. Fed. R. Evid. 602, 801; *Allen v. IT&T*, 164 F.R.D. at 492 (D. Ariz. 1995).<br><br>Objections – Relevance. Misleading. Fed. R. Evid. 401-03. The Presentation falsely and misleadingly asserts that SuccessFactors' database structure creates a security risk. Declarant's does not address this point. |
| **11. Watkins Declaration ¶ 6(i)**<br><br>"In my experience, I believe the number is substantially lower than 95% . . . ." | Objections – Inadequate Foundation; Hearsay. Fed. R. Evid. 602, 801; *Allen v. IT&T*, 164 F.R.D. at 492 (D. Ariz. 1995). |
| **12. Watkins Declaration ¶ 6(j)**<br><br>"Based on my experience ███████████████████████████████████████████████████████████████" [Lines 5:26-27] | Objections – Inadequate Foundation; Hearsay. Fed. R. Evid. 602, 801; *J.K. Harris* 253 F. Supp. 2d at 1129-30 & nn.7-8; *Allen v. IT&T*, 164 F.R.D. at 492 (D. Ariz. 1995). |
| **13. Watkins Declaration ¶ 7**<br><br>Attesting to various information "I believe | Objections – Inadequate Foundation; Hearsay. Fed. R. Evid. 602, 801; *J.K. Harris* 253 F. |

| | |
|---|---|
| to be true of my personal knowledge" without explanation for source or basis for knowledge | Supp. 2d at 1129-30 & nn.7-8. |

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

| | |
|---|---|
| **14. Watkins Declaration ¶ 8**<br><br>"I have personal knowledge the Presentation was intended for Softscape's internal use only.  It was so marked and saved electronically on the company's server, and this treatment was repeatedly emphasized to the Softscape sales force both orally and in writing."  [Lines 6:22-25] | Objections – Inadequate Foundation; Best Evidence Rule, Defendant fails to attach an electronic or paper copy reflecting any "for internal use only" marking, plus never includes any written statements to sales team before filing of lawsuit.  Fed. R. Evid. 602, 1001. |
| **15. Watkins Declaration ¶ 8**<br><br>"No distribution of the Presentation outside the company was ever authorized by Softscape, and such distribution would be in direct contravention and violation of Softscape's employment and business policies."  [Lines 6:25-28] | Objections – Relevance.  Fed. R. Evid. 401-03.  It is irrelevant that Softscape allegedly did not authorize the distribution of the Presentation.  Softscape would still be liable for unauthorized distributions under the doctrine of *respondeat superior*. |
| **16. Watkins Declaration ¶ 10(c)**<br><br><br>[Lines 7:13-15] | Objection – Hearsay (double).  Fed. R. Evid. 801. |
| **17. Watkins Declaration ¶ 10(d)**<br><br><br>[Lines 7:16-22] | Objections – Lacks foundation. Fed. R. Evid. 602. |
| **18. Watkins Declaration ¶ 10(f)**<br><br>"I believe that Softscape has to date taken all the steps it can reasonably take to | Objections – Lacks foundation. Fed. R. Evid. 602. |

| | |
|---|---|
| identify the person(s) and the methods they used to disseminate the Presentation in violation of Softscape's policies. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fenwick & West LLP
Attorneys At Law
Mountain View

| **19. Watkins Declaration ¶ 12**<br><br>"At no time has Softscape authorized, allowed, permitted, condoned, or otherwise ratified the distribution of the Presentation outside of our company." | Objections – Relevance. Misleading. Fed. R. Evid. 401-03. It is irrelevant that Softscape allegedly did not authorize the distribution of the Presentation. Softscape would still be liable for unauthorized distributions under the doctrine of *respondeat superior*. |
|---|---|

Respectfully,

Dated: March 26, 2008                        FENWICK & WEST LLP

By:    **/s/ Patrick E. Premo**
        Patrick E. Premo
        Attorneys for Plaintiff SUCCESSFACTORS, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW