IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUCCESSFACTORS, INC., a Delaware corporation,

    Plaintiff,

  v.

SOFTSCAPE, INC., a Delaware corporation; and DOES 1-10,

    Defendants.

No. C 08-1376 CW

PRELIMINARY INJUNCTION

Plaintiff SuccessFactors, Inc. moves for a preliminary injunction. Defendant Softscape opposes the motion. For the reasons to be discussed in a separate order, the Court grants in part Plaintiff's motion for a preliminary injunction.

The Court hereby enjoins Defendant and its officers, agents, servants, employees, successors and assigns from:

(1) disseminating, publishing, causing to be made available to the public, or affirming the purported truth or accuracy of, the presentation titled "The Naked Truth;"

(2) disseminating, publishing, causing to be made available to the public or affirming the following allegedly false or misleading statements set forth within that presentation:

    (a) the presentation is "a compilation of facts from

|   |   |   |
|---|---|---|
| | | Successfactors [sic] customers;" |
| | (b) | the presentation represents "why many of us [Plaintiff's customers] have left" Plaintiff; |
| | (c) | "63% of Their [Plaintiff's] Customers Left Them by 2008" and "1 out of 2 customers leaves Successfactors [sic] within 2-3 years;" |
| | (d) | "After six months Sears Pulled the Plug on the entire project," or any other statement that Sears is not a current customer; |
| | (e) | Merrill Lynch and Apple Computers are former customers that were "dissatisfied" and "have left" Plaintiff; |
| | (f) | MasterCard is not a referenceable customer; |
| | (g) | Bank of America, Reebok, Symbol Technologies, Peregrine Systems, and Portal Software are former customers who left Plaintiff because they were dissatisfied; and |
| | (h) | Plaintiff employs 440 consultants and spends "1,650 hours of effort for each of its customers;" |

(3) representing or implying that a person or entity other than Defendant authored any of the statements in the presentation regarding Plaintiff when such person or entity did not author it;

(4) disseminating or making public use of Plaintiff's trade name, trademark or logo beyond that amount reasonably necessary to identify Plaintiff or its products and services;

(5) accessing or obtaining data from any computer system or computer owned, operated or licensed by Plaintiff and subject to

2

restrictions on access without Plaintiff's express written authorization; or

    (6) disclosing, publishing, reproducing or communicating any information or data received from such a restricted computer or computer system.

    Defendant shall deliver by mail or email a copy of this preliminary injunction to its officers, agents, servants, employees, successors and assigns within five (5) business days from the date of this order.

    Because Plaintiff has posted a $10,000 bond in connection with the temporary restraining order, this preliminary injunction is immediately effective and shall remain in effect during the pendency of this action.

    IT IS SO ORDERED.

Dated: 3/28/08

                                CLAUDIA WILKEN
                                United States District Judge