JESSICA L. GRANT (SBN 178138)
JAYESH HINES-SHAH (SBN 214256)
JONATHAN A. PATCHEN (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
E-mail: jgrant@tcolaw.com
E-mail: jpatchen@tcolaw.com
E-mail: jhinesshah@tcolaw.com

Attorneys for Defendant SOFTSCAPE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC., | Case No.: C-08-1376 (CW) |
| Plaintiff, | **DEFENDANT SOFTSCAPE, INC.'S BRIEF ADDRESSING DISCOVERY DIFFERENCES** |
| v. | |
| SOFTSCAPE, INC., | Date:  April 14, 2008 |
| Defendant. | Time:  N/A<br>Place:  Courtroom 2 |
| | Honorable Claudia Wilken |

## I.    INTRODUCTION

The parties have made substantial progress, due in large part to a considerable amount of effort expended by both sides in meeting and conferring to agree on the terms of an Evidence Protection Order, a form of Protective Order, and a schedule for discovery and the parties' Initial Disclosures in this case. As a result of these efforts, the disputes that remain are limited to four issues that are addressed below.[1]

## II.    SCOPE OF PROPOSED EVIDENCE PRESERVATION ORDER

Under the Federal Rules of Civil Procedure, the parties have an obligation to reasonably identify and locate, and then preserve potentially relevant evidence, including but not limited to Electronically Stored Information. Softscape takes its preservation duties seriously, is complying with its legal obligations, and has taken the following steps:

- A reputable electronic discovery firm, FTI Consulting, Inc., has been retained to assist Softscape to identify, locate and preserve Electronically Stored Information;

- Forensic ("mirror") images have been made of all computers known to have been used to create or modify the Presentation at issue in this case;

- Forensic images have been made of all computers known to have been used to access SuccessFactors' ACE 275 Marketing Demo;

- Forensic images have been made of five Softscape servers – the Exchange Server, the Exchange Front End Server, the Intranet Server, the Business Intelligence Server, and the Server containing all employee "home directories";

- Backup tapes have been preserved from February 8, 2008 to the present;

- Recycling of Softscape's backup tapes has been suspended;

- Any business practice that may involve routine destruction, recycling, relocation or mutation of any potentially relevant material has been discontinued and/or disabled; and

---

[1] Softscape and its counsel have participated in good faith in numerous meet and confer communications with opposing counsel since March 28, 2008, the result of which has been agreement on all issues but the four specified in this brief. If the Court wishes Softscape to address the specifics of the meet and confer process, or any individual communication with opposing counsel, Softscape and its counsel can and certainly are prepared to do so.

1    •    All Softscape employees have been instructed to preserve all relevant information
2         related to this case.

3    *See* Declaration of Susan Mohr ("Mohr Decl."), ¶¶ 1 – 7.  In addition to the measures it has taken

4    thus far to preserve relevant evidence, Softscape has provided extensive information to opposing

5    counsel regarding Softscape's IT infrastructure and preservation efforts.  *See* Mohr Decl., ¶¶ 11 -

6    13.

7         In the event the Court determines this is an appropriate case for the entry of an evidence

8    preservation order, Softscape has also proposed a form of order (attached hereto as Exhibit A).

9    This order is largely modeled on the preservation order issued by Chief Judge Vaughn Walker in

10   the NSA case (*compare* Ex. A with *In re: NSA Telecomm. Records Lit.*, 06-01791 (Docket No.

11   393) (N.D. Cal. Nov. 6, 2007)), and consistent with this Court's previous orders.  *See, e.g., In re*

12   *NVIDIA Corp. Sec. Lit.*, 02-00853 (Docket No. 27, ¶¶ 13-14) (N.D. Cal. June 11, 2002); *Creative*

13   *Sci. Sys. v. Forex Capital Mkts., LLC*, 04-03746 (Docket No. 9) (N.D. Cal. Sept. 13, 2004).  In

14   accordance with these and similar evidence preservation orders, Softscape's form of order requires

15   the parties to take reasonable steps to identify, locate and preserve documents, data, tangible

16   things, and other discoverable materials that are reasonably known to exist and are related to the

17   issues in the case.  *See* Ex. A, ¶ 1.  It also requires that counsel direct their respective clients to

18   discontinue any business practice that involves the routine destruction, recycling, relocation or

19   mutation of "documents" as that term is defined in the order, and for each Party's lead counsel to

20   submit to the Court, under seal, a statement that the clients have been so instructed.  Ex. A, ¶¶ 6-7.

21        SuccessFactors has proposed a form of order which contains additional provisions not

22   found in other orders of this type and that exceed the preservation requirements imposed by

23   federal law.  More importantly, from a computer forensic perspective, SuccessFactors' additional

24   terms impose obligations that are technically infeasible, making compliance a virtual

25   impossibility.  *See* Declaration of Scott Cooper, Ex. 1 (SuccessFactors' proposed order).

26        Many of the provisions of SuccessFactors' proposed order are essentially identical to those

27   in Softscape's proposed order.  However, some or all of the terms in paragraphs 4, 6 and 7 of

28   SuccessFactors' order improperly deviate from the parties' preservation obligations under

TAYLOR & CO.
LAW OFFICES, LLP

2.

1 applicable law. SuccessFactors' proposed paragraph 4 would require *outside counsel* for

2 Softscape to certify under oath that certain preservation actions have been taken by Softscape of

3 which counsel does not have personal knowledge and should not be required to certify.

4 SuccessFactors' proposed paragraph 6 would require only Softscape's counsel to notify an

5 unidentified group of broadly defined third parties ("agents . . . and all persons acting in concert

6 with or for Softscape") that they must locate and preserve evidence.[2] *Id.* Finally, SuccessFactors'

7 proposed paragraph 7 impermissibly imposes a duty beyond that required by law. Significantly,

8 each of the nine specified categories in this paragraph is subsumed and covered by paragraphs 1 -

9 5 in Softscape's proposed order. Further complicating the issue is the fact that SuccessFactors'

10 proposed paragraph 7 and its nine subdivisions is technically infeasible from a computer forensic

11 perspective. *See* Cooper Decl. ¶¶ 7 - 21.

12      During the parties' meet and confer discussions, counsel for SuccessFactors frequently

13 *claimed* that evidence is "being destroyed" and that counsel for Softscape has not been responsive.

14 However, Softscape's efforts to preserve evidence and provide information belie the unfounded

15 claims of SuccessFactors.

16 **III.    TREATMENT OF "AEO" MATERIALS UNDER THE PROTECTIVE ORDER**

17      SuccessFactors has proposed a protective order that deviates from the Northern District's

18 model Protective Order concerning the identity of persons who may view Attorneys' Eyes Only

19 ("AEO") material. *Compare* Ex. B (Softscape's proposed Protective Order) *with* Ex. C

20 (SuccessFactors proposed Protective Order showing changes).

21      First, SuccessFactors proposes to include "consultants" as persons to whom AEO materials

22 may be provided (Ex. C, ¶ 7.3(a); ¶ 2.13), and to permit its *non*-attorney employee James

23 Matheson to review certain AEO materials. Ex. C, ¶ 7.3(g). Neither provision is warranted. The

24 term "consultant" is already included in the model Protective Order's definition of an "expert."

25 *See* Ex. B, ¶ 2.13. And an expert (including a consultant) cannot, by definition, be "a past or a

26

27 ---
[2] Softscape's proposed order requires *both* parties to exercise reasonable efforts to identify and request that non-parties who may possess discoverable materials preserve them. (Ex. A, ¶ 8).

