1    LAURENCE F. PULGRAM (CSB No. 115163)
     lpulgram@fenwick.com
2    ALBERT L. SIEBER (CSB No. 233482)
     asieber@fenwick.com
3    LIWEN A. MAH (CSB No. 239033)
     lmah@fenwick.com
4    FENWICK & WEST LLP
     555 California Street, 12th Floor
5    San Francisco, CA  94104
     Telephone:  (415) 875-2300
6    Facsimile:   (415) 281-1350

7    PATRICK E. PREMO (CSB NO. 184915)
     ppremo@fenwick.com
8    DENNIS M. FAIGAL (CSB NO. 252829)
     dfaigal@fenwick.com
9    FENWICK & WEST LLP
     Silicon Valley Center
10   801 California Street
     Mountain View, CA  94041
11   Telephone:     (650) 988-8500
     Facsimile:      (650) 938-5200
12
     Attorneys for Plaintiff
13   SuccessFactors, Inc.

14

15                    UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17                         OAKLAND DIVISION

18

19   SUCCESSFACTORS, INC., a Delaware        Case No. CV 08-1376 CW
     corporation,
20                                           **SUCCESSFACTORS, INC.'S
                    Plaintiff,               SUPPLEMENTAL BRIEF RE:
21                                           DOCUMENT PRESERVATION,
           v.                                EXPEDITED DISCOVERY AND
22                                           ENTRY OF PROTECTIVE ORDER**
     SOFTSCAPE, INC., a Delaware corporation,
23   and DOES 1-10, inclusive,

24                    Defendants.

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Pursuant to the Court's March 27, 2008 Minute Order (Dkt. No. 67), plaintiff SuccessFactors submits the following brief to address preservation of evidence, expedited discovery, and entry of a protective order for timely disclosure of confidential documents.

## I.   SOFTSCAPE REFUSES TO SEARCH FOR OR PRESERVE KEY ELECTRONIC INFORMATION THAT MIGHT REVEAL WHO DISTRIBUTED THE PRESENTATION.

On March 11, 2008, SuccessFactors immediately moved for a document preservation order (Dkt. No. 12) concurrently with its motion for temporary restraining order after discovering that a direct competitor had violated its password-protected demo environment, obtained confidential sales materials under false pretenses, and blasted a hit piece out over the Internet. Softscape' further investigation since the March 27 preliminary injunction hearing has revealed even more disturbing information. Softscape's CEO, Dave Watkins, and its CTO, Rick Watkins, appear to be the ones behind the initial hacking of SuccessFactors' ACE demo environment on February 18, 2008. Declaration of Patrick Premo in Support of Supplemental Discovery Brief ("Premo Decl.") ¶¶ 10-11. Their initial intrusion was done the day before the phony sales meeting set up by Ely Valls and her New Millenium Shoe Company, and done well after normal business hours from the comfort of their homes. *Id.* Dave Watkins again accessed the ACE Demo on February 19 apparently to join the online meeting that the SuccessFactors' sales person was duped into setting up. Through further investigation, SuccessFactors has learned that Ms. Valls may be a niece of Dave Watkins' wife, Lillian Valls Watkins. Premo Decl. ¶ 23.

In the face of mounting evidence, Softscape remains defiant, refusing to admit any wrongdoing or take responsibility for the distribution, which we now know went to 766 separate email addresses. On April 8, 2008, Softscape finally revealed a list of eight persons who allegedly were involved in the creation/modification of the Presentation, or accessed SuccessFactors' ACE demo. Premo Decl. ¶ 21, Ex. 9. These people include members of Softscape's senior management and directors responsible for sales and marketing in offices around the world. *Id.* at ¶ 22. Softscape claims that company-issued computers were imaged for these people, but it refuses to inspect or copy their home computers. They have also refused to expand the preservation efforts to anyone else in the 200-person company.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   Records subpoenaed from Google show that Softscape was on notice since March 4 that

2   its Presentation had somehow gotten out.  The entire Softscape sales team apparently was sent the

3   Presentation by John Anonymous, using the email distribution list (sales@softscape.com).  Premo

4   Decl. ¶ 25.  Despite this fact, the Softscape sales team has largely been excluded from Softscape's

5   search and preservation efforts with the exception of a few sales people.

6   Google records further reveal that Softscape's Regional Sales Manager, Dennis Martinek,

7   was directly communicating with the anonymous user through Martinek's personal email address

8   (wildgracks@yahoo.com).  Premo Decl. ¶ 26.  Although Martinek's home PC has been

9   implicated, it is being ignored as a source of evidence.  The absence of declarant, Susan Mohr,

10  and Dave Watkins' business associates, Ely Valls and Javier Cruz, from the preservation efforts

11  also demonstrates the inadequacy of this search.

