## FENWICK & WEST LLP

SILICON VALLEY CENTER   801 CALIFORNIA STREET   MOUNTAIN VIEW, CA 94041
TEL 650.988.8500   FAX 650.938.5200   WWW.FENWICK.COM

April 15, 2008

PATRICK E. PREMO

EMAIL PPREMO@FENWICK.COM
DIRECT DIAL (650) 335-7963

Clerk for the Honorable Claudia Wilken
United States District Court
Northern District of California
1301 Clay Street
South Tower, Suite 4005
Oakland, CA  94612-5212

    Re:   *SuccessFactors, Inc. v. Softscape, Inc.*
           US District Court Case No. CV 08 1376 CW

Dear Madam Clerk:

    Attached please find an Amended [Proposed] Order to Preserve Documents. We submit this on behalf of our client, SuccessFactors, Inc., to address issues identified for the first time in Softscape's Consultant Declaration, 04.14.08 (Dkt. No. 75), which were not previously raised by Softscape, Inc. during the two week meet-and-confer process.

                              Very truly yours,

                              Patrick E. Premo

PEP:mg

Enclosure

cc:   Laurence Pulgram, Esq.
       Jessica Grant, Esq.
       Jonathan Patchen, Esq.

*1283820*

LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
ALBERT L. SIEBER (CSB NO. 233482)
*asieber@fenwick.com*
LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
FENWICK & WEST LLP
555 California Street
San Francisco, CA  94104
Telephone:   (415) 875-2300
Facsimile:    (415) 281-1350

PATRICK E. PREMO (CSB NO. 184915)
*ppremo@fenwick.com*
DENNIS FAIGAL (CSB NO. 252829)
*dfaigal@fenwick.com*
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:   (650) 988-8500
Facsimile:    (650) 938-5200

Attorneys for Plaintiff
SUCCESSFACTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOFTSCAPE, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 08 1376 CW<br><br>**AMENDED [PROPOSED] ORDER TO PRESERVE DOCUMENTS** |

On March 27, 2008 at 2:00 P.M. in Courtroom 2, the Court heard Plaintiff SuccessFactors, Inc.'s ("SuccessFactors") Application for an Order Allowing Expedited Discovery and for Preservation of Evidence (Dkt. No. 12) with opposition by Defendant Softscape, Inc. ("Softscape") (Dkt. No. 24).  Having reviewed and considered all papers on file, including supplemental briefs,

1  and argument of counsel (Dkt. No. 71), and the matter having been submitted, the Court finds that
2  Plaintiff has presented good cause for preservation of documents, and Plaintiff's motion to preserve
3  documents is granted as follows:

4      1.    The Parties shall take reasonable steps to preserve documents, data, tangible
5  things, and other discoverable materials within the scope of Fed. R. Civ. P. 26(b) and 34(a) that
6  are known or reasonably likely to exist and are related to the issues presented by the action.

7      2.    "Documents, data, tangible things, and other discoverable materials" shall include, if
8  they exist, writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes,
9  electronic messages (including, without limitation, chat or instant messaging), voicemail, e-mail
10 and attachments, telephone message records or logs, electronically stored information ("ESI"),
11 computer and network activity logs, hard drives, backup data, removable computer storage media
12 such as PDAs, flash memory, CDs, DVDs, tapes, disks and cards, printouts, document image files,
13 web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills,
14 vouchers, checks, statements, itineraries, reimbursements, worksheets, summaries, compilations,
15 computations, charts, diagrams, graphic presentations, drawings, films, digital or chemical process
16 photographs, video, phonographic, tape or digital records or transcripts thereof, drafts, jottings and
17 notes, whether maintained on facilities provided by a Party or not.  Information that serves to
18 identify, locate, or link such material, such as file inventories, file folders, indices and metadata, is
19 also included in this definition.

20     3.    "Preservation" is to be interpreted to mean accomplishing the goal of maintaining
21 the integrity of all documents, data, tangible things, and other discoverable materials reasonably
22 anticipated to be subject to discovery in this action, including their metadata.  Preservation means
23 taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion,
24 shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well
25 as negligent or intentional handling that would make material incomplete or inaccessible.

26     4.    "Log" means a file that lists requests made to or transmissions from a server, that
27 lists who visited a server, or that lists a user's activities during such visits.  "Metadata" means
28

1  file-specific information showing changes or access or saves to a file, when that activity occurred,
2  and who changed or accessed or saved the file.

3  ~~4.~~5.   Counsel hereby confirm by their signature below that the business practices of any
4  Party involving the routine destruction, recycling, relocation, or mutation of such materials have
5  to the extent practicable for the pendency of this order, been revised either to:

6      a.   Halt such business processes;

7      b.   Sequester or remove such material from the business process; or

8      c.   Arrange for the preservation of complete and accurate duplicates or copies
9  of such material, suitable for later discovery if requested.

10  ~~5.~~6.   Counsel for the Parties hereby confirm that they have notified their clients of their
11  document preservation obligations pursuant to federal law.

12  ~~6.~~7.   Counsel for Defendant shall notify New Millenium Shoe (its employees and
13  consultants, including but not limited to Ely Valls and Javier Cruz), Lillian Watkins, Softscape's
14  agents, servants, and employees, and all persons acting under, in concert with, or for Softscape that
15  they must take all reasonable steps to locate and preserve all currently existing electronic and
16  physical documents, things, and information that may be relevant to this dispute.  Specifically,
17  Counsel for Defendant shall notify them that they must preserve evidence concerning, at a
18  minimum, the Presentation or communications involving New Millenium Shoe, Rick Vatcher,
19  David Watkins, Rick Watkins, Lillian Watkins, Dennis Martinek, wildgracks@yahoo.com, William
20  Hurley (or Hurly), williamhurly@hotmail.com, mwest@softscape.com, vallsely@hotmail.com, or
21  hcmknowledge2008a@gmail.com.

22  ~~7.~~8.   With no limitation on Softscape's obligations to preserve evidence generally,
23  Softscape and its agents, servants, and employees, and all persons acting under, in concert with,
24  or for them shall, for the period from December 1, 2007 through April 15, 2008,

25      a.   Preserve any historical logs or metadata showing access to the Presentation,
26         Softscape intranets, or other locations where the Presentation ever resided.

27      b.   Preserve any logs of external communications from Softscape computers
28         over the internet, including but not limited to logs showing employees' use

1             of third party e-mail systems such as MSN Hotmail, Google gmail (including

2             without limitation hcmknowledge2008a@gmail.com), and Yahoo! mail.

3     c.    Preserve logs of dynamically (or otherwise) assigned internal IP addresses

4             within Softscape.

5     d.    Preserve a true, bit-for-bit copy of any server(s) within Softscape's

6             possession, custody, or control, including but not limited to the IIS Intranet

7             Server, that ever had a copy of the Presentation or that allowed access to

8             transmitted the Presentation.

9     e.    Preserve all e-mail boxes, repositories, archives (including but not limited to

10            .pst files), profiles, and calendars for Softscape's executives, sales teams, and

11            other persons who accessed the Presentation, received a copy of the

12            Presentation, or participated in communications about the Presentation,

13            including without limitation Dave Watkins, Rick Watkins, Lillian Watkins,

14            Susan Mohr, Dennis Martinek, Rick Vatcher, William Hurley (or Hurly), and

15            any person using the email address mwest@softscape.com.

16     f.    Preserve all Softscape e-mail distribution lists, including without limitation

17            sales@softscape.com.

18     g.    Preserve all logs and a true copy of any shared resource, *e.g.*, Share Rooms,

19            eRooms, Intranets, used by dedicated to Softscape executive, sales or

20            marketing groups.

21     h.    Preserve any VPN and FTP logs.

22     i.    Make true, bit-for-bit copies of storage media of any computer (including

23            networked storage media and home and work computers) used by persons

24            who accessed to access the Presentation, received receive a copy of the

25            Presentation, or participated participate in communications about the

26            Presentation, including without limitation and in addition any laptop or

27            desktop computer used by Dave Watkins, Rick Watkins, Lillian Watkins,

28            Susan Mohr, Dennis Martinek, Rick Vatcher, William Hurley (or Hurly), and

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

any person using the email address mwest@softscape.com, and any person using IP addresses 98.216.168.122, 24.34.56.79, 82.108.171.66, 217.118.122.88, 62.140.137.160, 65.96.233.62, 65.96.237.54, or 74.94.170.178.  (Note:  This does not include Softscape's Corporate IP address (68.236.68.19).)

**GOOD CAUSE HAVING BEEN SHOWN IT IS SO ORDERED.**

Dated:  April ___, 2008

The Honorable Claudia Wilken
United States District Court Judge

*1283821*