IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUCCESSFACTORS, INC., a Delaware corporation,<br><br>         Plaintiff,<br><br>    v.<br><br>SOFTSCAPE, INC., a Delaware corporation; and DOES 1-10,<br><br>         Defendants.<br>_____/ | No. C 08-1376 CW<br><br>ORDER RE: EVIDENCE PRESERVATION ORDER, PROTECTIVE ORDER AND EXPEDITED DISCOVERY |

On April 1, 2007, the Court ordered the parties to meet and confer regarding a plan for the preservation of electronic evidence and to conduct their Federal Rule of Civil Procedure 26(f) conference to establish a mutually agreeable discovery plan. The parties have done so and have submitted supplemental briefs and proposed evidence preservation and protective orders.

I.   Evidence Preservation

The parties have each submitted a proposed evidence preservation order. The Court has adopted parts of each party's proposed order in the concurrently filed order. Plaintiff seeks to include several of Defendant's employees' home computers in the scope of the preservation order but has not provided the Court with any authority demonstrating that it may do so. Similarly, Plaintiff provides no authority for its request that the Court

include individuals who are not Defendant's employees within the scope of the preservation order. Therefore, the Court has eliminated references to home computers and adopted Defendant's proposed language requesting that "any non-party who may possess materials reasonably anticipated being subject to discovery take reasonable measures to preserve such material."

Plaintiff also argues that Defendant's counsel's assurance that she has directed her client to preserve evidence is not sufficient and seeks a provision requiring counsel to certify that their clients have taken certain steps. However, Plaintiff provides no authority for requiring outside counsel to make any such certification. The only case Plaintiff cites involves the remedy provided by a Delaware court after it found that Defendant had not complied with its discovery obligations. Therefore, the Court adopts Defendant's proposed language requiring counsel to certify that they have advised their clients of the various evidence preservation requirements. In addition, the Court orders Defendant's CEO Dave Watkins to submit a declaration under penalty of perjury that Defendant has taken the steps necessary to ensure that evidence is preserved.

Defendant has objected to various technical requests regarding electronic evidence included in Plaintiff's proposed order but has not provided alternative proposed terms. Plaintiff filed an amended version of its proposed order taking into account the concerns raised by Defendant's consultant. The Court has adopted some of Plaintiff's proposed language in paragraph ten of the concurrently filed evidence preservation order. To the extent that

1  Defendant's concerns are not adequately addressed by Plaintiff's
2  efforts and Defendant can in good faith argue that Plaintiff's
3  terms cannot be complied with or are unduly burdensome, Defendant
4  may seek relief from specific terms, first by stipulation and, if
5  necessary, by motion.
6  II.  Protective Order
7      The Court has adopted Defendant's proposed protective order.
8  It is not clear why any of Plaintiff's current or former employees
9  should be permitted to view documents designated as attorneys' eyes
10 only.  To the extent that Plaintiff can in good faith argue that it
11 needs its employees rather than outside experts to view specific
12 attorneys' eyes only documents, it may seek relief from the
13 protective order, first by stipulation and, if necessary, by
14 motion.
15 III. Expedited Discovery
16     Plaintiff argues that it needs expedited document production
17 because both parties seek shortened deadlines for depositions.
18 Plaintiff bases this argument on its concern that Defendant will
19 object to Plaintiff's document requests and prevent Plaintiff from
20 adequately preparing for the depositions.  Neither party explains
21 why they seek to expedite depositions.  With the entry of the
22 evidence preservation order, any need for expedited discovery has
23 dissipated.  Plaintiff's request for expedited discovery is denied.
24     IT IS SO ORDERED.

26 Dated:  4/23/08

   CLAUDIA WILKEN
   United States District Judge

3