IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUCCESSFACTORS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SOFTSCAPE, INC., a Delaware corporation; and DOES 1-10,<br><br>    Defendants.<br>_____/ | No. C 08-1376 CW<br><br>EVIDENCE PRESERVATION ORDER |

The Court hereby orders:

1. The parties shall take reasonable steps to preserve documents, data, tangible things, and other discoverable materials within the scope of Fed. R. Civ. P. 26(b) and 34(a) that are known or reasonably likely to exist and are related to the issues presented by the action.

2. "Identify" is to be interpreted to mean taking such reasonable steps as necessary to evaluate the locations where materials reasonably anticipated to be subject to discovery in this action may be stored.

3. "Locate" is to be interpreted to mean taking such reasonable steps as necessary to determine whether the locations

described in Paragraph 2, above, actually contain materials reasonably anticipated to be subject to discovery in this action.

4.   "Preservation" is to be interpreted to mean accomplishing the goal of maintaining the integrity of all documents, data, tangible things, and other discoverable materials reasonably anticipated to be subject to discovery in this action, including their metadata.  Preservation means taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

5.    "Documents, data, tangible things, and other discoverable materials" shall include, if they exist, writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages (including, without limitation, chat or instant messaging), voicemail, e-mail and attachments, telephone message records or logs, electronically stored information ("ESI"), computer and network activity logs, hard drives, backup data, removable computer storage media such as PDAs, flash memory, CDs, DVDs, tapes, disks and cards, printouts, document image files, web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, itineraries, reimbursements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, digital or

chemical process photographs, video, phonographic, tape or digital records or transcripts thereof, drafts, jottings and notes, whether maintained on facilities provided by a party or not.  Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices and metadata, is also included in this definition.

    6.    "Log" means a file that lists requests made to or transmissions from a server, that lists who visited a server, or that lists a user's activities during such visits.  "Metadata" means file-specific information showing changes or access or saves to a file, when that activity occurred, and who changed or accessed or saved the file.

    7.    Counsel are directed to inquire of their respective clients if the business practices of any party involve the routine destruction, recycling, relocation, or mutation of such materials and, if so, direct the party, to the extent practicable for the pendency of this order, either to:

        A.    Halt such business processes;

        B.    Sequester or remove such material from the business process; or

        C.    Arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

    8.    The lead counsel representing each party shall, within one week of this order, submit to the Court under seal and pursuant to

Fed. R. Civ. P. 11, a statement that the directive in paragraph 7, above, has been carried out.  In addition, Defendant's CEO Dave Watkins shall, within one week of this order, submit a declaration under penalty of perjury that such actions have been taken.

   9.   Counsel for the parties shall notify their clients of their document preservation obligations pursuant to federal law.  Counsel shall also exercise reasonable efforts to identify and request that any non-party who may possess materials reasonably anticipated being subject to discovery take reasonable measures to preserve such material.

   10.   With no limitation on Softscape's obligations to preserve evidence generally, Softscape and its agents, servants, and employees, and all persons acting under, in concert with, or for them shall, for the period from December 1, 2007 through April 15, 2008,

   a.   Preserve any historical logs or metadata showing access to the Presentation, Softscape intranets, or other locations where the Presentation ever resided.

   b.   Preserve any logs of external communications from Softscape computers over the internet, including but not limited to logs showing employees' use of third party e-mail systems such as MSN Hotmail, Google gmail (including without limitation hcmknowledge2008a@gmail.com), and Yahoo! mail.

4

      c.    Preserve logs of dynamically (or otherwise) assigned internal IP addresses within Softscape.

      d.    Preserve a true, bit-for-bit copy of any server(s) within Softscape's possession, custody, or control, including but not limited to the IIS Intranet Server, that ever had a copy of the Presentation or that transmitted the Presentation.

      e.    Preserve all e-mail boxes, repositories, archives (including but not limited to .pst files), profiles, and calendars for Softscape's executives, sales teams, and other persons who accessed the Presentation, received a copy of the Presentation, or participated in communications about the Presentation, including without limitation Dave Watkins, Rick Watkins, Lillian Watkins, Susan Mohr, Dennis Martinek, Rick Vatcher, William Hurley (or Hurly), and any person using the email address mwest@softscape.com.

      f.    Preserve all Softscape e-mail distribution lists, including without limitation sales@softscape.com.

      g.    Preserve all logs and a true copy of any shared resource, e.g., Share Rooms, eRooms, Intranets, dedicated to Softscape sales or marketing groups.

      h.    Preserve any VPN and FTP logs.

        i. Make true, bit-for-bit copies of storage media of any computer (including networked storage media and work computers) used by persons to access the Presentation, receive a copy of the Presentation, or participate in communications about the Presentation, and in addition any laptop or desktop computer used by Dave Watkins, Rick Watkins, Lillian Watkins, Susan Mohr, Dennis Martinek, Rick Vatcher, William Hurley (or Hurly), and any person using the email address mwest@softscape.com, and any person using IP addresses 98.216.168.122, 24.34.56.79, 82.108.171.66, 217.118.122.88, 62.140.137.160, 65.96.233.62, 65.96.237.54, or 74.94.170.178. (This does not include Softscape's Corporate IP address (68.236.68.19).)

IT IS SO ORDERED.

Dated: 4/23/08

                                  CLAUDIA WILKEN
                                United States District Judge