JESSICA L. GRANT (SBN 178138)
JAYESH HINES-SHAH (SBN 214256)
JONATHAN A. PATCHEN (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
E-mail: jgrant@tcolaw.com
E-mail: jhinesshah@tcolaw.com
E-mail: jpatchen@tcolaw.com

Attorneys for Defendant SOFTSCAPE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC., | Case No.: C-08-1376 (CW) |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| SOFTSCAPE, INC., | |
| Defendant. | |

This Order is meant to govern the use of, and protect from public disclosure, any non-public and confidential or proprietary information used or disclosed in this litigation.

**1.  PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as

confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.   DEFINITIONS**

    **2.1   Party:**  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    **2.2   Disclosure or Discovery Material:**  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    **2.3   "Confidential" Information or Items:**  Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).  This designation includes but is not limited to information which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is confidential and/or protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. This designation does not include information that was publicly known prior to disclosure, or that, after disclosure, becomes publicly known as a result of publication by one having right to do so.

    **2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items:** Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of competitive harm or serious injury that could not be avoided by less restrictive means. This designation includes but is not limited to trade secrets; technical data and other confidential research, development and production information relating to the products or technology at issue in this case; financial, commercial, product planning, engagement terms, and marketing information relating to the products or technology in this case; personal information; intellectual property protection strategies and practices; and industry

analyses.

**2.5** **"Highly Confidential – Outside Attorneys' Eyes Only" Information or Items:** Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of competitive harm or serious injury that could not be avoided by less restrictive means.  This designation shall include: (i) trade secret or confidential lists of customers or prospective customers or lists of their contact information or their confidential and proprietary information; (ii) trade secret or confidential pricing; (iii) trade secret or information related to existing or proposed company financing, partnerships or mergers and acquisitions; or (iv) any trade secret or confidential non-price business terms for business proposals or contracts with existing or potential customers, partners and prospects.

**2.6** **Receiving Party:**  A Party that receives Disclosure or Discovery Material from a Producing Party.

**2.7** **Producing Party:**  A Party or non-party that produces Disclosure or Discovery Material in this action.

**2.8** **Designating Party:**  A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential," "Highly Confidential — Attorneys' Eyes Only" or "Highly Confidential – Outside Attorneys' Eyes Only.

**2.9** **Protected Material:**  Any Disclosure or Discovery Material that is designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or as "Highly Confidential – Outside Attorneys' Eyes Only.

**2.10** **Outside Counsel:**  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

**2.11** **House Counsel:**  Attorneys who are employees of a Party.  For purposes of this Protective Order, it shall be Julian Ong for SuccessFactors, and Susan Mohr for Softscape.

**2.12** **Counsel (without qualifier):** Outside Counsel and House Counsel (as well as their support staffs).

**2.13** **Expert:**  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

TAYLOR & CO.
LAW OFFICES, LLP

3.

[PROPOSED] PROTECTIVE ORDER: CASE NO.  C-08-1376 (CW)

witness or as a consultant in this action and who is not a past or a current employee, officer or director of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee, officer or director of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.14    Professional Vendors:**  Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**2.15    Presentation:**  Exhibit 1 of the Declaration of Robert Bernshteyn in Support of Plaintiff's Ex Parte Application for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction (Dkt. No. 30).

## 3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## 4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, a court order otherwise directs, or the information is publicly disclosed as a result of publication by one having the right to do so.  The Court shall retain jurisdiction to enforce the terms of the Order for a period of six months after final termination of the action.

## 5.    DESIGNATING PROTECTED MATERIAL

**5.1    Exercise of Restraint and Care in Designating Material for Protection.**  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions

1 of the material, documents, items, or communications for which protection is not warranted are
2 not swept unjustifiably within the ambit of this Order.

3       a.     Mass, indiscriminate, or routinized designations are prohibited.
4 Designations that are shown to be clearly unjustified, or that have been made for an improper
5 purpose (e.g., to unnecessarily encumber or impede the case development process, or to impose
6 unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.
7 Counsel shall not designate any discovery material "CONFIDENTIAL", "HIGHLY
8 CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE
9 ATTORNEYS' EYES ONLY" without first making a good-faith determination that protection is
10 warranted.

11       b.     If it comes to a Party's or a non-party's attention that information or
12 items that it designated for protection do not qualify for protection at all, or do not qualify for the
13 level of protection initially asserted, that Party or non-party must promptly notify all other parties
14 that it is withdrawing the mistaken designation.

15       c.     Information or items concerning the following subjects are not to be
16 designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" including but not
17 limited to: (i) ownership/control of IP addresses 68.236.68.19, 82.108.171.66, 24.34.56.79 or
18 98.216.168.122 and the identity of any computer using those IP addresses; (ii) communication
19 from those IP addresses or Softscape, Inc. with SuccessFactors, Inc. servers; and (iii) the user
20 name "John Anonymous," associated e-mail address "hcmknowledge2008a@gmail.com," and all
21 communications from, with or concerning same.

22     **5.2**    **Manner and Timing of Designations.**  Except as otherwise provided in
23 this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or
24 ordered, material that qualifies for protection under this Order must be clearly so designated
25 before the material is disclosed or produced.  The Order shall apply to materials provided or
26 exchanged by the Parties prior to the signing of this Order.

27   Designation in conformity with this Order requires:
28       a.     <u>For information in documentary form</u> (apart from transcripts of

1  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend
2  "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or
3  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" at the bottom of each
4  page that contains protected material.  If only a portion or portions of the material on a page
5  qualifies for protection, the Producing Party also must clearly identify the protected portion(s)
6  (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level
7  of protection being asserted ("CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS'
8  EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY").
9         A Party or non-party that makes original documents or materials available for inspection
10 need not designate them for protection until after the inspecting Party has indicated which material
11 it would like copied and produced.  During the inspection and before the designation, all of the
12 material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
13 ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants
14 copied and produced, the Producing Party must determine which documents, or portions thereof,
15 qualify for protection under this Order, then, before producing the specified documents, the
16 Producing Party must affix the appropriate legend ("CONFIDENTIAL", "HIGHLY
17 CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE
18 ATTORNEYS' EYES ONLY") at the bottom of each page that contains Protected Material.  If
19 only a portion or portions of the material on a page qualifies for protection, the Producing Party
20 also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the
21 margins) and must specify, for each portion, the level of protection being asserted (either
22 "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or
23 "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY").
24              b.    <u>For testimony given in deposition or in other pretrial or trial</u>
25 <u>proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the
26 record, before the close of the deposition, hearing, or other proceeding, all protected testimony,
27 and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –
28 ATTORNEYS' EYES ONLY."   When it is impractical to identify separately each portion of

**TAYLOR & CO.**
**LAW OFFICES, LLP**

testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

    c. <u>For information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only" or "Highly Confidential – Outside Attorneys' Eyes Only."

  **5.3** **Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential," "Highly Confidential — Attorneys' Eyes Only" or "Highly Confidential – Outside Attorneys' Eyes Only," after the material was initially produced, the Receiving Party, on timely

notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1  Timing of Challenges.**  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2  Meet and Confer.**  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

**6.3  Judicial Intervention.** A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**TAYLOR & CO.**
**LAW OFFICES, LLP**

8.

[PROPOSED] PROTECTIVE ORDER: CASE NO.  C-08-1376 (CW)

## **7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1** **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below ("FINAL DISPOSITION"). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2** **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    a. the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    b. the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    d. the Court and its personnel;

    e. court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    f. during their depositions or at hearings, witnesses where it appears on the face of the document or other item or from other documents or testimony that the CONFIDENTIAL information or item has been received or authored by that witness, or communicated to that witness, or it otherwise appears on the face of the document or other item

that the document or item contains information about which it appears reasonably likely that the witness has discoverable information.  Witnesses shall not be permitted to retain copies of CONFIDENTIAL materials or exhibits.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

    g. the author of the document or the original source of the information.

  **7.3** **Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items.**  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

    a. the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    b. no more than one House Counsel of a Receiving Party who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), except that House Counsel may not have access to the following documents, which are to be labeled "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY" as defined in paragraph 2.5 of this Order;

    c. Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

    d. the Court and its personnel;

    e. court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

    f. the author of the document or the original source of the information.

**7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items to "Experts"**

a.    Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), and (4) lists any other cases or arbitrations in which the Expert has testified as an expert at trial or by deposition within the preceding four years.

b.    A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within five court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

c.    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve

1 the disclosure.

2 In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of
3 proving that the risk of harm that the disclosure would entail (under the safeguards proposed)
4 outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

5 **8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**
6 **OTHER LITIGATION.**

7 If a Receiving Party is served with a subpoena or an order issued in other litigation that
8 would compel disclosure of any information or items designated in this action as
9 "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or
10 "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY,"  the Receiving Party
11 must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event
12 more than three court days after receiving the subpoena or order.  Such notification must include a
13 copy of the subpoena or court order.

14 The Receiving Party also must immediately inform in writing the Party who caused the
15 subpoena or order to issue in the other litigation that some or all the material covered by the
16 subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must
17 deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that
18 caused the subpoena or order to issue.

19 The purpose of imposing these duties is to alert the interested parties to the existence of
20 this Protective Order and to afford the Designating Party in this case an opportunity to try to
21 protect its confidentiality interests in the court from which the subpoena or order issued.  The
22 Designating Party shall bear the burdens and the expenses of seeking protection in that court of its
23 confidential material — and nothing in these provisions should be construed as authorizing or
24 encouraging a Receiving Party in this action to disobey a lawful directive from another court.

25 **9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

26 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
27 Material to any person or in any circumstance not authorized under this Stipulated Protective
28 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

**TAYLOR & CO.**
**LAW OFFICES, LLP**

12.

[PROPOSED] PROTECTIVE ORDER: CASE NO.  C-08-1376 (CW)

unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10.  FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Specifically, a party filing materials under seal shall place the documents in a sealed envelope with instructions that the document is filed pursuant to the Stipulated Protective Order and that the envelope is not to be opened absent further order of the court. Additionally, the envelope should be labeled to identify the title of the case, the case number, and the title of the document.

### 11.  FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or

Case 4:08-cv-01376-CW   Document 89   Filed 04/23/2008   Page 14 of 15

constitute Protected Material remain subject to this Protective Order as set forth in Section 4 ("DURATION"), above.

### 12. NO WAIVER OF PRIVILEGE

If material subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a Party has inadvertently produced material subject to a claim of immunity or privilege, then promptly following that Party's written request identifying the material for which a claim of inadvertent production is made, that material shall be returned and all copies or reproductions of that material that may have been made shall be destroyed. The party returning such information may move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

### 13. MISCELLANEOUS

**13.1    Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**13.2    Right to Assert Other Objections.**  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO ORDERED.

4/23/08

DATED: _____        _____
                                  HONORABLE CLAUDIA WILKEN
                                  UNITED STATES DISTRICT COURT JUDGE

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order in the case of *SuccessFactors, Inc. v. Softscape, Inc.*, No. C 08-1376 CW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of

as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____