LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

PATRICK E. PREMO (CSB NO. 184915)
*ppremo@fenwick.com*
DENNIS M. FAIGAL (CSB NO. 252829)
*dfaigal@fenwick.com*
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:   (650) 988-8500
Facsimile:    (650) 938-5200

Attorneys for Plaintiff
SUCCESSFACTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> SOFTSCAPE, INC., a Delaware corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. CV 08-01376 CW <br><br> **NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Hearing Date: [May 8], 2008 <br> Time: [2:00 p.m.] <br> Courtroom: 2 <br> Judge: The Hon. Claudia Wilken <br><br> Date of Filing: April 28, 2008 <br> Trial Date: No Date Set |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER ........................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

INTRODUCTION ...................................................................................................................... 1

STATEMENT OF FACTS .......................................................................................................... 2

ARGUMENT ............................................................................................................................... 5

I.   THE SUBPOENAS ARE UNREASONABLE, OPPRESSIVE AND SEEK IRRELEVANT INFORMATION ............................................................................ 5

II.  TO THE EXTENT THAT ANY NARROWER SET OF INFORMATION IS SUBJECT TO DISCOVERY FROM THE CUSTOMER WITNESSES, SUCH CUSTOMER DISCOVERY SHOULD OCCUR ONCE—AFTER PRODUCTION OF THE PARTIES' INFORMATION. ............................................................... 10

CONCLUSION .......................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*American Standard, Inc. v. Pfizer, Inc.*,
    828 F.2d 734 (Fed. Cir. 1987)............................................................................................9

*Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*,
    231 F.R.D. 426 (M.D. Fla. 2005) ....................................................................................5, 7

*Barrington v. Mortage IT, Inc.*,
    No. 07-61304-CIV, 2007 U.S. Dist. LEXIS 90555 (S.D. Fla. Dec. 10, 2007).........................9

*Chambers v. Capital Cities/ABC*,
    159 F.R.D. 429 (S.D.N.Y. 1995) .........................................................................................11

*ConnectU v. Facebook*,
    2007 CV 10593 (D. Mass) ..................................................................................................9

*Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*,
    649 F.2d 646 (9th Cir. 1980) ..............................................................................................6

*Del Campo v. Kennedy*,
    236 F.R.D. 454, 459 (N.D. Cal. 2006) ................................................................................5

*In re Ashworth, Inc.*, Sec. Litig.,
    No. 99-cv-0121, 2002 U.S. Dist. LEXIS 27991 (S.D. Cal. May 10, 2002) ..........................7

*Johnson v. N.Y. Univ. Sch. Of Educ.*,
    205 F.R.D. 433 (S.D.N.Y. 2002) .........................................................................................6

*Mannington Mills, Inc. v. Armstrong World Indus.*,
    206 F.R.D. 525 (D. Del. 2002) ............................................................................................9

*Platinum Air Charters, LLC v. Aviation Bentures, Inc.*,
    No. 2:05-cv-01451, 2007 U.S. Dist. LEXIS 2298 (D. Nev. Jan. 10, 2007) ..........................8

*Rivera v. Nibco, Inc.*,
    364 F.3d 1057 (9th Cir. 2004) ............................................................................................6

*Springbrook Lenders v. Northwestern Natl. Ins. Co.*,
    121 F.R.D. 679 (N.D. Cal. 1988) ........................................................................................5

*U.S. v. CBS, Inc.*,
    103 F.R.D. 365 (C.D. Cal. 1984) ........................................................................................6

*Whittall v. Henry Schein, Inc.*,
    No. S-05-1629, 2006 U.S. Dist. LEXIS 96622 (9th Cir. April 5, 2006)................................5

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(b) ............................................................................................................5, 11

Fed. R. Civ. P. 26(c) ...............................................................................................................1, 5

Fed. R. Civ. P. 26(d) ...............................................................................................................1, 6

Fed. R. Civ. P. 26(g) ....................................................................................................................9

# NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 8, 2008, or as soon thereafter as the matter may be heard,[1] at the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, California, in the Courtroom of The Honorable Claudia Wilken, Plaintiff SuccessFactors, Inc. ("SuccessFactors") will and hereby does move the Court pursuant to Federal Rules of Civil Procedure 26(c)(1) and (d)(2)(A) for a protective order:  (i) to prevent inappropriate discovery of information sought by subpoenas on third parties Sears, Roebuck and Co. ("Sears"), Harris Williams & Co. ("Harris Williams"), Intelsat Corporation ("Intelsat"), and ICMA-RC Services, Inc. ("ICMA") (collectively the "Customer Witnesses") issued by Defendant Softscape, Inc. ("Softscape"); and, (ii) to sequence this third-party discovery "for the parties' and witnesses' convenience and in the interests of justice," such that discovery from SuccessFactors' customers will occur, if necessary, after production of related relevant information by the parties in this action. SuccessFactors makes this motion on the following grounds:

- any relevant and unobjectionable information sought by the subpoenas will overlap substantially with information to be produced by Softscape and SuccessFactors in this litigation, making it appropriate that the inquiry from the Customer Witnesses consist of one (not multiple) production and deposition after (not before) the parties' productions of information; and

- the subpoenas are overly broad, oppressive, and harassing and seek irrelevant but highly sensitive information of SuccessFactors and the Customer Witnesses, warranting a narrowing of the subpoenas if not their quashing altogether.

The return date on the first subpoena is May 8, 2008.  Despite Plaintiff's efforts to meet and confer on these subpoenas and request that Softscape extend the return dates to avoid burdening the Court with an expedited motion, Plaintiff has refused to agree to any extension beyond two business days (to May 12, 2008), thereby necessitating this motion be heard by May 8.

SuccessFactors' Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the Declarations of Patrick Premo and Robert Bernshteyn

---

[1] The hearing date is subject to the Court's approval of the stipulation and [proposed] order setting briefing and hearing schedule filed herewith.

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; SUPPORTING MEMORANDUM   -1-   CASE NO. CV 08-01376 CW

filed concurrently herewith, the pleadings and papers on file in the action, and on such other and further argument and evidence as the Court may consider on this matter.

Dated: April 29, 2008              FENWICK & WEST LLP

                                   By:    /s/ Patrick E. Premo
                                          Patrick E. Premo
                                          Attorneys for Plaintiff
                                          SUCCESSFACTORS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

In a classic "Rambo"-style discovery tactic (which one hoped had gone out of fashion with the movie), Softscape has targeted SuccessFactors' customers for immediate, intrusive, irrelevant, and unnecessary discovery. Softscape has served, as its opening salvo, four overbroad and harassing subpoenas to SuccessFactors' customers Sears, Roebuck and Co. ("Sears"), Harris Williams & Co. ("Harris Williams"), Intelsat Corporation ("Intelsat"), and ICMA-RC Services, Inc. ("ICMA") (collectively the "Customers" or "Customer Witnesses"). The subpoenas demand documents and testimony from the Customers, inquiring generally into SuccessFactors' business relationships with these Customers including proposals, budgets, contracts, implementations, and uses of SuccessFactors' products. Nothing in the pleadings makes information of this scope relevant.

Moreover, Softscape has demanded this information from third parties before either of the parties has itself produced any discovery in this action. Specifically, SuccessFactors has asked for (but not yet received) documentation of Softscape's communications with the Customers, which Softscape claims supports its attribution to the Customers of the disparagements Softscape made in the Presentation. If and when the Customers are deposed, Softscape's communications with them will need to be a subject of inquiry. Conversely, Softscape has demanded from SuccessFactors the very documents it requests from the Customers here. The return date for Softscape's document productions range from May 1 through May 19; the return date for SuccessFactors' production is May 19. Yet despite the fact that the Customer Witnesses will need to be questioned about the materials the parties produce, Softscape has refused to sequence the Customers' depositions to occur after the parties' production. The result would be to require the Customers to be deposed multiple times, both now and after the parties' own productions.

Further, by accelerating the Customer Witnesses' discovery before resolution of document production by the parties, Softscape seeks to obtain through the back door what may be barred through the front. Softscape's subpoenas seek SuccessFactor's competitively sensitive information about products, contracts, and customer relationships—the exact same documents it previously

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; SUPPORTING MEMORANDUM        -1-        CASE NO. CV 08-01376 CW

1  requested from SuccessFactors.  The scope of production of such information—whether it lies in
2  the hands of SuccessFactors or its customers—should be worked out in an orderly fashion applying
3  to all discovery, not grabbed through the back door via an accelerated proceeding.
4       The tactics at play here could scarcely be more transparent.  There is no true urgency to
5  obtaining discovery from these Customers.  Customer discovery should be the last resort, not the
6  first.  Other than to harass and interfere with SuccessFactors' relationships, there is no reason to
7  insist on multiple depositions of the Customers, to subject them (and SuccessFactors) to overbroad
8  subpoenas, and to accelerate third party discovery to the front of the queue.
9       SuccessFactors therefore respectfully requests the Court to order that the Subpoenas' return
10  date shall be extended until completion of the parties' own productions of materials relating to
11  these Customers, with the scope of production and depositions under the subpoenas to be limited to
12  the scope of issues raised about these customers in the statements attributed to them in the
13  Presentation.

## STATEMENT OF FACTS

15       On or about April 21, 2008, Softscape provided SuccessFactors with notice of four
16  subpoenas Softscape intended to serve on third parties that are or were SuccessFactors' customers.
17  Substantially identical subpoenas for deposition of Sears, Harris Williams, Intelsat, and ICMA seek
18  information related to details about the Customers' business relationships with SuccessFactors,
19  SuccessFactors' implementations of its software products and other solutions, and the Customers'
20  experience with SuccessFactors' products.  Declaration of Patrick Premo in Support of Plaintiff
21  SuccessFactors' Motion for Protective Order ("Premo Decl."), Exs. 2 – 5.  Although each subpoena
22  includes a single document request, each seeks "all documents including but not limited to
23  proposals, contracts and budget information, concerning the implementation or attempted
24  implementation of SuccessFactors' product(s)."  *Id.*  The information Softscape seeks would
25  include competitive information about pricing, confidential proposals and contracts, and the
26  functionality of SuccessFactors' products.
27       However, the information sought is *not* limited to the statements associated with Sears,
28  Harris Williams, Intelsat, and ICMA and included in the PowerPoint presentation authored by

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Softscape ("Presentation") that is at issue in this litigation. Nor is the information sought even limited to the *products* at issue in those statements.

In fact, the statements in the Presentation that relate to the Customer Witnesses purport to describe their experiences with particular SuccessFactors' products, issues far narrower than the subpoenas address. Specifically:

- The Presentation states that Sears ended a project involving SuccessFactors' compensation plan services. Declaration of Robert Bernshteyn in Support of Plaintiff's *Ex Parte* Application for a Temporary Restraining Order, Docket No. 30, Ex. 1.

- The Presentation purports to describe Harris Williams' experience with SuccessFactors' "360 review" products, addressing the distribution of monthly upgrades and the products' functionality for inclusion of comments in final reports. *Id.*

- The Presentation purports to describe Intelsat's experience with the implementation of SuccessFactors' "PM," "Comp" and ASP products, particularly the associated costs and Intelsat's budget for the implementation. *Id*.

- Finally, the Presentation describes ICMA's purported experience with how SuccessFactors' products deal with employee and manager changes. *Id.*

Although the Presentation does contain slides purporting to describe the Customer Witnesses' experience, the actual Complaint in this action includes no allegation related to three of the customers: Harris Williams, Intelsat, and ICMA. The only allegations in the complaint pertaining to *any* of the Customer Witnesses relate to the Presentation's suggestion that Sears "Pulled the Plug" on an entire project, even though Sears in fact remains an active customer of SuccessFactors. There is simply nothing in the complaint focused on any allegations regarding Harris Williams, Intelsat, or ICMA in particular.

Softscape has requested from SuccessFactors information identical to that demanded in the subpoenas to these Customers. *See* Softscape's First Request for Production of Documents Propounded to Plaintiff SuccessFactors, Inc. ("First Request for Production"). Premo Decl., Ex. 20. Specifically, Softscape's Request for Production No. 7 requests "[a]ll documents, including but not limited to contracts and budget information, concerning the implementation or attempted

implementation of SuccessFactors' product(s) for Harris Williams, ICMA Retirement, Intelsat, . . . or Sears for the period January 1, 2005 to the present." *Id*. Even more broadly, request for Production No. 8 requests "[a]ll documents and communications concerning customer satisfaction or dissatisfaction with SuccessFactors' products or services." *Id*. SuccessFactors has not yet responded to these requests, which were only served on April 18. It is safe to assume, however, that the parties will meet and confer or there will be, if necessary, motion practice between the parties directly to attempt to refine the breadth of Softscape's requests.

SuccessFactors also has pending requests to Softscape for information relating to its contact with these Customers in preparing the Presentation. *See* Premo Decl., Ex. 1.[2] That Softscape contacted these Customers in the course of preparing the Presentation appears to be undisputed. CEO, Dave Watkins, submitted a declaration that the Presentation included "information I and other Softscape employees received from current and former SuccessFactors customers" and that "I believe the information I received from these customers is truthful and accurate"—although Watkins refused to identify his sources. *See* Watkins Decl. In Opp. to Plaintiffs Motion to Strike [Docket No. 58] ¶ 5. Although SuccessFactors has been requesting this information since it filed its complaint on March 11, 2008, Softscape to date has not produced any of its communications with these (or other) Customers.

Counsel for the parties conferred on April 25, 2008, to discuss the disputes over the scope and timing of the Customer Witness subpoenas and to attempt to establish a briefing schedule, reasonable limitations on the information sought, practical timing for deposing third parties, and to avoid motion practice. Premo Decl. ¶ 11. Softscape's counsel agreed to confer with her client about potential resolutions that would continue the return date on the subpoenas until after the parties' production of documents. Premo Decl. ¶ 13 and Ex. 6. Thereafter, however, Softscape's counsel advised that Softscape refused to agree to such an extension or any narrowing of the

---

[2] SuccessFactors' First Set of Requests for Production of Documents and Things (Nos. 1-16), Document Request No. 6 requests "ALL COMMUNICATIONS between SOFTSCAPE and Sears, . . . Intelsat, . . . ICMA Retirement, [and] Harris-Williams . . . regarding SUCCESSFACTORS, its products, services, employees, business, or actual or prospective customers."

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; SUPPORTING MEMORANDUM           -4-           CASE NO. CV 08-01376 CW

1  production. *Id*. Softscape did eventually agree to continue the return date on the Sears subpoena
2  two business days, from Thursday May 8 to Monday May 12, in order to allow the parties to brief
3  the matter and obtain a date on the Court's calendar before the first return date. But Softscape
4  refused to agree to postpone the subpoenas to allow the motion to be heard on ordinary time, or to
5  agree to postpone the depositions of SuccessFactors' Customers until the parties completed
6  production of documents.

**ARGUMENT**

**I.    THE SUBPOENAS ARE UNREASONABLE, OPPRESSIVE AND SEEK IRRELEVANT INFORMATION.**

In order to be discoverable, information sought must be "relevant to a[] party's claim or defense" and not privileged. Fed. R. Civ. P. 26(b)(1). The scope of the pleadings define the scope of relevancy. *Whittall v. Henry Schein, Inc.*, No. S-05-1629, 2006 U.S. Dist. LEXIS 96622 at ** 6-7 (9th Cir. April 5, 2006) (noting that the advisory committee comments make clear that the 2000 amendments narrowed the scope of discovery to the claims and defenses identified in the pleadings, subject to the Court's discretion on good cause shown).

Even if relevant, upon a showing of good cause, this Court may order that the discovery of information not be had or, alternatively, that the disclosure or discovery be had only upon specified terms and conditions. *Id*. Additionally, "Upon motion by a party or by the person from whom discovery is sought, . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). It is black letter law that SuccessFactor, as a party, has standing to seek a protective order under Rule 26(c) based on the content or timing of a third party subpoena. *Auto Owners Ins. Co. v. Southeast Floating Docks, Inc*. 231 F.R.D. 426 (M.D. Fla. 2005) ("As parties, Defendants clearly have standing to move for a protective order if the subpoenas seek irrelevant information."); *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006) (holding that the movant (a party) had standing to "show good cause why the court should issue a protective order" under Rule 26(c) because the discovery sought related directly to the movant); *Springbrook Lenders v. Northwestern Natl. Ins. Co.*, 121 F.R.D.

1  679, 680 (N.D. Cal. 1988) (holding that a party "does have standing to object to [the] subpoena of a
2  third party" because "[a] party may request that the court make an order for its protection" under
3  Rule 26(c)).

4      The Court is also specifically empowered to limit the sequence and types of discovery
5  "for the parties' and the witnesses' convenience and in the interests of justice." Fed. R. Civ. P.
6  26(d)(2)(A). *See Johnson v. N.Y. Univ. Sch. Of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002)
7  (court has the power to "control the timing and sequence of discovery pursuant to Federal Rule of
8  Civil Procedure Rule 26(d)"). Moreover, even greater consideration of the witnesses'
9  convenience adheres in limiting discovery when involving non-parties. *See, e.g.*, *Dart Indus. Co.,*
10 *Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646 (9th Cir. 1980) (restrictions on discovery are
11 greater when a non-party is the target).

12     In this case, good cause for a protective order is easily shown because the harm that
13 SuccessFactors will suffer from enforcement of the subpoenas as served outweighs the benefits to
14 Softscape. *Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1063-64 (9th Cir. 2004) (a protective order is
15 justified where the harm or prejudice of the discovery outweighs the non-movant's interest in the
16 discovery). In the first place, third parties unfamiliar with the litigation and without a stake in its
17 outcome are particularly vulnerable to abusive discovery tactics. *See Dart Indus. Co., Inc.*, 649
18 F.2d at 649 (recognizing that third parties that are the target of discovery are susceptible to
19 harassment). Softscape has taken advantage of this vulnerability by serving the Customer
20 Witnesses with overly broad and duplicative discovery, thereby interfering with SuccessFactors'
21 business relationships with these Customers. Inflicting costly discovery obligations on
22 Customers, three of whom are not even mentioned in the Complaint, allows Softscape
23 unjustifiably to punish Customers for their relationship with SuccessFactors.[3]

---

[3] There is no doubt that becoming embroiled in discovery imposes substantial burdens on third parties. Along with legal costs, third-parties are burdened with having to devote employee time and company resources to preserving, collecting, and producing responsive documents to the subpoena that could otherwise be used conducting normal business activities. Further, the time taken conducting the deposition robs the third party of productivity the deponent would otherwise provide. *See U.S. v. CBS, Inc.*, 103 F.R.D. 365 (C.D. Cal. 1984).

NOTICE OF MOTION AND MOTION FOR PROTECTIVE     -6-     CASE NO. CV 08-01376 CW
ORDER; SUPPORTING MEMORANDUM

Furthermore, there is no benefit to the disclosure of the irrelevant information sought by the subpoenas; their overbreadth further justifies a protective order. *See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429-430 (M.D. Fla. 2005) (holding that good cause for a protective order exists where the discovery requests of non-parties was grossly overbroad and sought irrelevant information). As noted above, of the four Customers subpoenaed, only Sears is even mentioned in the Complaint. The Sears subpoena's deposition topics include "*any* [SuccessFactors] product implementations . . . during the period January 1, 2005 to present" (emphasis added). Premo Decl., Ex. 2. In the Presentation, however, the allegedly false, misleading, and defamatory statements with respect to Sears are limited to Softscape's representation that "After 6 months, Sears Pulled the Plug on the entire [compensation plan] project." Declaration of Robert Bernshteyn in Support of Plaintiff's *Ex Parte* Application for a Temporary Restraining Order, Docket No. 30, Ex. 1. Therefore, details of budgets and proposals, as well as the implementations of other SuccessFactors products besides compensation plans during this period, are irrelevant and should be excluded from discovery. *See In re Ashworth, Inc.*, No. 99-cv-0121, 2002 U.S. Dist. LEXIS 27991 at **15-17 (S.D. Cal. May 10, 2002) (holding that discovery requests for information not narrowly limited to supporting the claims or defenses of the litigation are overbroad).

With respect to the Customers other than Sears, it is not clear why any discovery is necessarily relevant. Defendant apparently wants to attempt to prove that it believed that the statements made in the Presentation as to these Customers are accurate. But where SuccessFactors has not relied on these statements in the Complaint, and with Softscape having not yet produced any of its own communications with these Customers, there is not yet any basis to understand that there is anything relevant to be gleaned from imposing on these Customers for depositions. In the absence of relevancy to any claim or defense, the subpoenas should be quashed.

At most, if there were any issue potentially relevant to the non-Sears' Customers, it would be whether or not the statements in the Presentation were truthfully or falsely attributed to them. This is not a lawsuit over non-performance of software or customer complaints; it is a lawsuit about

1  whether or not Softscape made false statements in advertising. SuccessFactors has not alleged that
2  statements *outside* the Presentation constituted defamation of false advertising. Any discovery
3  should thus be limited to the facts tending to reflect the truth or falsity of the actual statements
4  attributed to the Customer Defendants in the Presentation. By contrast, the Harris Williams,
5  Intelsat, and ICMA subpoenas are not limited to information related to such statements. As
6  mentioned above, the Presentation describes Harris Williams' experience with SuccessFactors'
7  "360 review" products; Intelsat's experience with SuccessFactors' PM, Comp, and/or ASP
8  products; and ICMA's experience with SuccessFactors' products' handling of changes in job
9  positions of employees and/or managers during a calendar year. Despite the restriction of
10 statements in the Presentation to these specific products, the subpoenas request evidence of
11 experiences with "any" implementation of any SuccessFactors products. Premo Decl. ¶ 5, and
12 Exs. 2-5. As such, these subpoenas seek irrelevant evidence and are likewise overbroad.

13       Additionally, the four subpoenas request highly sensitive information in requesting turnover
14 to a competitor of "[a]ll documents, including but not limited to proposals, contracts and budget
15 information, concerning the implementation or attempted implementation of any SuccessFactors'
16 product(s)." Declaration of Robert Bernshteyn in Support of Plaintiff SuccessFactors' Motion for
17 Protective Order ¶¶ 5-9. This critically sensitive financial information has nothing to do with the
18 veracity or defamatory nature of the statements authored by Softscape with respect to Sears, Harris
19 Williams, and ICMA.[4] To be sure, the Court has entered a protective order that is designed to
20 prevent the turnover of this information to Softscape's business personnel. But the highly sensitive
21 nature of this information calls for particular caution in requiring production, even subject to a
22 protective order. The best of intentions does not prevent errors or lapses, either by counsel or by

---

4  *See Platinum Air Charters, LLC v. Aviation Bentures, Inc.*, No. 2:05-cv-01451, 2007 U.S. Dist. LEXIS 2298 at *13 (D. Nev. Jan. 10, 2007) (holding that discovery by competitor of records of movant's pricing information to third party customers are entitled to protection under a protective order).

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  inadvertent disclosure by the Court.[5]  Where extremely sensitive information such as customer
2  contracts, deal terms, and financial relationships is in the mix, its disclosure should not be required
3  absent proof of necessity to the litigation.  *See Barrington v. Mortage IT, Inc.,* No. 07-61304-CIV
4  2007 U.S. Dist. LEXIS 90555 (S.D. Fla. Dec. 10, 2007) (Granting motion to quash subpoenas
5  issued to third parties as irrelevant despite noting that confidentiality concerns may be addressed
6  with an appropriate protective order because, where the "relevancy [of discovery sought] is not
7  apparent, the burden is on the party seeking discovery to show the relevancy of the discovery
8  request"); *see also Mannington Mills, Inc. v. Armstrong World Indus.*, 206 F.R.D. 525, 530-531 (D.
9  Del. 2002) (granting motion to quash, holding potential exposure during trial of materials produced
10 under protective order constitutes harm outweighing need for evidence; "[a] protective order which
11 limits to whom information may be disclosed does not eliminate the requirement of relevance and
12 need"); *see also American Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987) (the
13 court upheld the district court's denial of the discovery of confidential sales information despite the
14 existence of a protective order).

The overly broad categories of information sought in Topics 1 and 3 and Document Request No. 1 by the subpoenas fail to evoke any relevance to the particular claims in the complaint.  Subpoenas so crudely crafted stand in violation of Rule 26(g) of the Federal Rules of Civil Procedure which requires Softscape's counsel to certify that the discovery requests were "neither unreasonable nor unduly burdensome."

---

[5]  One presumes care and efficiency by staff of the Court and hopes for it from opposing counsel, experts and their numerous staff who deal with confidential information.  Nonetheless, mistakes happen in handling confidential documents, even if infrequently exposed, further warranting particular care in ordering their production where not relevant to the issues.  In one recent example, the First Circuit clerk's office apparently provided to the press the entire contents of matters filed under seal in the court below—resulting in publication of confidential materials sealed under court order that could never be reclaimed into confidentiality.  *See ConnectU v. Facebook*, 2007 CV 10593 (D. Mass) Docket 170 (declaration scribing reporter's ability to obtain confidential information from Court files)

**II.   TO THE EXTENT THAT ANY NARROWER SET OF INFORMATION IS SUBJECT TO DISCOVERY FROM THE CUSTOMER WITNESSES, SUCH CUSTOMER DISCOVERY SHOULD OCCUR ONCE—AFTER PRODUCTION OF THE PARTIES' INFORMATION.**

Even if the Court finds that Softscape's subpoenas seek relevant information of the Customer Witnesses after it narrows the scope of discoverable information, there is no good reason for the Customers' depositions to be accelerated before the parties' own productions of information. The Customer depositions should occur only *after* Softscape and SuccessFactors have first produced their information related to the Customer Witnesses.

SuccessFactors' First Set of Requests for Production of Documents includes requests for communications between the Customer Witnesses and Softscape regarding SuccessFactors' products and services, Premo Decl., Ex. 1. These are the very communications that Softscape claims to be the bases for the statements in the Presentation, and about which SuccessFactors will need to question the Customer Witnesses. Watkins Decl. ISO Motion To Strike, Docket No. 58 ¶ 5. The return date for Softscape's production is May 1, 2008; SuccessFactors has yet to receive any documents.

Softscape has also requested documents of identical (and even more expansive) scope than the subpoenas related to the Customer Witnesses from SuccessFactors. Premo Decl., Ex. 20. SuccessFactors' return date for production to Softscape is May 19, 2008. To the extent that there is anything relevant in these documents, the Customer Witnesses will also have to be questioned about them.

Despite these pre-existing discovery requests, Softscape insists on taking a first deposition of the Customer Witnesses before the relevant documents are produced. Softscape has scheduled the depositions of Sears, Harris Williams, Intelsat, and ICMA to occur on May 8, 16, 22, and 23, respectively. Premo Decl., Ex. 2-5. This schedule provides no time beforehand for SuccessFactors to obtain and review the documents that it has been requesting from Softscape for over a month. It also allows no time for Softscape to review SuccessFactors' documents. If Softscape were allowed to retain this unreasonable schedule, the third parties will have to be deposed multiple times—both before and after the parties' production. This is highly inefficient,

obviously unnecessary, and not in the interest of justice or the convenience of the parties or witnesses. This Court has already denied expedited discovery. There is certainly no urgency to receipt of the Customers' information at this time. The only apparent purpose for Softscape's insistence on such an arbitrary schedule is to multiply the proceedings and harass SuccessFactors and its Customers. This approach is not only inefficient, but inconsistent with Local Rule 30-1, which requires that "a party noticing a deposition of a witness who is not a party or affiliated with a party must also meet and confer about scheduling." Softscape's counsel never met and conferred to coordinate the deposition dates, and only grudgingly moved the return date for Sears two days in order to allow this motion to be made first.

Accordingly, the Court should exercise its broad power under Federal Rule of Civil Procedure 26(d)(2)(A) by postponing discovery from the Customer Witnesses until after the parties' own discovery is complete. *See Chambers v. Capital Cities/ABC*, 159 F.R.D. 429, 431 (S.D.N.Y. 1995) ("It is desirable in minimizing the cost and expenditure of time of all involved if document production relevant to a particular witness is completed prior to deposition of that witness."). Postponing the deposition testimony will allow the depositions to occur once (if necessary) on a complete documentary record.

Postponing production of documents until after the parties' discovery will also serve a salutary effect, as it appears clear that there will be many issues that need to be worked out as to the scope of discovery between the parties. It makes sense to resolve those issues before imposing on third parties obligations to search for, collect, and produce documents unguided by the parties' agreements (or, if necessary, direction from the Court). Softscape seeks to dig deeply into the confidential information in the hands of SuccessFactors' customers because of its purported relevancy to this litigation. The Customers, of course, are unfamiliar with the particulars of this litigation. The scope of discovery should be addressed in the first instance between the parties who do know the particulars, and who will need to reach an accord, whether by consent or judicial order.

In this context, Softscape's subpoenas also violate Federal Rule of Civil Procedure 26(b) because the discovery sought is unreasonably cumulative, duplicative, and/or obtainable from a

source (SuccessFactors) that is more convenient, less burdensome, or less expensive. The four subpoenas' requests for production of documents duplicate verbatim Softscape's First Request for Production. There is no reason to fight the battle over the scope of the subpoenas when this cannot obviate the need to fight the battle over the prior, first request for production of documents.

Moreover, if Softscape would first resolve the issues with respect to SuccessFactors' production of documents, it will receive some, if not all, of the documentation that is relevant and discoverable directly from the Customer Witnesses. Instead, by insisting on pursuing the same information in multiple request, Softscape has failed to exhaust the less intrusive methods of obtaining the information it seeks from these third parties in violation of Rule 26(b)(2) of the Federal Rules of Civil Procedure.

## **CONCLUSION**

For the foregoing reasons, Plaintiff SuccessFactors respectfully requests that this Court enter a protective order to preclude the production of information in response to the Sears, Harris Williams, Intelsat, and ICMA subpoenas; to require that any discovery from these third parties occur after completion of production of information by the parties; and to limit the scope of any discovery ultimately provided the allegations of the Complaint, as described in the attached Proposed Order.

Dated: April 29, 2008                                FENWICK & WEST LLP


By:    /s/ Patrick E. Premo
       Patrick E. Premo
       Attorneys for Plaintiff
       SUCCESSFACTORS, INC.

*1284560*

1  LAURENCE F. PULGRAM (CSB No. 115163)
   lpulgram@fenwick.com
2  LIWEN A. MAH (CSB No. 239033)
   lmah@fenwick.com
3  FENWICK & WEST LLP
   555 California Street, 12th Floor
4  San Francisco, CA  94104
   Telephone: (415) 875-2300
5  Facsimile:  (415) 281-1350

6  PATRICK E. PREMO (CSB NO. 184915)
   *ppremo@fenwick.com*
7  DENNIS M. FAIGAL (CSB NO. 252829)
   *dfaigal@fenwick.com*
8  FENWICK & WEST LLP
   Silicon Valley Center
9  801 California Street
   Mountain View, CA  94041
10 Telephone:  (650) 988-8500
   Facsimile:   (650) 938-5200
11
   Attorneys for Plaintiff
12 SUCCESSFACTORS, INC.

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                    OAKLAND DIVISION

16

17 | SUCCESSFACTORS, INC., a Delaware | Case No. CV 08-01376 CW
   | corporation,                    |
18 |                                 | **[PROPOSED] ORDER GRANTING MOTION FOR PROTECTIVE ORDER**
19 |         Plaintiff,              |
   |                                 | Courtroom:    2
20 |                                 | Judge:        The Hon. Claudia Wilken
21 |      v.                         |
   |                                 | Date of Filing: April 28, 2008
22 | SOFTSCAPE, INC., a Delaware     | Trial Date:     No Date Set
   | corporation; and DOES 1-10, inclusive, |
23 |                                 |
   |        Defendants.              |
24

25 / / /

26 / / /

27 / / /

28        On _____, 2008 at _____, the Court heard Plaintiff SuccessFactors, Inc.'s

Motion for Protective Order on shortened time with opposition by Defendant Softscape, Inc. Having considered the Motion, respective briefs, declarations, exhibits and other arguments submitted by the parties, and good cause appearing thereof, the Court hereby GRANTS Plaintiff's Motion for Protective order and ORDERS as follows:

     1.     The return date on Softscape's third party subpoenas issued on April 21, 2008 to third parties, Sears, Roebuck, Inc., Harris Williams & Co., Intelsat Corporation, and ICMA-RC Services, Inc. shall be continued and compliance stayed until the parties have fully complied with currently outstanding written discovery and completed the depositions of 30(b)(6) witnesses that have been noticed to date;

     2.     The deposition topics and documents requested in the Sears subpoena shall be limited to the statements attributed to Sears contained in the PowerPoint presentation entitled "The Naked Truth" authored by Softscape, Inc.;

     3.     [The deposition topics and documents requested in the Harris Williams subpoena shall be limited to the statements attributed to Harris Williams contained in the PowerPoint presentation entitled "The Naked Truth" authored by Softscape, Inc.;]

     4.     [The deposition topics and documents requested in the Intelsat subpoena shall be limited to the statements attributed to Intelsat contained in the PowerPoint presentation entitled "The Naked Truth" authored by Softscape, Inc.; and]

     5.     [The deposition topics and documents requested in the ICMA-RC subpoena shall be limited to the statements attributed to ICMA-RC contained in the PowerPoint presentation entitled "The Naked Truth" authored by Softscape, Inc.]

**IT IS SO ORDERED.**

Dated: _____, 2008

                                        The Honorable Claudia Wilken
                                        United States District Court Judge

*1284564*