1    LAURENCE F. PULGRAM (CSB NO. 115163)
     *lpulgram@fenwick.com*
2    LIWEN A. MAH (CSB NO. 239033)
     *lmah@fenwick.com*
3    FENWICK & WEST LLP
     555 California Street
4    San Francisco, CA  94104
     Telephone:    (415) 875-2300
5    Facsimile:    (415) 281-1350

6    PATRICK E. PREMO (CSB NO. 184915)
     *ppremo@fenwick.com*
7    DENNIS FAIGAL (CSB NO. 252829)
     *dfaigal@fenwick.com*
8    FENWICK & WEST LLP
     Silicon Valley Center
9    801 California Street
     Mountain View, CA  94041
10   Telephone:    (650) 988-8500
     Facsimile:    (650) 938-5200
11
     Attorneys for Plaintiff
12   SUCCESSFACTORS, INC.

13

14                   UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16                        OAKLAND DIVISION

17

18   SUCCESSFACTORS, INC., a Delaware        Case No. CV 08 1376 CW
     corporation,
19                                           **DECLARATION OF PATRICK PREMO IN
                   Plaintiff,                SUPPORT OF PLAINTIFF SUCCESSFACTORS'
20                                           MOTION FOR PROTECTIVE ORDER AS TO
     v.                                      THIRD PARTY SUBPOENAS ISSUED BY
21                                           DEFENDANT SOFTSCAPE, INC.**
     SOFTSCAPE, INC., a Delaware
22   corporation; and DOES 1-10, inclusive,

23                 Defendants.

24        I, Patrick E. Premo, declare as follows:

25        1.       I am a partner with the law firm of Fenwick & West LLP, counsel to Plaintiff

26   SuccessFactors, Inc. ("SuccessFactors").  I am an attorney admitted to practice before this Court.

27   I submit this declaration in support of Plaintiff's Motion for Protective Order as to Third Party

28   Subpoenas issued by Defendant Softscape, Inc. ("Subpoena Motion"), and, if called upon, could

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   and would testify competently thereto.

2       2.      Attached as Exhibit 1 is a true and correct copy of my client's First Set of

3   Document Requests dated March 28, 2008.

4       3.      On Monday, April 21, 2008, I received notice by e-mail from counsel for

5   Defendant Softscape, Inc. ("Softscape") that Softscape was issuing and serving subpoenas on four

6   of SuccessFactors' customers. Each of these customers is a third party to this litigation: Sears,

7   Roebuck & Co. ("Sears") in Illinois, Intelsat Corp. ("Intelsat") in Washington, D.C., Harris

8   Williams ("Harris Williams") in Virginia, and ICMA-RC Services, Inc. ("ICMA-RC") in

9   Washington, D.C. Attached as Exhibits 2 – 5 are true and correct copies of the subpoenas that I

10  received.

11      4.      Softcape's counsel did not confer with us to arrange for mutually agreeable

12  deposition dates as required under Local Rule 30-1.

13      5.      Each of these subpoenas demand depositions and the production of documents on

14  a broad range of topics. For example, in each subpoena, Softscape demanded "All documents,

15  including but not limited to proposals, contracts and budget information, concerning the

16  implementation or attempted implementation of any SuccessFactors' product(s)." Softscape's

17  instructions reiterate that each customer is to produce "all of the specified documents and

18  electronic records that are in your possession, or available to you, or to which you may gain

19  access through reasonable effort."

20      6.      Similarly, the deposition topics listed in each subpoena broadly cover

21  SuccessFactors' "business relationship" with each customer going back over three years to the

22  beginning of 2005. The subpoenas contemplate that multiple witnesses from each customer may

23  be necessary to address the breadth of topics.

24      7.      The subpoenas are not tailored to the specific statements at issue in the false

25  advertising and defamation claims.

26      8.      The deposition topics and document request, particularly when you include the

27  defined terms, are overly broad, burdensome and, in my opinion, harassing. There is also no date

28  limitation as to the documents that must be produced.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Fenwick & West LLP
Attorneys At Law
Mountain View

9.    Party depositions are not set to begin until May 28, 2008.  Softscape, however, is still insisting that it begin with the third party depositions.  It has yet to articulate a reason why the third party depositions need to proceed on this schedule.

10.    I immediately objected to the subpoenas on several grounds.  First, it seems reasonable and appropriate to initially obtain the information from the parties before burdening third parties that have no stake in the litigation.  Secondly, I will likely need to depose the same witnesses on behalf of my client.  If we wait until the initial document production of the parties is complete, we can avoid re-deposing these witnesses, who are in Chicago and on the east coast and therefore require significant travel.  Thirdly, I objected because the subpoenas seek disclosure to a direct competitor of competitively sensitive information.

11.    Upon receiving notice of these four subpoenas, I promptly notified SuccessFactors' attorneys.  After several unsuccessful attempts to reach Defendant's counsel by telephone, I conferred with Ms. Grant on April 25, 2008.  I noted that because the core evidence in this litigation pertains to the knowledge or actions of the parties themselves, it would make sense to collect documents first from the parties, have a complete production, and then determine if the third party depositions were even necessary.  I further noted that delaying third party depositions and production until after those of the parties themselves would minimize the risk that the third parties would have to be deposed more than once in the event that the parties produced new documents concerning those third parties.

12.    I explained that unless Softscape was trying to inconvenience the third parties, there was no reason to schedule the third parties' depositions and production before those of the parties themselves.  Softscape's counsel, Jessica Grant, indicated that any postponement should be mutual, this included continuing the deposition set for Ely Valls, the niece of Softscape's CEO.  I agreed to Ms. Grant's suggested compromise, but later that day, she informed me that her client would not agree.

13.    Later that day, Ms. Grant clarified in an email to me that she "did not agree that 'it makes sense to collect the document first from the parties, have a complete production, and then determine if depositions are even necessary… .'"  She added that she was not aware of any

1    authority requiring her to wait to take depositions of SuccessFactors' customers and that she was

2    planning to "go forward" with them as scheduled because "we believe the third party depositions

3    are both relevant and necessary." She explained that Softscape had considered my request to

4    postpone the third party response dates but "will not agree to postpone the third party

5    depositions." Attached as <u>Exhibit 6</u> is a true and correct copy of emails exchanged on April 25

6    and 28, 2008, between Ms. Grant, my colleague, Laurence Pulgram, and myself.

7       14. After Mr. Pulgram made it clear that we would seek relief from the Court if

8    Softscape did not extend the dates for SuccessFactors' customers to respond to the subpoenas and

9    to submit to depositions, Defendant's counsel agreed to postpone Sears' response date to May 9,

10    2008 to allow for Plaintiff's Subpoena Motion. She eventually agreed to continue the return date

11    on the first subpoena until May 12 to allow for hearing on our motion for protective order.  It is

12    my understanding that Defendant intends to oppose this motion.  All other dates remain as

13    Softscape unilaterally set them.

14       15. On April 28, 2008, I called and e-mailed Ms. Grant several times.  I had difficulty

15    getting hold of her, but we eventually spoke in the afternoon.  I objected to the timing again,

16    because the subpoenas are burdensome on third parties, and because their topics and requests are

17    overbroad.  I also proposed that any documents be provisionally designated as "outside counsel's

18    eyes only" until I could review to properly designate under the protective order.  She asked me to

19    put my objections in writing.  Attached as <u>Exhibit 7</u> is a true and correct copy of my email sent on

20    April 28, 2008.  I did not receive a response.

21       16. On April 29, 2008, I spoke by telephone with Jason Keene, in-house attorney at

22    ICMA responsible for handling the subpoena.  Mr. Keene had not previously seen the subpoena,

23    so I immediately sent him a copy with a compliance date of May 23, 2008.  He said that he

24    objected to that schedule for deposition and document requests on the grounds that there is

25    insufficient time to comply.  Mr. Keene was also concerned about the risk of multiple

26    depositions.  He indicated that he would call Ms. Grant to object.

27       17. I then spoke with Stephen Chernow at Intelsat.  He said that if there is a chance

28    that the Intelsat witness will have to be deposed twice after documents are produced by the

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    parties, then it is his "strong" preference to postpone the Intelsat deposition until after the initial

2    document production and depositions are completed to avoid multiple depositions.

3        18.     On April 29, I received an email from Frank Calabrese, Associate General Counsel

4    – Litigation, Sears Holding Management Corporation.  He confirmed that Sears has not yet

5    agreed to any schedule, including Softscape's demand to have a deposition on May 12.  He said

6    Sears' plan was to serve objections and possibly hire outside counsel to contest or limit the

7    requests.

8        19.     On April 29, 2008, I spoke with Chandra Lantz of Hirschler Fleischer.  She is

9    outside counsel for third party Harris Williams.  Ms. Lantz indicated that she just received a copy

10   of the subpoena yesterday, was still verifying to determine if it was properly served, had not

11   started gathering documents or identifying a witness.  Harris Williams had not committed to the

12   dates requested by Softscape.

13       20.     Because Softscape refused any longer extension than May 12 with respect to its

14   subpoenas on SuccessFactors' customers, it would be impossible to seek or obtain relief from the

15   Court on the normal 35-day hearing schedule established by Local Rule 7-2(a).  After further

16   discussion about the briefing schedule for Plaintiff's Subpoena Motion, the parties agreed and

17   stipulated to the following schedule:  Plaintiff will file and serve its Subpoena Motion on April

18   29, 2008 by 3:30 P.M. Pacific Daylight Savings Time; Defendant will file and serve its opposition,

19   if any, by 3:30 P.M. Pacific Daylight Savings Time on May 2, 2008; and Plaintiff will file and

20   serve its reply, if any, on or before May 5, 2008.  In light of this briefing schedule, on April 28,

21   2008, Defendant's counsel agreed to extend Sears' response date to May 12, 2008.

22       21.     Attached as Exhibit 8 is a true and correct copy of Defendant's First Request for

23   Production of Documents dated April 17, 2008.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    I declare under penalty of perjury under the laws of the United States of America and the

2    State of California that the foregoing is true and correct, and that this declaration was executed

3    this 29th day of April, 2008, in Mountain View, California.

4

5                                    /s/ Patrick Premo

6                                    Patrick Premo

7                                                                                    *1284557*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

# Exhibit 1

1  LAURENCE F. PULGRAM (CSB No. 115163)
   lpulgram@fenwick.com
2  ALBERT L. SIEBER (CSB No. 233482)
   asieber@fenwick.com
3  LIWEN A. MAH (CSB No. 239033)
   lmah@fenwick.com
4  FENWICK & WEST LLP
   555 California Street, 12th Floor
5  San Francisco, CA  94104
   Telephone: (415) 875-2300
6  Facsimile:  (415) 281-1350

7  PATRICK E. PREMO (CSB NO. 184915)
   ppremo@fenwick.com
8  DENNIS M. FAIGAL (CSB NO. 252829)
   dfaigal@fenwick.com
9  FENWICK & WEST LLP
   Silicon Valley Center
10 801 California Street
   Mountain View, CA  94041
11 Telephone:   (650) 988-8500
   Facsimile:    (650) 938-5200

12
   Attorneys for Plaintiff SUCCESSFACTORS, INC.
13

14

15                    UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17                          OAKLAND DIVISION

18
   SUCCESSFACTORS, INC., a Delaware          Case No. CV 08-1376 CW
19 corporation,
                                             **PLAINTIFF'S FIRST SET OF REQUESTS**
20                  Plaintiff,               **FOR PRODUCTION OF DOCUMENTS AND**
                                             **THINGS (NOS. 1 – 16)**
21         v.

22 SOFTSCAPE, INC., a Delaware
   corporation,
23
                    Defendant.
24

25         Pursuant to the Court's order permitting the parties to initiate discovery and Rules 26 and

26 34 of the Federal Rules of Civil Procedure, SuccessFactors requests that Defendant Softscape,

27 Inc. ("Softscape") respond in writing to each of the following Requests and produce the

28 documents and things requested for inspection and copying, in accordance with the definitions

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   and instructions set forth below, at the offices of Fenwick & West LLP, 555 California Street,

2   Suite 1200, San Francisco, California 94104, within the time period permitted by the Federal

3   Rules of Civil Procedure.

4   **DEFINITIONS**

5       1.    The terms "YOU," "YOUR," "DEFENDANT," or "SOFTSCAPE" mean and

6   include, collectively and/or individually, Softscape, Inc., and its parents, subsidiaries, affiliates,

7   predecessors or successor companies, if any, and its current and former officers, directors,

8   employees, consultants, attorneys, authorized agents, sales representatives, distributors, dealers,

9   direct and indirect contractors, and/or all other PERSONS acting or purporting to act on its behalf.

10       2.    The terms "PLAINTIFF" or "SUCCESSFACTORS" mean and include,

11   collectively and/or individually, SuccessFactors, Inc., and its parents, subsidiaries, affiliates,

12   corporate divisions, predecessors or successor companies, if any, and its current and former

13   officers, directors, employees, consultants, attorneys, authorized agents, sales representatives,

14   distributors, dealers, direct and indirect contractors, and/or all other PERSONS acting or

15   purporting to act on its behalf.

16       3.    The terms "PERSON" or "PERSONS" shall include both natural persons, corporate

17   or other business entities, and all other forms of legal entities, and shall include, but is not limited

18   to, the following:  corporations, partnerships, joint ventures, associations, business organizations,

19   trade organizations, standards organizations, and sole proprietorships.

20       4.    The terms "DOCUMENT" or "DOCUMENTS" have the broadest meaning

21   accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items

22   defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item.  The terms

23   shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of

24   every type and description and every tangible thing that is or has been in YOUR possession,

25   custody, or control, to which YOU have access or of which YOU have knowledge.

26   "DOCUMENT(S)" shall also include, but shall not be limited to, the following items, whether

27   printed or recorded or reproduced by hand:  agreements, contracts, leases, communications

28   (including intra-company communications), electronic mail, data from Personal Digital Assistants

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  (including handheld computers, "smart phones," such as the palmOne™ Treo© and other similar

2  devices and pagers), correspondence, postings on intranet or internet forums or websites (such as

3  web pages and web logs or blogs), faxes, telegrams, cables, telexes, teletype messages, memoranda,

4  records, books, diaries, notebooks calendars (paper, electronic and otherwise), telephone and other

5  logs, telephone and other bills, voicemail and transcriptions thereof, recorded distributions,

6  forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes,

7  expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations,

8  conversations, investigations and interviews, sales brochures and literature, advertisements, price

9  lists, trade letters, press releases, stenographic, handwritten and any other notes, projections,

10  working papers, checks (front and back), check stubs and receipts, models, surveys, devices,

11  pictures, photographs, films, computer records, data compilations, and voice and video recordings.

12  "DOCUMENT(S)" shall not be limited in any way as to the form of storage (such as paper,

13  microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, flash memory drive, or

14  other storage device). A draft or non-identical copy is a separate document within the meaning of

15  this term.

16      5.    The terms "COMMUNICATION" or "COMMUNICATIONS" refer to any

17  exchange of information by any means of transmission and the sending or receipt of information of

18  any kind by or through any means, including but not limited to speech, writings, documents,

19  language (machine, foreign or otherwise) of any kind, computer electronics or electronic data,

20  sound, radio or video signals, telecommunications, telephone, teletype, facsimile, telegram,

21  microfilm, microfiche, photographic film of all types or other media of any kind. The terms

22  "COMMUNICATION" and "COMMUNICATIONS" also include, without limitation, all

23  meetings, notices, requests, response, demands, complaints, press, publicity or trade releases, and

24  postings on intranet or internet forums or websites (such as web pages and web logs or blogs).

25      6.    "PRESENTATION" means the document shown as Exhibit 1 to the Declaration of

26  Robert Bernshteyn in Support of Plaintiff's Ex Parte Application for a Temporary Restraining

27  Order and Order to Show Cause re Preliminary Injunction, including all components, formats,

28  versions, portions, notes, and version data thereof.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  / / /

2      7.      SUCCESSFACTORS' TRADEMARKS means the name SUCCESSFACTORS

3  and the logos registered with the United States Patent and Trademark Office with Serial Numbers

4  78660874, 78946750, 78706535, and 77248286.

5      8.      The term "CONCERNING" means pertaining to, mentioning, commenting,

6  describing, analyzing, dealing with, resulting from, constituting, including, comprising, consisting

7  of, containing, referring to, reflecting, discussing, showing, stating, explaining, contradicting,

8  providing context to, evidencing, concerning, or recording a particular subject in whole or in part,

9  either directly or indirectly, or being in any way logically or factually connected with the matter

10  discussed or identified.

11      9.      The terms "or" and "and" shall be read in the conjunctive and in the disjunctive

12  wherever they appear, and neither of these words shall be interpreted to limit the scope of these

13  Requests.

14      10.     The words "any," "all," and "each" shall be construed as "all and each."

15      11.     The use of a verb in any tense shall be construed as the use of the verb in all other

16  tenses.

17      12.     The singular form of any word shall be deemed to include the plural. The plural

18  form of any word shall be deemed to include the singular.

19                              **INSTRUCTIONS**

20      1.      In responding to the following requests, furnish all available DOCUMENTS,

21  including documents in the possession, custody, or control of any of your attorneys, directors,

22  officers, agents, employees, representatives, associates, investigators or division affiliates,

23  partnerships, parents or subsidiaries, and persons under your control, not merely documents in your

24  direct possession.

25      2.      All DOCUMENTS shall be organized and produced pursuant to Rule 34(b) of the

26  Federal Rules of Civil Procedure.

27      3.      Electronic records and computerized information must be produced in an intelligible

28  format, together with a description of the system from which they were derived sufficient to permit

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  rendering the records and information intelligible.  Electronic information must be produced in

2  native format.

3      4.      If YOU are unable to comply with a demand for any DOCUMENT in full, YOU are

4  requested to specify, pursuant to Federal Rule of Civil Procedure 34, whether YOUR inability to

5  comply is because the DOCUMENT has never existed, has been destroyed, has been lost,

6  misplaced or stolen, and/or has never been, or is no longer in YOUR possession, custody or control.

7  The statement shall set forth the name and address of any PERSON or organization known or

8  believed by YOU to have possession, custody, or control of the DOCUMENT.

9      5.      If any information requested is claimed to be privileged, immune from discovery or

10  otherwise not discoverable, YOU are requested to provide all information falling within the scope

11  of the document request which is discoverable, and for each item of information contained in a

12  document to which a claim of privilege is made, YOU must identify such document in a privilege

13  and/or redaction log pursuant to Federal Rule of Civil Procedure 26(b)(5), such identification to

14  include at least the following:

15          (1)    the basis on which the privilege is claimed;

16          (2)    the names and positions of the author of the document and all other persons

17                 participating in the preparation of the document;

18          (3)    the name and position of each individual or other person to whom the

19                 document, or a copy thereof, was sent or otherwise disclosed;

20          (4)    where not apparent, the relationship of the author, writer, sender, initiator,

21                 addressee or any other recipient with each other;

22          (5)    the date of creation or transmittal indicated on each document, or an

23                 estimate of that date, indicated as such, if no date appears on the document;

24          (6)    a description of any accompanying material transmitted with or attached to

25                 such document;

26          (7)    the number of pages in such document;

27          (8)    the particular document request to which such document is responsive; and

28  / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1     (9)     the general subject matter and whether any business or non-legal matter is

2             contained or discussed in such document.

3     6.      Each Request for DOCUMENTS seeks production of all DOCUMENTS described

4     along with any attachments, drafts, and non-identical copies in any language whatsoever, in the

5     possession, custody or control of YOU or YOUR respective agents or all available information,

6     including such information as becomes available to YOU after YOUR answers hereto are served.

7     7.      Unless otherwise specified, each Request for DOCUMENTS seeks production of

8     all DOCUMENTS created or modified on or after January 1, 2007.

9                                    **DOCUMENT REQUESTS**

10    **DOCUMENT REQUEST NO. 1:**

11        ALL DOCUMENTS CONCERNING the genesis, creation, review, or revision of the

12    PRESENTATION, including but not limited to any components, formats, versions, portions,

13    edits, memoranda, notes, e-mails, embedded objects, file histories, version data, or document

14    management system logs.

15    **DOCUMENT REQUEST NO. 2:**

16        ALL DOCUMENTS CONCERNING potential, intended, or actual recipients of the

17    PRESENTATION or of any COMMUNICATIONS about the PRESENTATION, including but not

18    limited to lists of recipients, sales or marketing efforts directed at those recipients, and

19    communications involving SOFTSCAPE's employees, customers, or other third parties about the

20    recipients.

21    **DOCUMENT REQUEST NO. 3:**

22        ALL DOCUMENTS CONCERNING any facts received from SUCCESSFACTORS'

23    actual or potential customers and included in the PRESENTATION, or the compilation of such

24    facts as described on page 2 of the PRESENTATION.

25    **DOCUMENT REQUEST NO. 4:**

26        ALL DOCUMENTS CONCERNING any assertions in the PRESENTATION, including

27    but not limited to DOCUMENTS that support or refute those assertions.

28    / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  **DOCUMENT REQUEST NO. 5:**

2       ALL COMMUNICATIONS CONCERNING the PRESENTATION, including but not

3  limited to COMMUNICATIONS between or involving SOFTSCAPE employees, its customers,

4  or current or former SUCCESSFACTORS employees.

5  **DOCUMENT REQUEST NO. 6:**

6       ALL COMMUNICATIONS between SOFTSCAPE and Sears, Regions Bank, Intelsat,

7  David Sinkfield, ICMA Retirement, Harris-Williams, and any current or former

8  SUCCESSFACTORS employee or consultant regarding SUCCESSFACTORS, its products,

9  services, employees, business, or actual or prospective customers.

10  **DOCUMENT REQUEST NO. 7:**

11       ALL DOCUMENTS created or modified after February 2007 CONCERNING

12  SUCCESSFACTORS, its products, services, employees, business, or actual or prospective

13  customers, including but not limited to all materials obtained from SUCCESSFACTORS'

14  website, online customer community, webinars, or online demonstration environments, including

15  but not limited to copies of webpages or the content therein.

16  **DOCUMENT REQUEST NO. 8:**

17       ALL DOCUMENTS CONCERNING or showing access from any SOFTSCAPE

18  computer to SUCCESSFACTORS's website, online customer community, or online

19  demonstration environments, including but not limited to DOCUMENTS CONCERNING web

20  browser history files, system logs, user names, passwords, user "ACE275," or any copy of a

21  SUCCESSFACTOR webpage or its contents.

22  **DOCUMENT REQUEST NO. 9:**

23       ALL DOCUMENTS CONCERNING the user name "John Anonymous" or associated

24  e-mail address "hcmknowledge2008a@gmail.com" to the extent that they mention the

25  PRESENTATION or SOFTSCAPE, SUCCESSFACTORS, or their products, services,

26  employees, business, or actual or prospective customers.

27  **DOCUMENT REQUEST NO. 10:**

28       A true and accurate bit for bit copy of the data storage media for any computer used by

1  David Watkins for work concerning SOFTSCAPE or SUCCESSFACTORS.

2  **DOCUMENT REQUEST NO. 11:**

3      A true and accurate bit for bit copy of the data storage media for any computer used by

4  Dennis Martinek for work concerning SOFTSCAPE or SUCCESSFACTORS.

5  **DOCUMENT REQUEST NO. 12:**

6      A true and accurate bit for bit copy of the data storage media for any computer that was

7  involved in the creation, modification, collection of information for, sharing, or e-mailing of the

8  PRESENTATION.

9  **DOCUMENT REQUEST NO. 13:**

10      ALL DOCUMENTS CONCERNING contracts, licenses, or agreements, whether actual

11  or prospective, between SOFTSCAPE and any recipients of the PRESENTATION or any

12  SUCCESSFACTORS customers mentioned in the PRESENTATION.

13  **DOCUMENT REQUEST NO. 14:**

14      ALL DOCUMENTS CONCERNING the relationship of Javier Cruz, Ely Valls, or New

15  Millenium Shoe or New Millennium Shoe with David Watkins, SOFTSCAPE or

16  SUCCESSFACTORS, including but not limited to COMMUNICATIONS among any of them.

17  **DOCUMENT REQUEST NO. 15:**

18      ALL DOCUMENTS CONCERNING SOFTSCAPE's procurement, copying, or use of

19  SUCCESSFACTORS' TRADEMARKS or PowerPoint templates.

20  **DOCUMENT REQUEST NO. 16:**

21      ALL DOCUMENTS reflecting articles of incorporation, bylaws, corporate registration,

22  and domain name registration for New Millenium Shoe.

23

24  Dated: March 28, 2008                    FENWICK & WEST LLP

25

26                          By: _____
                                Patrick E. Premo
27                              Attorneys for Plaintiff SUCCESSFACTORS, INC.

28  1282989

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# Exhibit 2



1  JESSICA L. GRANT (SBN 178138)
   JAYESH HINES-SHAH (SBN 214256)
2  JONATHAN A. PATCHEN (SBN 237346)
   TAYLOR & COMPANY LAW OFFICES, LLP
3  One Ferry Building, Suite 355
   San Francisco, California 94111
4  Telephone: (415) 788-8200
   Facsimile: (415) 788-8208
5  E-mail: jgrant@tcolaw.com
   E-mail: jhinesshah@tcolaw.com
6  E-mail: jpatchen@tcolaw.com

7  Attorneys for Defendant SOFTSCAPE, INC.

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                   OAKLAND DIVISION

12

13  SUCCESSFACTORS, INC.,              Case No.: C-08-1376 (CW)

14        Plaintiff,                   **NOTICE OF DEPOSITION OF
                                       SEARS, ROEBUCK AND CO.**
15  v.

16  SOFTSCAPE, INC.,

17        Defendant.

18

19

20

21

22

23

24

25

26

27

28

Taylor & Co.
Law Offices, LLP

1   NOTICE OF SUBPOENA ON SEARS, ROEBUCK AND CO.:

2        NOTICE IS HEREBY GIVEN that, pursuant to Federal Rule of Civil Procedure 45,

3   Defendant Softscape, Inc. is serving a subpoena upon Sears, Roebuck and Co. requesting the

4   production of certain documents.  Copies of the subpoena and the document requests are attached.

5

6   Dated: April 21, 2008           TAYLOR & COMPANY LAW OFFICES, LLP

7

8                  By: _____

9                        Jessica L. Grant

10               Attorneys for Defendant SOFTSCAPE, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

NOTICE OF DEPOSITION OF SEARS, ROEBUCK AND CO.: CASE NO. C-08-1376 (CW)

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

Northern District of Illinois

SUCCESSFACTORS, INC., A Deleware Corporation

V.

SOFTSCAPE, INC., A Deleware Corporation

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C-08-1376 (CW)

U.S. District Court for the Northern
District of California

TO:  Sears, Roebuck and Co.
     3333 Beverly Road, B2-130B
     Hoffman Estates, IL 60179

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION    See Attachment 1.   TBD | DATE AND TIME   5/8/2008 10:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachement 2.

| PLACE   Taylor & Company Law Offices, LLP, One Ferry Building, Suite 355, San Francisco, CA 94111 | DATE AND TIME   5/8/2008 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   *Attorney for Defendant* | DATE   4/21/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jessica L. Grant (SBN 178138) Taylor & Company Law Offices, LLP, One Ferry Building, Suite 355 San Francsisco, CA 94111    (415) 788-8200

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT 1**

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil

Procedure, Softscape, Inc. will take the deposition upon oral examination of Sears, Roebuck and

Co. ("Sears") at a location to be determined, commencing at 10:00 a.m. on May 8, 2008. The

deposition shall be taken stenographically (including through computer assisted transcription)

and by videotape before a certified court reporter authorized to administer oaths in the State in

which the deposition shall be held, and shall continue from day to day, Saturdays, Sundays and

legal holidays excluded, until concluded.

Pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, Sears shall designate and

produce at the deposition those of its officers, directors, managing agents, members, partners,

employees, or agents who are most qualified to testify on its behalf as to the following matters to

the extent of any information known or reasonably available to Sears:

1.    Sears' customer or business relationship with SuccessFactors, Inc.

("SuccessFactors"), including without limitation any product implementations and any

complaints, problems, feedback, comments or internal reviews regarding the foregoing during

the period January 1, 2005 to present.

2.    The termination of any project, proposed project, or business relationship between

Sears and SuccessFactors during the period January 1, 2005 to the present.

3.    The implementation at Sears, whether proposed, attempted, failed or successful,

of any SuccessFactors' compensation plan(s) or other SuccessFactors' product(s).

YOU ARE FURTHER NOTIFIED THAT to the extent multiple witnesses are necessary

to address the foregoing matters, witnesses shall testify serially, not concurrently.

YOU ARE FURTHER NOTIFIED THAT the deponent is required to produce the documents, records or other materials listed in Attachment 2 at said deposition.

**ATTACHMENT 2**

**INSTRUCTIONS**

1.     Please produce all of the specified documents and electronic records that are in your possession, or available to you, or to which you may gain access through reasonable effort, including information in the possession of your past and present attorneys, accountants, investigators, consultants, or other persons directly or indirectly employed or retained by you, or connection with you, or anyone else otherwise subject to your control who maintains records on your behalf, in your name or otherwise under your control.

2.     Any comments, notations or markings appearing on any document or electronic record, and not a part of the original, is considered a separate document or electronic record, and any draft, preliminary form or superseded version of any document is also considered a separate document or electronic record.

3.     All documents and electronic records requested herein should be produced in the same order as they are kept, or maintained, or stored, in the regular course of business.

4.     All documents requested herein should be produced in the file, folder, envelope, or other container in which the documents are kept or maintained.  If for any reason said container cannot be produced, please produce copies of all labels or other identifying markings.

5.     Any document attached to another document must not be separated.

6.     Electronic records and computerized information must be produced in native format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

7.     If you contend that a requested document is privileged or protected attorney work product in whole or part, or contend that any identified document would be excludable from

production and discovery regardless of its relevance, you are required, for each and every such document, to:

(a)    state the type of document (i.e., letter, memo, e-mail, facsimile, etc.);

(b)    state the title of the document, if any, and/or the general subject matter of the document;

(c)    state the reason for the objection or ground for exclusion;

(d)    identify each person known to you that has knowledge of the factual basis, if any, on which the privilege or other ground is asserted; and

(e)    in the case of an allegedly privileged or protected attorney work product document (i.e., letter, memorandum, notes, minutes, report, etc.) name the author and all copy recipients indicated on the document and otherwise known to you.

## DEFINITIONS

A.    "SuccessFactors" shall mean Plaintiff SuccessFactors, Inc.

B.    "Sears" shall mean Sears, Roebuck and Co. and all of its parents, subsidiaries, affiliates, predecessors or successor companies, if any, and its current and former officers, directors, employees, consultants, attorneys, authorized agents, sales representatives, distributors, dealers, direct and indirect contractors, and/or all other persons acting or purporting to act on its behalf

C.    "Document" is defined to be no less broad in scope than the usage of this term in Federal Rule of Civil Procedure 34, and includes without limitation all of the items defined in Federal Rule of Evidence 1001.  As used herein, "document" includes, without limitation, any written, printed, recorded, electronic or graphic material, including, but not limited to writings, drawings, graphs, charts, phone records, memoranda, reports, letters, electronic correspondence, e-mail, notes, minutes, records, photographs, tapes, diskettes, and computer printouts, however

stored, printed, reproduced, or coded and any and all other data compilations from which

information can be obtained or translated, if necessary, by you through detection devices into

reasonably usable form.

D.      "Concerning" means pertaining to, mentioning, commenting, describing,

analyzing, dealing with, resulting from, constituting, including, compromising, consisting of,

containing, referring to, reflecting, discussing, showing, stating, explaining, contradicting,

providing context to, evidencing, concerning, or recording a particular subject in whole or in

part, either directly or indirectly, or being in any way logically or factually connected with the

matter discussed or identified.

## DOCUMENTS TO BE PRODUCED

1.      All documents, including but not limited to proposals, contracts and budget

information, concerning the implementation or attempted implementation of any SuccessFactors'

product(s) for Sears.

1

## PROOF OF SERVICE

2          At the time of service, I was over 18 years of age and not a party to this action. I am

3 employed in the County of San Francisco, State of California. My business address is One Ferry

4 Building, Suite 355, San Francisco, California 94111.

5          On April 21, 2008, I served true copies of the following document(s) described as

6 **NOTICE OF DEPOSITION OF SEARS, ROEBUCK AND CO.** on the interested parties in

7 this action as follows:

8 Mr. Patrick E. Premo                     Mr. Laurence F. Pulgram
  Fenwick & West LLP                       Fenwick & West LLP
9 801 California Street                    555 California Street, 12th Floor
  Mountain View, CA  94041                 San Francisco, CA 94104
10 E-mail:  ppremo@fenwick.com             E-mail:  lpulgram@fenwick.com

11

12 ☐     **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
         persons at the addresses listed above and placed the envelope for collection and mailing,
13       following our ordinary business practices. I am readily familiar with Taylor & Company's
         practice for collecting and processing correspondence for mailing. On the same day that
14       the correspondence is placed for collection and mailing, it is deposited in the ordinary
         course of business with the United States Postal Service, in a sealed envelope with postage
15       fully prepaid.

16 ☐     **BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax
         numbers listed above. The telephone number of the sending facsimile machine was (415)
17       788-8208. No error was reported by the fax machine that I used.

18 ☒     **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the
         document(s) to be sent from e-mail address jlim@tcolaw.com to the persons at the e-mail
19       addresses listed above. I did not receive, within a reasonable time after the transmission,
         any electronic message or other indication that the transmission was unsuccessful.

20
   ☐     **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package
21       provided by the overnight service carrier and addressed to the persons at the addresses
         listed above. I placed the envelope or package for collection and overnight delivery at an
22       office or a regularly utilized drop box of the overnight service carrier or delivered such
         document(s) to a courier or driver authorized by the overnight service carrier to receive
23       documents.

24 ☐     **BY MESSENGER SERVICE:** I provided such document(s) to a professional messenger
         service for service. *(A declaration by the messenger must accompany this Proof of Service*
25       *or be contained in the Declaration of Messenger below.)*

26 ☐     **BY PERSONAL SERVICE:** I personally delivered the document(s) to the person being
         at the addresses listed above. (1) For a party represented by an attorney, delivery was
27       made to the attorney or at the attorney's office by leaving the documents in an envelope or
         package clearly labeled to identify the attorney being served with a receptionist or an
28       individual in charge of the office. (2) For a party, delivery was made to the party or by

TAYLOR & CO.
LAW OFFICES, LLP

1    leaving the documents at the party's residence with some person not less than 18 years of
     age between the hours of eight in the morning and six in the evening.

2

3    ☐    **BY PERSONAL SERVICE:**  I personally delivered the document(s) directly to the
          person(s) being served.

4         I declare under penalty of perjury under the laws of the United States of America that the

5    foregoing is true and correct.

6         Executed on April 21, 2008, at San Francisco, California.

7

8    _____

9                                           Catherine A. Dunbar

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

NOTICE OF DEPOSITION OF SEARS, ROEBUCK AND CO.: CASE NO.  C-08-1376 (CW)

Exhibit 3



JESSICA L. GRANT (SBN 178138)
JAYESH HINES-SHAH (SBN 214256)
JONATHAN A. PATCHEN (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California  94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
E-mail: jgrant@tcolaw.com
E-mail: jhinesshah@tcolaw.com
E-mail: jpatchen@tcolaw.com

Attorneys for Defendant SOFTSCAPE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>SOFTSCAPE, INC.,<br><br>        Defendant. | Case No.: C-08-1376 (CW)<br><br>**NOTICE OF DEPOSITION OF INTELSAT CORPORATION** |

1   NOTICE OF SUBPOENA ON INTELSAT CORPORATION:

2        NOTICE IS HEREBY GIVEN that, pursuant to Federal Rule of Civil Procedure 45,

3   Defendant Softscape, Inc. is serving a subpoena upon Intelsat Corporation requesting the

4   production of certain documents.  Copies of the subpoena and the document requests are attached.

5

6   Dated: April 21, 2008                     TAYLOR & COMPANY LAW OFFICES, LLP

7

8                                             By: _____

9                                                   Jessica L. Grant

10                                            Attorneys for Defendant SOFTSCAPE, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

AO88  (Rev. 12/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

District of Delaware

SUCCESSFACTORS, INC., A Deleware Corporation

V.

SOFTSCAPE, INC., A Deleware Corporation

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  C-08-1376 (CW)

U.S. District Court for the Northern
District of California

TO:   Intelsat Corporation
      3400 International Drive, NW
      Washington, D.C. 20008

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION    TBD<br>See Attachment 1. | DATE AND TIME<br>5/22/2008 10:00 am |
|---|---|

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):

See Attachment 2.

| PLACE    Taylor & Company Law Offices, LLP, One Ferry Building, Suite 355, San Francisco,<br>CA 94111 | DATE AND TIME<br>5/22/2008 10:00 am |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Attorney for Defendant | DATE<br>4/21/2008 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Jessica L. Grant (SBN 178138) Taylor & Company Law Offices, LLP, One Ferry Building, Suite 355 San Francsisco,<br>CA 94111    (415) 788-8200 | |

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT 1

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Softscape, Inc. will take the deposition upon oral examination of Intelsat Corporation ("Intelsat") at a location to be determined, commencing at 10:00 a.m. on May 22, 2008.  The deposition shall be taken stenographically (including through computer assisted transcription) and by videotape before a certified court reporter authorized to administer oaths in the State in which the deposition shall be held, and shall continue from day to day, Saturdays, Sundays and legal holidays excluded, until concluded.

Pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, Intelsat shall designate and produce at the deposition those of its officers, directors, managing agents, members, partners, employees, or agents who are most qualified to testify on its behalf as to the following matters to the extent of any information known or reasonably available to Intelsat:

1.    Intelsat's customer or business relationship with SuccessFactors, Inc. ("SuccessFactors"), including without limitation any product implementations and any complaints, problems, feedback, comments, or internal reviews regarding the foregoing during the period January 1, 2005 to present.

2.    The termination of any project, proposed project, or business relationship between Intelsat and SuccessFactors during the period January 1, 2005 to the present.

3.    Intelsat's experience with the implementation of SuccessFactors' PM, Comp, and/or ASP products, including without limitation whether the budget for implementation of the SuccessFactors' product(s) was exceeded, and the impact or effect of any such implementation on the Intelsat Human Resource department.

YOU ARE FURTHER NOTIFIED THAT to the extent multiple witnesses are necessary to address the foregoing matters, witnesses shall testify serially, not concurrently.

YOU ARE FURTHER NOTIFIED THAT the deponent is required to produce the documents, records or other materials listed in Attachment 2 at said deposition.

**ATTACHMENT 2**

**INSTRUCTIONS**

1.      Please produce all of the specified documents and electronic records that are in

your possession, or available to you, or to which you may gain access through reasonable effort,

including information in the possession of your past and present attorneys, accountants,

investigators, consultants, or other persons directly or indirectly employed or retained by you, or

connection with you, or anyone else otherwise subject to your control who maintains records on

your behalf, in your name or otherwise under your control.

2.      Any comments, notations or markings appearing on any document or electronic

record, and not a part of the original, is considered a separate document or electronic record, and

any draft, preliminary form or superseded version of any document is also considered a separate

document or electronic record.

3.      All documents and electronic records requested herein should be produced in the

same order as they are kept, or maintained, or stored, in the regular course of business.

4.      All documents requested herein should be produced in the file, folder, envelope,

or other container in which the documents are kept or maintained.  If for any reason said

container cannot be produced, please produce copies of all labels or other identifying markings.

5.      Any document attached to another document must not be separated.

6.      Electronic records and computerized information must be produced in native

format, together with a description of the system from which they were derived sufficient to

permit rendering the records and information intelligible.

7.      If you contend that a requested document is privileged or protected attorney work

product in whole or part, or contend that any identified document would be excludable from

production and discovery regardless of its relevance, you are required, for each and every such

document, to:

      (a)     state the type of document (i.e., letter, memo, e-mail, facsimile, etc.);

      (b)     state the title of the document, if any, and/or the general subject matter of

the document;

      (c)     state the reason for the objection or ground for exclusion;

      (d)     identify each person known to you that has knowledge of the factual basis,

if any, on which the privilege or other ground is asserted; and

      (e)     in the case of an allegedly privileged or protected attorney work product

document (i.e., letter, memorandum, notes, minutes, report, etc.) name the author and all

copy recipients indicated on the document and otherwise known to you.

## DEFINITIONS

A.    "SuccessFactors" shall mean Plaintiff SuccessFactors, Inc.

B.    "Intelsat" shall mean Intelsat Corporation and all of its parents, subsidiaries,

affiliates, predecessors or successor companies, if any, and its current and former officers,

directors, employees, consultants, attorneys, authorized agents, sales representatives, distributors,

dealers, direct and indirect contractors, and/or all other persons acting or purporting to act on its

behalf

C.    "Document" is defined to be no less broad in scope than the usage of this term in

Federal Rule of Civil Procedure 34, and includes without limitation all of the items defined in

Federal Rule of Evidence 1001. As used herein, "document" includes, without limitation, any

written, printed, recorded, electronic or graphic material, including, but not limited to writings,

drawings, graphs, charts, phone records, memoranda, reports, letters, electronic correspondence,

e-mail, notes, minutes, records, photographs, tapes, diskettes, and computer printouts, however

stored, printed, reproduced, or coded and any and all other data compilations from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form.

D.    "Concerning" means pertaining to, mentioning, commenting, describing, analyzing, dealing with, resulting from, constituting, including, compromising, consisting of, containing, referring to, reflecting, discussing, showing, stating, explaining, contradicting, providing context to, evidencing, concerning, or recording a particular subject in whole or in part, either directly or indirectly, or being in any way logically or factually connected with the matter discussed or identified.

## DOCUMENTS TO BE PRODUCED

1.    All documents, including but not limited to proposals, contracts and budget information, concerning the implementation or attempted implementation of any SuccessFactors' product(s) for Intelsat.

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is One Ferry Building, Suite 355, San Francisco, California 94111.

On April 21, 2008, I served true copies of the following document(s) described as **NOTICE OF DEPOSITION OF INTELSAT CORPORATION** on the interested parties in this action as follows:

Mr. Patrick E. Premo               Mr. Laurence F. Pulgram
Fenwick & West LLP                 Fenwick & West LLP
801 California Street              555 California Street, 12th Floor
Mountain View, CA  94041          San Francisco, CA 94104
E-mail:  ppremo@fenwick.com       E-mail:  lpulgram@fenwick.com

☐  **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Taylor & Company's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐  **BY FAX TRANSMISSION:**  I faxed a copy of the document(s) to the persons at the fax numbers listed above.  The telephone number of the sending facsimile machine was (415) 788-8208.  No error was reported by the fax machine that I used.

☒  **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address jlim@tcolaw.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐  **BY OVERNIGHT DELIVERY:**  I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

☐  **BY MESSENGER SERVICE:**  I provided such document(s) to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

☐  **BY PERSONAL SERVICE:**  I personally delivered the document(s) to the person being at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by

1  leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

2

3  ☐  **BY PERSONAL SERVICE:**  I personally delivered the document(s) directly to the person(s) being served.

4  I declare under penalty of perjury under the laws of the United States of America that the

5  foregoing is true and correct.

6  Executed on April 21, 2008, at San Francisco, California.

7

8  _____
   Catherine A. Dunbar

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

NOTICE OF DEPOSITION OF INTELSAT CORPORATION: CASE NO.  C-08-1376 (CW)

Exhibit 4

JESSICA L. GRANT (SBN 178138)
JAYESH HINES-SHAH (SBN 214256)
JONATHAN A. PATCHEN (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California  94111
Telephone:  (415) 788-8200
Facsimile:   (415) 788-8208
E-mail: jgrant@tcolaw.com
E-mail: jhinesshah@tcolaw.com
E-mail: jpatchen@tcolaw.com

Attorneys for Defendant SOFTSCAPE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC., | Case No.: C-08-1376 (CW) |
| Plaintiff, | **NOTICE OF DEPOSITION OF HARRIS WILLIAMS & CO.** |
| v. | |
| SOFTSCAPE, INC., | |
| Defendant. | |

TAYLOR & CO.
LAW OFFICES, LLP

1    NOTICE OF SUBPOENA ON HARRIS WILLIAMS & CO.:

2            NOTICE IS HEREBY GIVEN that, pursuant to Federal Rule of Civil Procedure 45,

3    Defendant Softscape, Inc. is serving a subpoena upon Harris Williams & Co. requesting the

4    production of certain documents.  Copies of the subpoena and the document requests are attached.

5

6    Dated: April 21, 2008                      TAYLOR & COMPANY LAW OFFICES, LLP

7

8                                               By: _____

9                                                          Jessica L. Grant

10                                              Attorneys for Defendant SOFTSCAPE, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### Eastern District of Virginia

SUCCESSFACTORS, INC., A Deleware Corporation

V.

SOFTSCAPE, INC., A Deleware Corporation

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  CV-08-1376 CW

U.S. District Court for the Northern

District of California

TO:  Harris Williams & Co.
1001 Haxall Point, 9th Floor
Richmond, VA 23219

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>See Attachment 1. TBD | DATE AND TIME<br>5/16/2008 10:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment 2.

| PLACE     Taylor & Company Law Offices, LLP, One Ferry Building, Suite 355, San Francisco, CA 94111 | DATE AND TIME<br>5/16/2008 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    *Attorney for Defendant* | DATE<br>4/21/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jessica L. Grant (SBN 178138) Taylor & Company Law Offices, LLP, One Ferry Building, Suite 355, San Francsisco, CA 94111    (415) 788-8200

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT 1

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Softscape, Inc. will take the deposition upon oral examination of Harris Williams & Co. ("Harris Williams") at a location to be determined, commencing at 10:00 a.m. on May 16, 2008. The deposition shall be taken stenographically (including through computer assisted transcription) and by videotape before a certified court reporter authorized to administer oaths in the State in which the deposition shall be held, and shall continue from day to day, Saturdays, Sundays and legal holidays excluded, until concluded.

Pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, Harris Williams shall designate and produce at the deposition those of its officers, directors, managing agents, members, partners, employees, or agents who are most qualified to testify on its behalf as to the following matters to the extent of any information known or reasonably available to Harris Williams:

    1.     Harris Williams' customer or business relationship with SuccessFactors, Inc. ("SuccessFactors"), including without limitation any product implementations and any complaints, problems, feedback, comments or internal reviews regarding the foregoing for the period January 1, 2005 to present.

    2.     The termination of any project, proposed project, or business relationship between Harris Williams and SuccessFactors during the period January 1, 2005 to the present.

    3.     Harris Williams' experience with using SuccessFactors' products, including without limitation the use of SuccessFactors' products for "360 reviews," SuccessFactors' forced monthly upgrades, and/or any response from SuccessFactors concerning any feedback or comments made by Harris Williams' to SuccessFactors with respect to the foregoing for the period January 1, 2005 to present.

YOU ARE FURTHER NOTIFIED THAT to the extent multiple witnesses are necessary to address the foregoing matters, witnesses shall testify serially, not concurrently.

YOU ARE FURTHER NOTIFIED THAT the deponent is required to produce the documents, records or other materials listed in Attachment 2 at said deposition.

## **ATTACHMENT 2**

## **INSTRUCTIONS**

1.      Please produce all of the specified documents and electronic records that are in

your possession, or available to you, or to which you may gain access through reasonable effort,

including information in the possession of your past and present attorneys, accountants,

investigators, consultants, or other persons directly or indirectly employed or retained by you, or

connection with you, or anyone else otherwise subject to your control who maintains records on

your behalf, in your name or otherwise under your control.

2.      Any comments, notations or markings appearing on any document or electronic

record, and not a part of the original, is considered a separate document or electronic record, and

any draft, preliminary form or superseded version of any document is also considered a separate

document or electronic record.

3.      All documents and electronic records requested herein should be produced in the

same order as they are kept, or maintained, or stored, in the regular course of business.

4.      All documents requested herein should be produced in the file, folder, envelope,

or other container in which the documents are kept or maintained.  If for any reason said

container cannot be produced, please produce copies of all labels or other identifying markings.

5.      Any document attached to another document must not be separated.

6.      Electronic records and computerized information must be produced in native

format, together with a description of the system from which they were derived sufficient to

permit rendering the records and information intelligible.

7.      If you contend that a requested document is privileged or protected attorney work

product in whole or part, or contend that any identified document would be excludable from

production and discovery regardless of its relevance, you are required, for each and every such

document, to:

     (a)    state the type of document (i.e., letter, memo, e-mail, facsimile, etc.);

     (b)    state the title of the document, if any, and/or the general subject matter of

the document;

     (c)    state the reason for the objection or ground for exclusion;

     (d)    identify each person known to you that has knowledge of the factual basis,

if any, on which the privilege or other ground is asserted; and

     (e)    in the case of an allegedly privileged or protected attorney work product

document (i.e., letter, memorandum, notes, minutes, report, etc.) name the author and all

copy recipients indicated on the document and otherwise known to you.

## DEFINITIONS

A.    "SuccessFactors" shall mean Plaintiff SuccessFactors, Inc.

B.    "Harris Williams" shall mean Harris Williams & Co. and all of its parents,

subsidiaries, affiliates, predecessors or successor companies, if any, and its current and former

officers, directors, employees, consultants, attorneys, authorized agents, sales representatives,

distributors, dealers, direct and indirect contractors, and/or all other persons acting or purporting

to act on its behalf

C.    "Document" is defined to be no less broad in scope than the usage of this term in

Federal Rule of Civil Procedure 34, and includes without limitation all of the items defined in

Federal Rule of Evidence 1001. As used herein, "document" includes, without limitation, any

written, printed, recorded, electronic or graphic material, including, but not limited to writings,

drawings, graphs, charts, phone records, memoranda, reports, letters, electronic correspondence,

e-mail, notes, minutes, records, photographs, tapes, diskettes, and computer printouts, however

stored, printed, reproduced, or coded and any and all other data compilations from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form.

D.     "Concerning" means pertaining to, mentioning, commenting, describing, analyzing, dealing with, resulting from, constituting, including, compromising, consisting of, containing, referring to, reflecting, discussing, showing, stating, explaining, contradicting, providing context to, evidencing, concerning, or recording a particular subject in whole or in part, either directly or indirectly, or being in any way logically or factually connected with the matter discussed or identified.

## DOCUMENTS TO BE PRODUCED

1.     All documents, including but not limited to proposals, contracts and budget information, concerning the implementation or attempted implementation of SuccessFactors' product(s) for Harris Williams.

1

**PROOF OF SERVICE**

2   At the time of service, I was over 18 years of age and not a party to this action. I am

3 employed in the County of San Francisco, State of California. My business address is One Ferry

4 Building, Suite 355, San Francisco, California 94111.

5   On April 21, 2008, I served true copies of the following document(s) described as

6 **NOTICE OF DEPOSITION OF HARRIS WILLIAMS & CO.** on the interested parties in this

7 action as follows:

8 Mr. Patrick E. Premo       Mr. Laurence F. Pulgram
 Fenwick & West LLP       Fenwick & West LLP
9 801 California Street        555 California Street, 12th Floor
 Mountain View, CA 94041     San Francisco, CA 94104
10 E-mail: ppremo@fenwick.com    E-mail: lpulgram@fenwick.com

11

12 ☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
   persons at the addresses listed above and placed the envelope for collection and mailing,
13   following our ordinary business practices. I am readily familiar with Taylor & Company's
   practice for collecting and processing correspondence for mailing. On the same day that
14   the correspondence is placed for collection and mailing, it is deposited in the ordinary
   course of business with the United States Postal Service, in a sealed envelope with postage
15   fully prepaid.

16 ☐ **BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax
   numbers listed above. The telephone number of the sending facsimile machine was (415)
17   788-8208. No error was reported by the fax machine that I used.

18 ☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the
   document(s) to be sent from e-mail address jlim@tcolaw.com to the persons at the e-mail
19   addresses listed above. I did not receive, within a reasonable time after the transmission,
   any electronic message or other indication that the transmission was unsuccessful.

20

 ☐ **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package
21   provided by the overnight service carrier and addressed to the persons at the addresses
   listed above. I placed the envelope or package for collection and overnight delivery at an
22   office or a regularly utilized drop box of the overnight service carrier or delivered such
   document(s) to a courier or driver authorized by the overnight service carrier to receive
23   documents.

24 ☐ **BY MESSENGER SERVICE:** I provided such document(s) to a professional messenger
   service for service. *(A declaration by the messenger must accompany this Proof of Service*
25   *or be contained in the Declaration of Messenger below.)*

26 ☐ **BY PERSONAL SERVICE:** I personally delivered the document(s) to the person being
   at the addresses listed above. (1) For a party represented by an attorney, delivery was
27   made to the attorney or at the attorney's office by leaving the documents in an envelope or
   package clearly labeled to identify the attorney being served with a receptionist or an
28   individual in charge of the office. (2) For a party, delivery was made to the party or by

TAYLOR & CO.
LAW OFFICES, LLP

NOTICE OF DEPOSITION OF HARRIS WILLIAMS & CO.: CASE NO. C-08-1376 (CW)

1   leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

2

3   ☐   **BY PERSONAL SERVICE:**  I personally delivered the document(s) directly to the person(s) being served.

4   I declare under penalty of perjury under the laws of the United States of America that the

5   foregoing is true and correct.

6   Executed on April 21, 2008, at San Francisco, California.

7

8   _____
                                    Catherine A. Dunbar

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

# Exhibit 5



1  JESSICA L. GRANT (SBN 178138)
   JAYESH HINES-SHAH (SBN 214256)
2  JONATHAN A. PATCHEN (SBN 237346)
   TAYLOR & COMPANY LAW OFFICES, LLP
3  One Ferry Building, Suite 355
   San Francisco, California  94111
4  Telephone:  (415) 788-8200
   Facsimile:   (415) 788-8208
5  E-mail: jgrant@tcolaw.com
   E-mail: jhinesshah@tcolaw.com
6  E-mail: jpatchen@tcolaw.com

7  Attorneys for Defendant SOFTSCAPE, INC.

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                        OAKLAND DIVISION

12

13  SUCCESSFACTORS, INC.,                Case No.: C-08-1376 (CW)

14          Plaintiff,                   **NOTICE OF DEPOSITION OF
                                         ICMA-RC SERVICES, INC.**
15  v.

16  SOFTSCAPE, INC.,

17          Defendant.

18

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

1  NOTICE OF SUBPOENA ON ICMA-RC SERVICES, INC.:

2        NOTICE IS HEREBY GIVEN that, pursuant to Federal Rule of Civil Procedure 45,

3  Defendant Softscape, Inc. is serving a subpoena upon ICMA-RC Services, Inc. requesting the

4  production of certain documents. Copies of the subpoena and the document requests are attached.

5

6  Dated: April 21, 2008                    TAYLOR & COMPANY LAW OFFICES, LLP

7

8                                           By: _____

9                                               Jessica L. Grant
                                             Attorneys for Defendant SOFTSCAPE, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### District of Delaware

SUCCESSFACTORS, INC., A Deleware Corporation

V.

SOFTSCAPE, INC., A Deleware Corporation

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV-08-1376 CW
U.S. District Court for the Northern
District of California

TO:  ICMA-RC Services, Inc.
      777 North Capitol Street, NE, Suite 600
      Washington, DC 20002

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>See Attachment 1.    TBD | DATE AND TIME<br>5/23/2008 10:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachement 2.

| PLACE    Taylor & Company Law Offices, LLP, One Ferry Building, Suite 355, San Francisco,<br>CA 94111 | DATE AND TIME<br>5/23/2008 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    *Attorney for Defendant* | DATE<br>4/21/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jessica L. Grant (SBN 178138) Taylor & Company Law Offices, LLP, One Ferry Building, Suite 355 San Francsisco,
CA 94111    (415) 788-8200

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT 1**

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil

Procedure, Softscape, Inc. will take the deposition upon oral examination of ICMA-RC Services,

Inc. ("ICMA") at a location to be determined, commencing at 10:00 a.m. on May 23, 2008. The

deposition shall be taken stenographically (including through computer assisted transcription)

and by videotape before a certified court reporter authorized to administer oaths in the State in

which the deposition shall be held, and shall continue from day to day, Saturdays, Sundays and

legal holidays excluded, until concluded.

Pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, Intelsat shall designate and

produce at the deposition those of its officers, directors, managing agents, members, partners,

employees, or agents who are most qualified to testify on its behalf as to the following matters to

the extent of any information known or reasonably available to ICMA:

1.    ICMA's customer or business relationship with SuccessFactors, Inc.

("SuccessFactors"), including without limitation any product implementations and any

complaints, problems, feedback, comments or internal reviews regarding the foregoing during

the period January 1, 2005 to present.

2.    The termination of any project, proposed project, or business relationship between

ICMA and SuccessFactors during the period January 1, 2005 to the present.

3.    ICMA's experience with SuccessFactors' software products, and specifically the

ability of SuccessFactors' product(s) to handle situations involving employee changes in job

position and/or manager during a calendar year.

YOU ARE FURTHER NOTIFIED THAT to the extent multiple witnesses are necessary

to address the foregoing matters, witnesses shall testify serially, not concurrently.

YOU ARE FURTHER NOTIFIED THAT the deponent is required to produce the documents, records or other materials listed in Attachment 2 at said deposition.

**ATTACHMENT 2**

**INSTRUCTIONS**

1.    Please produce all of the specified documents and electronic records that are in

your possession, or available to you, or to which you may gain access through reasonable effort,

including information in the possession of your past and present attorneys, accountants,

investigators, consultants, or other persons directly or indirectly employed or retained by you, or

connection with you, or anyone else otherwise subject to your control who maintains records on

your behalf, in your name or otherwise under your control.

2.    Any comments, notations or markings appearing on any document or electronic

record, and not a part of the original, is considered a separate document or electronic record, and

any draft, preliminary form or superseded version of any document is also considered a separate

document or electronic record.

3.    All documents and electronic records requested herein should be produced in the

same order as they are kept, or maintained, or stored, in the regular course of business.

4.    All documents requested herein should be produced in the file, folder, envelope,

or other container in which the documents are kept or maintained.  If for any reason said

container cannot be produced, please produce copies of all labels or other identifying markings.

5.    Any document attached to another document must not be separated.

6.    Electronic records and computerized information must be produced in native

format, together with a description of the system from which they were derived sufficient to

permit rendering the records and information intelligible.

7.    If you contend that a requested document is privileged or protected attorney work

product in whole or part, or contend that any identified document would be excludable from

production and discovery regardless of its relevance, you are required, for each and every such document, to:

      (a)    state the type of document (i.e., letter, memo, e-mail, facsimile, etc.);

      (b)    state the title of the document, if any, and/or the general subject matter of the document;

      (c)    state the reason for the objection or ground for exclusion;

      (d)    identify each person known to you that has knowledge of the factual basis, if any, on which the privilege or other ground is asserted; and

      (e)    in the case of an allegedly privileged or protected attorney work product document (i.e., letter, memorandum, notes, minutes, report, etc.) name the author and all copy recipients indicated on the document and otherwise known to you.

## DEFINITIONS

A.    "SuccessFactors" shall mean Plaintiff SuccessFactors, Inc.

B.    "ICMA" shall mean ICMA-RC Services, Inc. and all of its parents, subsidiaries, affiliates, predecessors or successor companies, if any, and its current and former officers, directors, employees, consultants, attorneys, authorized agents, sales representatives, distributors, dealers, direct and indirect contractors, and/or all other persons acting or purporting to act on its behalf

C.    "Document" is defined to be no less broad in scope than the usage of this term in Federal Rule of Civil Procedure 34, and includes without limitation all of the items defined in Federal Rule of Evidence 1001. As used herein, "document" includes, without limitation, any written, printed, recorded, electronic or graphic material, including, but not limited to writings, drawings, graphs, charts, phone records, memoranda, reports, letters, electronic correspondence, e-mail, notes, minutes, records, photographs, tapes, diskettes, and computer printouts, however

stored, printed, reproduced, or coded and any and all other data compilations from which

information can be obtained or translated, if necessary, by you through detection devices into

reasonably usable form.

D.     "Concerning" means pertaining to, mentioning, commenting, describing,

analyzing, dealing with, resulting from, constituting, including, compromising, consisting of,

containing, referring to, reflecting, discussing, showing, stating, explaining, contradicting,

providing context to, evidencing, concerning, or recording a particular subject in whole or in

part, either directly or indirectly, or being in any way logically or factually connected with the

matter discussed or identified.

## DOCUMENTS TO BE PRODUCED

1.     All documents, including but not limited to proposals, contracts and budget

information, concerning the implementation or attempted implementation of SuccessFactors'

product(s) for ICMA.

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Ferry Building, Suite 355, San Francisco, California 94111.

On April 21, 2008, I served true copies of the following document(s) described as **NOTICE OF DEPOSITION OF ICMA-RC SERVICES, INC.** on the interested parties in this action as follows:

Mr. Patrick E. Premo
Fenwick & West LLP
801 California Street
Mountain View, CA  94041
E-mail: ppremo@fenwick.com

Mr. Laurence F. Pulgram
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104
E-mail: lpulgram@fenwick.com

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Taylor & Company's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax numbers listed above. The telephone number of the sending facsimile machine was (415) 788-8208. No error was reported by the fax machine that I used.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jlim@tcolaw.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

☐ **BY MESSENGER SERVICE:** I provided such document(s) to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

☐ **BY PERSONAL SERVICE:** I personally delivered the document(s) to the person being at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by

TAYLOR & CO.
LAW OFFICES, LLP

1    leaving the documents at the party's residence with some person not less than 18 years of
     age between the hours of eight in the morning and six in the evening.

2

3    ☐    **BY PERSONAL SERVICE:**  I personally delivered the document(s) directly to the
          person(s) being served.

4         I declare under penalty of perjury under the laws of the United States of America that the

5    foregoing is true and correct.

6         Executed on April 21, 2008, at San Francisco, California.

7

8                                                    _____
                                                            Catherine A. Dunbar
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 6

**From:** Jessica Grant [mailto:jgrant@tcolaw.com]
**Sent:** Monday, April 28, 2008 9:50 AM
**To:** Laurence Pulgram; Patrick Premo
**Cc:** Liwen Mah; Jonathan Patchen
**Subject:** RE: Discovery

Laurence:

As I've repeatedly explained to both you and Patrick, none of the subpoenaed parties has objected to the return dates for the subpoenas. In fact, Sears is in the process of collecting responsive documents and identifying a witness for the May 8 deposition. However, as a matter of professional courtesy, I am willing to move the return date for the Sears subpoena to May 9 so your motion could be heard next week as opposed to Thursday.

Jessica

**Taylor & Company**
Law Offices, LLP
One Ferry Building, Suite 355
San Francisco, CA  94111
T:  (415) 788-8200
F:  (415) 788-8208
www.tcolaw.com

**From:** Laurence Pulgram [mailto:LPulgram@Fenwick.com]
**Sent:** Friday, April 25, 2008 8:04 PM
**To:** Jessica Grant; Patrick Premo
**Cc:** Liwen Mah; Jonathan Patchen
**Subject:** RE: Discovery

Jessica,

6:00 p.m. on Friday is too late to communicate with the Court to obtain a hearing date, as you know. Softscape's complete unwillingness to address scheduling for the last several days has frustrated any ability to obtain a hearing date other than the Court's ordinary motion calendar, which is on Thursday.

If, as you say, you're unwilling to move the first return date from May 8, the hearing must be May 1. If you insist on accelerating a hearing to that date, we'll file our brief on Monday April 28, your opposition would be due on Wednesday April 30, and the hearing will be May 1.

If your client decides it is willing to move out the return date on the subpoena until after a court ruling, both parties could have more time, and we would suggest motion filing on May 8, opposition on May 22, reply on May 29, hearing on June 12, which is the first hearing date available after May 8. (Note that the Court is dark from May 15 to June 6, otherwise we'd be fine with an earlier hearing date.) Absent a stipulation, obviously, we'll proceed in a manner we find appropriate.

Regards,
Laurence

**From:** Jessica Grant [mailto:jgrant@tcolaw.com]
**Sent:** Friday, April 25, 2008 6:05 PM
**To:** Laurence Pulgram; Patrick Premo
**Cc:** Liwen Mah; Jonathan Patchen
**Subject:** RE: Discovery

Laurence:

As I've explained to Patrick, Softscape is not inclined to postpone the depositions of third party witnesses who are important to establishing the accuracy of the statements in the Presentation.  Moreover, I have been meeting and conferring with the subpoenaed witnesses, and if they ultimately request a change in the return date or the scope of the subpoenas, we will endeavor to accommodate their request.

If SuccessFactors chooses to move for a protective order for any of the third party depositions on shortened time, please let me know what briefing and hearing schedule you propose.

Best regards,

Jessica


**Taylor & Company**
**Law Offices, LLP**
One Ferry Building, Suite 355
San Francisco, CA  94111
T:  (415) 788-8200
F:  (415) 788-8208
www.tcolaw.com

---

**From:** Laurence Pulgram [mailto:LPulgram@Fenwick.com]
**Sent:** Friday, April 25, 2008 4:33 PM
**To:** Jessica Grant; Patrick Premo
**Cc:** Liwen Mah; Jonathan Patchen
**Subject:** RE: Discovery

Jessica,

Thanks for getting back to us today.

We will advise the Court with our motion(s) regarding the subpoenas of your client's unwillingness to agree to a briefing schedule, which is the only conclusion I can gather on this, our initial request, from your answer below.  It still seems like a remarkably unproductive approach for Softscape to compel the court to hear these motions before May 8, when there is obviously no legitimate hurry to do so, but so be it.

We disagree with many other points below.  But Patrick can take up the remainder of the issues when he returns.

Laurence Pulgram

**From:** Jessica Grant [mailto:jgrant@tcolaw.com]
**Sent:** Friday, April 25, 2008 3:36 PM
**To:** Patrick Premo
**Cc:** Laurence Pulgram; Liwen Mah; Jonathan Patchen
**Subject:** RE: Discovery

Patrick:

I thought our call today was productive.  Unfortunately, you have incorrectly stated my position with regard to the subpoenas.  While I agreed to communicate your request to postpone the depositions and document production for these third party witnesses, I did not agree that "it makes sense to collect the document first from the parties, have a complete production, and then determine if depositions are even necessary... ."  That is SuccessFactors' position.  Instead, I reiterated that I was not aware of any authority that supports such a proposition.  In addition, we believe the third party depositions are both relevant and necessary (otherwise, we would not have issued the subpoenas) and should go forward.

Softscape has considered your request, but believes the depositions are necessary to prove its defenses and/or narrow the scope of the Preliminary Injunction.  Accordingly, it will not agree to postpone the third party depositions.  As I mentioned, we are willing to and in the process of meeting and conferring with the subpoenaed parties to determine whether the return dates are convenient for them.  If the schedule/dates for the appearances change, we will certainly let you know.

Dave Watkins is available for a Rule 30(b)(6) deposition on May 29 and 30 in Massachusetts.  Although the Rule 30(d) limits the duration of a deposition to one day of seven hours, we are willing to make Mr. Watkins available for two days, but request that his examination on the second day be limited to five hours.  I will agree to the same limitations for SuccessFactors' 30(b)(6) witness, Mr. Bernshyten.  Please let me know if you are amenable to this proposal.

With regard to SuccessFactors' 30(b)(6) deposition, June 11 and 12 would actually work better for me.  Let me know if those dates are convenient for you and Mr. Bernshyten.

I look forward to speaking with next Tuesday at 2:30pm.

Best regards,

Jessica

**Taylor & Company**
Law Offices, LLP
One Ferry Building, Suite 355
San Francisco, CA  94111
T:  (415) 788-8200
F:  (415) 788-8208
www.tcolaw.com

**From:** Patrick Premo [mailto:PPremo@fenwick.com]
**Sent:** Friday, April 25, 2008 12:24 PM
**To:** Jessica Grant
**Cc:** Laurence Pulgram; Liwen Mah
**Subject:** Discovery

Jessica:

   Thank you for the call today.  I appreciate your assurances that you will work with us to resolve disputes as amicably, quickly and reasonably as possible.  To resolve our current dispute, I proposed that we stay compliance with regard to any current dates for production or deposition for the four subpoenas that Softscape served yesterday until after both SuccessFactors and Softscape have finished compliance with discovery that is currently outstanding.  Both sides seem to agree that it makes sense to collect the documents first from the parties, have a complete production, and then determine if the depositions are even necessary or at least avoid the necessity of re-deposing these people. You requested today that such an arrangement should be mutual and specifically requested postponing Ely Valls' deposition for the same period of time.  I confirmed that she was served this morning at her residence in Puerto Rico.

   We agreed to talk to our respective clients, and you'd get back to me today.  If we are unable to resolve our dispute, we will need to file a motion to change time and/or motion for protective order on Monday because Softscape has noticed the first deposition for May 8.  The motion would need to be briefed and heard before this date.  Please confirm that you will move out the current deadline for these subpoenas to allow for a discovery motion to be heard or agree that our motion can be heard on shortened time.  I am leaving very soon, so if you could call me before or email me, I would appreciate it.  If you need to speak to someone live, please call my cell (408.315.1321) or call Laurence.

   Next, we proposed the following deposition schedule **May 28, 29, or 30, 2008** for Softscape's 30(b)(6) witness, which will be Dave Watkins.  I asked if you would make Mr. Watkins available in San Francisco. You did not believe he needed to be made available here, but would see if he was willing to do so.  We discussed taking SuccessFactors' 30(b)(6) witness for all topics on **June 2, 3, 4 or 5**.  The witness will be Rob Bernshyten.  I am checking his availability.  I need to confirm with my client, but I am willing to making Mr. Bernshyten available for two days, though would ask that you terminate the deposition earlier if at all possible.  You confirmed that Mr. Watkins will be available for two days as well.

   We agreed that we would produce Electronically Stored Information (ESI) in native format.  We set next **Tuesday, April 29 at 2:30 pm** to discuss further details, including whether to exchange search terms for our document searches.  Jonathan Patchen and Liwen Mah will join us.

   We also agreed that privilege logs will be produced 3 weeks after the date set for production. T his means May 22, 2008, for example, with respect to SuccessFactors' First Set of Document Requests.

   Finally, we set the date for our further Rule 26(f) conference to be **May 19 at 2:30 pm.**

   I look forward to hearing back from you soon.

-Patrick

Patrick E. Premo
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041

Direct: 650.335.7963
Cell:  408.315.1321
Fax:  650.938.5200
-----------------------------------------------

IRS Circular 230  Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
-----------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential.  It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

Exhibit 7

**From:** Patrick Premo
**Sent:** Monday, April 28, 2008 5:25 PM
**To:** 'Jessica Grant'
**Cc:** Jonathan Patchen; Laurence Pulgram; Liwen Mah
**Subject:** Third Party Subpoenas

Jessica:

   Today during our call, we discussed the issue of designation of documents, I proposed that any documents produced by the four third parties (Sears, Intelsat, Harris Williams, ICMA) in response to the outstanding subpoenas be designated provisionally as "Outside Counsel's Eyes' Only" until SuccessFactors has had an opportunity to review.  Please confirm that this is acceptable.

   We also discussed over breadth and burden issues.  I told you that the subpoenas sought information that was too broad and not relevant to the issues at hand, which are statements contained in the "Naked Truth" presentation.  Broad, generalized inquiries into SuccessFactors' business relationships with these customers or prospects by a direct competitor spanning over a three-year period is not necessary, relevant or appropriate.  I proposed that the subpoenas should be narrowed to simply those specific statements attributed to the four customers contained within the "Naked Truth" document.  As you know, these statements are contained at pages 8, 10, 11 and 12.

   You asked me to put this in writing and identify the specific requests.  Each subpoena has the same request, so I am not sure what further to say other than to confirm that I am formally objecting to Document Request No. 1 for all four subpoenas.  I am also objecting to the scope of the deposition topics (1-3) for each subpoena.  I propose limiting the deposition and document requests to (a) confirmation about whether or not these are (or were) customers, (b) time period when they are (or were) customers, and (c) the very specific statements made in the Presentation.  Softscape has attributed specific statements to specific customers.  It is not clear why they need or should be entitled to use this litigation to gather competitively sensitive information that they normally would not be able to obtain.

   A reasonable date limitation also needs to be imposed.  Softscape claims that implementation for some customers, like Intellsat, for example, was September 2007.  Softscape has not established why it is entitled to all documents dating back to January 1, 2005. It is not clear why any documents dating before the third party was a customer is at all relevant to the claims about false advertising.

   Please confirm if Softscape is willing to limit these deposition topics and requests as discussed.

-Patrick

Patrick E. Premo
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041

Direct: 650.335.7963
Cell:  408.315.1321
Fax:  650.938.5200

Exhibit 8

JESSICA L. GRANT (SBN 178138)
JAYESH HINES-SHAH (SBN 214256)
JONATHAN A. PATCHEN (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California  94111
Telephone:  (415) 788-8200
Facsimile:   (415) 788-8208
E-mail: jgrant@tcolaw.com
E-mail: jhinesshah@tcolaw.com
E-mail: jpatchen@tcolaw.com

Attorneys for Defendant SOFTSCAPE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC., | Case No.: C-08-1376 (CW) |
| Plaintiff, | **FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF SUCCESSFACTORS, INC. BY DEFENDANT SOFTSCAPE, INC.** |
| v. | |
| SOFTSCAPE, INC., | |
| Defendant. | |

PROPOUNDING PARTY:    Defendant Softscape, Inc.

RESPONDING PARTY:     Plaintiff SuccessFactors, Inc.

SET NO.:                        One

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Softscape,

Inc. hereby requests that Plaintiff SuccessFactors, Inc. respond in writing to each of the following

Requests and produce the documents and things requested for inspection and copying, in

accordance with the definitions and instructions set forth below.

The production and inspection shall take place at Taylor & Company Law Offices, LLP,

One Ferry Building, Suite 355, San Francisco, California 94111, within the time period permitted

by the Federal Rules of Civil Procedure, unless other mutually agreeable arrangements are made

TAYLOR & CO.
LAW OFFICES, LLP

1.

1    between counsel of record, and shall continue for so long as may be reasonably required.

2    **INSTRUCTIONS**

3    1.    Please produce all of the specified documents and electronic records which are in

4    your possession, or available to you, or to which you may gain access through reasonable effort,

5    including information in the possession of your past and present attorneys, accountants,

6    investigators, consultants, or other persons directly or indirectly employed or retained by you, or

7    connection with you, or anyone else otherwise subject to your control who maintains records on

8    your behalf, in your name or otherwise under your control.

9    2.    Any comments, notations or markings appearing on any document or electronic

10    record, and not a part of the original, is considered a separate document or electronic record, and

11    any draft, preliminary form or superseded version of any document is also considered a separate

12    document or electronic record.

13    3.    All documents and electronic records requested herein should be produced in the

14    same order as they are kept, or maintained, or stored, in the regular course of business.

15    4.    All documents requested herein should be produced in the file, folder, envelope, or

16    other container in which the documents are kept or maintained.  If for any reason said container

17    cannot be produced, please produce copies of all labels or other identifying markings.

18    5.    Any document attached to another document must not be separated.

19    6.    Electronic records and computerized information must be produced in native

20    format, together with a description of the system from which they were derived sufficient to

21    permit rendering the records and information intelligible.

22    7.    If you contend that a requested document is privileged or protected attorney work

23    product in whole or part, or contend that any identified document would be excludable from

24    production and discovery regardless of its relevance, you are required, for each and every such

25    document, to:

26    (a) state the type of document (i.e., letter, memo, e-mail, facsimile, etc.);

27    (b) state the title of the document, if any, and/or the general subject matter of the

28    document;

TAYLOR & CO.
LAW OFFICES, LLP

2.

1          (c) state the reason for the objection or ground for exclusion;

2          (d) identify each person known to you that has knowledge of the factual basis, if

3 any, on which the privilege or other ground is asserted; and

4          (e) in the case of an allegedly privileged or protected attorney work product

5 document (i.e., letter, memorandum, notes, minutes, report, etc.) name the author and all

6 copy recipients indicated on the document and otherwise known to you.

7 **DEFINITIONS**

8    A.    "Softscape" shall mean Defendant Softscape, Inc.

9    B.    "SuccessFactors," "you" and "your" shall mean Plaintiff SuccessFactors, Inc. and

10 all of its parents, subsidiaries, affiliates, predecessors or successor companies, if any, and its

11 current and former officers, directors, employees, consultants, attorneys, authorized agents, sales

12 representatives, distributors, dealers, direct and indirect contractors, and/or all other persons acting

13 or purporting to act on its behalf.

14    C.    "Person(s)" includes any natural person, firm, association, organization,

15 partnership, business, trust, corporation, governmental or public entity or any other form of legal

16 entity.

17    D.    "Document" is defined to be no less broad in scope than the usage of this term in

18 Federal Rule of Civil Procedure 34, and includes without limitation all of the items defined in

19 Federal Rule of Evidence 1001. As used herein, "document" includes, without limitation, any

20 written, printed, recorded, electronic or graphic material, including, but not limited to writings,

21 drawings, graphs, charts, phone records, memoranda, reports, letters, electronic correspondence, e-

22 mail, notes, minutes, records, photographs, tapes, diskettes, and computer printouts, however

23 stored, printed, reproduced, or coded and any and all other data compilations from which

24 information can be obtained or translated, if necessary, by you through detection devices into

25 reasonably usable form.

26    E.    "Communication(s)" means any oral, written or electronic transmission of

27 information, including without limitation meetings, discussions, conversations, telephone calls,

28 telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes or seminars.

TAYLOR & CO.
LAW OFFICES, LLP

3.

FIRST DEMAND FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF SUCCESSFACTORS, INC. BY DEFENDANT SOFTSCAPE, INC.: CASE NO. C-08-1376 (CW)

1    F.    "Litigation" shall refer to the proceeding titled *SuccessFactors, Inc. v. Softscape,*

2  *Inc., et al.*, filed in the United States District Court for the Northern District of California, Case

3  No. CV 08-1376 (CW).

4    G.    "Concerning" means pertaining to, mentioning, commenting, describing, analyzing,

5  dealing with, resulting from, constituting, including, compromising, consisting of, containing,

6  referring to, reflecting, discussing, showing, stating, explaining, contradicting, providing context

7  to, evidencing, concerning, or recording a particular subject in whole or in part, either directly or

8  indirectly, or being in any way logically or factually connected with the matter discussed or

9  identified.

10    H.    "Complaint" shall refer to the Complaint filed by SuccessFactors in the Litigation.

11    I.    "Presentation" means the document attached as Exhibit 1 to the Declaration of

12  Robert Bernshteyn in Support of Plaintiff's Ex Parte Application for a Temporary Restraining

13  Order and Order to Show Cause re Preliminary Injunction, filed March 11, 2008, bearing

14  document control Nos. SF00000001-SF00000043.

15                    **DOCUMENTS TO BE PRODUCED**

16  **REQUEST FOR PRODUCTION NO. 1:**

17    A true and accurate bit for bit copy of all server log files concerning SuccessFactors'

18  website for the period January 1, 2007 to the present.

19  **REQUEST FOR PRODUCTION NO. 2:**

20    A true and accurate bit for bit copy of SuccessFactors' "ACE Demo environment" in the

21  condition it was in at the time(s) SuccessFactors claims Softscape accessed it without

22  authorization (see Paragraphs 22 and 23 of the Complaint).

23  **REQUEST FOR PRODUCTION NO. 3:**

24    All product snapshots, demonstrations and webinars concerning SuccessFactors' products

25  for the period January 1, 2005 to the present.

26  **REQUEST FOR PRODUCTION NO. 4:**

27    Documents and communications concerning any restrictions, terms of use, or other

28  conditions that were in effect at the times SuccessFactors contends its website was accessed by

TAYLOR & CO.
LAW OFFICES, LLP

4.

1    Softscape or persons acting on its behalf.

2    **REQUEST FOR PRODUCTION NO. 5:**

3        Documents and communications concerning any restrictions, terms of use, or other

4    conditions that were in effect at the times SuccessFactors contends its online demonstration

5    environment was accessed by Softscape or persons acting on its behalf.

6    **REQUEST FOR PRODUCTION NO. 6:**

7        Documents that evidence user access of SuccessFactors' website, its customer community,

8    its webinars, and/or its online demonstrations for the period January 1, 2007 to the present.

9    **REQUEST FOR PRODUCTION NO. 7:**

10        All documents, including but not limited to contracts and budget information, concerning

11    the implementation or attempted implementation of SuccessFactors' product(s) for Harris

12    Williams, ICMA Retirement, Intelsat, Merrill Lynch, Regions Bank or Sears for the period

13    January 1, 2005 to the present.

14    **REQUEST FOR PRODUCTION NO. 8:**

15        All documents and communications concerning customer satisfaction or dissatisfaction

16    with SuccessFactors' products or services, including without limitation all surveys, evaluations

17    and/or complaints received by SuccessFactors for the period January 1, 2005 to the present.

18    **REQUEST FOR PRODUCTION NO. 9:**

19        Documents and communications concerning prospective customers' satisfaction or

20    dissatisfaction with SuccessFactors' products or services, including without limitation all surveys,

21    evaluations and/or complaints received by SuccessFactors for the period January 1, 2005 to the

22    present.

23    **REQUEST FOR PRODUCTION NO. 10:**

24        Documents and communications concerning the identity of SuccessFactors' actual and

25    prospective customers as of January 1, for each calendar year 2005 through 2008.

26    **REQUEST FOR PRODUCTION NO. 11:**

27        Documents that list or otherwise identify all of SuccessFactors on-line product

28    demonstrations hosted on its website during the period January 1, 2007 to the present.

TAYLOR & CO.
LAW OFFICES, LLP

5.

FIRST DEMAND FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF SUCCESSFACTORS,
INC. BY DEFENDANT SOFTSCAPE, INC.: CASE NO. C-08-1376 (CW)

**REQUEST FOR PRODUCTION NO. 12:**

Documents that list or otherwise identify all of the webinars hosted by SuccessFactors during the period January 1, 2007 to the present.

**REQUEST FOR PRODUCTION NO. 13:**

Documents that list or otherwise identify all persons who logged in to any webinar hosted by SuccessFactors during the period January 1, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 14:**

Documents that list or otherwise identify all of the passwords issued by SuccessFactors to users of the ACE Demo environment, or any other on-line SuccessFactors product demonstration, for the period January 1, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 15:**

Documents and communications concerning SuccessFactors' retention of its customers, including without limitation, the date on which each customer first licensed SuccessFactors' products, when each such customer terminated its business relationship with SuccessFactors (if applicable), and the reasons for each such termination during the period January 1, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 16:**

All documents concerning the removal of any customer's name from SuccessFactors' website or its marketing collateral during the period January 1, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 17:**

Documents concerning how customer data is stored and maintained by SuccessFactors, including without limitation database structure and security information, for the period January 1, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 18:**

Documents concerning data security and database schema for SuccessFactors' products, including without limitation source code, for the period January 1, 2005 to the present.

TAYLOR & CO.
LAW OFFICES, LLP

FIRST DEMAND FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF SUCCESSFACTORS, INC. BY DEFENDANT SOFTSCAPE, INC.: CASE NO. C-08-1376 (CW)

1 **REQUEST FOR PRODUCTION NO. 19:**

2      Documents that identify SuccessFactors' consultants, contractors and employees during

3 the period January 1, 2005 to the present.

4 **REQUEST FOR PRODUCTION NO. 20:**

5      Documents that identify all current and former SuccessFactors employees, contractors or

6 consultants who have been employed by Softscape during the period January 1, 2005 to the

7 present.

8 **REQUEST FOR PRODUCTION NO. 21:**

9      All documents concerning any alleged damage to SuccessFactors' computer systems

10 resulting from Softscape's access to SuccessFactors' ACE Demo environment (see Paragraphs 22

11 and 23 of the Complaint).

12 **REQUEST FOR PRODUCTION NO. 22:**

13      All documents and communications concerning SuccessFactors' reaction or response to

14 the distribution of the Presentation, including any investigation of that distribution by

15 SuccessFactors.

16 **REQUEST FOR PRODUCTION NO. 23:**

17      All documents concerning the identity of any person who distributed the Presentation.

18 **REQUEST FOR PRODUCTION NO. 24:**

19      All documents concerning the receipt of the Presentation by any person, including without

20 limitation, communications received from SuccessFactors' customers.

21 **REQUEST FOR PRODUCTION NO. 25:**

22      All documents and communications concerning any PowerPoint presentation or slides,

23 evaluation, summary or analysis prepared by SuccessFactors which identifies internal problems,

24 issues, or deficiencies concerning any SuccessFactors product during the period January 1, 2005

25 through the present.

26 **REQUEST FOR PRODUCTION NO. 26:**

27      Documents identifying the name and e-mail address of any person who was provided with

28 a copy of the Presentation by SuccessFactors.

TAYLOR & CO.
LAW OFFICES, LLP

FIRST DEMAND FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF SUCCESSFACTORS, INC. BY DEFENDANT SOFTSCAPE, INC.: CASE NO. C-08-1376 (CW)

1  **REQUEST FOR PRODUCTION NO. 27:**

2      All e-mail correspondence and web access logs for each person identified in your response

3  to Request 24 for the period February 1, 2008 to present.

4  **REQUEST FOR PRODUCTION NO. 28:**

5      All documents concerning SuccessFactors' competitor analysis of Softscape and/or its

6  products, including without limitation, information obtained from public or subscription sources;

7  communications with current or former Softscape employees, contractors, consultants or

8  customers; and/or field research interviews, for the period January 1, 2005 to the present.

9  **REQUEST FOR PRODUCTION NO. 29:**

10     All documents distributed by SuccessFactors to any person concerning Softscape, for the

11 period January 1, 2005 to the present.

12 **REQUEST FOR PRODUCTION NO. 30:**

13     SuccessFactors' document preservation policies, and all communications relating to and/or

14 memorializing such policies, including the preservation of documents by SuccessFactors in this

15 Litigation.

16 **REQUEST FOR PRODUCTION NO. 31:**

17     All documents concerning the statements contained in the Declaration of Robert

18 Bernshteyn in Support of Plaintiff's Ex Parte Application for a Temporary Restraining Order and

19 Order to Show Cause re Preliminary Injunction, filed March 11, 2008.

20 **REQUEST FOR PRODUCTION NO. 32:**

21     All documents concerning the statements contained in the Declaration of Robert

22 Bernshteyn in Support of Preliminary Injunction and Expedited Discovery, filed March 21, 2008.

23 **REQUEST FOR PRODUCTION NO. 33:**

24     All documents concerning the statements contained in the Declaration of James Matheson

25 in Support of Plaintiff's Ex Parte Application for a Temporary Restraining Order and Order to

26 Show Cause re Preliminary Injunction, filed March 11, 2008.

27 ///

28 ///

TAYLOR & CO.
LAW OFFICES, LLP

8.

1 | **REQUEST FOR PRODUCTION NO. 34:**

2      All documents concerning the statements contained in the Declaration of James Matheson

3 | in Support of Preliminary Injunction and Expedited Discovery, filed March 21, 2008.

4 | **REQUEST FOR PRODUCTION NO. 35:**

5      All documents concerning the statements contained in the Declaration of Jorge Andres

6 | Corrales in Support of Preliminary Injunction and Expedited Discovery, filed March 11, 2008.

7

8 | Dated: April 17, 2008                    TAYLOR & COMPANY LAW OFFICES, LLP

9

10                                          By:

11                                              Jonathan A. Patchen

12                                          Attorneys for Defendant SOFTSCAPE, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST DEMAND FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF SUCCESSFACTORS, INC. BY DEFENDANT SOFTSCAPE, INC.: CASE NO. C-08-1376 (CW)

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Ferry Building, Suite 355, San Francisco, California 94111.

On April 17, 2008, I served true copies of the following document(s) described as **FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF SUCCESSFACTORS, INC. BY DEFENDANT SOFTSCAPE, INC.** on the interested parties in this action as follows:

> Mr. Laurence F. Pulgram
> Fenwick & West LLP
> 555 California Street, 12th Floor
> San Francisco, CA 94104

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Taylor & Company's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax numbers listed above. The telephone number of the sending facsimile machine was (415) 788-8208. No error was reported by the fax machine that I used.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jlim@tcolaw.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

☒ **BY PERSONAL SERVICE:** I personally delivered the document(s) to the person being at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

TAYLOR & CO.
LAW OFFICES, LLP

10.

FIRST DEMAND FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF SUCCESSFACTORS, INC. BY DEFENDANT SOFTSCAPE, INC.: CASE NO. C-08-1376 (CW)

☐ **BY PERSONAL SERVICE:** I personally delivered the document(s) directly to the person(s) being served.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 17, 2008, at San Francisco, California.

Michael J. Portman

TAYLOR & CO.
LAW OFFICES, LLP

FIRST DEMAND FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF SUCCESSFACTORS, INC. BY DEFENDANT SOFTSCAPE, INC.: CASE NO. C-08-1376 (CW)