1  JESSICA L. GRANT (SBN 178138)
   JAYESH HINES-SHAH (SBN 214256)
2  JONATHAN A. PATCHEN (SBN 237346)
   TAYLOR & COMPANY LAW OFFICES, LLP
3  One Ferry Building, Suite 355
   San Francisco, California 94111
4  Telephone: (415) 788-8200
   Facsimile: (415) 788-8208
5  E-mail: jgrant@tcolaw.com
   E-mail: jhinesshah@tcolaw.com
6  E-mail: jpatchen@tcolaw.com

7  Attorneys for Defendant SOFTSCAPE, INC.

8

9                  UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                      OAKLAND DIVISION

12

13  SUCCESSFACTORS, INC.,                Case No.: C-08-1376 (CW)

14          Plaintiff,                   **DECLARATION OF JESSICA L. GRANT
                                         IN SUPPORT OF DEFENDANT'S
15  v.                                   ADMINISTRATIVE MOTION TO SEAL**

16  SOFTSCAPE, INC.,                     Date:   N/A
                                         Time:   N/A
17          Defendant.                   Dept.:  Courtroom 2

18                                       Honorable Claudia Wilken

19

20      I, JESSICA L. GRANT, declare as follows:

21      1.      I am an attorney with the law firm of Taylor & Company Law Offices, LLP,

22  counsel of record for defendant Softscape, Inc. ("Softscape"). I have personal knowledge of the

23  facts set forth in this declaration, and if I am called as a witness I would and could testify

24  competently to the matters contained herein.

25      2.      On April 23, 2008 the Honorable Claudia Wilken issued an order regarding

26  evidence preservation, a true and correct copy of which is attached to this declaration as Exhibit A

27  ("Order"). In Paragraph 8 of the Order, the Court required that no later than April 30, 2008,

28  counsel for Softscape file under seal a declaration attesting to and confirming that the evidence

TAYLOR & CO.
LAW OFFICES, LLP

                                          1.

1  preservation directives described in Paragraph 7 of that Order had been carried out by counsel for

2  defendant.

3        3.      In accordance with the express terms of the Order, Softscape hereby lodges with

4  the Clerk of this Court a sealed copy of the Declaration of Jessica L. Grant attesting to the matters

5  required by the provisions of Paragraph 7 of the Order.

6        I declare under penalty of perjury under the laws of the United States of America that the

7  foregoing is true and correct.  Executed this 30th day of April, 2008, in San Francisco, California.

8

9

10                                     /s/ Jessica L. Grant

                                    JESSICA L. GRANT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JESSICA L. GRANT IN SUPPORT OF DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL : CASE NO.  C-08-1376 (CW)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUCCESSFACTORS, INC., a Delaware
corporation,

        Plaintiff,

    v.

SOFTSCAPE, INC., a Delaware
corporation; and DOES 1-10,

        Defendants.

_____/

No. C 08-1376 CW

EVIDENCE
PRESERVATION ORDER

The Court hereby orders:

1. The parties shall take reasonable steps to preserve documents, data, tangible things, and other discoverable materials within the scope of Fed. R. Civ. P. 26(b) and 34(a) that are known or reasonably likely to exist and are related to the issues presented by the action.

2. "Identify" is to be interpreted to mean taking such reasonable steps as necessary to evaluate the locations where materials reasonably anticipated to be subject to discovery in this action may be stored.

3. "Locate" is to be interpreted to mean taking such reasonable steps as necessary to determine whether the locations

United States District Court
For the Northern District of California

described in Paragraph 2, above, actually contain materials reasonably anticipated to be subject to discovery in this action.

4.    "Preservation" is to be interpreted to mean accomplishing the goal of maintaining the integrity of all documents, data, tangible things, and other discoverable materials reasonably anticipated to be subject to discovery in this action, including their metadata.  Preservation means taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

5.    "Documents, data, tangible things, and other discoverable materials" shall include, if they exist, writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages (including, without limitation, chat or instant messaging), voicemail, e-mail and attachments, telephone message records or logs, electronically stored information ("ESI"), computer and network activity logs, hard drives, backup data, removable computer storage media such as PDAs, flash memory, CDs, DVDs, tapes, disks and cards, printouts, document image files, web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, itineraries, reimbursements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, digital or

2

chemical process photographs, video, phonographic, tape or digital records or transcripts thereof, drafts, jottings and notes, whether maintained on facilities provided by a party or not.  Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices and metadata, is also included in this definition.

6.   "Log" means a file that lists requests made to or transmissions from a server, that lists who visited a server, or that lists a user's activities during such visits.  "Metadata" means file-specific information showing changes or access or saves to a file, when that activity occurred, and who changed or accessed or saved the file.

7.   Counsel are directed to inquire of their respective clients if the business practices of any party involve the routine destruction, recycling, relocation, or mutation of such materials and, if so, direct the party, to the extent practicable for the pendency of this order, either to:

        A.   Halt such business processes;

        B.   Sequester or remove such material from the business process; or

        C.   Arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

8.   The lead counsel representing each party shall, within one week of this order, submit to the Court under seal and pursuant to

Fed. R. Civ. P. 11, a statement that the directive in paragraph 7, above, has been carried out.   In addition, Defendant's CEO Dave Watkins shall, within one week of this order, submit a declaration under penalty of perjury that such actions have been taken.

9.    Counsel for the parties shall notify their clients of their document preservation obligations pursuant to federal law. Counsel shall also exercise reasonable efforts to identify and request that any non-party who may possess materials reasonably anticipated being subject to discovery take reasonable measures to preserve such material.

10.    With no limitation on Softscape's obligations to preserve evidence generally, Softscape and its agents, servants, and employees, and all persons acting under, in concert with, or for them shall, for the period from December 1, 2007 through April 15, 2008,

    a.    Preserve any historical logs or metadata showing access to the Presentation, Softscape intranets, or other locations where the Presentation ever resided.

    b.    Preserve any logs of external communications from Softscape computers over the internet, including but not limited to logs showing employees' use of third party e-mail systems such as MSN Hotmail, Google gmail (including without limitation hcmknowledge2008a@gmail.com), and Yahoo! mail.

c.   Preserve logs of dynamically (or otherwise) assigned internal IP addresses within Softscape.

d.   Preserve a true, bit-for-bit copy of any server(s) within Softscape's possession, custody, or control, including but not limited to the IIS Intranet Server, that ever had a copy of the Presentation or that transmitted the Presentation.

e.   Preserve all e-mail boxes, repositories, archives (including but not limited to .pst files), profiles, and calendars for Softscape's executives, sales teams, and other persons who accessed the Presentation, received a copy of the Presentation, or participated in communications about the Presentation, including without limitation Dave Watkins, Rick Watkins, Lillian Watkins, Susan Mohr, Dennis Martinek, Rick Vatcher, William Hurley (or Hurly), and any person using the email address mwest@softscape.com.

f.   Preserve all Softscape e-mail distribution lists, including without limitation sales@softscape.com.

g.   Preserve all logs and a true copy of any shared resource, e.g., Share Rooms, eRooms, Intranets, dedicated to Softscape sales or marketing groups.

h.   Preserve any VPN and FTP logs.

5

United States District Court
For the Northern District of California

i.    Make true, bit-for-bit copies of storage media of any computer (including networked storage media and work computers) used by persons to access the Presentation, receive a copy of the Presentation, or participate in communications about the Presentation, and in addition any laptop or desktop computer used by Dave Watkins, Rick Watkins, Lillian Watkins, Susan Mohr, Dennis Martinek, Rick Vatcher, William Hurley (or Hurly), and any person using the email address mwest@softscape.com, and any person using IP addresses 98.216.168.122, 24.34.56.79, 82.108.171.66, 217.118.122.88, 62.140.137.160, 65.96.233.62, 65.96.237.54, or 74.94.170.178.  (This does not include Softscape's Corporate IP address (68.236.68.19).)

IT IS SO ORDERED.

Dated: 4/23/08

_____
CLAUDIA WILKEN
United States District Judge

6