JESSICA L. GRANT (SBN 178138)
JAYESH HINES-SHAH (SBN 214256)
JONATHAN A. PATCHEN (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
E-mail: jgrant@tcolaw.com
E-mail: jhinesshah@tcolaw.com
E-mail: jpatchen@tcolaw.com

Attorneys for Defendant SOFTSCAPE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOFTSCAPE, INC., <br><br> Defendant. | Case No.: C-08-1376 CW (BZ) <br><br> **DEFENDANT SOFTSCAPE INC.'S OPPOSITION TO SUCCESSFACTORS, INC.'S MOTION FOR A PROTECTIVE ORDER** <br><br> Date: TBD <br> Time: TBD <br> Place: Courtroom G, 15th Floor <br><br> Magistrate Judge Bernard Zimmerman |

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANT SOFTSCAPE INC.'S OPPOSITION TO SUCCESSFACTORS, INC.'S MOTION FOR A PROTECTIVE ORDER: CASE NO. C-08-1376 CW (BZ)

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. BACKGROUND .................................................................................................................. 2

III. ARGUMENT ...................................................................................................................... 3

    A. SuccessFactors Cannot Demonstrate Good Cause For Quashing or Modifying the Subpoenas ........................................................................................ 3

        1. The Subpoenas Seek Relevant Evidence and Fully Comply With Rule 45 ............................................................................................................ 3

        2. SuccessFactors Lacks Standing To Bring This Motion to The Extent It Objects to the Subpoenas' Relevance, Overbreadth, and Burden ............. 5

        3. The Possible Risk That the Parties or the Court May Accidentally Disclose Confidential Information Does Not Establish Good Cause Because the Protective Order Entered by the Court Addresses the Proper Treatment of Confidential Material ................................................. 7

    B. There Is No Good Cause For Any Protective Order Limiting or Delaying The Third-Party Subpoenas ......................................................................................... 8

IV. CONCLUSION .................................................................................................................. 10

TAYLOR & CO.
LAW OFFICES, LLP

i.

DEFENDANT SOFTSCAPE INC.'S OPPOSITION TO SUCCESSFACTORS, INC.'S MOTION FOR A PROTECTIVE ORDER: CASE NO. C-08-1376 CW (BZ)

# TABLE OF AUTHORITIES

**CASES**

*Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*,
   231 F.R.D. 426 (M.D. Fla. 2005) .................................................................................. 7

*Blankenship v. Hearst Corp.*,
   519 F.2d 418 (9th Cir. 1975) ........................................................................................... 7

*Diamantis v. Milton Bradley Co.*,
   772 F.2d 3 (1985) ......................................................................................................... 5, 6

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
   331 F.3d 1122 (9th Cir. 2003) ......................................................................................... 7

*G.K. Las Vegas, Ltd. P'ship v. Simon Prop. Grp., Inc.*,
   2007 WL 119148 *3 (D. Nev. Jan 9, 2007) ..................................................................... 6

*Keller v. Edwards*,
   206 F.R.D. 412 (D. Md. 2002) ........................................................................................ 9

*L.G. Phillips LCD Co., Ltd. v. Tatung Co.*,
   2007 U.S. Dist. LEXIS 24181 *5 (N.D. Cal. March 20, 2007) ..................................... 10

*Laxalt v. C.K. McClatchy*,
   809 F.2d 885 (D.C. Cir. 1987) ..................................................................................... 5, 6

*See, e.g., L.G. Phillips LCD Co. v. Tatung Co.*,
   2007 U.S. Dist. LEXIS 24890 *9 (E.D. Cal. Mar. 21, 2007) .......................................... 8

*United States v. Bartesch*,
   110 F.R.D. 128 (N.D. Ill. 1986) ...................................................................................... 9

*Warth v. Seldin*,
   422 U.S. 490 (1975) ........................................................................................................ 5

**OTHER AUTHORITIES**

9A C. Wright and A. Miller, *Federal Practice and Procedure 2d*,
   § 2459 (2008) .................................................................................................................. 5

**RULES**

Fed. R. Civ. P. 26(b)(1) ........................................................................................................... 3

Fed. R. Civ. P. 26(d)(2) ........................................................................................................... 9

TAYLOR & CO.
LAW OFFICES, LLP

ii.

DEFENDANT SOFTSCAPE INC.'S OPPOSITION TO SUCCESSFACTORS, INC.'S MOTION FOR A PROTECTIVE ORDER: CASE NO. C-08-1376 CW (BZ)

## I. INTRODUCTION

This case arises out of a PowerPoint presentation defendant Softscape, Inc. ("Softscape") prepared for internal purposes to train its sales force to compete for customers when selling against plaintiff SuccessFactors, Inc. ("Presentation"). The Presentation describes SuccessFactors, Inc.'s ("SuccessFactors") products and services and the experiences of current and former customers. The Presentation was leaked – anonymously – and SuccessFactors sued Softscape. SuccessFactors claims that the entire Presentation is false, misleading and deceptive and has harmed its reputation and goodwill.

After providing notice to SuccessFactors, Softscape served four Rule 45 subpoenas on Sears, Intelsat, ICMA-RC and Harris Williams & Co. – each of whom is referenced in the Presentation. These subpoenas are designed to elicit testimony and documents necessary to refute SuccessFactors' claim that the statements made in the Presentation, including but not limited to statements referencing these four companies, are false, misleading or deceptive, and which form the basis for SuccessFactors claims for defamation, trade libel, unfair competition and false advertising.

SuccessFactors now seeks a protective order. SuccessFactors claims that these subpoenas should only be directed to the exact statements in the Presentation that reference the companies. But SuccessFactors has put the truth of the *entire* Presentation at issue. Unless SuccessFactors is willing to stipulate to the truth and accuracy of all statements in the Presentation, except for the ones that are called out in the Court's preliminary injunction order dated April 4, 2008, Softscape is entitled to conduct discovery to establish the accuracy of each of the statements in the Presentation.

SuccessFactors has not shown good cause for a protective order. First, the subpoenas at issue are narrowly tailored and seek relevant information. Indeed, only one of the subpoenaed parties has indicated it has any objection whatsoever to the scope of the subpoenas. None of the parties has moved to quash or expressed its intent to do so. Second, SuccessFactors lacks standing to raise any potential concerns of third-parties. And its concerns regarding the potential disclosure of confidential material is already addressed by the Protective Order entered on April

23, 2008. Finally, there is no merit to SuccessFactors' request that a stay unilaterally be imposed on Softcape's ability to conduct third party discovery until the parties have completed their own discovery.

Because the four subpoenas at issue are narrowly tailored to seek discovery of the evidence necessary to enable Softscape to defend against SuccessFactors' claims and, because SuccessFactors lacks standing to object to third party subpoenas, this Court should deny SuccessFactors' motion for a protective order in its entirety.

## II.   BACKGROUND

On March 11, 2008, SuccessFactors filed a Complaint alleging nine causes of action related to the creation and one-time unauthorized distribution of the Presentation by "John Anonymous." Complaint, Dkt. No. 1; Declaration of Rob Bernshteyn, Ex. 1, Dkt. No. 30 (the Presentation). The Complaint alleges that the content of the entire Presentation is untrue. *Id.* at ¶ 17. As part of the preliminary proceedings in this case, the Court opened discovery on April 14, 2008. Minute Order, Dkt. 67. *SuccessFactors* has already issued eight third-party subpoenas, including a deposition subpoena to an individual residing outside the United States that contains thirteen separate document requests. Declaration of Jessica L. Grant ("Grant Decl.") ¶ 2.

The Softscape subpoenas at issue are directed to four of the companies referenced in the Presentation who purchased SuccessFactors products. Each subpoena contains only three deposition topics and a *single* document request that simply seeks "[a]ll documents, including but not limited to proposals, contracts and budget information, concerning the implementation or attempted implementation of SuccessFactors' product(s)." Counsel for Softscape has offered to meet and confer with these companies to narrow the document request, if necessary, to further reduce the burden of responding to the request. *Id.* ¶ 3.

To date, Softscape has received letter objections from one witness (Sears), and is continuing to work with Sears and the other companies to reach agreement on dates for depositions, and scope the deposition topics and document request. *Id.* ¶ 4. Nevertheless, SuccessFactors has moved for a protective order to prevent the depositions from taking place at all or to substantially limit the scope of the areas of examination to only the subject matter

TAYLOR & CO.
LAW OFFICES, LLP

2.

DEFENDANT SOFTSCAPE INC.'S OPPOSITION TO SUCCESSFACTORS, INC.'S MOTION FOR A PROTECTIVE ORDER: CASE NO. C-08-1376 CW (BZ)

*SuccessFactors* believes is reasonable.

### III. ARGUMENT

SuccessFactors advances two basic arguments in support of its motion. First, SuccessFactors argues that the four subpoenas are overbroad, irrelevant, harassing and may lead to the production of confidential information. Second, SuccessFactors argues that the outstanding party discovery should take precedence over Softscape's third-party subpoenas only. Neither of these claims has merit.

**A.  SuccessFactors Cannot Demonstrate Good Cause For Quashing or Modifying the Subpoenas**

**1.  The Subpoenas Seek Relevant Evidence and Fully Comply With Rule 45**

Softscape has a right to discover "any nonprivileged matter that is relevant to any party's claim or defense" even when that information is held by third-parties. Fed. R. Civ. P. 26(b)(1). Moreover, information is "relevant," and thus discoverable, if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Here, Softcape's subpoenas are narrowly tailored – three deposition topics and one request for production each – and seek evidence relevant to the claims and defenses in the litigation.

It is important to recognize that SuccessFactors has put *all* of the statements in the Presentation at issue, entitling Softscape to conduct discovery regarding the accuracy of each of those statements. SuccessFactors protests that this case only involves the truth and impact of the twelve statements highlighted in paragraphs 14 and 16 of its Complaint. *See* Motion at pp. 3:3-22, 7:5-6, 7:21-22. These protests are misleading, however, because SuccessFactors has consistently alleged that other as yet unidentified statements in the Presentation are also false:

- "The Presentation also includes other false and deceptive statements – the above list only beings to categorize those statements, which are littered throughout the Presentation. The PowerPoint slides include page-after-page of false and misleading information" (*Id.* at ¶ 17); and

- "The statements as alleged above and other statements contained in the Presentation, collectively referred to as the 'Defamatory Statements' . . . (*Id.* at ¶ 70).

Moreover, SuccessFactors has alleged causes of action against Softscape for false

TAYLOR & CO.
LAW OFFICES, LLP

3.

DEFENDANT SOFTSCAPE INC.'S OPPOSITION TO SUCCESSFACTORS, INC.'S MOTION FOR A PROTECTIVE ORDER: CASE NO. C-08-1376 CW (BZ)

advertising, defamation, trade libel and unfair competition, the gravaman of which is that that the Presentation *in its entirety is false* and has somehow harmed SuccessFactors' reputation and goodwill. The net result of SuccessFactors' open-ended allegations and broad causes of action is that SuccessFactors has put *every* statement in the Presentation at issue. Unless SuccessFactors is willing to stipulate to the truth and accuracy of all statements in the Presentation, except for the ones that are called out in the Court's preliminary injunction order dated April 4, 2008, Softscape is entitled to conduct discovery to establish the accuracy of each of the statements in the Presentation so it can adequately defend against SuccessFactors' broad claims.

Equally unmeritorious is SuccessFactors' view of the scope of potentially relevant information these third-parties are likely to provide. SuccessFactors contends the third-parties should only be allowed to discuss the express statements attributed to them in the Presentation. Motion at p. 7:1-17. But these customers (and former customers) are likely to provide relevant information regarding many of the other claims in the Presentation, including, *inter alia*, comments and reviews of SuccessFactors product and its sales and support staff; cost overruns; use (or overuse) of consultants; and opinions about the functionality, security and usability of SuccessFactors' software. Thus, even if the document requests may include information about "pricing, confidential proposals and contract, and the functionality of SuccessFactors products" (Motion at p. 2:24-26), such information is relevant to the truth or falsity of the statements in the Presentation.

For example, the Presentation states that the Intelsat project went over budget by $500,000. Beyond the literal truth of the statement – which Softscape is entitled to discover – it is equally relevant to learn why the project went over budget, especially because the reason for the cost overrun may be related to and prove the truthfulness of other statements in the Presentation. Sales proposals, budgets and similar information can provide insight into how SuccessFactors employs consultants in the deployment and servicing of its products as discussed in Slide 23. Moreover, customer experiences can confirm or deny "the Recurring Theme" referenced on Slide 3 or the statements on Slide 43. SuccessFactors cannot artificially limit the scope of the subpoenas when it is reasonably likely that the third-parties will have highly relevant information related to other

TAYLOR & CO.
LAW OFFICES, LLP

4.

DEFENDANT SOFTSCAPE INC.'S OPPOSITION TO SUCCESSFACTORS, INC.'S MOTION FOR A PROTECTIVE ORDER: CASE NO. C-08-1376 CW (BZ)

facts and statements in the Presentation that plaintiff has put at issue. Because Softscape's subpoenas seek relevant information regarding its ability to defend against plaintiff's claims for defamation, false advertising, unfair competition and trade libel, SuccessFactors' motion should be denied.

### 2. SuccessFactors Lacks Standing To Bring This Motion to The Extent It Objects to the Subpoenas' Relevance, Overbreadth, and Burden

SuccessFactors has no standing to object to the subpoenas on the grounds that they are purportedly unreasonable, oppressive, overbroad, burdensome or irrelevant. Instead, SuccessFactors may only seek a protective order to the extent it has a privilege or proprietary interest regarding the subject matter of the subpoenas. In this case, a Protective Order was entered on April 23, 2008 that sufficiently protects any proprietary interest SuccessFactors may have in the documents and deposition testimony called for in the subpoenas. *See* Protective Order, Dkt. No. 89.

It is well-settled that "a litigant 'generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties.'" *Laxalt v. C.K. McClatchy*, 809 F.2d 885, 891 (D.C. Cir. 1987) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). "This rule clearly applies to discovery proceedings." *Id.* In the context of a discovery subpoena directed at a third party, "unless a party to the action can make a claim to some personal right or privilege with respect to the subject matter of such subpoena directed to a non-party witness, the party to the action has *no right to relief* under these rules, [26(a), 30(b), 45(b) and 45(d)]." *Id.* (alteration in original, emphasis added, internal quotation marks omitted); *see also* 9A C. Wright and A. Miller, *Federal Practice and Procedure 2d*, § 2459 (2008) (describing this principle under Rule 45"); *Id.* 8 § 2035 (describing this principle under Rule 26). Here, SuccessFactors generally objects to the nature, scope, burden, and relevance of the subpoenas. *See* Motion at pp. 5-9. *But these are issues for the third parties to raise.* SuccessFactors has no legal right to advance a third-party's interest by way of its own motion for a protective order.

The First Circuit's decision in *Diamantis v. Milton Bradley Co.*, 772 F.2d 3 (1985) illustrates the infirmity of SuccessFactors' motion. In that case, after the plaintiff sued her former

TAYLOR & CO.
LAW OFFICES, LLP

5.

DEFENDANT SOFTSCAPE INC.'S OPPOSITION TO SUCCESSFACTORS, INC.'S MOTION FOR A PROTECTIVE ORDER: CASE NO. C-08-1376 CW (BZ)

employer, the employer issued Rule 45 subpoenas to plaintiff's business associate and the plaintiff's company. Plaintiff appealed a ruling ordering the production of certain documents. On appeal, the court closely examined the plaintiff's objections on the grounds that the discovery requests were "unreasonable and oppressive because they are directing non-party witnesses ... to expend time and labor to supply the information requested," that the discovery was "overbroad and harassing by its very terms," and that the subpoena impacted the rights of non-parties to protect their own private financial information. *Id.* at 4. The First Circuit rejected plaintiff's argument and dismissed the appeal because the plaintiff lacked standing. Specifically, the court held that "[c]learly the basis of these objections are concerns of [the third parties] – not the plaintiff. It is third party witnesses whose rights would be invaded, whose privacy would be invaded, and who would have to bear the expense of producing the requested documents. . . [The plaintiff] has not shown that her own rights are threatened by the compliance of the nonparties." *Id.* at 4-5.

Here, *Diamantis* demonstrates that SuccessFactors has no standing to advance many of its arguments in favor of issuance of a protective order. SuccessFactors' motion primarily focuses on potential harm to the third parties, Motion at pp. 6:16-17,[1] the potential cost and burden of responding to the discovery, Motion at pp. 6:21-23 & n.3, the burden of irrelevant discovery, Motion at pp. 7:1-2, 7:18-19, 8:11-12; and the alleged overbreadth of the discovery, Motion at pp. 7:1-2, 8:11-12; 9:15. SuccessFactors has no standing to raise these issues; it is for the third-parties to raise or ignore at their own discretion. *See Diamantis*, 772 F.2d at 4 (rejecting a party's objection to discovery that was allegedly costly, overbroad, and harassing to the third-party); *Lexalt*, 809 F.2d at 891 (an interest in making sure the law is followed is insufficient for standing to object to third-party discovery).[2]

---

[1] SuccessFactors offers *no* support for its suggestion that Sears, Harris-Williams, Intelsat and ICMA-RC – who are large and legally sophisticated corporations – are "particularly vulnerable" in the context of third-party subpoenas. Motion at p. 6:16-17.

[2] *See also, e.g., G.K. Las Vegas, Ltd. P'ship v. Simon Prop. Grp., Inc.*, 2007 WL 119148 *3 (D. Nev. Jan 9, 2007) (holding that a party has no standing to quash a non-party subpoena on grounds of irrelevance or (footnote continued)

TAYLOR & CO.
LAW OFFICES, LLP

6.

DEFENDANT SOFTSCAPE INC.'S OPPOSITION TO SUCCESSFACTORS, INC.'S MOTION FOR A PROTECTIVE ORDER: CASE NO. C-08-1376 CW (BZ)

3. **The Possible Risk That the Parties or the Court May Accidentally Disclose Confidential Information Does Not Establish Good Cause Because the Protective Order Entered by the Court Addresses the Proper Treatment of Confidential Material**

SuccessFactors has standing to move for a protective order only to the extent third party discovery may lead to the disclosure of information in which SuccessFactors has a confidential, proprietary interest. Motion at pp. 8-9. But the protective order in this case *already applies to non-parties* who may produce documents and give testimony. *See* Protective Order, ¶¶ 2.7-2.8 (noting that a "non-party" may be a "Producing Party" or "Designating Party"); and ¶¶ 5.2-5.3 (the "Producing Party" is allowed to designate materials). Nonetheless, SuccessFactors argues that the subpoenas should be quashed or modified because a party, a third-party, or the Court *may* accidentally disclose confidential material. Motion at pp. 8:22-9:1 ("The best of intentions does not prevent errors or lapses, either by counsel or by inadvertent disclosure by the Court."). This argument is meritless for several reasons.

First, the mere speculation that confidential material may "accidentally" be produced without appropriate safeguards clearly fails to satisfy the requirements for an issuance of yet another protective order. SuccessFactors must demonstrate that this risk amounts to good cause for issuance of a protective order, Fed. R. Civ. P. 26(c)(1), with a clear showing of a particular and specific need for the order. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Here, the documents requested from the third-parties are directly relevant to establishing the truth of various statements in the Presentation including, but not limited to, the statements attributed to these same third-parties. To preclude such discovery, when the alleged protectable material is *already covered by a protective order*, flies in the face of Softscape's fundamental right

---

undue burden); *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (denying standing to a party seeking to quash a non-party subpoena based upon "Relevance, Oppressiveness and Undue Burden").

TAYLOR & CO.
LAW OFFICES, LLP

7.

DEFENDANT SOFTSCAPE INC.'S OPPOSITION TO SUCCESSFACTORS, INC.'S MOTION FOR A PROTECTIVE ORDER: CASE NO. C-08-1376 CW (BZ)

to seek this highly relevant discovery.

Second, crediting SuccessFactors argument that a speculative risk of accidental disclosure (despite a protective order) justifies suspending discovery would pave the way for grinding discovery to a halt. The crux of SuccessFactors' argument – that no discovery should take place because the Producing Party *may* miss an appropriate designation or the Court *might* disclose the material – has no logical stopping point. There is simply no support for such a proposition under federal law, and the protective order *already* addresses the situation where a Producing Party inadvertently fails to designate. *See* Protective Order, ¶ 5.3 (addressing "Inadvertent Failures to Designate").

Third, courts have expressly held that similar protective orders entered in a main action provide sufficient protection against disclosure of trade secrets as a result of a third-party subpoena. *See, e.g., L.G. Phillips LCD Co. v. Tatung Co.*, 2007 U.S. Dist. LEXIS 24890 *9-*10 (E.D. Cal. Mar. 21, 2007):

> Further, neither [the defendant] nor [the third party] have provided a convincing explanation as to how the protective order currently in place in the Delaware action fails to protect the allegedly sensitive information. That order applies to and protects confidential information produced by parties and non-parties alike. Under the provisions of that order, trade secret and highly sensitive business information may be designated as 'highly sensitive confidential information.' Such a designation limits the disclosure of such information to the parties' attorneys only. Thus, the provisions of the protective order appear to obviate [the defendant's] and [third-party's] concerns about plaintiff obtaining a competitive advantage through [the third party's] disclosure of the requested information.

Likewise, the protective order entered here expressly allows for two levels of Attorneys'-Eyes-Only confidentiality designations to protect highly sensitive, competitive information.

**B.  There Is No Good Cause For Any Protective Order Limiting or Delaying The Third-Party Subpoenas**

SuccessFactors' request that the Court intervene and impose a schedule on the sequence and timing of the parties' discovery is an attempt to impose a unilateral stay on Softscape's ability to conduct the discovery it needs to establish a defense in this case. Despite the fact that SuccessFactors has repeatedly asked this Court to order expedited discovery from Softscape,

8.

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANT SOFTSCAPE INC.'S OPPOSITION TO SUCCESSFACTORS, INC.'S MOTION FOR A PROTECTIVE ORDER: CASE NO. C-08-1376 CW (BZ)

1  SuccessFactors now seeks to retard Softscape's discovery. Such a request is contrary to Rules 26
2  and 45, which presumptively allow the parties to conduct discovery in whatever order, and by
3  whatever method, they wish. Fed. R. Civ. P. 26(d)(2) ("methods of discovery may be used in any
4  sequence"). SuccessFactors advances three arguments for delaying the third-party subpoenas.
5  Each of these arguments is flawed.

6  First, SuccessFactors argues that it wants to have documents from Softscape before it
7  approaches these third-party witnesses so that it is better positioned to question the third-parties.
8  The flip-side of that claim cuts against SuccessFactors; Softscape is seeking to obtain documents
9  and materials from third-parties so that it will be in a position to more effectively question
10 *SuccessFactors'* witnesses. The parties have competing tactical goals, and there is nothing wrong
11 with "counsel attempting to take discovery in a sequence that affords them a tactical advantage."
12 *Keller v. Edwards*, 206 F.R.D. 412, 415 (D. Md. 2002).[3] Thus, the fact that one party has already
13 noticed a deposition does not prevent another party from noticing another deposition *before* that
14 one. *United States v. Bartesch,* 110 F.R.D. 128, 129 (N.D. Ill. 1986). This does not constitute
15 "harassment" as SuccessFactors disingenuously argues. Moreover, the Court has previously
16 recognized the necessity of discovery from third-party witnesses. *See* Transcript, Dkt. No. 71 at p.
17 40:18-22.

18 Second, SuccessFactors claims that if the third-party depositions proceed, it may later wish
19 (with leave of Court, of course) to take multiple depositions of the same third-parties based on
20 information contained in documents it may receive from Softscape or others. This argument lacks
21 merit. No matter how discovery is sequenced, there is always the same risk that documents will
22 be produced after a relevant deposition has been taken. Again, SuccessFactors' argument cuts
23 equally against its position; if this Court becomes involved in the sequencing of party versus non-

---

[3] SuccessFactors' insistence that Softscape has somehow violated Civ. L.R. 30-1 is misplaced. SuccessFactors deceptively misquotes L.R. 30-1 by excising the portion of the rule that provides the parties may meet-and-confer regarding scheduling "after serving the nonparty witness with a subpoena." While the parties have met and conferred, they have not yet reached an agreement on either the timing or scope of the subpoenas at issue.

TAYLOR & CO.
LAW OFFICES, LLP

9.
DEFENDANT SOFTSCAPE INC.'S OPPOSITION TO SUCCESSFACTORS, INC.'S MOTION FOR A PROTECTIVE ORDER: CASE NO. C-08-1376 CW (BZ)

1  party discovery, one of the parties is likely to lose out. Softscape respectfully suggests that this
2  Court need not give SuccessFactors such a head-start, but instead should let the parties sequence
3  discovery based on the Federal Rules.
4      Third, SuccessFactors claims that most of the information sought from the third-party
5  witnesses will be provided by SuccessFactors in response to Softscape's discovery requests. This
6  is simply not true. As Judge Alsup astutely noted, "Third party discovery is a time-honored
7  device to get at the truth of a claim or defense. A party in litigation is not obligated to take the
8  word of an opponent regarding what relevant documents do or do not exist. Indeed, it is common
9  experience to find that third parties are in possession of documents that parties to an action have
10 asserted do not exist." *L.G. Phillips LCD Co., Ltd. v. Tatung Co.*, 2007 U.S. Dist. LEXIS 24181
11 *5-*6 (N.D. Cal. March 20, 2007). And, it is highly probable that the third-party witnesses have
12 reviews, complaints, thought, and other internal feedback regarding SuccessFactors that was never
13 shared with plaintiff, but is highly relevant to this litigation. Thus, it is unlikely that the third-
14 party material will be cumulative and duplicative of what SuccessFactors purportedly will
15 produce.

### IV. CONCLUSION

17     Softscape has issued four narrowly tailored Rule 45 subpoenas to third-parties who are
18 specifically referenced in the Presentation in order to discover evidence relevant to establishing
19 the accuracy of statements contained therein. Despite objections from SuccessFactors, there is no
20 reason why this limited discovery should be quashed, modified or delayed. Softscape respectfully
21 requests that, in light of the foregoing, SuccessFactors' motion should be denied in its entirety.

23 Dated: May 2, 2008                        Respectfully submitted,

                                       TAYLOR & COMPANY LAW OFFICES, LLP

                                       By:        /s/ Jessica L. Grant
                                                    Jessica L. Grant
                                       Attorneys for Defendant SOFTSCAPE, INC.

TAYLOR & CO.
LAW OFFICES, LLP

10.
DEFENDANT SOFTSCAPE INC.'S OPPOSITION TO SUCCESSFACTORS, INC.'S MOTION FOR A PROTECTIVE ORDER: CASE NO. C-08-1376 CW (BZ)