**FENWICK & WEST LLP**

SILICON VALLEY CENTER   801 CALIFORNIA STREET   MOUNTAIN VIEW, CA 94041
TEL 650.988.8500   FAX 650.938.5200   WWW.FENWICK.COM

June 9, 2008

HENRY Z. CARBAJAL III

EMAIL HCARBAJAL@FENWICK.COM
DIRECT DIAL (650) 335-7193

**FILED UNDER SEAL**

The Honorable Bernard Zimmerman
United States District Court for the
Northern District of California
450 Golden Gate Avenue
Courtroom G, 15th Floor
San Francisco, CA  94102

    Re:    *SuccessFactors, Inc. v. Softscape, Inc.*, Case No.: C-08-1376 (CW)

Dear Judge Zimmerman:

    Pursuant to the Court's May 5, 2008 Initial Discovery Order, Plaintiff SuccessFactors, Inc. ("SuccessFactors") writes to request a telephone conference with the Court regarding Defendant Softscape, Inc.'s ("Softscape") unjustified stall in production of materials originally due to be produced, according to SuccessFactors' initial requests for production, on April 27, 2008. In this matter, SuccessFactors has sued Softscape on various claims relating to deceptive and unauthorized access to password protected computers and information and to creation and distribution to hundreds of customer email addresses of a false and disparaging PowerPoint Presentation regarding SuccessFactors' products and services.

    It is now almost three months after service of SuccessFactors' first set of document requests. During a June 4, 2008 meet and confer session, Softscape advised that it has not even *started* electronic searches of most employee-custodian document accounts, has not completed production from any accounts and has no date certain to produce documents from any accounts. Moreover, Softscape has also not produced even the obvious key documents for this litigation that need no search to find and that have, in fact, already been identified. After SuccessFactors served its first set of requests for production on March 28, 2008, Softscape missed the initial production deadlines, later promising production of responsive documents on May 15, 2008, and then May 16, 2008. This did not occur. Softscape produced a paucity of mostly non-substantive documents on May 20, 2008. Softscape also represented it would produce additional responsive documents prior to a critical Rule 30(b)(6) deposition set for May 29-30, 2008. This also largely did not occur. To date, Softscape has produced only 800 documents to SuccessFactors, almost half of which were merely publicly available Google news alerts. Softscape's production has not even included materials obviously available to produce, including, among many others:

[redacted]



    Withholding of the core documents belies Softscape's claims that its failure to make a timely production of documents is a question of bandwidth. Moreover, Softscape has had ample time to press for its own discovery; to collect and produce publicly available (and mostly immaterial) documents that make up much of its production to date; and to file a new retaliatory action in Massachusetts within two days of SuccessFactors announcing its secondary public offering. There is no excuse for not even running term searches of the files, much less for withholding materials Softscape has already identified without the need for searches.

    SuccessFactors seeks dates certain for Softscape's production. For documents already in hand and requiring no electronic search, we request production immediately, and no later than June 12, 2008. For the first six custodians Softscape has agreed to prioritize for electronic search, SuccessFactors requests production by June 16, 2008. For remaining custodians' documents, we request production by June 26, 2008. Softscape has offered production only by late July and has proposed no certain date for any documents, with only the same promises of "rolling productions" that previously did not result in production of more than a trickle.

    Further delay in production is not only inappropriate under the rules, it will also stall out the entire progress of this litigation. It is already clear the parties will have ongoing disagreements over the scope of discovery, beyond the present dispute as to its timing. Follow up requests and negotiations will be needed to obtain unproduced materials from Softscape. Identification of subpoenas needed to third parties depends on receipt of the past due initial production. Softscape's production appears likely to inform amendment to the complaint, and is essential for taking meaningful depositions. By neglecting to produce even the most initial, undisputed scope of discovery documents, Softscape is effectively shutting down the entire process of SuccessFactors' preparation of its case. We request the Court's assistance through a telephone conference in coming to an appropriate schedule to overcome the unwarranted delays to date.

                                     Sincerely,

                                       FENWICK & WEST LLP

                                     Henry Z. Carbajal III