# MINTZ LEVIN

1400 Page Mill Road
Palo Alto, California  94304-1124
650-251-7700
650-251-7739 fax
www.mintz.com

Jeffrey Ratinoff | 650 251 7755 | jratinoff@mintz.com

June 11, 2008

The Honorable Bernard Zimmerman
U.S. District Court for the Northern District of California
450 Golden Gate Ave., Courtroom G, 15th Floor
San Francisco, CA  94102

Re:    *SuccessFactors, Inc. v. Softscape, Inc.*; Case No.: C08-1376 CW (BZx)

Dear Judge Zimmerman:

Defendant Softscape, Inc. ("Softscape") hereby submits its response to the June 9, 2008 letter filed by Plaintiff SuccessFactors, Inc. ("SFI").  SFI omits several key facts regarding Softscape's continued willingness to work with SFI on a reasonable timeline for its document production.

First, SFI's discovery has not been outstanding for three months.  Indeed, this action was *filed* three months ago on March 11, 2008.  SFI propounded three sets requests for production on March 28, April 4 and 18, respectively, totaling 55 complex and broad requests.  Many of SFI's requests are overly broad, unduly burdensome, and improperly seek information subject to rights of privacy and Softscape's highly confidential and proprietary information that has no relevance to this action.  Softscape rightfully asserted objections to those improper requests and has agreed to meet and confer with SFI over narrowing them in a reasonable manner.

Second, since current counsel of record for Softscape appeared on May 6, 2008, it has made a diligent effort to comply with numerous unilateral, artificial deadlines imposed by SFI, which were the result of its insistence to prematurely take the deposition of Softscape's 30(b)(6) witness prior to the completion of document collection, review, and production.  Between the deadline for Softscape's ***statements of compliance***[1] and the premature Rule 30(b)(6) deposition, Softscape heeded this Court's May 8th advisory ruling by focusing its search for documents relating to the source of the facts, and the creation and alleged dissemination of a *single* alleged defamatory publication that is at issue in this litigation.  In doing so, Softscape conducted an expedited search for responsive documents in the possession of the two custodians most likely to have such information and produced documents on May 20, 22, 28 and 29.[2]  Prior to the deposition, Softscape also provided substantive responses to SFI's interrogatories and requests for admissions.

Softscape further advised SFI that despite its best efforts, it could not complete a search of all custodians for all responsive documents prior to the deposition and offered to reschedule it 30 to

---

[1] SFI has taken the erroneous position that the "deadline" for a party to produce all responsive documents is the day on which responses to document requests are due.  F.R.Civ.P. 34 contains no such requirement.

[2] Prior counsel also produced key documents on May 1, 2008, the day that Softscape's responses were due.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | WASHINGTON | NEW YORK | STAMFORD | LOS ANGELES | PALO ALTO | SAN DIEGO | LONDON

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

The Honorable Bernard Zimmerman
June 11, 2008
Page 2

45 days later.  Instead of allowing Softscape an adequate time to collect, review, and produce a comprehensive document population, SFI insisted on going forward with the deposition, while constantly berading Softscape concerning its allegedly deficient production.  Softscape's production was further delayed by the need to respond to SFI's barrage of inquiries and demands.

Third, Softscape offered to produce documents on a bi-weekly basis over the course of a 45-day period, which would commence once the parties agreed upon the relevant custodians and the search terms to be used.  SFI rejected this proposal and insisted that Softscape search, process, review and produce documents derived from approximately 1.0 to 1.5 terabytes electronically stored information ("ESI") associated with 21 custodians in less than one month.

As explained during meet and confer, requiring Softscape to complete its document production in less than one month is unduly burdensome and seeks the impossible.  The process of searching, reviewing and producing responsive ESI requires a <u>significant</u> amount of vendor and attorney time to complete.  Softscape is also consolidating the various ESI sources, which are spread throughout the United States, England and Australia, to ensure that its search efforts are comprehensive, efficient, cost-effective and non-duplicative.  Lastly, as of the time of this letter, the parties have not completed meet and confer over search terms, the completion of which will prevent unnecessary and duplicative searches.  Hence, Softscape's delay in commencing searches of additional custodians, as well as the requested 45-day time frame is both justifiable and reasonable.

Conversely, SFI has not articulated any legal or factual basis for its false sense of urgency and how it has or will be prejudiced by waiting 45 days for Softscape to complete its production.  Indeed, SFI cannot do so because: (1) counsel for Softscape has only been in this case *for 25 court days*; (2) this action is only three months old; (3) Softscape preserved the relevant ESI and there are unavoidable logistical issues with processing it; (4) SFI just *proposed* a November 28, 2008 discovery cutoff and the trial date has not yet been set; and (5) there has not yet been a case management conference to resolve any resulting disagreements over a discovery plan.

Finally, SFI's claim that Softscape is withholding "key" documents is not true.  Softscape has produced all responsive documents that counsel has reviewed to date.  To the extent SFI contends that documents have been identified in interrogatory responses or deposition testimony, Softscape agreed to make a good faith effort to prioritize the production of any such documents and search custodians in the order of priority that SFI prefers.  SFI's choice to bring this matter to the Court's attention rather than cooperating with Softscape has further delayed this process.  Accordingly, Softscape now proposes August 1st as the date to complete its production in response to SFI's current outstanding requests and produce documents every 10 court days during that time.

Respectfully submitted,

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

*/s/ Jeffrey M. Ratinoff*

Jeffrey M. Ratinoff