# MINTZ LEVIN

1400 Page Mill Road
Palo Alto, California  94304-1124
650-251-7700
650-251-7739 fax
www.mintz.com

**Jeffrey Ratinoff** | 650 251 7755| jratinoff@mintz.com

June 11, 2008

The Honorable Bernard Zimmerman
U.S. District Court for the Northern District of California
450 Golden Gate Ave., Courtroom G, 15th Floor
San Francisco, CA  94102

Re:     *SuccessFactors, Inc. v. Softscape, Inc.*; Case No.: C08-1376 CW (BZx)

Dear Judge Zimmerman:

Pursuant to the Court's Initial Discovery Order, Defendant Softscape, Inc. ("Softscape")
respectfully requests a telephone conference with the Court concerning Plaintiff SuccessFactors,
Inc.'s ("SFI") misuse of the discovery process to unduly burden and harass Softscape and its
attorneys, and need to issue a protective order under Rule 26 to prevent further misconduct.

On March 11, 2008, SFI filed this action which included claims for trademark infringement, false
advertising, unfair competition, libel, and trade libel based on the one-time dissemination of an
allegedly defamatory publication.  Thereafter, SFI obtained a preliminary injunction to prevent its
further dissemination and an evidence preservation order.  The Honorable Claudia Wilken,
however, denied SFI's request for expedited discovery and instead opened discovery before the
June 17, 2008 initial case management conference.  In reaching that ruling, she expressly stated:

> And when I say discovery's open, I don't mean let's all dump each other with
> the most burdensome things we can think of to stop everybody in their tracks.

March 31, 2008 Transcript at 47:7-9.  This sentiment was also echoed by this Court during a May
8, 2008 discovery conference wherein it instructed the parties to initially focus on discovery
related to the narrow issues of the creation and dissemination of the alleged defamatory document
and the truth of the matters asserted therein.  Notwithstanding these admonitions, SFI has done
exactly what Judge Wilken feared - using the discovery process to overburden and harass
Softscape to the point of interfering with the orderly progression of discovery in this case.

SFI has now propounded three sets of requests for production, totaling 55 requests, a set of
requests for admissions, and a set of interrogatories that collectively seek broad discovery that goes
well beyond what the Court envisioned when it opened discovery early in this matter.  In
conjunction with this barrage of discovery, SFI has insisted that Softscape subscribe to a one-
sided, frenzied pace involving an almost daily onslaught of telephone calls, emails and/or letters
demanding an immediate responses to SFI' satisfaction - even if it would prejudice Softscape or
the interests of counsel's other clients.

Since Softscape's current counsel of record appeared on May 6, 2008, SFI has inundated Softscape

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | WASHINGTON | NEW YORK | STAMFORD | LOS ANGELES | PALO ALTO | SAN DIEGO | LONDON

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

The Honorable Bernard Zimmerman
June 11, 2008
Page 2

with dozens of letters and e-mails making numerous demands and engaging in conduct amounting to the harassment of Softscape and its counsel.  Some of the more egregious acts include:

- Making direct, unauthorized *ex parte* contact with a Softscape employee in violation of Cal. Prof. R. Conduct 2-100 when SFI had already learned through its Rule 30(b)(6) deposition of Softscape that he was currently employed by Softscape.

- Demanding that Softscape accept service of a subpoena for that employee, and less than 15 minutes later, "serving" that subpoena on counsel via fax without first receiving a response.

- Making repeated attempts to personally serve that employee with a subpoena at his home *after* counsel for Softscape reconfirmed that the individual was a Softscape employee and requested a reasonable amount of time to confer with Softscape and that individual on whether it would accept service on his behalf (which Softscape has now agreed to do).

- Contacting counsel for Softscape no less than six times in a one-day period demanding to know the status of Softscape's pending document production.

- Sending substantive meet and confer letters, followed by emails demanding a response in an unreasonably short period of time.

- Demanding that Softscape search for, review and produce responsive information culled from 1.5 terabytes of data in less than one month's time despite being repeatedly told that it would take approximately 45 to 60 days due to the logistics of consolidating data sources, and searching for and processing responsive documents from such a large volume of data.

- Refusing to timely address and resolve issues relating to SFI's discovery obligations in the same manner and with the same vigor as expected of Softscape.

In response to the foregoing, Softscape *repeatedly* asked during live meet and confer sessions that SFI allow Softscape a reasonable amount of time to respond to inquiries, to review and produce documents, and to work in a sensible, realistic and collaborative manner to complete discovery. SFI ignored these requests, which is inexcusable because: (1) this action was filed three months ago to the day; (2) current counsel for Softscape has been in this case for 25 court-days; (3) there is no trial date or discovery cut-off set; and (4) the initial case management conference has not yet taken place and could resolve a fundamental disagreement over the pace of discovery.  As a result, Softscape must now bring these unfortunate incidents to the Court's attention and obtain a protective order that, at minimum, regulates the scope and pace of e-discovery, precludes SFI from harassing Softscape, requires SFI to provide Softscape at least 24 hours to respond to its inquires and requests, and precludes SFI from artificially and needlessly increasing the costs of suit.

Respectfully submitted,

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

*/s/ Jeffrey M. Ratinoff*

Jeffrey M. Ratinoff

4351386v.2