1   [List of Counsel Appears on Last Page]

2

3

4

5

6

7

8

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11                            OAKLAND DIVISION

12

SUCCESSFACTORS, INC., a Delaware            Case No.  CV 08-01376 CW (BZ)
13  corporation,
                                            **JOINT CASE MANAGEMENT STATEMENT**
14              Plaintiff,
                                            Date:    June 17, 2008
15  v.                                      Time:    2:00 p.m.
                                            Dept:    2
16  SOFTSCAPE, INC., a Delaware             Judge:   The Honorable Claudia Wilken
    corporation; and DOES 1-10, inclusive,
17
                Defendant.
18

19

20          Plaintiff SuccessFactors, Inc. ("Plaintiff" or "SuccessFactors") and Defendant Softscape,

21  Inc. ("Defendant" or "Softscape") jointly submit this Case Management Statement and

22  [Proposed] Order and request the Court to adopt those portions on which the parties agreed as its

23  Case Management Order in this case.  To the extent that the parties have not reached agreement,

24  those portions are identified below.

25  **I.      JURISDICTION AND SERVICE**

26          This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331

27  (federal question), 15 U.S.C. § 1125(a) (Lanham Act), 15 U.S.C. §§ 32 and 43 (Trademark

28  Infringement), 18 U.S.C. § 1030 (Computer Fraud and Abuse Act), and 28 U.S.C. § 1367 (pendent

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1 | jurisdiction).  The parties are not aware of any issues with respect to personal jurisdiction or venue.

2 | Softscape has been served and answered the Complaint.

3 | **II.    FACTS**

4 |     **A.    Plaintiff's Statement of Facts**

5 |     Softscape authored a 43-page "hit piece" that was broadly distributed over the internet on

6 | March 4, 2008.  It was sent to approximately 766 separate e-mail addresses using the anonymous e-

7 | mail address, hcmknowledge2008a@gmail.com.  This e-mail address was created on March 4,

8 | 2008 at approximately 9:44 p.m. EST.  The Google records show the Gmail account was accessed

9 | at approximately 10:03 pm EST from the Courtyard Marriott Hotel in Waltham, Massachusetts,

10 | which is less than nine miles away from Softscape's headquarters in Wayland, Massachusetts. ██

11 | ████████████████████████████████████████████████

12 | ████████████████████████████████████████████

13 | ████████████████████████████████████████████

14 | ████████████

Fenwick & West LLP
Attorneys At Law
San Francisco

15 |     The "hit piece" consists of a PowerPoint presentation entitled "The Naked Truth" (the

16 | "Presentation").  It is written on a SuccessFactors PowerPoint template and purports to have been

17 | written by and include statements and complaints from SuccessFactors' customers.  The

18 | Presentation attacks SuccessFactors' corporate integrity including numerous false and misleading

19 | statements concerning customer satisfaction with SuccessFactors' products, allegations of dozens

20 | of "failed implementations" thereof, false statistics about SuccessFactors' retention of its

21 | customers, and false depictions of the functionality of SuccessFactors' products.

22 |     The John Anonymous e-mail was sent to SuccessFactors' customers, prospective customers

23 | and competitors in an attempt to unfairly compete with SuccessFactors.  Softscape has yet to

24 | produce any evidence that the Presentation – which they admit authoring for its own internal use –

25 | was sent by anyone other than an officer, director or agent of Softscape.

26 |     Although SuccessFactors believes that Softscape has thus far failed to produce most of its

27 | documents, additional evidence collected by SuccessFactors in a 30(b)(6) deposition further

28 | implicates Softscape. ████████████████████████████████



SuccessFactors' sales representative, Jorge Corrales, set up and participated in two web meetings on February 19, and 21, 2008, for the New Millenium Shoe company.

After the first demonstration, "Ms. Valls" asked for and received a confidential sales proposal. Two of the pages from the confidential sales proposal were included in the Presentation.



The Presentation was designed to dissuade its readers from doing business with SuccessFactors. It is altogether false and misleading because it represents that it was created by SuccessFactors' customers. Moreover, it attacks SuccessFactors' corporate integrity based on numerous false and misleading statements about customer retention and purportedly "failed implementations." These false and misleading statements include false descriptions of SuccessFactors' relationships with its customers. It deceptively claims that certain customers have left because they were displeased with SuccessFactors' services, products, or implementations thereof and misrepresents SuccessFactors' customer retention rate.

The statements in the Presentation also attack SuccessFactors' product architecture, delivery model, and product capabilities. For example, the Presentation includes the following bogus claims: there is a security risk to customers' data because customers' data is mixed in a single database; SuccessFactors' products require consulting efforts of 1650 hours per installation; SuccessFactors makes changes to features every month without customers' permission; SuccessFactors' products are unable to cope with situations where an employee changes their position and manager during the year; users must scroll though long forms in SuccessFactors' product when in fact customers can tab through; the Compensation function of SuccessFactors' product "is not a process but a Form"; and that SuccessFactors' "Ultra" functionality is a "scam." As a result of Softscape's dissemination of the Presentation, SuccessFactors has been damaged and irreparably harmed in the form of lost sales and injury to its goodwill.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    On March 11, 2008, SuccessFactors filed a complaint in this Court for False Advertising,

2    Trademark Infringement, Computer Fraud and Abuse, Defamation, Trade Libel, Intentional

3    Interference with Prospective Economic Relations, and Unfair Competition.  The Court entered a

4    Temporary Restraining Order on March 13, 2008, and a Preliminary Injunction on March 27,

5    2008.

6    **B.    Defendant's Statement of Facts**

7    Softscape disagrees with the accuracy of SuccessFactors' recitation of the facts.  Softscape

8    believes that the Court has already been apprised of the factual issues through preliminary

9    injunction proceedings, and therefore submits the following brief statement:

10   Softscape has been sued by SuccessFactors for the single publication of a document to a

11   handful of SuccessFactors' current and prospective customers via an anonymous email on March

12   4, 2008.  Specifically, the document that appears to be a SuccessFactors' PowerPoint presentation

13   that highlights shortcoming with SuccessFactors' products and services, as well as its failed

14   customer relationships ("the Presentation").

15   Softscape created an internal PowerPoint (the "Softscape Internal PowerPoint" or "SIPP")

16   that is similar to the Presentation, which was based on substantiated facts, including but not

17   limited to feedback from SuccessFactors customers and publicly available information on

18   SuccessFactors' website.  It was intended for internal use only and was not designed or intended

19   for external distribution.  Softscape did not expressly or implicitly authorize the external

20   dissemination or publication of the SIPP or any derivative thereof.  Softscape also denies that it

21   modified the SIPP as reflected by the Presentation and denies that it approved of or participated in

22   the circulation of the Presentation.

23   Softscape further contends that SuccessFactors has engaged in the same allegedly

24   wrongful conduct that underpins its various claims, including having SuccessFactors employees

25   pose as customers and gain access under false pretenses to Softscape's products and attempting to

26   access Softscape's secured computer systems without its authorization.  In that regard, Softscape

27   believes that it is likely that a disgruntled current or former SuccessFactors employee may be

28   "John Anonymous."  This possibility is supported by the fact that the Gmail account used to

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   email the presentation was created from an IP address in a foreign city where SuccessFactors has

2   an office and Softscape does not.

3        Finally, despite Softscape's repeated requests for SuccessFactors to voluntarily produce

4   evidence of its alleged damages that directly resulted from the emailing of the Presentation, such

5   as the loss of any actual or prospective customers, SuccessFactors has yet to adequately do so or

6   otherwise articulate any measurable monetary damages.  While fact and expert discovery has yet

7   to be completed, Softscape does not believe that SuccessFactors' will be able to offer any

8   evidentiary support for its damages claims.

9   **III.    LEGAL ISSUES**

10       While the parties reserve the right to raise additional legal issues as they may develop

11  during the course of the case, the parties believe the following legal issues are currently in

12  dispute:

13       1.      Whether the statements in the Presentation identified in SuccessFactors' complaint

14  and preliminary injunction papers constitute libel or trade libel under California law.

15       2.      Whether the statements in the Presentation identified in SuccessFactors' complaint

16  and preliminary injunction papers constitute false or misleading statements under the Lanham

17  Act.

18       3.      Whether the statements in the Presentation identified in SuccessFactors' complaint

19  and preliminary injunction papers, and the dissemination thereof, constitute false advertising

20  under California law.Whether the Presentation identified in SuccessFactors' complaint and

21  preliminary injunction papers, and the dissemination thereof, constitutes trademark infringement

22  under the Lanham Act.

23       4.      Whether SuccessFactors has any prospective economic relations that Softscape

24  had knowledge of and allegedly interfered with thereby causing direct and proximate harm to

25  SuccessFactors.

26       5.      Whether SuccessFactors is entitled to a permanent injunction for false advertising

27  under the Lanham Act based on any allegedly false or misleading statements in the Presentation.

28

Fenwick & West LLP
Attorneys At Law
San Francisco

6. Whether SuccessFactors is entitled to a permanent injunction for trademark infringement under the Lanham Act based Softscape's alleged use of SuccessFactors' trade name and logos.

7. Whether Softscape's alleged unauthorized access and use of confidential, competitively sensitive information contained in SuccessFactors' ACE online demo and in its confidential business proposal disclosed to Softscape under false pretenses establishes liability under the Computer Fraud and Abuse Act, state computer fraud laws, and state and federal unfair competition law.

8. Whether SuccessFactors is entitled to a permanent injunction and/or restitution for the alleged unfair competition and/or false advertising under California law.

9. Whether SuccessFactors is entitled to damages for an alleged violation of the Computer Fraud and Abuse Act.

10. Whether SuccessFactors is entitled to a permanent injunction and/or damages for trademark infringement and/or for making false and misleading statements in violation of the Lanham Act.

11. Whether SuccessFactors has suffered damages as a direct and proximate from any alleged libel, trade libel and/or alleged interference with prospective economic advantage.

12. Whether any of SuccessFactors' claims are barred by the doctrine of unclean hands.

13. Whether Softscape can be held liable for any of the alleged wrongdoing under the doctrine of respondeat superior.

14. Whether the Presentation constitutes protected speech under the First Amendment. Additional legal issues that may be raised by SuccessFactor's potential amendments to its Complaint as discussed below.

## IV.  MOTIONS

The parties are currently engaged in several discovery disputes regarding Defendant's compliance with the initial round of written discovery.  Likewise, Defendant is dissatisfied with Plaintiff's compliance with its initial round of written discovery.  The parties also have a

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   fundamental disagreement regarding the pace and scope of discovery.  There is currently a

2   discovery conference scheduled before the Honorable Bernard Zimmerman on June 16, 2008.

3   The parties hope that this conference will assist in resolving some of their current disputes.

4   However, if the parties are unable to resolve their disputes, they anticipate the necessity of filing

5   discovery motions.

6          The parties anticipate that it will file summary judgment motions at the conclusion of fact

7   and expert discovery.  The parties propose that the deadline for filing dispositive motions should

8   be February 9, 2009.

9   **V.    AMENDMENT OF PLEADINGS**

10         **Plaintiff's Position:**

11         Once Defendant has completed its compliance with initial discovery, Plaintiff intends to

12  amend the complaint to include additional facts and causes of action.  Plaintiff intends to include

13  allegations based on Defendant's false press releases relating to the Presentation, as well as other

14  conduct that has become known since the initial filing of the complaint including but not

15  limitation the false pretexting and mail fraud.  To prepare a more complete amendment, Plaintiff

16  needs to receive the production of documents that Defendant thus far has yet to make.  Since it

17  appears that motions to compel may be required, it is Plaintiff's position that the deadline for

18  amending the pleadings should be August 29, 2008.

19         **Defendant's Position:**

20         Softscape objects to the proposed August 29, 2008 deadline to amend the pleadings.

21  SuccessFactors appears to already have the requisite information, much of which it admits is

22  publicly available, to amend its Complaint and should have done so already.  If SuccessFactors is

23  permitted to wait until August 29, 2008 to seek amendment, if leave to amend is granted

24  sometime thereafter, it is highly likely that the parties will not have sufficient time under the

25  proposed case management schedule to conduct discovery on the claims that SuccessFactors is

26  likely to include in an amended complaint.  Notwithstanding the foregoing, by August 1, 2008,

27  Softscape will have completed its document production and will likely seek to amend its Answer

28  and affirmative defenses therein to further specify the facts supporting its unclean hands defense.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    **VI.    EVIDENCE PRESERVATION**

2        The Court entered a document preservation order on April 23, 2008.  *See* Dkt. No. 88.

3    Counsel for the parties have certified to the Court that they have notified their respective clients

4    of their document preservation obligations pursuant to federal law.  *See* Dkt No. 110 (Declaration

5    of Jessica Grant) and Dkt. No. 109 (Declaration of Patrick Premo).  Softscape's CEO, Dave

6    Watkins, was ordered to and did provide a sworn declaration that Softscape has suspended any

7    document destruction policies or procedures and has represented that Softscape is in compliance

8    with evidence preservation order.  *See* Dkt No. 98 (Declaration of Dave Watkins).

9    **VII.    DICLOSURES**

10       The parties will exchange Initial Disclosures and documents identified in the disclosures

11   (to the extent not previously disclosed) by June 12, 2008.

12   **VIII.    DISCOVERY**

13       Softscape contends that the number of depositions should be set at twelve (12) per side,

14   while SuccessFactors believes that it should be twenty (20) depositions per side.  The parties

15   agree to set the number at twelve (12) depositions, without prejudice to requesting additional

16   numbers by stipulation or by order from the discovery magistrate.  If there is a need to further

17   increase that number, the parties agreed to meet and confer when such a need arises.  The parties

18   also previously agreed to extend the time for the first sitting of deposition of their respective Rule

19   30(b)(6) depositions from seven (7) hours to twelve (12) hours.  Except as noted, all remaining

20   discovery shall proceed as provided under Federal Rules of Civil Procedure.

21   **IX.    CLASS ACTIONS**

22       Not applicable.

23   **X.    RELATED CASES**

24       On June 4, 2008, the day after SuccessFactors announced a secondary public offering,

25   Defendant Softscape filed an action in Middlesex County Superior Court in the Commonwealth

26   of Massachusetts against SuccessFactors.  The Massachusetts action asserts claims of trade secret

27   misappropriation, intentional interference with contract, and unfair competition under

28   Massachusetts law for SuccessFactors' alleged misappropriation of undisclosed Softscape's trade

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   secrets by former Softscape employees currently working at SuccessFactors.  SuccessFactors has
2   not been served with the complaint, has not been provided adequate notice of the facts underlying
3   the allegations, and has not had an opportunity to investigate the allegations.

4          While SuccessFactors contends that there appears to be overlap between the lawsuits, it is
5   premature to determine whether or not it may be transferred to this jurisdiction.  Softscape
6   contends that the California and Massachusetts actions are no sufficiently related to warrant
7   transfer or consolidation, nor could they be, because there is no basis for federal jurisdiction in
8   the Massachusetts action.  The parties are not aware of any other related cases or proceedings
9   pending before another judge of this Court or before another court or administrative body.

10  **XI.    RELIEF**

11         Plaintiff seeks a permanent injunction, corrective advertising, compensatory damages,
12  treble damages, and costs of suit including reasonable attorneys' fees and interest.  Softscape
13  denies that Plaintiff is entitled to any relief at law or equity.

14  **XII.   SETTLEMENT AND ADR**

15         The parties have stipulated and agreed to participate in private mediation before JAMS to be
16  concluded by November 28, 2008.  This date presupposes that discovery is substantially completed
17  by that time.

18  **XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

19         The parties do not consent to have a magistrate judge conduct all further proceedings.

20  **XIV.   OTHER REFERENCES**

21         The case is not suitable for reference to binding arbitration, special master, or the Judicial
22  Panel on Multidistrict Litigation.

23  **XV.    NARROWING OF ISSUES**

24         The parties believe that the issues remaining for trial may be narrowed by summary
25  judgment motions.  The parties also agree to endeavor to stipulate to factual issues and the
26  authenticity of documents, where appropriate, prior to trial.

27  **XVI.   EXPEDITED SCHEDULE**

28         The parties do not anticipate that the case can be handled on an expedited basis.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

## XVII. SCHEDULING

2       The parties propose the following schedule based on the Federal Rules of Civil Procedure

3   and Local Rules:

4

| DESCRIPTION | DEADLINE |
|---|---|
| Initial Case Management Conference | June 17, 2008 |
| Last day to join parties or amend pleadings | Plaintiff proposes a deadline of August 29, 2008; Defendant proposes a deadline of August 1, 2008 |
| Fact discovery closes; last day to serve supplemental disclosures; last day to identify affirmative expert witnesses | November 26, 2008 |
| Last day to file motions to compel discovery | December 9, 2008 |
| Last day for the parties to exchange opening expert reports | December 17, 2008 |
| Last day for the parties to exchange rebuttal expert disclosures and reports | January 9, 2009 |
| Expert discovery closes | January 23, 2009 |
| Last day to file dispositive motions | February 9, 2009 |
| Last day to respond to requests for authentication of documents | March 16, 2009 |
| Last day for dispositive motions to be heard | March 16, 2009 |
| Last day to file Joint Pretrial Statement | April 6, 2009 |
| Final Pretrial Conference | April 27, 2009 |
| Jury trial begins | May 11, 2009 |

## XVIII. TRIAL

26      The case will be tried to a jury.  The parties expect the trial to last 10-15 days.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

XIX.   **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff filed its "Certification of Interested Entities or Persons" pursuant to Civil Local Rule 3-16 indicating there are no interested entities.  Defendant filed its "Certification of Interested Entities or Persons" pursuant to Civil Local Rule 3-16 indicating there are no interested entities.

XX.   **ADDITIONAL MATTERS**

The parties are not aware of any additional matters relating to the disposition of this case that can be brought to the Court's attention at this time.

Dated:  June 12, 2008                FENWICK & WEST LLP

By:  _____*/s/ Patrick E. Premo*_____

Laurence F. Pulgram (CSB No. 115163)
Patrick E. Premo (CSB No. 184915)
Liwen A. Mah (CSB No. 239033)
Dennis Faigal (CSB No. 252829)

Attorneys for Plaintiff SUCCESSFACTORS, INC.

Dated:  June 12, 2008                MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, PC

By:  _____*/s/ Jeffrey M. Ratinoff*_____

Robert P. Taylor (CSB No. 46046)
Bryan J. Sinclair (CSB No. 205885)
Jeffrey M. Ratinoff (CSB No. 197241)

Attorneys for Defendant SOFTSCAPE, INC.

1  LAURENCE F. PULGRAM (CSB NO. 115163)
   *lpulgram@fenwick.com*
2  LIWEN A. MAH (CSB NO. 239033)
   *lmah@fenwick.com*
3  FENWICK & WEST LLP
   555 California Street
4  San Francisco, CA  94104
   Telephone:     (415) 875-2300
5  Facsimile:     (415) 281-1350

6  PATRICK E. PREMO (CSB NO. 184915)
   *ppremo@fenwick.com*
7  DENNIS FAIGAL (CSB NO. 252829)
   *dfaigal@fenwick.com*
8  FENWICK & WEST LLP
   Silicon Valley Center
9  801 California Street
   Mountain View, CA  94041
10 Telephone:     (650) 988-8500
   Facsimile:     (650) 938-5200
11
   Attorneys for Plaintiff
12 SUCCESSFACTORS, INC.

13
                 UNITED STATES DISTRICT COURT
14
              NORTHERN DISTRICT OF CALIFORNIA
15
                      OAKLAND DIVISION
16

17
   SUCCESSFACTORS, INC., a Delaware     Case No. CV 08 1376 CW
18 corporation,
                                        **MANUAL FILING NOTIFICATION**
19              Plaintiff,              **REGARDING JOINT CASE MANAGEMENT**
                                        **STATEMENT**
20 v.

21 SOFTSCAPE, INC., a Delaware
   corporation; and DOES 1-10, inclusive,
22
                Defendants.
23

24

25

26

27

28

1    Regarding:  **Manual Filing Notification Regarding JOINT CASE MANAGEMENT**

2    **STATEMENT.**

3                This filing is in paper or physical form only, and is being maintained in the case

4    file in the Clerk's office.

5                If you are a participant on this case, this filing will be served in hard-copy shortly.

6                For information on retrieving this filing directly from the court, please see the

7    court's main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

8                This filing was not efiled for the following reason(s):

9                ___ Voluminous Document (PDF file size larger than efiling system allowances)

10               ___ Unable to Scan Documents

11               ___ Physical Object (description): _____

12               ___ Non Graphical/Textual Computer File (audio, video, etc.) on CD or other media

13               _X_ Items Under Seal

14               ___ Conformance with the Judicial Conference Privacy Policy (General Order 53).

15               ___ Other (description): _____

16

17   Dated:  June 12, 2008                    FENWICK & WEST LLP

18

19                                            By:   /s/ *Liwen Mah*  _____
                                                    Liwen Mah
20                                           Attorneys for Plaintiff SUCCESSFACTORS, INC.

21

22                                                                        *1284678*

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW