[List of Counsel Appears on Last Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOFTSCAPE, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendant. | Case No. CV 08-01376 CW (BZ)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  June 17, 2008<br>Time:  2:00 p.m.<br>Dept:   2<br>Judge: The Honorable Claudia Wilken |

Plaintiff SuccessFactors, Inc. ("Plaintiff" or "SuccessFactors") and Defendant Softscape, Inc. ("Defendant" or "Softscape") jointly submit this Case Management Statement and [Proposed] Order and request the Court to adopt those portions on which the parties agreed as its Case Management Order in this case. To the extent that the parties have not reached agreement, those portions are identified below.

## I. JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1125(a) (Lanham Act), 15 U.S.C. §§ 32 and 43 (Trademark Infringement), 18 U.S.C. § 1030 (Computer Fraud and Abuse Act), and 28 U.S.C. § 1367 (pendent

jurisdiction). The parties are not aware of any issues with respect to personal jurisdiction or venue. Softscape has been served and answered the Complaint.

## II. FACTS

### A. Plaintiff's Statement of Facts

Softscape authored a 43-page "hit piece" that was broadly distributed over the internet on March 4, 2008. It was sent to approximately 766 separate e-mail addresses using the anonymous e-mail address, hcmknowledge2008a@gmail.com. This e-mail address was created on March 4, 2008 at approximately 9:44 p.m. EST. The Google records show the Gmail account was accessed at approximately 10:03 pm EST from the Courtyard Marriott Hotel in Waltham, Massachusetts, which is less than nine miles away from Softscape's headquarters in Wayland, Massachusetts. The Gmail was addressed to a list that included at the end, following a long alphabetical list of potential customers, a roster of the precise attendees at a recent SuccessFactors' prospect dinner—a roster that Softscape obtained surreptitiously through a person that joined Softscape two months later as an employee.

The "hit piece" consists of a PowerPoint presentation entitled "The Naked Truth" (the "Presentation"). It is written on a SuccessFactors PowerPoint template and purports to have been written by and include statements and complaints from SuccessFactors' customers. The Presentation attacks SuccessFactors' corporate integrity including numerous false and misleading statements concerning customer satisfaction with SuccessFactors' products, allegations of dozens of "failed implementations" thereof, false statistics about SuccessFactors' retention of its customers, and false depictions of the functionality of SuccessFactors' products.

The John Anonymous e-mail was sent to SuccessFactors' customers, prospective customers and competitors in an attempt to unfairly compete with SuccessFactors. Softscape has yet to produce any evidence that the Presentation – which they admit authoring for its own internal use – was sent by anyone other than an officer, director or agent of Softscape.

Although SuccessFactors believes that Softscape has thus far failed to produce most of its documents, additional evidence collected by SuccessFactors in a 30(b)(6) deposition further implicates Softscape. As noted above, the John Anonymous e-mails included addresses of

SuccessFactors' prospects and customers attending a PeopleConnect event hosted by SuccessFactors in New York City on February 28, 2008 ("the SuccessFactors' Customer List"). The names and e-mail addresses from this List are replicated in the identical (and non-alphabetical) order in which they appear on SuccessFactors' internal list for the PeopleConnect event, with only three exceptions (two names were omitted and one particular customer is addressed first on the e-mail addressee list). Softscape's witness testified that the SuccessFactors' Customer List was improperly acquired and disclosed to Softscape by a current Softscape employee, Larry Kurzner, without knowledge, authorization or consent of SuccessFactors. (Softscape has thus far failed to produce any documents about Kurzner's communications of this information.)

The scheme to distribute the Presentation began with Softscape's Chief Executive Officer, Dave Watkins, who was the primary author of the Presentation. Mr. Watkins devised a ploy to access SuccessFactors' password protected sales demonstration software and to obtain a confidential sales proposal in order to acquire information to include in the Presentation and compete with SuccessFactors. He deceptively used his ▮▮▮▮▮▮▮▮▮▮ company in Puerto Rico, New Millenium Shoe Company ("New Millenium Shoe"), ▮▮▮▮▮▮▮ where he is also the CEO, to pose as a prospective customer of SuccessFactors. He used his sister-in-law, Ely Valls, to contact SuccessFactors on behalf of New Millenium Shoe to gain access and participate in SuccessFactors' demonstration version of its software.

SuccessFactors' sales representative, Jorge Corrales, set up and participated in two web meetings on February 19, and 21, 2008, for the New Millenium Shoe company. Unbeknownst to Mr. Corrales or anyone else at SuccessFactors, the first web meeting and online demonstration was actually presented to Mr. Watkins' wife, Lillian, posing as her sister, the shoe company owner, Ely Valls. Mr. Watkins silently attended. He and his wife then asked for a second demonstration, this time in English, which occurred two days' later on February 21, 2008. Softscape's CEO pretended to be a New Millenium Shoe consultant named, Javier Cruz, during the second demonstration. After the first demonstration, "Ms. Valls" asked for and received a confidential sales proposal. Two of the pages from the confidential sales proposal were included in the Presentation.

1   Watkins admitted as 30(b)(6) witness that e-mails purportedly written by "Ely Valls" were
2   actually penned by him. He also admitted that himself, as well as at least one other Softscape
3   employee, used a password obtained by falsely posing as New Millenium Shoe to access
4   SuccessFactors' website, and that, after staying up to 2:00 a.m mining the SuccessFactors' site
5   following the Corrales' demonstration, he wrote materials that subsequently were included in the
6   Presentation. ████████████████████████████████████████
7   ████████████████████████████████████████████████
8   ████████████████████████████████████████████████
9   The Presentation was designed to dissuade its readers from doing business with
10  SuccessFactors. It is altogether false and misleading because it represents that it was created by
11  SuccessFactors' customers. Moreover, it attacks SuccessFactors' corporate integrity based on
12  numerous false and misleading statements about customer retention and purportedly "failed
13  implementations." These false and misleading statements include false descriptions of
14  SuccessFactors' relationships with its customers. It deceptively claims that certain customers
15  have left because they were displeased with SuccessFactors' services, products, or
16  implementations thereof and misrepresents SuccessFactors' customer retention rate.
17  The statements in the Presentation also attack SuccessFactors' product architecture,
18  delivery model, and product capabilities. For example, the Presentation includes the following
19  bogus claims: there is a security risk to customers' data because customers' data is mixed in a
20  single database; SuccessFactors' products require consulting efforts of 1650 hours per
21  installation; SuccessFactors makes changes to features every month without customers'
22  permission; SuccessFactors' products are unable to cope with situations where an employee
23  changes their position and manager during the year; users must scroll though long forms in
24  SuccessFactors' product when in fact customers can tab through; the Compensation function of
25  SuccessFactors' product "is not a process but a Form"; and that SuccessFactors' "Ultra"
26  functionality is a "scam." As a result of Softscape's dissemination of the Presentation,
27  SuccessFactors has been damaged and irreparably harmed in the form of lost sales and injury to
28  its goodwill.

On March 11, 2008, SuccessFactors filed a complaint in this Court for False Advertising, Trademark Infringement, Computer Fraud and Abuse, Defamation, Trade Libel, Intentional Interference with Prospective Economic Relations, and Unfair Competition. The Court entered a Temporary Restraining Order on March 13, 2008, and a Preliminary Injunction on March 27, 2008.

### B.  Defendant's Statement of Facts

Softscape disagrees with the accuracy of SuccessFactors' recitation of the facts. Softscape believes that the Court has already been apprised of the factual issues through preliminary injunction proceedings, and therefore submits the following brief statement:

Softscape has been sued by SuccessFactors for the <u>single</u> publication of a document to a handful of SuccessFactors' current and prospective customers via an anonymous email on March 4, 2008. Specifically, the document that appears to be a SuccessFactors' PowerPoint presentation that highlights shortcoming with SuccessFactors' products and services, as well as its failed customer relationships ("the Presentation").

Softscape created an internal PowerPoint (the "Softscape Internal PowerPoint" or "SIPP") that is similar to the Presentation, which was based on substantiated facts, including but not limited to feedback from SuccessFactors customers and publicly available information on SuccessFactors' website. It was intended for internal use only and was not designed or intended for external distribution. Softscape did not expressly or implicitly authorize the external dissemination or publication of the SIPP or any derivative thereof. Softscape also denies that it modified the SIPP as reflected by the Presentation and denies that it approved of or participated in the circulation of the Presentation.

Softscape further contends that SuccessFactors has engaged in the same allegedly wrongful conduct that underpins its various claims, including having SuccessFactors employees pose as customers and gain access under false pretenses to Softscape's products and attempting to access Softscape's secured computer systems without its authorization. In that regard, Softscape believes that it is likely that a disgruntled current or former SuccessFactors employee may be "John Anonymous." This possibility is supported by the fact that the Gmail account used to

email the presentation was created from an IP address in a foreign city where SuccessFactors has an office and Softscape does not.

Finally, despite Softscape's repeated requests for SuccessFactors to voluntarily produce evidence of its alleged damages that directly resulted from the emailing of the Presentation, such as the loss of any actual or prospective customers, SuccessFactors has yet to adequately do so or otherwise articulate any measurable monetary damages. While fact and expert discovery has yet to be completed, Softscape does not believe that SuccessFactors' will be able to offer any evidentiary support for its damages claims.

### III. **LEGAL ISSUES**

While the parties reserve the right to raise additional legal issues as they may develop during the course of the case, the parties believe the following legal issues are currently in dispute:

1. Whether the statements in the Presentation identified in SuccessFactors' complaint and preliminary injunction papers constitute libel or trade libel under California law.

2. Whether the statements in the Presentation identified in SuccessFactors' complaint and preliminary injunction papers constitute false or misleading statements under the Lanham Act.

3. Whether the statements in the Presentation identified in SuccessFactors' complaint and preliminary injunction papers, and the dissemination thereof, constitute false advertising under California law.Whether the Presentation identified in SuccessFactors' complaint and preliminary injunction papers, and the dissemination thereof, constitutes trademark infringement under the Lanham Act.

4. Whether SuccessFactors has any prospective economic relations that Softscape had knowledge of and allegedly interfered with thereby causing direct and proximate harm to SuccessFactors.

5. Whether SuccessFactors is entitled to a permanent injunction for false advertising under the Lanham Act based on any allegedly false or misleading statements in the Presentation.

6. Whether SuccessFactors is entitled to a permanent injunction for trademark infringement under the Lanham Act based Softscape's alleged use of SuccessFactors' trade name and logos.

7. Whether Softscape's alleged unauthorized access and use of confidential, competitively sensitive information contained in SuccessFactors' ACE online demo and in its confidential business proposal disclosed to Softscape under false pretenses establishes liability under the Computer Fraud and Abuse Act, state computer fraud laws, and state and federal unfair competition law.

8. Whether SuccessFactors is entitled to a permanent injunction and/or restitution for the alleged unfair competition and/or false advertising under California law.

9. Whether SuccessFactors is entitled to damages for an alleged violation of the Computer Fraud and Abuse Act.

10. Whether SuccessFactors is entitled to a permanent injunction and/or damages for trademark infringement and/or for making false and misleading statements in violation of the Lanham Act.

11. Whether SuccessFactors has suffered damages as a direct and proximate from any alleged libel, trade libel and/or alleged interference with prospective economic advantage.

12. Whether any of SuccessFactors' claims are barred by the doctrine of unclean hands.

13. Whether Softscape can be held liable for any of the alleged wrongdoing under the doctrine of respondeat superior.

14. Whether the Presentation constitutes protected speech under the First Amendment. Additional legal issues that may be raised by SuccessFactor's potential amendments to its Complaint as discussed below.

## IV.  MOTIONS

The parties are currently engaged in several discovery disputes regarding Defendant's compliance with the initial round of written discovery. Likewise, Defendant is dissatisfied with Plaintiff's compliance with its initial round of written discovery. The parties also have a

1  fundamental disagreement regarding the pace and scope of discovery. There is currently a
2  discovery conference scheduled before the Honorable Bernard Zimmerman on June 16, 2008.
3  The parties hope that this conference will assist in resolving some of their current disputes.
4  However, if the parties are unable to resolve their disputes, they anticipate the necessity of filing
5  discovery motions.

6      The parties anticipate that it will file summary judgment motions at the conclusion of fact
7  and expert discovery. The parties propose that the deadline for filing dispositive motions should
8  be February 9, 2009.

9  **V.     AMENDMENT OF PLEADINGS**

10  **Plaintiff's Position:**

11      Once Defendant has completed its compliance with initial discovery, Plaintiff intends to
12  amend the complaint to include additional facts and causes of action. Plaintiff intends to include
13  allegations based on Defendant's false press releases relating to the Presentation, as well as other
14  conduct that has become known since the initial filing of the complaint including but not
15  limitation the false pretexting and mail fraud. To prepare a more complete amendment, Plaintiff
16  needs to receive the production of documents that Defendant thus far has yet to make. Since it
17  appears that motions to compel may be required, it is Plaintiff's position that the deadline for
18  amending the pleadings should be August 29, 2008.

19  **Defendant's Position:**

20      Softscape objects to the proposed August 29, 2008 deadline to amend the pleadings.
21  SuccessFactors appears to already have the requisite information, much of which it admits is
22  publicly available, to amend its Complaint and should have done so already. If SuccessFactors is
23  permitted to wait until August 29, 2008 to seek amendment, if leave to amend is granted
24  sometime thereafter, it is highly likely that the parties will not have sufficient time under the
25  proposed case management schedule to conduct discovery on the claims that SuccessFactors is
26  likely to include in an amended complaint. Notwithstanding the foregoing, by August 1, 2008,
27  Softscape will have completed its document production and will likely seek to amend its Answer
28  and affirmative defenses therein to further specify the facts supporting its unclean hands defense.

## VI. EVIDENCE PRESERVATION

The Court entered a document preservation order on April 23, 2008. *See* Dkt. No. 88. Counsel for the parties have certified to the Court that they have notified their respective clients of their document preservation obligations pursuant to federal law. *See* Dkt No. 110 (Declaration of Jessica Grant) and Dkt. No. 109 (Declaration of Patrick Premo). Softscape's CEO, Dave Watkins, was ordered to and did provide a sworn declaration that Softscape has suspended any document destruction policies or procedures and has represented that Softscape is in compliance with evidence preservation order. *See* Dkt No. 98 (Declaration of Dave Watkins).

## VII. DICLOSURES

The parties will exchange Initial Disclosures and documents identified in the disclosures (to the extent not previously disclosed) by June 12, 2008.

## VIII. DISCOVERY

Softscape contends that the number of depositions should be set at twelve (12) per side, while SuccessFactors believes that it should be twenty (20) depositions per side. The parties agree to set the number at twelve (12) depositions, without prejudice to requesting additional numbers by stipulation or by order from the discovery magistrate. If there is a need to further increase that number, the parties agreed to meet and confer when such a need arises. The parties also previously agreed to extend the time for the first sitting of deposition of their respective Rule 30(b)(6) depositions from seven (7) hours to twelve (12) hours. Except as noted, all remaining discovery shall proceed as provided under Federal Rules of Civil Procedure.

## IX. CLASS ACTIONS

Not applicable.

## X. RELATED CASES

On June 4, 2008, the day after SuccessFactors announced a secondary public offering, Defendant Softscape filed an action in Middlesex County Superior Court in the Commonwealth of Massachusetts against SuccessFactors. The Massachusetts action asserts claims of trade secret misappropriation, intentional interference with contract, and unfair competition under Massachusetts law for SuccessFactors' alleged misappropriation of undisclosed Softscape's trade

secrets by former Softscape employees currently working at SuccessFactors. SuccessFactors has not been served with the complaint, has not been provided adequate notice of the facts underlying the allegations, and has not had an opportunity to investigate the allegations.

While SuccessFactors contends that there appears to be overlap between the lawsuits, it is premature to determine whether or not it may be transferred to this jurisdiction. Softscape contends that the California and Massachusetts actions are no sufficiently related to warrant transfer or consolidation, nor could they be, because there is no basis for federal jurisdiction in the Massachusetts action. The parties are not aware of any other related cases or proceedings pending before another judge of this Court or before another court or administrative body.

## XI. RELIEF

Plaintiff seeks a permanent injunction, corrective advertising, compensatory damages, treble damages, and costs of suit including reasonable attorneys' fees and interest. Softscape denies that Plaintiff is entitled to any relief at law or equity.

## XII. SETTLEMENT AND ADR

The parties have stipulated and agreed to participate in private mediation before JAMS to be concluded by November 28, 2008. This date presupposes that discovery is substantially completed by that time.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to have a magistrate judge conduct all further proceedings.

## XIV. OTHER REFERENCES

The case is not suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The parties believe that the issues remaining for trial may be narrowed by summary judgment motions. The parties also agree to endeavor to stipulate to factual issues and the authenticity of documents, where appropriate, prior to trial.

## XVI. EXPEDITED SCHEDULE

The parties do not anticipate that the case can be handled on an expedited basis.

## XVII. SCHEDULING

The parties propose the following schedule based on the Federal Rules of Civil Procedure and Local Rules:

| Description | Deadline |
| --- | --- |
| Initial Case Management Conference | June 17, 2008 |
| Last day to join parties or amend pleadings | Plaintiff proposes a deadline of August 29, 2008; Defendant proposes a deadline of August 1, 2008 |
| Fact discovery closes; last day to serve supplemental disclosures; last day to identify affirmative expert witnesses | November 26, 2008 |
| Last day to file motions to compel discovery | December 9, 2008 |
| Last day for the parties to exchange opening expert reports | December 17, 2008 |
| Last day for the parties to exchange rebuttal expert disclosures and reports | January 9, 2009 |
| Expert discovery closes | January 23, 2009 |
| Last day to file dispositive motions | February 9, 2009 |
| Last day to respond to requests for authentication of documents | March 16, 2009 |
| Last day for dispositive motions to be heard | March 16, 2009 |
| Last day to file Joint Pretrial Statement | April 6, 2009 |
| Final Pretrial Conference | April 27, 2009 |
| Jury trial begins | May 11, 2009 |

## XVIII. TRIAL

The case will be tried to a jury. The parties expect the trial to last 10-15 days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff filed its "Certification of Interested Entities or Persons" pursuant to Civil Local Rule 3-16 indicating there are no interested entities. Defendant filed its "Certification of Interested Entities or Persons" pursuant to Civil Local Rule 3-16 indicating there are no interested entities.

## XX. ADDITIONAL MATTERS

The parties are not aware of any additional matters relating to the disposition of this case that can be brought to the Court's attention at this time.

Dated: June 12, 2008

FENWICK & WEST LLP

By: ___/s/ Patrick E. Premo___
Laurence F. Pulgram (CSB No. 115163)
Patrick E. Premo (CSB No. 184915)
Liwen A. Mah (CSB No. 239033)
Dennis Faigal (CSB No. 252829)

Attorneys for Plaintiff SUCCESSFACTORS, INC.

Dated: June 12, 2008

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, PC

By: ___/s/ Jeffrey M. Ratinoff___
Robert P. Taylor (CSB No. 46046)
Bryan J. Sinclair (CSB No. 205885)
Jeffrey M. Ratinoff (CSB No. 197241)

Attorneys for Defendant SOFTSCAPE, INC.

24024/00404/LIT/1286313.5