# FENWICK & WEST LLP

SILICON VALLEY CENTER   801 CALIFORNIA STREET   MOUNTAIN VIEW, CA 94041

TEL 650.988.8500   FAX 650.938.5200   WWW.FENWICK.COM

PATRICK E. PREMO

June 24, 2008

EMAIL PPREMO@FENWICK.COM
DIRECT DIAL (650) 335-7963

**VIA E-FILING AND HAND DELIVERY**

Magistrate Judge Bernard Zimmerman
United States District Court, Northern District of California
450 Golden Gate Avenue, Courtroom G, 15th Floor
San Francisco, California 94102

      Re:    *SuccessFactors, Inc. v. Softscape, Inc.*, Case No. C-08-1376 CW (BZ)

Dear Judge Zimmerman:

      We respectfully submit this letter on behalf of plaintiff SuccessFactors, Inc. to address violations of the April 23, 2008 protective order ("Protective Order") (Dkt. 89) in the form of blanket confidentiality designations by defendant Softscape, Inc. Softscape has attempted to shield most of the discovery to date, including facts that implicate it, by uniformly designating its materials as "Outside Attorneys' Eyes Only" or "Attorneys' Eyes Only." These abuses are interfering with counsel's ability to consult with, strategize, and advise SuccessFactors. Although the parties have met and conferred in person on these issues on June 4, 2008, Softscape continues to apply blanket designations (most recently to its June 20, 2008 document production), even in the face of express promises provided as recently as June 19, 2008 to refrain from such default designations. SuccessFactors submits this letter in accordance with the Court's Initial Discovery Order (Dkt. 108).

      In April 2008, at Softscape's insistence, the parties included provisions for a three-tiered protective order: (i) "Confidential," (ii) "Highly Confidential – Attorneys' Eyes Only" ("AEO"), which limited disclosure to in-house or outside counsel, and (iii) a narrower category of "Highly Confidential – Outside Attorneys' Eyes Only" ("OAEO"), which precluded disclosure to even in-house counsel. *See* Protective Order ¶¶ 2.3-2.5. Concerned about the potential for abuse, SuccessFactors insisted upon and received agreement that only specific categories of information would qualify under the various categories. "AEO" was reserved for categories such as trade secrets; technical data; confidential research and development; financial, commercial, and product planning; engagement terms; confidential product marketing information; intellectual property protection strategies; and confidential industry analyses. *Id.* ¶ 2.4. "OAEO" was for a narrower slice of information, specifically trade secret or confidential (i) customer lists; (ii) pricing; (iii) company financing, partnerships, mergers and acquisitions, or (iv) non-price business terms for proposals or contracts with existing or potential customers, partners and prospects. *Id.* ¶ 2.5. Softscape provided assurances that it would exercise restraint in its designations.

      The parties expressly acknowledged that the Protective Order "does not confer blanket protections on all disclosures or responses to discovery" and that "[m]ass, indiscriminate, or routinized designations are prohibited." *Id.* ¶¶ 1, 5.1(a). The Protective Order designations are also subject to "an overarching requirement of good faith." *In re Ullico, Inc. Litig.*, 237 F.R.D. 314, 317 (D.D.C. 2006). Because of the potential for abuse, designating parties "bear the burden to demonstrate that protection is warranted" with respect to each document at issue. *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 (N.D. Cal. 2005) (Zimmerman, Mag.) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)).

Despite these provisions, Softscape has grossly abused its privilege of designating information. With regard to its document productions, Softscape has produced 875 documents and claims that all, or nearly all, are subject to the Protective Order as "OAEO" or "AEO."[1] When SuccessFactors informed Softscape that it would bring this issue to the Court's attention, Softscape agreed on June 19, 2008 to "de-designate" one of its production by June 24, but otherwise would only "revisit the designation of every OAEO designated document and re-designate, as necessary." At close of business on June 24, counsel for Softscape indicated that it still had not received approval from its client on any prior document production and would need additional time. There have been similar problems of over-designation with regard to Softscape's responses to interrogatories and requests for admission ("Discovery Responses"). Although Softscape has re-designated the Discovery Responses, it is only after weeks of protracted negotiations. In the end, Softscape still argues that many of the substantive responses should be at least "Confidential" and therefore must be filed under seal any time they are submitted to the Court—even though they are not competitively sensitive. Finally, in a more egregious example of over-designation, Softscape has designated the entirety of the 30(b)(6) deposition transcript of its CEO, Dave Watkins, as "OAEO." Watkins is the author of a 43-page "hit" piece that was circulated on the internet on March 4, 2008 and thus a key player in this suit.

Under the Order, the "burden of persuasion in any such challenge proceeding shall be on the Designating Party[,]" not the receiving party. Protective Order ¶ 6.3; *see also Contratto*, 227 F.R.D. at 308. Softscape's blanket designations fail to fit under the carefully defined meaning of "Confidential," let alone the narrower categories of "AEO" or "OAEO." A Protective Order is not an appropriate means to withhold disclosure of harmful or negative evidence of bad conduct. *Cipollone v. Liggett*, 113 F.R.D. 86, 90 (D. N.J. 1986) (argument that "if the truth be known and discovery disclosed it might prove embarrassing and affect the market price of defendants' stock" held insufficient to warrant protective order). It is also improper for Softscape to use the "AEO" designation merely because some information may be "competitively damaging" or "extremely confidential." *THK Am., Inc. v. NSK Co., Ltd.*, 157 F.R.D. 637, 643 (N.D. Ill. 1993).

Softscape is disrupting discovery and preventing SuccessFactors from conferring with its counsel on litigation and settlement strategy as well as fact investigation. *Paradigm Alliance, Inc. v. Celeritas Tech., LLC*, 248 F.R.D. 598, 605 n.20 (D. Kan. 2008). Further, it has and will continue to require SuccessFactors to file the documents at issue under seal in violation of the presumption that court records remain open to the public. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (recognizing "general right to inspect and copy public records and documents, including judicial records and documents"). For the foregoing reasons, SuccessFactors respectfully requests a conference with the Court to remedy these continuing abuses of the Protective Order.

Respectfully submitted,

*/s/ Patrick E. Premo*

Patrick E. Premo

---

[1] Softscape's document production to date includes three hardcopy documents, eight in electronic "PDF" format, 185 in electronic "TIFF" format, and 679 in electronic "native" format. Softscape assigned "Confidentiality" designations to these documents as follows: (1) two hardcopy documents are marked "Confidential"; (2) one hardcopy document is marked "AEO"; (3) all eight PDF documents are marked "OAEO"; (4) twenty-seven TIFF documents are "AEO"; and (5) one hundred and fifty-eight TIFF documents are "OAEO." It has thus designated 194 of these 196 documents as "AEO" or "OAEO." Further, although it has apparently not placed a "confidentiality" designation to the native format records, this appears to be inadvertence. Softscape has treating these as confidential.