# MINTZ LEVIN

1400 Page Mill Road
Palo Alto, California 94304-1124
650-251-7700
650-251-7739 fax
www.mintz.com

**Bryan J. Sinclair** | 650 251 7722 | bsinclair@mintz.com

June 26, 2008

The Honorable Bernard Zimmerman
U.S. District Court for the Northern District of California
450 Golden Gate Ave., Courtroom G, 15th Floor
San Francisco, CA 94102

Re:     *SuccessFactors, Inc. v. Softscape, Inc.*; Case No.: CV 08-1376 CW (BZ)

Dear Judge Zimmerman:

We respectfully submit this letter in response to Mr. Premo's letter of June 24, 2008 regarding alleged violations of the Protective Order of April 23, 2008.

With respect to Mr. Premo's comments regarding the "overdesignation" of "all or nearly all" of Sofscape's production, there are several inaccuracies. First, Mr. Premo acknowledges that Softscape has produced 875 documents and identifies 196 of them as bearing an "AEO or "OAEO" designation. *See* Premo Letter dated 5/23/08 at 2. Thus, Softscape initially designated 22% of its preliminary production at the higher levels under the terms of the Protective Order. This is hardly "all or nearly all" as Mr. Premo suggests.

Moreover, rather than identify any specific documents, as required by Section 6.2 of the Protective Order, that SuccessFactors believes are overdesignated, Mr. Premo simply concludes that all designations above the level of "Confidential" are improper. Notwithstanding this lack of specificity, Softscape has indicated both verbally and in writing (prior to the date of Mr. Premo's letter brief) that it will revisit the designation of every document bearing the "AEO" or "OAEO" designation. Softscape is in the process of conducting that analysis and will re-designate any documents, as necessary under the terms of the Protective Order (*see* Section 6.2).[1]

---

[1] With respect to Mr. Premo's comment about Softscape's document production on June 20, 2008, counsel for Softscape sent an e-mail to Mr. Premo dated June 24, 2008 explaining that "it is Softscape's position that phone records are consumer records protected by California law (applicable due to the assertion of California state law claims) and the right to privacy under the California and United States Constitutions. Thus, designating phone records as OAEO is entirely appropriate - especially since SuccessFactors has not indicated what exactly it intends to do with this information and why it would need to disclose it to anyone other than outside counsel. Since this is a ***newly*** raised discovery issue, we will be happy to meet and confer in-person (as required before raising the issue before Judge Zimmerman) with you regarding the newly raised phone records issues ***after*** SuccessFactors commits to meeting and conferring on the long-outstanding issues concerning its deficient document collection efforts and resulting production."

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | WASHINGTON | NEW YORK | STAMFORD | LOS ANGELES | PALO ALTO | SAN DIEGO | LONDON

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

The Honorable Bernard Zimmerman
June 26, 2008
Page 2

With respect to Mr. Premo's comments regarding Softscape's discovery responses, Softscape delivered re-designated written discovery responses to SuccessFactors on June 24, 2008 and have not heard any further objection from SuccessFactors as to those re-designations.

With respect to Mr. Premo's comments regarding Softscape's designation of the deposition transcript of David Watkins, the court reporter sent counsel the final transcript (which is two volumes totaling 496 pages) on June 13, 2008. Utilizing the 20 day time period under the Protective Order (Section 5.2(b)) for confidentiality designations, Softscape's formal designations are due no later than July 3, 2008.[2] Notwithstanding this deadline, Softscape has committed to provide SuccessFactors with a line by line designated transcript (pursuant to the terms of the Protective Order) sufficiently in advance of the hearing on July 3, 2008 such that SuccessFactors can raise any specific designation issues that remain at the time of the hearing.

As a final note, a number of the designation issues that are now being resolved are the product of the speed with which new counsel for Softscape was forced to move with respect to the review and production of source documentation during the three weeks preceding the 30(b)(6) deposition that SuccessFactors was unwilling to move to a later date. Simply put, if certain documents were hastily under-designated in the process of producing information, their confidentiality would be certainly lost (and arguably waived). The converse, however, is not true do to the provisions of Section 6.2 of the Protective Order.

Respectfully submitted,

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

*/s/ Bryan J. Sinclair*

Bryan J. Sinclair

4366668v1

---

[2] At the time of the deposition, Softscape made a verbal designation of OAEO to preserve confidentiality of the verbal answers to questions occurring over the two day deposition. Softscape maintains that the video/audio tape should bear the OAEO designation and that only the transcript is ultimately subject to line by line designations under the terms of the Protective Order.