28

1  current employee of a Party or of a competitor of a Party[].” *Id.* SuccessFactors’ proposal would

2  frustrate the very purpose of the AEO classification, *i.e.*, to prevent past and present employees or

3  competitors in the industry from reviewing a Party’s trade secret or other sensitive information.

4        SuccessFactors’ proposal is not saved by its offer to subject proposed employee

5  consultants to the requirements of Paragraph 7.4 because it still enables an employee or competitor

6  to gain access to AEO material, a risk eliminated by the model Protective Order. As for Mr.

7  Matheson, the parties had agreed on an *ad hoc* basis – before the March 28, 2008 hearing – to

8  allow him to view materials produced by non-party Verizon in response to SuccessFactors’ Rule

9  45 subpoena. The materials produced by Verizon bear little relationship to AEO information as

10 defined by the parties. Furthermore, the *ad hoc* agreement involving Mr. Matheson was expressly

11 limited by SuccessFactors to “Verizon’s production pursuant to its subpoena.”

12       SuccessFactors has also postulated that Softscape may “over-designate” materials as AEO.

13 However, there is simply no merit to this claim because the parties have adopted the model

14 Protective Order’s procedure for challenging AEO designations. Exs. B & C, ¶¶ 5.1, 6.

15 Therefore, Softscape respectfully submits that the Court should adopt Softscape’s proposed

16 Protective Order in this action.

17 **IV.    EARLY DOCUMENT PRODUCTION**

18       This Court opened discovery on March 27, 2008. On Friday, March 28, 2008,

19 SuccessFactors purported to serve its First Set of Requests for Production of Documents (the set

20 SuccessFactors now seeks to expedite) *by e-mail* despite the absence of a written agreement to

21 such service. Fed. R. Civ. P. 5(b)(2)(E). Softscape notified opposing counsel of its error, agreed

22 to future electronic service in writing, offered to *deem* the document requests as served on April 1,

23 2008, offered to *waive* the extra three days provided by Fed. R. Civ. P. 6(d), and agreed to respond

24 by May 1, 2008. Softscape also offered to begin a rolling production of responsive documents in

25 advance of May 1, 2008, if possible, and is in the process of identifying and collecting such

26 materials.

27       Despite these reasonable compromises by Softscape, SuccessFactors demands that the

28 document production begin by April 18 – *less than 3 weeks after these overbroad requests were*

TAYLOR & CO.
LAW OFFICES, LLP

4.

DEFENDANT SOFTSCAPE, INC.'S BRIEF ADDRESSING DISCOVERY DIFFERENCES: CASE NO. C-08-1376 (CW)

1  *served.* This Court denied SuccessFactors' earlier request for expedited discovery and, instead,

2  permitted the parties to commence formal discovery. *See* Order, Docket No. 70, at p. 15.

3  SuccessFactors relies on the Court's minute order from March 27, 2008 when arguing that

4  expedited discovery has been ordered, overlooking the fact that the minute order simply instructed

5  the parties to "meet and confer on 4/10 to come up with discovery plan re early document

6  production." *See* Minute Order (Docket No. 67). Softscape submits that there is no basis for

7  requiring that it produce documents when SuccessFactors would otherwise receive responses in

8  approximately two weeks, especially in light of Softscape's offer to begin its rolling production of

9  responsive documents on or before May 1, 2008.

10  **V.    ACCELERATION OF THE INITIAL DISCLOSURES**

11        This Court has already considered, *and rejected*, SuccessFactors' suggestion that Initial

12  Disclosures should be expedited in this case. *See* Transcript (Docket No. 71) at p. 43:15-20.

13  SuccessFactors has resurrected its previously denied request and now seeks to expedite the Initial

14  Disclosure due date from June 10, 2008 to April 18, 2008. Not only was *any* acceleration of

15  Initial Disclosure previously rejected by this Court, but SuccessFactors' proposed date is

16  unreasonable. As this Court is aware, because of the breadth of the Initial Disclosures, preparing

17  for them is a substantial undertaking. Softscape has offered a reasonable compromise of witness

18  identification by May 9, 2008 and document identification by May 16, 2008. If the Court is

19  inclined to expedite the Initial Disclosures, Softscape submits that its compromise is reasonable.

20

21  Dated: April 14, 2008                    Respectfully submitted

22                                           TAYLOR & COMPANY LAW OFFICES, LLP

23

24                                           By: _____/s/ Jessica L. Grant_____
                                                        Jessica L. Grant
25                                           Attorneys for Defendant SOFTSCAPE, INC.

26

27

28

# EXHIBIT A

1  JESSICA L. GRANT (SBN 178138)
   JAYESH HINES-SHAH (SBN 214256)
2  JONATHAN A. PATCHEN (SBN 237346)
   TAYLOR & COMPANY LAW OFFICES, LLP
3  One Ferry Building, Suite 355
   San Francisco, California 94111
4  Telephone: (415) 788-8200
   Facsimile: (415) 788-8208
5  E-mail: jgrant@tcolaw.com
   E-mail: jhinesshah@tcolaw.com
6  E-mail: jpatchen@tcolaw.com

7  Attorneys for Defendant SOFTSCAPE, INC.

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                   OAKLAND DIVISION

12

13  SUCCESSFACTORS, INC.,                Case No.: C-08-1376 (CW)

14          Plaintiff,                   **[PROPOSED] ORDER TO PRESERVE
                                         EVIDENCE**
15  v.

16  SOFTSCAPE, INC.,

17          Defendant.

18

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

1    Upon consideration of the parties positions and argument, it is ordered that:

2    1.    The Parties shall take reasonable steps to identify and locate, and then to preserve

3    documents, data, tangible things, and other discoverable materials within the scope of Fed. R. Civ.

4    P. 26(b) and 34(a) that are reasonably known to exist and are related to the issues presented by the

5    action.

6    2.    "Identify" is to be interpreted to mean the taking such reasonable steps as necessary

7    to evaluate the locations where materials reasonably anticipated to be subject to discovery in this

8    action may be stored.

9    3.    "Locate" is to be interpreted to mean the taking of such reasonable steps as

10   necessary to determine whether the locations described in Paragraph 2, above, actually contain

11   materials reasonably anticipated to be subject to discovery in this action.

12   4.    "Preservation" is to be interpreted to mean accomplishing the goal of maintaining

13   the integrity of all documents, data, tangible things, and other discoverable materials reasonably

14   anticipated to be subject to discovery in this action.  Preservation means taking reasonable steps to

15   prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping,

16   relocation, migration, theft, or mutation of such material, as well as negligent or intentional

17   handling that would make material incomplete or inaccessible.

18   5.    "Documents, data, tangible things, and other discoverable materials" shall include,

19   if they exist, writings, records, files, correspondence, reports, memoranda, calendars, diaries,

20   minutes, electronic messages (including, without limitation, chat or instant messaging) voicemail,

21   e-mail, telephone message records or logs, electronically stored information ("ESI"), computer

22   and network activity logs, hard drives, backup data, removable computer storage media such as

23   PDAs, flash memory, CD, DVDs, tapes, disks and cards, printouts, document image files, web

24   pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers,

25   checks, statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic

26   presentations, drawings, films, digital or chemical process photographs, video, phonographic, tape

27   or digital records or transcripts thereof, drafts, jottings and notes.  Information that serves to

28   identify or locate such materials, such as file inventories, file folders, indices and metadata, is also

TAYLOR & CO.
LAW OFFICES, LLP

1 | included in this definition. The inclusion of a term in this list does not imply that the item exists in
2 | a paper, electronic and/or other medium.

3 |      6.      Counsel are directed to inquire of their respective clients if the business practices of
4 | any party involve the routine destruction, recycling, relocation, or mutation of such materials and,
5 | if so, direct the party, to the extent practicable for the pendency of this order, either to:

6 |           a.      Halt such business processes;

7 |           b.      Sequester or remove such material from the business process; or

8 |           c.      Arrange for the preservation of complete and accurate duplicates or copies
9 | of such material, suitable for later discovery if requested.

10 |      7.      The lead counsel representing each party shall, within one week of this order,
11 | submit to the Court under seal and pursuant to Fed. R. Civ. P. 11, a statement that the directive in
12 | paragraph 4, above, has been carried out.

13 |      8.      Counsel for the Parties shall notify their clients of their document preservation
14 | obligations pursuant to federal law. Counsel shall also exercise reasonable efforts to indentify and
15 | request that any non-party who may possess materials reasonably anticipated being subject to
16 | discovery take reasonable measures to preserve such material.

18 | IT IS SO ORDERED.

20 | DATED: _____        _____
21 |                                                    HONORABLE CLAUDIA WILKEN
   |                                                    UNITED STATES DISTRICT COURT JUDGE

# E<small>XHIBIT</small> B

JESSICA L. GRANT (SBN 178138)
JAYESH HINES-SHAH (SBN 214256)
JONATHAN A. PATCHEN (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
E-mail: jgrant@tcolaw.com
E-mail: jhinesshah@tcolaw.com
E-mail: jpatchen@tcolaw.com

Attorneys for Defendant SOFTSCAPE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC., | Case No.: C-08-1376 (CW) |
| Plaintiff, | **[PROPOSED] PROTECTIVE ORDER** |
| v. | |
| SOFTSCAPE, INC., | |
| Defendant. | |

This Order is meant to govern the use of, and protect from public disclosure, any non-public and confidential or proprietary information used or disclosed in this litigation.

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as

TAYLOR & CO.
LAW OFFICES, LLP

1  confidential. The parties further acknowledge, as set forth in Section 10, below, that this

2  Stipulated Protective Order creates no entitlement to file confidential information under seal.

3  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

4  that will be applied when a party seeks permission from the Court to file material under seal.

5      **2.**     **DEFINITIONS**

6          **2.1**     **Party:** Any party to this action, including all of its officers, directors,

7  employees, consultants, retained experts, and outside counsel (and their support staff).

8          **2.2**     **Disclosure or Discovery Material:** All items or information, regardless of

9  the medium or manner generated, stored, or maintained (including, among other things, testimony,

10 transcripts, or tangible things) that are produced or generated in disclosures or responses to

11 discovery in this matter.

12         **2.3**     **"Confidential" Information or Items:** Information (regardless of how

13 generated, stored or maintained) or tangible things that qualify for protection under standards

14 developed under Federal Rule of Civil Procedure 26(c). This designation includes but is not

15 limited to information which the Designating Party (i) would not normally reveal to third parties

16 except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in

17 good faith is confidential and/or protected by a right to privacy under federal or state law or any

18 other applicable privilege or right related to confidentiality or privacy. This designation does not

19 include information that was publicly known prior to disclosure, or that, after disclosure, becomes

20 publicly known as a result of publication by one having right to do so.

21         **2.4**     **"Highly Confidential – Attorneys' Eyes Only" Information or Items:**

22 Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-

23 party would create a substantial risk of competitive harm or serious injury that could not be

24 avoided by less restrictive means. This designation includes but is not limited to trade secrets;

25 technical data and other confidential research, development and production information relating to

26 the products or technology at issue in this case; financial, commercial, product planning,

27 engagement terms, and marketing information relating to the products or technology in this case;

28 personal information; intellectual property protection strategies and practices; and industry

1  analyses.

2      **2.5    "Highly Confidential – Outside Attorneys' Eyes Only" Information or**

3  **Items:**  Extremely sensitive "Confidential Information or Items" whose disclosure to another

4  Party or non-party would create a substantial risk of competitive harm or serious injury that could

5  not be avoided by less restrictive means.  This designation shall include: (i) trade secret or

6  confidential lists of customers or prospective customers or lists of their contact information or

7  their confidential and proprietary information; (ii) trade secret or confidential pricing; (iii) trade

8  secret or information related to existing or proposed company financing, partnerships or mergers

9  and acquisitions; or (iv) any trade secret or confidential non-price business terms for business

10  proposals or contracts with existing or potential customers, partners and prospects.

11      **2.6    Receiving Party:**  A Party that receives Disclosure or Discovery Material

12  from a Producing Party.

13      **2.7    Producing Party:**  A Party or non-party that produces Disclosure or

14  Discovery Material in this action.

15      **2.8    Designating Party:**  A Party or non-party that designates information or

16  items that it produces in disclosures or in responses to discovery as "Confidential," "Highly

17  Confidential — Attorneys' Eyes Only" or "Highly Confidential – Outside Attorneys' Eyes Only.

18      **2.9    Protected Material:**  Any Disclosure or Discovery Material that is

19  designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or as "Highly

20  Confidential – Outside Attorneys' Eyes Only.

21      **2.10    Outside Counsel:**  Attorneys who are not employees of a Party but who are

22  retained to represent or advise a Party in this action.

23      **2.11    House Counsel:**  Attorneys who are employees of a Party.  For purposes of

24  this Protective Order, it shall be Julian Ong for SuccessFactors, and Susan Mohr for Softscape.

25      **2.12    Counsel (without qualifier):**  Outside Counsel and House Counsel (as well

26  as their support staffs).

27      **2.13    Expert:**  A person with specialized knowledge or experience in a matter

28  pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

1   witness or as a consultant in this action and who is not a past or a current employee, officer or

2   director of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated

3   to become an employee, officer or director of a Party or a competitor of a Party. This definition

4   includes a professional jury or trial consultant retained in connection with this litigation.

5       **2.14    Professional Vendors:**  Persons or entities that provide litigation support

6   services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations;

7   organizing, storing, retrieving data in any form or medium; etc.) and their employees and

8   subcontractors.

9       **2.15    Presentation:**  Exhibit 1 of the Declaration of Robert Bernshteyn in

10  Support of Plaintiff's Ex Parte Application for a Temporary Restraining Order and Order to Show

11  Cause re Preliminary Injunction (Dkt. No. 30).

12      **3.    SCOPE**

13      The protections conferred by this Stipulation and Order cover not only Protected Material

14  (as defined above), but also any information copied or extracted therefrom, as well as all copies,

15  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

16  parties or counsel to or in court or in other settings that might reveal Protected Material.

17      **4.    DURATION**

18      Even after the termination of this litigation, the confidentiality obligations imposed by this

19  Order shall remain in effect until a Designating Party agrees otherwise in writing, a court order

20  otherwise directs, or the information is publicly disclosed as a result of publication by one having

21  the right to do so.  The Court shall retain jurisdiction to enforce the terms of the Order for a period

22  of six months after final termination of the action.

23      **5.    DESIGNATING PROTECTED MATERIAL**

24      **5.1    Exercise of Restraint and Care in Designating Material for Protection.**

25  Each Party or non-party that designates information or items for protection under this Order must

26  take care to limit any such designation to specific material that qualifies under the appropriate

27  standards.  A Designating Party must take care to designate for protection only those parts of

28  material, documents, items, or oral or written communications that qualify—so that other portions

1  of the material, documents, items, or communications for which protection is not warranted are

2  not swept unjustifiably within the ambit of this Order.

3          a.      Mass, indiscriminate, or routinized designations are prohibited.

4  Designations that are shown to be clearly unjustified, or that have been made for an improper

5  purpose (e.g., to unnecessarily encumber or impede the case development process, or to impose

6  unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

7  Counsel shall not designate any discovery material "CONFIDENTIAL", "HIGHLY

8  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE

9  ATTORNEYS' EYES ONLY" without first making a good-faith determination that protection is

10 warranted.

11         b.      If it comes to a Party's or a non-party's attention that information or

12 items that it designated for protection do not qualify for protection at all, or do not qualify for the

13 level of protection initially asserted, that Party or non-party must promptly notify all other parties

14 that it is withdrawing the mistaken designation.

15         c.      Information or items concerning the following subjects are not to be

16 designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" including but not

17 limited to: (i) ownership/control of IP addresses 68.236.68.19, 82.108.171.66, 24.34.56.79 or

18 98.216.168.122 and the identity of any computer using those IP addresses; (ii) communication

19 from those IP addresses or Softscape, Inc. with SuccessFactors, Inc. servers; and (iii) the user

20 name "John Anonymous," associated e-mail address "hcmknowledge2008a@gmail.com," and all

21 communications from, with or concerning same.

22         **5.2     Manner and Timing of Designations.**  Except as otherwise provided in

23 this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or

24 ordered, material that qualifies for protection under this Order must be clearly so designated

25 before the material is disclosed or produced.  The Order shall apply to materials provided or

26 exchanged by the Parties prior to the signing of this Order.

27         Designation in conformity with this Order requires:

28         a.      <u>For information in documentary form</u> (apart from transcripts of

1  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

2  "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

3  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" at the bottom of each

4  page that contains protected material.  If only a portion or portions of the material on a page

5  qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

6  (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level

7  of protection being asserted ("CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS'

8  EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY").

9      A Party or non-party that makes original documents or materials available for inspection

10  need not designate them for protection until after the inspecting Party has indicated which material

11  it would like copied and produced.  During the inspection and before the designation, all of the

12  material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

13  ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

14  copied and produced, the Producing Party must determine which documents, or portions thereof,

15  qualify for protection under this Order, then, before producing the specified documents, the

16  Producing Party must affix the appropriate legend ("CONFIDENTIAL", "HIGHLY

17  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE

18  ATTORNEYS' EYES ONLY") at the bottom of each page that contains Protected Material.  If

19  only a portion or portions of the material on a page qualifies for protection, the Producing Party

20  also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

21  margins) and must specify, for each portion, the level of protection being asserted (either

22  "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

23  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY").

24          b.      For testimony given in deposition or in other pretrial or trial

25  proceedings, that the Party or non-party offering or sponsoring the testimony identify on the

26  record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

27  and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

28  ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of

1  testimony that is entitled to protection, and when it appears that substantial portions of the

2  testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

3  testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

4  have up to 20 days to identify the specific portions of the testimony as to which protection is

5  sought and to specify the level of protection being asserted ("CONFIDENTIAL," "HIGHLY

6  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE

7  ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately

8  designated for protection within the 20 days shall be covered by the provisions of this Stipulated

9  Protective Order.

10       Transcript pages containing Protected Material must be separately bound by the court

11  reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL,"

12  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

13  OUTSIDE ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or

14  sponsoring the witness or presenting the testimony.

15              c.     For information produced in some form other than documentary,

16  and for any other tangible items, that the Producing Party affix in a prominent place on the exterior

17  of the container or containers in which the information or item is stored the legend

18  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY

19  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."   If only portions of the

20  information or item warrant protection, the Producing Party, to the extent practicable, shall

21  identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly

22  Confidential — Attorneys' Eyes Only" or "Highly Confidential – Outside Attorneys' Eyes Only."

23       **5.3    Inadvertent Failures to Designate.**  If timely corrected, an inadvertent

24  failure to designate qualified information or items as "Confidential" or "Highly Confidential —

25  Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure

26  protection under this Order for such material.  If material is appropriately designated as

27  "Confidential," "Highly Confidential — Attorneys' Eyes Only" or "Highly Confidential – Outside

28  Attorneys' Eyes Only," after the material was initially produced, the Receiving Party, on timely

1  notification of the designation, must make reasonable efforts to assure that the material is treated

2  in accordance with the provisions of this Order.

3  **6.**    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

4  **6.1    Timing of Challenges.** Unless a prompt challenge to a Designating Party's

5  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

6  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

7  waive its right to challenge a confidentiality designation by electing not to mount a challenge

8  promptly after the original designation is disclosed.

9  **6.2    Meet and Confer.** A Party that elects to initiate a challenge to a

10  Designating Party's confidentiality designation must do so in good faith and must begin the

11  process by conferring directly (in voice to voice dialogue; other forms of communication are not

12  sufficient) with counsel for the Designating Party. In conferring, the challenging Party must

13  explain the basis for its belief that the confidentiality designation was not proper and must give the

14  Designating Party an opportunity to review the designated material, to reconsider the

15  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

16  designation. A challenging Party may proceed to the next stage of the challenge process only if it

17  has engaged in this meet and confer process first.

18  **6.3    Judicial Intervention.** A Party that elects to press a challenge to a

19  confidentiality designation after considering the justification offered by the Designating Party may

20  file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

21  applicable) that identifies the challenged material and sets forth in detail the basis for the

22  challenge. Each such motion must be accompanied by a competent declaration that affirms that

23  the movant has complied with the meet-and-confer requirements imposed in the preceding

24  paragraph and that sets forth with specificity the justification for the confidentiality designation

25  that was given by the Designating Party in the meet-and-confer dialogue.

26  The burden of persuasion in any such challenge proceeding shall be on the Designating

27  Party. Until the court rules on the challenge, all parties shall continue to afford the material in

28  question the level of protection to which it is entitled under the Producing Party's designation.

<u>7.</u>     **ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1     Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below ("FINAL DISPOSITION"). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2     Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

a.     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

b.     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

c.     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

d.     the Court and its personnel;

e.     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

f.     during their depositions or at hearings, witnesses where it appears on the face of the document or other item or from other documents or testimony that the CONFIDENTIAL information or item has been received or authored by that witness, or communicated to that witness, or it otherwise appears on the face of the document or other item

1   that the document or item contains information about which it appears reasonably likely that the

2   witness has discoverable information.  Witnesses shall not be permitted to retain copies of

3   CONFIDENTIAL materials or exhibits.  Pages of transcribed deposition testimony or exhibits to

4   depositions that reveal Protected Material must be separately bound by the court reporter and may

5   not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

6              g.      the author of the document or the original source of the information.

7        **7.3    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES**

8   **ONLY" Information or Items.**  Unless otherwise ordered by the court or permitted in writing by

9   the Designating Party, a Receiving Party may disclose any information or item designated

10  "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

11             a.      the Receiving Party's Outside Counsel of record in this action, as

12  well as employees of said Counsel to whom it is reasonably necessary to disclose the information

13  for this litigation;

14             b.      no more than one House Counsel of a Receiving Party who have

15  signed the "Agreement to Be Bound by Protective Order" (Exhibit A), except that House Counsel

16  may not have access to the following documents, which are to be labeled "HIGHLY

17  CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY" as defined in paragraph 2.5 of

18  this Order;

19             c.      Experts (as defined in this Order) (1) to whom disclosure is

20  reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by

21  Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4,

22  below, have been followed;

23             d.      the Court and its personnel;

24             e.      court reporters, their staffs, and professional vendors to whom

25  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

26  Bound by Protective Order" (Exhibit A); and

27             f.      the author of the document or the original source of the information.

28

1         **7.4**    **Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL**

2   **— ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE**

3   **ATTORNEYS' EYES ONLY" Information or Items to "Experts"**

4         a.    Unless otherwise ordered by the Court or agreed in writing by the

5   Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

6   information or item that has been designated "HIGHLY CONFIDENTIAL — ATTORNEYS'

7   EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" first

8   must make a written request to the Designating Party that (1) sets forth the full name of the Expert

9   and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current

10  resume, (3) identifies the Expert's current employer(s), and (4) lists any other cases or arbitrations

11  in which the Expert has testified as an expert at trial or by deposition within the preceding four

12  years.

13        b.    A Party that makes a request and provides the information specified

14  in the preceding paragraph may disclose the subject Protected Material to the identified Expert

15  unless, within five court days of delivering the request, the Party receives a written objection from

16  the Designating Party.  Any such objection must set forth in detail the grounds on which it is

17  based.

18        c.    A Party that receives a timely written objection must meet and

19  confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

20  matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the

21  Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local

22  Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must

23  describe the circumstances with specificity, set forth in detail the reasons for which the disclosure

24  to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

25  suggest any additional means that might be used to reduce that risk.  In addition, any such motion

26  must be accompanied by a competent declaration in which the movant describes the Parties'

27  efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

28  discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve

TAYLOR & CO.
LAW OFFICES, LLP

[PROPOSED] PROTECTIVE ORDER: CASE NO. C-08-1376 (CW)

1   the disclosure.

2       In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of

3   proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

4   outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

5       **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

6   **OTHER LITIGATION.**

7       If a Receiving Party is served with a subpoena or an order issued in other litigation that

8   would compel disclosure of any information or items designated in this action as

9   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or

10  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," the Receiving Party

11  must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event

12  more than three court days after receiving the subpoena or order.  Such notification must include a

13  copy of the subpoena or court order.

14      The Receiving Party also must immediately inform in writing the Party who caused the

15  subpoena or order to issue in the other litigation that some or all the material covered by the

16  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

17  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

18  caused the subpoena or order to issue.

19      The purpose of imposing these duties is to alert the interested parties to the existence of

20  this Protective Order and to afford the Designating Party in this case an opportunity to try to

21  protect its confidentiality interests in the court from which the subpoena or order issued.  The

22  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

23  confidential material — and nothing in these provisions should be construed as authorizing or

24  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

25      **9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

26      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

27  Material to any person or in any circumstance not authorized under this Stipulated Protective

28  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

TAYLOR & CO.
LAW OFFICES, LLP

12.

1  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

2  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

3  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

4  Be Bound" that is attached hereto as Exhibit A.

5  **10.    FILING PROTECTED MATERIAL**

6  Without written permission from the Designating Party or a court order secured

7  after appropriate notice to all interested persons, a Party may not file in the public record in this

8  action any Protected Material. A Party that seeks to file under seal any Protected Material must

9  comply with Civil Local Rule 79-5. Specifically, a party filing materials under seal shall place the

10  documents in a sealed envelope with instructions that the document is filed pursuant to the

11  Stipulated Protective Order and that the envelope is not to be opened absent further order of the

12  court. Additionally, the envelope should be labeled to identify the title of the case, the case

13  number, and the title of the document.

14  **11.    FINAL DISPOSITION**

15  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

16  (60) days after the final termination of this action, each Receiving Party must return all Protected

17  Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all

18  copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of

19  the Protected Material. With permission in writing from the Designating Party, the Receiving

20  Party may destroy some or all of the Protected Material instead of returning it. Whether the

21  Protected Material is returned or destroyed, the Receiving Party must submit a written certification

22  to the Producing Party (and, if not the same person or entity, to the Designating Party) by the

23  sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that

24  was returned or destroyed and that affirms that the Receiving Party has not retained any copies,

25  abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected

26  Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

27  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,

28  even if such materials contain Protected Material. Any such archival copies that contain or

TAYLOR & CO.
LAW OFFICES, LLP

13.

1    constitute Protected Material remain subject to this Protective Order as set forth in Section 4

2    ("DURATION"), above.

3    **12.    NO WAIVER OF PRIVILEGE**

4         If material subject to a claim of attorney-client privilege or work-product immunity

5    is inadvertently produced, such production shall in no way prejudice or otherwise constitute a

6    waiver of, or estoppel as to, any claim of privilege or work-product immunity for such

7    information.  If a Party has inadvertently produced material subject to a claim of immunity or

8    privilege, then promptly following that Party's written request identifying the material for which a

9    claim of inadvertent production is made, that material shall be returned and all copies or

10   reproductions of that material that may have been made shall be destroyed.  The party returning

11   such information may move the Court for an Order compelling production of such information,

12   but the motion shall not assert as a ground for production the fact or circumstances of the

13   inadvertent production.

14   **13.    MISCELLANEOUS**

15        **13.1    Right to Further Relief.**  Nothing in this Order abridges the right of any

16   person to seek its modification by the Court in the future.

17        **13.2    Right to Assert Other Objections.**  By stipulating to the entry of this

18   Protective Order no Party waives any right it otherwise would have to object to disclosing or

19   producing any information or item on any ground not addressed in this Stipulated Protective

20   Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

21   the material covered by this Protective Order.

22        IT IS SO ORDERED.

23

24   DATED: _____

25                                          _____
                                           HONORABLE CLAUDIA WILKEN
26                                          UNITED STATES DISTRICT COURT JUDGE

27

28

TAYLOR & CO.
LAW OFFICES, LLP

[PROPOSED] PROTECTIVE ORDER: CASE NO.  C-08-1376 (CW)

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3

4       I, _____, of _____,

5   declare under penalty of perjury that I have read in its entirety and understand the Stipulated

6   Protective Order in the case of *SuccessFactors, Inc. v. Softscape, Inc.*, No. C 08-1376 CW.  I agree

7   to comply with and to be bound by all the terms of this Stipulated Protective Order and I

8   understand and acknowledge that failure to so comply could expose me to sanctions and

9   punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

10  any information or item that is subject to this Stipulated Protective Order to any person or entity

11  except in strict compliance with the provisions of this Order.

12       I further agree to submit to the jurisdiction of the United States District Court for the

13  Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

14  Order, even if such enforcement proceedings occur after termination of this action.

15       I hereby appoint _____ of

16

17

18       as my California agent for service of process in connection with this action or any

19  proceedings related to enforcement of this Stipulated Protective Order.

20       Date: _____

21

22       City and State where sworn and signed: _____

23

24       Printed name: _____

25

26       Signature: _____

27

28

# Exhibit C

1   LAURENCE F. PULGRAM (CSB No. 115163)
    lpulgram@fenwick.com
2   ALBERT L. SIEBER (CSB No. 233482)
    asieber@fenwick.com
3   LIWEN A. MAH (CSB No. 239033)
    lmah@fenwick.com
4   FENWICK & WEST LLP
    555 California Street, 12th Floor
5   San Francisco, CA  94104
    Telephone:  (415) 875-2300
6   Facsimile:  (415) 281-1350

7   PATRICK E. PREMO (CSB NO. 184915)
    ppremo@fenwick.com
8   DENNIS M. FAIGAL (CSB NO. 252829)
    dfaigal@fenwick.com
9   FENWICK & WEST LLP
    Silicon Valley Center
10  801 California Street
    Mountain View, CA  94041
11  Telephone:    (650) 988-8500
    Facsimile:    (650) 938-5200

12
    Attorneys for Plaintiff SUCCESSFACTORS, INC.

13

14                  UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16                      OAKLAND DIVISION

17

18  SUCCESSFACTORS, INC., a Delaware          Case No.  C 08-1376 CW
    corporation,
19                                            **[PROPOSED] STIPULATED PROTECTIVE
                    Plaintiff,                ORDER**
20
    v.
21
    SOFTSCAPE, INC., a Delaware
22  corporation, and DOES 1-10, inclusive,

23                  Defendants.

24

25          This Order is meant to govern the use of, and protect from public disclosure, any

26  non-public and confidential or proprietary information used or disclosed in this litigation.

27  / / /

28  / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **DEFINITIONS**

**2.1.** **Party:** Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

**2.2.** **Disclosure or Discovery Material:** All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**2.3.** **"Confidential" Information or Items:** Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c). This designation includes but is not limited to information which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is confidential and/or protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. This designation does not include information that was publicly known prior to disclosure, or that, after disclosure, becomes publicly known as a result of publication by one having right to do so.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    **2.4.** **"Highly Confidential – Attorneys' Eyes Only" Information or Items:** Extremely

2    sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would

3    create a substantial risk of competitive harm or serious injury that could not be avoided by less

4    restrictive means. This designation includes but is not limited to trade secrets; technical data and

5    other confidential research, development and production information relating to the products or

6    technology at issue in this case; financial, commercial, product planning, engagement terms, and

7    marketing information relating to the products or technology in this case; personal information;

8    intellectual property protection strategies and practices; and industry analyses.

9    **2.5** **"Highly Confidential – Outside Attorneys' Eyes Only" Information or Items:**

10    Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-

11    party would create a substantial risk of competitive harm or serious injury that could not be avoided

12    by less restrictive means.  This designation shall include: (i) trade secret or confidential lists of

13    customers or prospective customers or lists of their contact information or their confidential and

14    proprietary information; (ii) trade secret or confidential pricing; (iii) trade secret or information

15    related to existing or proposed company financing, partnerships or mergers and acquisitions; or (iv)

16    any trade secret or confidential non-price business terms for business proposals or contracts with

17    existing or potential customers, partners and prospects.

18    **2.6.** **Receiving Party:** A Party that receives Disclosure or Discovery Material from a

19    Producing Party.

20    **2.7.** **Producing Party:** A Party or non-party that produces Disclosure or Discovery

21    Material in this action.

22    **2.8.** **Designating Party:** A Party or non-party that designates information or items

23    that it produces in disclosures or in responses to discovery as "Confidential," "Highly

24    Confidential — Attorneys' Eyes Only" or "Highly Confidential – Outside Attorneys' Eyes

25    Only.

26    **2.9.** **Protected Material:** Any Disclosure or Discovery Material that is designated as

27    "Confidential," "Highly Confidential – Attorneys' Eyes Only," or as "Highly Confidential –

28    Outside Attorneys' Eyes Only.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    **2.10.   Outside Counsel:**  Attorneys who are not employees of a Party but who are

2    retained to represent or advise a Party in this action.

3    **2.11.   House Counsel:**  Attorneys who are employees of a Party.  For purposes of this

4    Protective Order, it shall be Julian Ong for SuccessFactors, and Susan Mohr for Softscape.

5    **2.12.   Counsel (without qualifier):**  Outside Counsel and House Counsel (as well as

6    their support staffs).

7    **2.13.   Expert:**  A person with specialized knowledge or experience in a matter pertinent to

8    the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

9    consultant in this action and who is not a past or a current employee, officer or director ~~of a Party or~~

10   of a competitor of a Party and who, at the time of retention, is not anticipated to become an

11   employee, officer or director of a Party ~~or a competitor of a Party~~. This definition includes a

12   professional jury or trial consultant retained in connection with this litigation.  If the expert or

13   consultant is a current employee of a Party, the retaining party shall comply with Section 7.4 below

14   before any "Attorney's Eyes Only" materials are disclosed.

15   **2.14.   Professional Vendors:**  Persons or entities that provide litigation support services

16   (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

17   storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

18   **2.15.   Presentation:**  Exhibit 1 of the Declaration of Robert Bernshteyn in Support of

19   Plaintiff's Ex Parte Application for a Temporary Restraining Order and Order to Show Cause re

20   Preliminary Injunction (Dkt. No. 30).

21   **3.   SCOPE**

22       The protections conferred by this Stipulation and Order cover not only Protected Material

23   (as defined above), but also any information copied or extracted therefrom, as well as all copies,

24   excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

25   parties or counsel to or in court or in other settings that might reveal Protected Material.

26   **4.   DURATION**

27       Even after the termination of this litigation, the confidentiality obligations imposed by this

28   Order shall remain in effect until a Designating Party agrees otherwise in writing, a court order

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    otherwise directs, or the information is publicly disclosed as a result of publication by one having

2    the right to do so.  The Court shall retain jurisdiction to enforce the terms of the Order for a period

3    of six months after final termination of the action.

4    **5.     DESIGNATING PROTECTED MATERIAL**

5         **5.1.     Exercise of Restraint and Care in Designating Material for Protection.**  Each

6    Party or non-party that designates information or items for protection under this Order must take

7    care to limit any such designation to specific material that qualifies under the appropriate

8    standards.  A Designating Party must take care to designate for protection only those parts of

9    material, documents, items, or oral or written communications that qualify—so that other portions

10   of the material, documents, items, or communications for which protection is not warranted are

11   not swept unjustifiably within the ambit of this Order.

12        (a)     Mass, indiscriminate, or routinized designations are prohibited.

13   Designations that are shown to be clearly unjustified, or that have been made for an improper

14   purpose (e.g., to unnecessarily encumber or impede the case development process, or to impose

15   unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

16   Counsel shall not designate any discovery material "CONFIDENTIAL", "HIGHLY

17   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

18   OUTSIDE ATTORNEYS' EYES ONLY" without first making a good-faith determination that

19   protection is warranted.

20        (b)     If it comes to a Party's or a non-party's attention that information or items

21   that it designated for protection do not qualify for protection at all, or do not qualify for the level

22   of protection initially asserted, that Party or non-party must promptly notify all other parties that

23   it is withdrawing the mistaken designation.

24        (c)     Information or items concerning the following subjects are not to be

25   designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" including but not

26   limited to: (i) ownership/control of IP addresses 68.236.68.19, 82.108.171.66, 24.34.56.79 or

27   98.216.168.122 and the identity of any computer using those IP addresses; (ii) communication

28   from those IP addresses or Softscape, Inc. with SuccessFactors, Inc. servers; and (iii) the user

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   name "John Anonymous," associated e mail address "hcmknowledge2008a@gmail.com," and all

2   communications from, with or concerning same.

3       **5.2.    Manner and Timing of Designations.**  Except as otherwise provided in this

4   Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

5   material that qualifies for protection under this Order must be clearly so designated before the

6   material is disclosed or produced.  The Order shall apply to materials provided or exchanged by

7   the Parties prior to the signing of this Order.

8       Designation in conformity with this Order requires:

9       (a)    <u>For information in documentary form</u> (apart from transcripts of depositions

10  or other pretrial or trial proceedings), that the Producing Party affix the legend

11  "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

12  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" at the bottom of each

13  page that contains protected material.  If only a portion or portions of the material on a page

14  qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

15  (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

16  level of protection being asserted ("CONFIDENTIAL", "HIGHLY CONFIDENTIAL –

17  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

18  EYES ONLY").

19      A Party or non-party that makes original documents or materials available for inspection

20  need not designate them for protection until after the inspecting Party has indicated which

21  material it would like copied and produced.  During the inspection and before the designation, all

22  of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

23  ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

24  copied and produced, the Producing Party must determine which documents, or portions thereof,

25  qualify for protection under this Order, then, before producing the specified documents, the

26  Producing Party must affix the appropriate legend ("CONFIDENTIAL", "HIGHLY

27  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

28  OUTSIDE ATTORNEYS' EYES ONLY") at the bottom of each page that contains Protected

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  Material. If only a portion or portions of the material on a page qualifies for protection, the

2  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

3  markings in the margins) and must specify, for each portion, the level of protection being asserted

4  (either "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

5  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY").

6            (b)    For testimony given in deposition or in other pretrial or trial proceedings, that

7  the Party or non-party offering or sponsoring the testimony identify on the record, before the close

8  of the deposition, hearing, or other proceeding, all protected testimony, and further specify any

9  portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

10  ONLY." When it is impractical to identify separately each portion of testimony that is entitled to

11  protection, and when it appears that substantial portions of the testimony may qualify for protection,

12  the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before

13  the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific

14  portions of the testimony as to which protection is sought and to specify the level of protection

15  being asserted ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16  ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"). Only those

17  portions of the testimony that are appropriately designated for protection within the 20 days shall be

18  covered by the provisions of this Stipulated Protective Order.

19        Transcript pages containing Protected Material must be separately bound by the court

20  reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL,"

21  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

22  OUTSIDE ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or

23  sponsoring the witness or presenting the testimony.

24            (c)    For information produced in some form other than documentary, and for

25  any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

26  container or containers in which the information or item is stored the legend "CONFIDENTIAL,"

27  "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

28  OUTSIDE ATTORNEYS' EYES ONLY." If only portions of the information or item warrant

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  protection, the Producing Party, to the extent practicable, shall identify the protected portions,

2  specifying whether they qualify as "Confidential" or as "Highly Confidential — Attorneys' Eyes

3  Only" or "Highly Confidential – Outside Attorneys' Eyes Only."

4      **5.3.    Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to

5  designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys'

6  Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

7  under this Order for such material.  If material is appropriately designated as "Confidential,"

8  "Highly Confidential — Attorneys' Eyes Only" or "Highly Confidential – Outside Attorneys'

9  Eyes Only," after the material was initially produced, the Receiving Party, on timely notification

10  of the designation, must make reasonable efforts to assure that the material is treated in

11  accordance with the provisions of this Order.

12  **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

13      **6.1.    Timing of Challenges.**  Unless a prompt challenge to a Designating Party's

14  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

15  economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

16  its right to challenge a confidentiality designation by electing not to mount a challenge promptly

17  after the original designation is disclosed.

18      **6.2.    Meet and Confer.**  A Party that elects to initiate a challenge to a Designating

19  Party's confidentiality designation must do so in good faith and must begin the process by

20  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

21  with counsel for the Designating Party.  In conferring, the challenging Party must explain the

22  basis for its belief that the confidentiality designation was not proper and must give the

23  Designating Party an opportunity to review the designated material, to reconsider the

24  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

25  designation.  A challenging Party may proceed to the next stage of the challenge process only if it

26  has engaged in this meet and confer process first.

27      **6.3.    Judicial Intervention.**  A Party that elects to press a challenge to a confidentiality

28  designation after considering the justification offered by the Designating Party may file and serve a

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that

2  identifies the challenged material and sets forth in detail the basis for the challenge.  Each such

3  motion must be accompanied by a competent declaration that affirms that the movant has complied

4  with the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with

5  specificity the justification for the confidentiality designation that was given by the Designating

6  Party in the meet-and-confer dialogue.

7  The burden of persuasion in any such challenge proceeding shall be on the Designating

8  Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

9  question the level of protection to which it is entitled under the Producing Party's designation.

10  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

11  **7.1.    Basic Principles.**  A Receiving Party may use Protected Material that is disclosed

12  or produced by another Party or by a non-party in connection with this case only for prosecuting,

13  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

14  to the categories of persons and under the conditions described in this Order.  When the litigation

15  has been terminated, a Receiving Party must comply with the provisions of section 11, below

16  ("FINAL DISPOSITION").  Protected Material must be stored and maintained by a Receiving

17  Party at a location and in a secure manner that ensures that access is limited to the persons

18  authorized under this Order.

19  **7.2.    Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise

20  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

21  disclose any information or item designated CONFIDENTIAL only to:

22  (a)    the Receiving Party's Outside Counsel of record in this action, as well as

23  employees of said Counsel to whom it is reasonably necessary to disclose the information for

24  this litigation (assuming any such consultant has first signed the "Agreement to Be Bound by

25  Protective Order" (Exhibit A));

26  (b)    the officers, directors, and employees (including House Counsel) of the

27  Receiving Party to whom disclosure is reasonably necessary for this litigation;

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    (c)    Eexperts including consultants (as defined in this Order) of the Receiving

2    Party to whom disclosure is reasonably necessary for this litigation and who have signed the

3    "Agreement to Be Bound by Protective Order" (Exhibit A);

4    (d)    the Court and its personnel;

5    (e)    court reporters, their staffs, and professional vendors to whom disclosure is

6    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

7    Protective Order" (Exhibit A);

8    (f)    during their depositions or at hearings, witnesses where it appears on the

9    face of the document or other item or from other documents or testimony that the

10    CONFIDENTIAL information or item has been received or authored by that witness, or

11    communicated to that witness, or it otherwise appears on the face of the document or other item

12    that the document or item contains information about which it appears reasonably likely that the

13    witness has discoverable information.  Witnesses shall not be permitted to retain copies of

14    CONFIDENTIAL materials or exhibits.  Pages of transcribed deposition testimony or exhibits to

15    depositions that reveal Protected Material must be separately bound by the court reporter and may

16    not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

17    (g)    the author of the document or the original source of the information.

18    **7.3.    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"**

19    **Information or Items.**  Unless otherwise ordered by the court or permitted in writing by the

20    Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

21    CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

22    (a)    the Receiving Party's Outside Counsel of record in this action, as well as

23    employees and consultants of said Counsel to whom it is reasonably necessary to disclose the

24    information for this litigation (assuming any such consultant has first signed the "Agreement to

25    Be Bound by Protective Order" (Exhibit A));

26    (b)    no more than one House Counsel of a Receiving Party who have signed the

27    "Agreement to Be Bound by Protective Order" (Exhibit A), except that House Counsel may not

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  have access to the following documents, which are to be labeled "HIGHLY CONFIDENTIAL —

2  OUTSIDE ATTORNEYS' EYES ONLY" as defined in paragraph 2.5 of this Order;

3         (c)    Eexperts including consultants (as defined in this Order) (1) to whom

4  disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be

5  Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph

6  7.4, below, have been followed;

7         (d)    the Court and its personnel;

8         (e)    court reporters, their staffs, and professional vendors to whom disclosure is

9  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

10  Protective Order" (Exhibit A); and

11         (f)    the author of the document or the original source of the information.

12         (g)    James Matheson, Director of Web Operations of SuccessFactors, Inc. to the

13  extent that the designated information or item concerns (i) ownership/control of IP addresses

14  68.236.68.19 or 82.108.171.66 or 24.34.56.79 or 98.216.168.122 and the identity of any computer

15  using those IP addresses, (ii) communication from those IP addresses or New Milenium Shoe or

16  Softscape, Inc. with SuccessFactors, Inc. servers in or after February 2007, (iii) the user name

17  "John Anonymous," associated e-mail address "hcmknowledge2008a@gmail.com," and all

18  communications from, with or concerning same, or (iv) documents or portions of documents

19  relating to SuccessFactors-related communications, business proposals, or meetings that contain

20  the following terms: ely@newmileniumshoe.com, Ely Valls, and/or Javier Cruz. Outside

21  Counsel for SuccessFactors, Inc. will inform Outside Counsel for Softscape, Inc. of the Bates

22  range of material provided to the Director of Web Operations, who may view this information

23  and these items only subject to the following conditions:

24         1.    He may only load the designated information or item on a stand-

25             alone computer;

26         2.    He may not transmit, save, or store the designated information or

27             item on any SuccessFactors, Inc. networks or computers or his own

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  personal computer (or any other computer beyond the stand alone

2  computer).

3      3.    He may not discuss or use the designated information or item in any

4  context outside of this lawsuit and may not discuss, disclose, and/or

5  provide the information with any SuccessFactors, Inc. personnel.

6      4.    At any time he is accessing the documents, whether in paper form

7  or on the stand alone computer, he will be supervised by an attorney

8  or paralegal of SuccessFactors, Inc.'s Outside Counsel to ensure

9  compliance with these terms. No supervision is required except

10  while he is working with any material designated "HIGHLY

11  CONFIDENTIAL—ATTORNEYS' EYES ONLY."

12      5.    SuccessFactors, Inc.'s Outside Counsel will retain exclusive

13  possession, custody, and control of the designated information and

14  items at all times, including any placed on the stand alone

15  computer.

16  **7.4.    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL —**

17  **ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE**

18  **ATTORNEYS' EYES ONLY" Information or Items to "Experts"**

19      (a)    Unless otherwise ordered by the Court or agreed in writing by the

20  Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) a

21  testifying expert any information or item that has been designated "HIGHLY CONFIDENTIAL

22  — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

23  EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the

24  full name of the testifying eExpert and the city and state of his or her primary residence, (2)

25  attaches a copy of the testifying eExpert's current resume, (3) identifies the testifying eExpert's

26  current employer(s), and (4) lists any other cases or arbitrations in which the testifying eExpert

27  has testified as an expert at trial or by deposition within the preceding four years.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1         (b)    A Party that makes a request and provides the information specified in the

2 preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

3 within five court days of delivering the request, the Party receives a written objection from the

4 Designating Party. Any such objection must set forth in detail the grounds on which it is based.

5         (c)    A Party that receives a timely written objection must meet and confer with

6 the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

7 agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert

8 may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-

9 5, if applicable) seeking permission from the court to do so. Any such motion must describe the

10 circumstances with specificity, set forth in detail the reasons for which the disclosure to the

11 Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

12 suggest any additional means that might be used to reduce that risk. In addition, any such motion

13 must be accompanied by a competent declaration in which the movant describes the Parties'

14 efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

15 discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

16 approve the disclosure.

17     In any such proceeding the Party opposing disclosure to the Expert shall bear the burden

18 of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

19 outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

20 **8.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

21 **OTHER LITIGATION.**

22     If a Receiving Party is served with a subpoena or an order issued in other litigation that

23 would compel disclosure of any information or items designated in this action as

24 "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or

25 "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," the Receiving Party

26 must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event

27 more than three court days after receiving the subpoena or order. Such notification must include

28 a copy of the subpoena or court order.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    The Receiving Party also must immediately inform in writing the Party who caused the

2    subpoena or order to issue in the other litigation that some or all the material covered by the

3    subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

4    deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

5    caused the subpoena or order to issue.

6    The purpose of imposing these duties is to alert the interested parties to the existence of

7    this Protective Order and to afford the Designating Party in this case an opportunity to try to

8    protect its confidentiality interests in the court from which the subpoena or order issued. The

9    Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

10    confidential material — and nothing in these provisions should be construed as authorizing or

11    encouraging a Receiving Party in this action to disobey a lawful directive from another court.

12    **9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

13    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

14    Material to any person or in any circumstance not authorized under this Stipulated Protective

15    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

16    unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

17    inform the person or persons to whom unauthorized disclosures were made of all the terms of this

18    Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

19    Be Bound" that is attached hereto as Exhibit A.

20    **10.    FILING PROTECTED MATERIAL**

21    Without written permission from the Designating Party or a court order secured after

22    appropriate notice to all interested persons, a Party may not file in the public record in this action

23    any Protected Material. A Party that seeks to file under seal any Protected Material must comply

24    with Civil Local Rule 79-5. Specifically, a party filing materials under seal shall place the

25    documents in a sealed envelope with instructions that the document is filed pursuant to the

26    Stipulated Protective Order and that the envelope is not to be opened absent further order of the

27    court. Additionally, the envelope should be labeled to identify the title of the case, the case

28    number, and the title of the document.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## 11.    **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 ("DURATION"), above.

## 12.    **NO WAIVER OF PRIVILEGE**

If material subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a Party has inadvertently produced material subject to a claim of immunity or privilege, then promptly following that Party's written request identifying the material for which a claim of inadvertent production is made, that material shall be returned and all copies or reproductions of that material that may have been made shall be destroyed. The party returning such information may move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

13.   **MISCELLANEOUS**

   **13.1.   Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

   **13.2.   Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.


Dated: April ___, 2008                     FENWICK & WEST LLP



                              By:   _____
                                    Patrick E. Premo
                                    Attorneys for Plaintiff SUCCESSFACTORS, INC.


Dated: April ___, 2008                     TAYLOR & COMPANY LAW OFFICES, LLP



                              By:   _____
                                    Jessica L. Grant
                                    Attorneys for Defendant SOFTSCAPE, INC.


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


Dated: April ____, 2008              _____
                                    The Honorable Claudia Wilken
                                    United States District Court Judge

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

## EXHIBIT A

2

3

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

4

5        I, _____, of _____,

6    declare under penalty of perjury that I have read in its entirety and understand the Stipulated

7    Protective Order in the case of *SuccessFactors, Inc. v. Softscape, Inc.*, No. C 08-1376 CW.  I

8    agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

9    understand and acknowledge that failure to so comply could expose me to sanctions and

10   punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

11   any information or item that is subject to this Stipulated Protective Order to any person or entity

12   except in strict compliance with the provisions of this Order.

13        I further agree to submit to the jurisdiction of the United States District Court for the

14   Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15   Order, even if such enforcement proceedings occur after termination of this action.

16        I hereby appoint _____ of

17

18

19   as my California agent for service of process in connection with this action or any proceedings

20   related to enforcement of this Stipulated Protective Order.

21   Date:

22

23   City and State where sworn and signed:

24

25   Printed name:

26   Signature:

27

28                                                                                          *1282961*

Fenwick & West LLP
ATTORNEYS AT LAW
SAN FRANCISCO