12  SuccessFactors has had legitimate concerns from the beginning that any company, which

13  would engage in such an elaborate scheme to tarnish the good name and reputation of one of its

14  rivals, would be equally unscrupulous when it came time to preserve electronic evidence.  The

15  lack of cooperation and denials that key information that should actually exist (such as web server

16  access logs) but apparently does not, confirms SuccessFactors' suspicions that Softscape has not

17  been candid or fulfilled its obligations to preserve evidence.

18  Softscape's attorneys have also been evasive, refusing to confirm basic information about

19  the scope of its client's search efforts and insisting that SuccessFactors blindly accept the

20  information disclosed by their client.  Premo Decl. ¶¶ 29-30.  SuccessFactors has reason to

21  question assertions by counsel.  During the March 27 hearing, Softscape's counsel confirmed four

22  times that the Presentation could not be downloaded or printed.  Softscape was adamant during

23  the hearing about this point.  The next day, Softscape's chief IT person confirmed that three

24  copies of the Presentation existed on the Intranet Server and were freely available for copying,

25  downloading or printing to anyone with the user name and password.  Softscape also informed

26  the Court during the March 27 hearing that Dave Watkins' business *and* home computers were

27  "under lock and key."  Premo Decl. ¶ 8 & Ex. 4.  However, during the court-ordered meeting on

28  document preservation, Softscape had to admit that only Mr. Watkins' laptop was copied.  They

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

had not, and still have not, searched his home computer(s).  *Id.* at ¶ 9.

While Softscape has certainly taken some steps to preserve electronic information, it has excluded records that might actually identify the anonymous emailer.  *See* Premo Decl. ¶ 29.  To summarize, Softscape's inspection has been deficient in the following areas:

a.  Softscape's preservation efforts excluded home computers;

b.  Softscape's preservation efforts excluded key witnesses, such as Susan Mohr, who submitted two declarations in opposition to the TRO and Preliminary Injunction, Ely Valls, purported owner of New Millenium Shoe Company, and Javier Cruz, her consultant;

c.  Softscape has excluded computer hard drives for anyone associated with email addresses  sales@softscape.com, wildgracks@yahoo.com, mwest@softscape.com.

d.  Softscape claims it does not have any access logs for the Intranet Server that housed the Presentation, even though Softscape admits such logs should automatically exist;

e.  Softscape will not confirm preservation of email boxes, repositories, archives, profiles and calendars for the sales team and other persons who received the Presentation;

f.  Softscape will not confirm preservation of Softscape email distribution lists, including but not limited to sales@softscape.com; and

g.  Softscape will not confirm preservation of VPN and FTP logs.

Softscape's counsel has been adamant that they will only confirm they have *directed* their client to preserve records.  They refuse to certify or confirm that their client has actually preserved the evidence.  In light of the complicity of Softscape's senior executives, a preservation order that merely requires counsel to "direct" his or her client to preserve documents without any follow-through is insufficient.  If Softscape's counsel is unwilling to confirm preservation, then alternatively SuccessFactors should be permitted to confirm the preservation itself.  *See, e.g.*, *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 2002 U.S. Dist. LEXIS 7792, at *18-19 (D. Del. 2002) (noting defendant's "sweeping but inaccurate positions that [plaintiff] Tulip would never find certain documents that Tulip, through persistence and diligence, later uncovered").

Electronic information has already played a critical role in exposing Softscape's scheme. To ensure that Softscape maintains control over this ephemeral information and is no longer

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    permitted to unilaterally dictate the extent of its search and preservation efforts, SuccessFactors

2    respectfully requests an order that will compel meaningful preservation.

3    **II.    EARLY DOCUMENT PRODUCTION IS STILL CRUCIAL TO AVOID FURTHER DELAY AND ADEQUATELY PREPARE FOR DEPOSITIONS.**

4

5    At the March 28, 2008 hearing, SuccessFactors requested expedited discovery of

6    documents that reflect (1) Softscape's creation, amendment to, and communications about the

7    Presentation within the company, and (2) any communications related to the connection of New

8    Millenium Shoe, Ely Valls, and Javier Cruz with obtaining the ACE275 account information or

9    with the creation of the Presentation.  The parties were ordered to meet and confer on April 10,

10   2008, to create a discovery plan regarding "early document production and 30(b)(6) depositions."

11   (Dkt. No. 67).  The parties conferred.  Softscape committed to producing documents by May 1,

12   2008, which is when the documents would normally be produced.  Premo Decl. ¶ 39(a).

13   Softscape will produce documents earlier then May 1 "if at all possible," but given the absence of

14   any production or meaningful cooperation to date, an early production seems unlikely.

15   Softscape has not produced a single document other than the emails attached to

16   declarations.  They have confirmed they will reserve objections to document requests served to

17   date.  Softscape has proposed delaying Initial Disclosures until May 9, 2008, and proposes

18   delaying any associated document production until May 16.  Softscape wants to move ahead with

19   depositions and has asked for a deadline of June 1 to complete the first round of depositions.

20   SuccessFactors is concerned that Softscape will produce very few, if any, documents by

21   May 1, 2008, and instead will issue numerous objections.  This will require further meet-and-

22   confer discussions followed by a motion to compel, delaying actual production until mid-June, if

23   not later.  SuccessFactors would like to take the depositions as soon as possible, preferably well

24   before June 1, but SuccessFactors needs the documents and sufficient time to prepare.  Defendant

25   appears to be forcing a deposition schedule that would either deprive SuccessFactors of sufficient

26   time to prepare and/or exclude important documents.

27   To prevent this, SuccessFactors respectfully requests an order that Softscape produce

28   documents in two waves.  The first wave regarding creation, preparation and distribution of the

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  Presentation and related requests would be due by April 18, the remaining requests would be due

2  by May 1.  The parties would exchange initial disclosures including any documents identified by

3  April 28.  Once the documents are sent, the parties can undertake depositions.  SuccessFactors

4  proposes taking the depositions of 30(b)(6) witnesses, Dave Watkins, Susan Mohr and Ely Valls

5  during the weeks of May 19 and 26, 2008.  Once completed, Softscape can then take its 30(b)(6)

6  deposition.  If Softscape cooperates in document production, the parties should be able to

7  complete its first round of depositions by June 1, 2008.

8  ## III.   SUCCESSFACTORS' PROPOSED PROTECTIVE ORDER SHOULD BE ENTERED TO AVOID DELAY IN DOCUMENT PRODUCTION.

9

10       SuccessFactors has drafted a Proposed Protective Order, which is based on the Court's

11  Model Protective Order.  Softscape challenges for two reasons.  (The challenged sections have

12  been highlighted in the accompanying Proposed Order for the Court's convenience.)  First,

13  Softscape refuses to allow any party employees to act as experts or consultants because it risks

14  disclosure of "Attorney's Eyes Only" documents.  SuccessFactors suggested a compromise, thus

15  far rejected by Softscape, requiring expert employees to sign Protective Order Acknowledgments

16  and permitting the other party to object before disclosure of confidential materials.

17       Softscape also refuses to include a provision that permits SuccessFactors' Director of Web

18  Operations, Jim Matheson, to view a limited group of documents, consisting largely of web server

19  access log records, necessary to determine the identity of John Anonymous.  Given

20  Mr. Matheson's demonstrated investigative ability as the person who exposed Softscape as the

21  Presentation's author, Softscape's reversal and refusal to allow him to view documents is highly

22  suspicious.  SuccessFactors respectfully requests entry of its proposed Protective Order to ensure

23  Mr. Matheson has access to certain limited records on terms previously agreed to by the parties.

24

25  Dated: April 14, 2008                By:        **/s/ Patrick E. Premo**

26                                                        Patrick E. Premo

27                                              Attorneys for Plaintiff
                                                SUCCESSFACTORS, INC.

28  1283659

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  LAURENCE F. PULGRAM (CSB NO. 115163)
   *lpulgram@fenwick.com*
2  ALBERT L. SIEBER (CSB NO. 233482)
   *asieber@fenwick.com*
3  LIWEN A. MAH (CSB NO. 239033)
   *lmah@fenwick.com*
4  FENWICK & WEST LLP
   555 California Street
5  San Francisco, CA  94104
   Telephone:     (415) 875-2300
6  Facsimile:     (415) 281-1350

7  PATRICK E. PREMO (CSB NO. 184915)
   *ppremo@fenwick.com*
8  DENNIS FAIGAL (CSB NO. 252829)
   *dfaigal@fenwick.com*
9  FENWICK & WEST LLP
   Silicon Valley Center
10 801 California Street
   Mountain View, CA  94041
11 Telephone:     (650) 988-8500
   Facsimile:     (650) 938-5200
12
   Attorneys for Plaintiff
13 SUCCESSFACTORS, INC.

14

15              UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17                    OAKLAND DIVISION

18 SUCCESSFACTORS, INC., a Delaware          Case No. CV 08 1376 CW
   corporation,
19                                           **[PROPOSED] ORDER TO PRESERVE
                 Plaintiff,                  DOCUMENTS**
20
21 v.

22 SOFTSCAPE, INC., a Delaware
   corporation; and DOES 1-10, inclusive,
23
                 Defendants.
24

25          On March 27, 2008 at 2:00 P.M. in Courtroom 2, the Court heard Plaintiff SuccessFactors,

26 Inc.'s ("SuccessFactors") Application for an Order Allowing Expedited Discovery and for

27 Preservation of Evidence (Dkt. No. 12) with opposition by Defendant Softscape, Inc. ("Softscape")

28 (Dkt. No. 24).  Having reviewed and considered all papers on file, including supplemental briefs,

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

and argument of counsel (Dkt. No. 71), and the matter having been submitted, the Court finds that

Plaintiff has presented good cause for preservation of documents, and Plaintiff's motion to preserve

documents is granted as follows:

1.      The Parties shall take reasonable steps to preserve documents, data, tangible

things, and other discoverable materials within the scope of Fed. R. Civ. P. 26(b) and 34(a) that

are known or reasonably likely to exist and are related to the issues presented by the action.

2.      "Documents, data, tangible things, and other discoverable materials" shall include,

if they exist, writings, records, files, correspondence, reports, memoranda, calendars, diaries,

minutes, electronic messages (including, without limitation, chat or instant messaging),

voicemail, e-mail and attachments, telephone message records or logs, electronically stored

information ("ESI"), computer and network activity logs, hard drives, backup data, removable

computer storage media such as PDAs, flash memory, CDs, DVDs, tapes, disks and cards,

printouts, document image files, web pages, databases, spreadsheets, software, books, ledgers,

journals, orders, invoices, bills, vouchers, checks, statements, itineraries, reimbursements,

worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations,

drawings, films, digital or chemical process photographs, video, phonographic, tape or digital

records or transcripts thereof, drafts, jottings and notes, whether maintained on facilities provided

by a Party or not.  Information that serves to identify, locate, or link such material, such as file

inventories, file folders, indices and metadata, is also included in this definition.

3.      "Preservation" is to be interpreted to mean accomplishing the goal of maintaining

the integrity of all documents, data, tangible things, and other discoverable materials reasonably

anticipated to be subject to discovery in this action, including their metadata.  Preservation means

taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion,

shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well

as negligent or intentional handling that would make material incomplete or inaccessible.

4.      Counsel hereby confirm by their signature below that the business practices of any

Party involving the routine destruction, recycling, relocation, or mutation of such materials have

to the extent practicable for the pendency of this order, been revised either to:

Fenwick & West LLP
Attorneys At Law
Mountain View

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

a.      Halt such business processes;

b.      Sequester or remove such material from the business process; or

c.      Arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

5.      Counsel for the Parties hereby confirm that they have notified their clients of their document preservation obligations pursuant to federal law.

6.      Counsel for Defendant shall notify New Millenium Shoe (its employees and consultants, including but not limited to Ely Valls and Javier Cruz), Lillian Watkins, Softscape's agents, servants, and employees, and all persons acting under, in concert with, or for Softscape that they must take all reasonable steps to locate and preserve all currently existing electronic and physical documents, things, and information that may be relevant to this dispute.  Specifically, Counsel for Defendant shall notify them that they must preserve evidence concerning, at a minimum, the Presentation or communications involving New Millenium Shoe, Rick Vatcher, David Watkins, Rick Watkins, Lillian Watkins, Dennis Martinek, wildgracks@yahoo.com, William Hurley (or Hurly), williamhurly@hotmail.com, mwest@softscape.com, vallsely@hotmail.com, or hcmknowledge2008a@gmail.com.

7.      With no limitation on Softscape's obligations to preserve evidence generally, Softscape and its agents, servants, and employees, and all persons acting under, in concert with, or for them shall

a.      Preserve any historical logs or metadata showing access to the Presentation, Softscape intranets, or other locations where the Presentation ever resided.

b.      Preserve any logs of external communications from Softscape computers over the internet, including but not limited to logs showing employees' use of third party e-mail systems such as MSN Hotmail, Google gmail (including without limitation hcmknowledge2008a@gmail.com), and Yahoo! mail.

c.      Preserve logs of dynamically (or otherwise) assigned internal IP addresses within Softscape.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    d.    Preserve a true, bit-for-bit copy of any server(s), including but not limited to

2    the IIS Intranet Server, that ever had a copy of the Presentation or that

3    allowed access to the Presentation.

4    e.    Preserve all e-mail boxes, repositories, archives (including but not limited to

5    .pst files), profiles, and calendars for Softscape's executives, sales teams, and

6    other persons who accessed the Presentation, received a copy of the

7    Presentation, or participated in communications about the Presentation,

8    including without limitation Dave Watkins, Rick Watkins, Lillian Watkins,

9    Susan Mohr, Dennis Martinek, Rick Vatcher, William Hurley (or Hurly), and

10    any person using the email address mwest@softscape.com.

11    f.    Preserve all Softscape e-mail distribution lists, including without limitation

12    sales@softscape.com.

13    g.    Preserve all logs and a true copy of any shared resource used by Softscape

14    executive, sales or marketing groups.

15    h.    Preserve any VPN and FTP logs.

16    i.    Make true, bit-for-bit copies of storage media of any computer (including

17    networked storage media and home and work computers) used by persons

18    who accessed the Presentation, received a copy of the Presentation, or

19    participated in communications about the Presentation, including without

20    limitation Dave Watkins, Rick Watkins, Lillian Watkins, Susan Mohr,

21    Dennis Martinek, Rick Vatcher, William Hurley (or Hurly), and any person

22    using the email address mwest@softscape.com, and any person using IP

23    addresses 98.216.168.122, 24.34.56.79, 82.108.171.66, 217.118.122.88,

24    62.140.137.160, 65.96.233.62, 65.96.237.54, or 74.94.170.178.

25    **GOOD CAUSE HAVING BEEN SHOWN IT IS SO ORDERED.**

26

27    Dated:  April ___, 2008

28    _____
     The Honorable Claudia Wilken
     United States District Court Judge

1  LAURENCE F. PULGRAM (CSB NO. 115163)
   *lpulgram@fenwick.com*
2  ALBERT L. SIEBER (CSB NO. 233482)
   *asieber@fenwick.com*
3  LIWEN A. MAH (CSB NO. 239033)
   *lmah@fenwick.com*
4  FENWICK & WEST LLP
   555 California Street
5  San Francisco, CA 94104
   Telephone:   (415) 875-2300
6  Facsimile:   (415) 281-1350

7  PATRICK E. PREMO (CSB NO. 184915)
   *ppremo@fenwick.com*
8  DENNIS FAIGAL (CSB NO. 252829)
   *dfaigal@fenwick.com*
9  FENWICK & WEST LLP
   Silicon Valley Center
10 801 California Street
   Mountain View, CA 94041
11 Telephone:   (650) 988-8500
   Facsimile:   (650) 938-5200
12
   Attorneys for Plaintiff
13 SUCCESSFACTORS, INC.

14
                    UNITED STATES DISTRICT COURT
15
                 NORTHERN DISTRICT OF CALIFORNIA
16
                        OAKLAND DIVISION
17

18 SUCCESSFACTORS, INC., a Delaware          Case No. CV 08 1376 CW
   corporation,
19                                           **[PROPOSED] ORDER GRANTING
                  Plaintiff,                 PLAINTIFF'S APPLICATION FOR
20                                           EXPEDITED DISCOVERY**
21 v.

22 SOFTSCAPE, INC., a Delaware
   corporation; and DOES 1-10, inclusive,
23
                  Defendants.
24

25        On March 27, 2008 at 2:00 P.M. in Courtroom 2, the Court heard Plaintiff SuccessFactors,

26 Inc.'s ("SuccessFactors") Application for an Order Allowing Expedited Discovery (Dkt. No. 12),

27 with opposition by Defendant Softscape, Inc. ("Softscape") (Dkt. No. 24).

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    Having reviewed and considered all papers on file, including supplemental briefs, and

2    argument of counsel (Dkt. No. 71), and the matter having been submitted, the Court finds that

3    Plaintiff has presented good cause for expedited discovery, and Plaintiff's motion for expedited

4    discovery is granted as follows:

5    1.    Softscape shall provide written responses and responsive, non-privileged

6    documents to request numbers 1, 2, 5, 7-12, and 14 from SuccessFactors' First Set of Document

7    Requests on or before April 18, 2008.  Softscape shall serve written responses and responsive,

8    non-privileged documents to the remaining requests by May 1, 2008.

9    2.    Both parties shall exchange its Initial Disclosures along with documents identified

10    in their Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before April

11    28, 2008.

12    3.    Softscape shall appear, through one or more representatives, for an oral deposition

13    pursuant to Federal Rule of Civil Procedure 30(b)(6) during the weeks of May 19 or 26, 2008.

14    4.    Softscape's other witness, specifically David Watkins (if he is not designated as a

15    30(b)(6) witness), Susan Mohr, and Ely Valls, shall also appear for oral deposition during the

16    weeks of May 19 and May 26, 2008.  Counsel shall meet and confer to determine specific dates and

17    times for each deposition.

18

19    **IT IS SO ORDERED.**

20

21    Dated:  April ___, 2008

22    _____
      The Honorable Claudia Wilken
      United States District Court Judge

23

24

25

26    1283745.1

27

28

Fenwick & West LLP
Attorneys At Law
Mountain View

1   LAURENCE F. PULGRAM (CSB No. 115163)
    lpulgram@fenwick.com
2   ALBERT L. SIEBER (CSB No. 233482)
    asieber@fenwick.com
3   LIWEN A. MAH (CSB No. 239033)
    lmah@fenwick.com
4   FENWICK & WEST LLP
    555 California Street, 12th Floor
5   San Francisco, CA  94104
    Telephone:  (415) 875-2300
6   Facsimile:   (415) 281-1350

7   PATRICK E. PREMO (CSB NO. 184915)
    ppremo@fenwick.com
8   DENNIS M. FAIGAL (CSB No. 252829)
    dfaigal@fenwick.com
9   FENWICK & WEST LLP
    Silicon Valley Center
10  801 California Street
    Mountain View, CA  94041
11  Telephone:     (650) 988-8500
    Facsimile:      (650) 938-5200
12
    Attorneys for Plaintiff
13  SUCCESSFACTORS, INC.

14
                    UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16
                          OAKLAND DIVISION
17

18  SUCCESSFACTORS, INC., a Delaware          Case No.  C 08-1376 CW
    corporation,
19                                            **[PROPOSED] PROTECTIVE ORDER**
                        Plaintiff,
20
    v.
21
    SOFTSCAPE, INC., a Delaware
22  corporation, and DOES 1-10, inclusive,

23                      Defendants.

24

25          This Order is meant to govern the use of, and protect from public disclosure, any

26  non-public and confidential or proprietary information used or disclosed in this litigation.

27  / / /

28  / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **DEFINITIONS**

2.1.    **Party:**  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2.    **Disclosure or Discovery Material:**  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3.    **"Confidential" Information or Items:**  Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).  This designation includes but is not limited to information which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is confidential and/or protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. This designation does not include information that was publicly known prior to disclosure, or that, after disclosure, becomes publicly known as a result of publication by one having right to do so.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**2.4.** **"Highly Confidential – Attorneys' Eyes Only" Information or Items:** Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of competitive harm or serious injury that could not be avoided by less restrictive means. This designation includes but is not limited to trade secrets; technical data and other confidential research, development and production information relating to the products or technology at issue in this case; financial, commercial, product planning, engagement terms, and marketing information relating to the products or technology in this case; personal information; intellectual property protection strategies and practices; and industry analyses.

**2.5.** **"Highly Confidential – Outside Attorneys' Eyes Only" Information or Items:** Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of competitive harm or serious injury that could not be avoided by less restrictive means. This designation shall include: (i) trade secret or confidential lists of customers or prospective customers or lists of their contact information or their confidential and proprietary information; (ii) trade secret or confidential pricing; (iii) trade secret or information related to existing or proposed company financing, partnerships or mergers and acquisitions; or (iv) any trade secret or confidential non-price business terms for business proposals or contracts with existing or potential customers, partners and prospects.

**2.6.** **Receiving Party:** A Party that receives Disclosure or Discovery Material from a Producing Party.

**2.7.** **Producing Party:** A Party or non-party that produces Disclosure or Discovery Material in this action.

**2.8.** **Designating Party:** A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential," "Highly Confidential — Attorneys' Eyes Only" or "Highly Confidential – Outside Attorneys' Eyes Only.

**2.9.** **Protected Material:** Any Disclosure or Discovery Material that is designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or as "Highly Confidential – Outside Attorneys' Eyes Only.

**2.10.    Outside Counsel:**  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

**2.11.    House Counsel:**  Attorneys who are employees of a Party.  For purposes of this Protective Order, it shall be Julian Ong for SuccessFactors, and Susan Mohr for Softscape.

**2.12.    Counsel (without qualifier):** Outside Counsel and House Counsel (as well as their support staffs).

**2.13.    Expert:**  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee, officer or director of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee, officer or director of a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.  If the expert or consultant is a current employee of a Party, the retaining party shall comply with Section 7.4 below before any "Attorney's Eyes Only" materials are disclosed.

**2.14.    Professional Vendors:**  Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**2.15.    Presentation:**  Exhibit 1 of the Declaration of Robert Bernshteyn in Support of Plaintiff's Ex Parte Application for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction (Dkt. No. 30).

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, a court order

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   otherwise directs, or the information is publicly disclosed as a result of publication by one having

2   the right to do so.  The Court shall retain jurisdiction to enforce the terms of the Order for a period

3   of six months after final termination of the action.

4   **5.      DESIGNATING PROTECTED MATERIAL**

5        **5.1.      Exercise of Restraint and Care in Designating Material for Protection.**  Each

6   Party or non-party that designates information or items for protection under this Order must take

7   care to limit any such designation to specific material that qualifies under the appropriate

8   standards.  A Designating Party must take care to designate for protection only those parts of

9   material, documents, items, or oral or written communications that qualify—so that other portions

10  of the material, documents, items, or communications for which protection is not warranted are

11  not swept unjustifiably within the ambit of this Order.

12          (a)      Mass, indiscriminate, or routinized designations are prohibited.

13  Designations that are shown to be clearly unjustified, or that have been made for an improper

14  purpose (e.g., to unnecessarily encumber or impede the case development process, or to impose

15  unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

16  Counsel shall not designate any discovery material "CONFIDENTIAL", "HIGHLY

17  CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL –

18  OUTSIDE ATTORNEYS' EYES ONLY" without first making a good-faith determination that

19  protection is warranted.

20          (b)      If it comes to a Party's or a non-party's attention that information or items

21  that it designated for protection do not qualify for protection at all, or do not qualify for the level

22  of protection initially asserted, that Party or non-party must promptly notify all other parties that

23  it is withdrawing the mistaken designation.

24          (c)      Information or items concerning the following subjects are not to be

25  designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" including but not

26  limited to: (i) ownership/control of IP addresses 68.236.68.19, 82.108.171.66, 24.34.56.79 or

27  98.216.168.122 and the identity of any computer using those IP addresses; (ii) communication

28  from those IP addresses or Softscape, Inc. with SuccessFactors, Inc. servers; and (iii) the user

1    name "John Anonymous," associated e mail address "hcmknowledge2008a@gmail.com," and all

2    communications from, with or concerning same.

3         **5.2.    Manner and Timing of Designations.**  Except as otherwise provided in this

4    Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

5    material that qualifies for protection under this Order must be clearly so designated before the

6    material is disclosed or produced.  The Order shall apply to materials provided or exchanged by

7    the Parties prior to the signing of this Order.

8         Designation in conformity with this Order requires:

9         (a)    For information in documentary form (apart from transcripts of depositions

10   or other pretrial or trial proceedings), that the Producing Party affix the legend

11   "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

12   "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" at the bottom of each

13   page that contains protected material.  If only a portion or portions of the material on a page

14   qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

15   (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

16   level of protection being asserted ("CONFIDENTIAL", "HIGHLY CONFIDENTIAL –

17   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

18   EYES ONLY").

19        A Party or non-party that makes original documents or materials available for inspection

20   need not designate them for protection until after the inspecting Party has indicated which

21   material it would like copied and produced.  During the inspection and before the designation, all

22   of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

23   ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

24   copied and produced, the Producing Party must determine which documents, or portions thereof,

25   qualify for protection under this Order, then, before producing the specified documents, the

26   Producing Party must affix the appropriate legend ("CONFIDENTIAL", "HIGHLY

27   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

28   OUTSIDE ATTORNEYS' EYES ONLY") at the bottom of each page that contains Protected

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY").

(b)     For testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)     For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."   If only portions of the information or item warrant

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only" or "Highly Confidential – Outside Attorneys' Eyes Only."

**5.3.    Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential," "Highly Confidential — Attorneys' Eyes Only" or "Highly Confidential – Outside Attorneys' Eyes Only," after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1.    Timing of Challenges.**  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2.    Meet and Confer.**  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

**6.3.    Judicial Intervention.** A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that

2    identifies the challenged material and sets forth in detail the basis for the challenge.  Each such

3    motion must be accompanied by a competent declaration that affirms that the movant has complied

4    with the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with

5    specificity the justification for the confidentiality designation that was given by the Designating

6    Party in the meet-and-confer dialogue.

7        The burden of persuasion in any such challenge proceeding shall be on the Designating

8    Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

9    question the level of protection to which it is entitled under the Producing Party's designation.

10   **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

11       **7.1.    Basic Principles.**  A Receiving Party may use Protected Material that is disclosed

12   or produced by another Party or by a non-party in connection with this case only for prosecuting,

13   defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

14   to the categories of persons and under the conditions described in this Order.  When the litigation

15   has been terminated, a Receiving Party must comply with the provisions of section 11, below

16   ("FINAL DISPOSITION").  Protected Material must be stored and maintained by a Receiving

17   Party at a location and in a secure manner that ensures that access is limited to the persons

18   authorized under this Order.

19       **7.2.    Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise

20   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

21   disclose any information or item designated CONFIDENTIAL only to:

22       (a)    the Receiving Party's Outside Counsel of record in this action, as well as

23   employees of said Counsel to whom it is reasonably necessary to disclose the information for

24   this litigation (assuming any such consultant has first signed the "Agreement to Be Bound by

25   Protective Order" (Exhibit A));

26       (b)    the officers, directors, and employees (including House Counsel) of the

27   Receiving Party to whom disclosure is reasonably necessary for this litigation;

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    (c)    experts including consultants (as defined in this Order) of the Receiving

2    Party to whom disclosure is reasonably necessary for this litigation and who have signed the

3    "Agreement to Be Bound by Protective Order" (Exhibit A);

4    (d)    the Court and its personnel;

5    (e)    court reporters, their staffs, and professional vendors to whom disclosure is

6    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

7    Protective Order" (Exhibit A);

8    (f)    during their depositions or at hearings, witnesses where it appears on the

9    face of the document or other item or from other documents or testimony that the

10   CONFIDENTIAL information or item has been received or authored by that witness, or

11   communicated to that witness, or it otherwise appears on the face of the document or other item

12   that the document or item contains information about which it appears reasonably likely that the

13   witness has discoverable information.  Witnesses shall not be permitted to retain copies of

14   CONFIDENTIAL materials or exhibits.  Pages of transcribed deposition testimony or exhibits to

15   depositions that reveal Protected Material must be separately bound by the court reporter and may

16   not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

17   (g)    the author of the document or the original source of the information.

18   **7.3.    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"**

19   **Information or Items.**  Unless otherwise ordered by the court or permitted in writing by the

20   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

21   CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

22   (a)    the Receiving Party's Outside Counsel of record in this action, as well as

23   employees and consultants of said Counsel to whom it is reasonably necessary to disclose the

24   information for this litigation (assuming any such consultant has first signed the "Agreement to

25   Be Bound by Protective Order" (Exhibit A));

26   (b)    no more than one House Counsel of a Receiving Party who have signed the

27   "Agreement to Be Bound by Protective Order" (Exhibit A), except that House Counsel may not

28

1   have access to the following documents, which are to be labeled "HIGHLY CONFIDENTIAL —

2   OUTSIDE ATTORNEYS' EYES ONLY" as defined in paragraph 205 of this Order;

3          (c)     experts including consultants (as defined in this Order) (1) to whom

4   disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be

5   Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph

6   7.4, below, have been followed;

7          (d)     the Court and its personnel;

8          (e)     court reporters, their staffs, and professional vendors to whom disclosure is

9   reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

10  Protective Order" (Exhibit A); and

11         (f)     the author of the document or the original source of the information.

12         (g)     James Matheson, Director of Web Operations of SuccessFactors, Inc. to the

13  extent that the designated information or item concerns (i) ownership/control of IP addresses

14  68.236.68.19 or 82.108.171.66 or 24.34.56.79 or 98.216.168.122 and the identity of any computer

15  using those IP addresses, (ii) communication from those IP addresses or New Milenium Shoe or

16  Softscape, Inc. with SuccessFactors, Inc. servers in or after February 2007, (iii) the user name

17  "John Anonymous," associated e mail address "hcmknowledge2008a@gmail.com," and all

18  communications from, with or concerning same, or (iv) documents or portions of documents

19  relating to SuccessFactors-related communications, business proposals, or meetings that contain

20  the following terms: ely@newmileniumshoe.com, Ely Valls, and/or Javier Cruz.  Outside

21  Counsel for SuccessFactors, Inc. will inform Outside Counsel for Softscape, Inc. of the Bates

22  range of material provided to the Director of Web Operations, who may view this information

23  and these items only subject to the following conditions:

24              1.      He may only load the designated information or item on a stand

25                      alone computer.

26              2.      He may not transmit, save, or store the designated information or

27                      item on any SuccessFactors, Inc. networks or computers or his own

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Fenwick & West LLP
Attorneys At Law
San Francisco

personal computer (or any other computer beyond the stand alone computer).

3.    He may not discuss or use the designated information or item in any context outside of this lawsuit and may not discuss, disclose, and/or provide the information with any SuccessFactors, Inc. personnel.

4.    At any time he is accessing the documents, whether in paper form or on the stand alone computer, he will be supervised by an attorney or paralegal of SuccessFactors, Inc.'s Outside Counsel to ensure compliance with these terms.  No supervision is required except while he is working with any material designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

5.    SuccessFactors, Inc.'s Outside Counsel will retain exclusive possession, custody, and control of the designated information and items at all times, including any placed on the stand alone computer.

**7.4.    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items to "Experts"**

(a)    Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to a testifying expert any information or item that has been designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the full name of the testifying expert and the city and state of his or her primary residence, (2) attaches a copy of the testifying expert's current resume, (3) identifies the testifying expert's current employer(s), and (4) lists any other cases or arbitrations in which the testifying expert has testified as an expert at trial or by deposition within the preceding four years.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

(b)    A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within five court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY,"  the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

1　　　　The Receiving Party also must immediately inform in writing the Party who caused the

2　　subpoena or order to issue in the other litigation that some or all the material covered by the

3　　subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

4　　deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

5　　caused the subpoena or order to issue.

6　　　　The purpose of imposing these duties is to alert the interested parties to the existence of

7　　this Protective Order and to afford the Designating Party in this case an opportunity to try to

8　　protect its confidentiality interests in the court from which the subpoena or order issued.  The

9　　Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

10　　confidential material — and nothing in these provisions should be construed as authorizing or

11　　encouraging a Receiving Party in this action to disobey a lawful directive from another court.

12　**9.　　UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

13　　　　If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

14　　Material to any person or in any circumstance not authorized under this Stipulated Protective

15　　Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

16　　unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

17　　inform the person or persons to whom unauthorized disclosures were made of all the terms of this

18　　Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

19　　Be Bound" that is attached hereto as Exhibit A.

20　**10.　　FILING PROTECTED MATERIAL**

21　　　　Without written permission from the Designating Party or a court order secured after

22　　appropriate notice to all interested persons, a Party may not file in the public record in this action

23　　any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

24　　with Civil Local Rule 79-5.  Specifically, a party filing materials under seal shall place the

25　　documents in a sealed envelope with instructions that the document is filed pursuant to the

26　　Stipulated Protective Order and that the envelope is not to be opened absent further order of the

27　　court.  Additionally, the envelope should be labeled to identify the title of the case, the case

28　　number, and the title of the document.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**11.    FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 ("DURATION"), above.

**12.    NO WAIVER OF PRIVILEGE**

If material subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information.  If a Party has inadvertently produced material subject to a claim of immunity or privilege, then promptly following that Party's written request identifying the material for which a claim of inadvertent production is made, that material shall be returned and all copies or reproductions of that material that may have been made shall be destroyed.  The party returning such information may move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

**13.    MISCELLANEOUS**

    **13.1.    Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    **13.2.    Right to Assert Other Objections.**  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.


    **IT IS SO ORDERED.**


Dated:  April ___, 2008                _____

                                        The Honorable Claudia Wilken
                                        United States District Court Judge

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____,

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order in the case of *SuccessFactors, Inc. v. Softscape, Inc.*, No. C 08-1376 CW.  I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

Date:

City and State where sworn and signed:

Printed name:

Signature:

1283747

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO