# MINTZ LEVIN

1400 Page Mill Road
Palo Alto, California 94304-1124
650-251-7700
650-251-7739 fax
www.mintz.com

Jeffrey Ratinoff | 650 251 7755 | jratinoff@mintz.com

June 27, 2008

The Honorable Bernard Zimmerman
U.S. District Court for the Northern District of California
450 Golden Gate Ave., Courtroom G, 15th Floor
San Francisco, CA  94102

Re:     *SuccessFactors, Inc. v. Softscape, Inc.*; Case No.: CV 08-1376 CW (BZ)

Dear Judge Zimmerman:

Defendant Softscape, Inc. ("Softscape") hereby submits this letter brief to raise additional issues concerning Plaintiff SuccessFactors, Inc.'s ("SFI") misuse of the discovery process and its refusal to comply with its discovery obligations for discussion at the July 3, 2008 discovery conference. Since Softscape filed its June 11 letter brief (Docket No. 132), SFI continues to treat discovery as a one-way street in its favor while refusing to timely address and resolve issues relating to SFI's discovery obligations in the same manner and with the same speed with which it consistently demands of Softscape.  Additional examples of SFI's misuse of the discovery process include:

- Ignoring Softscape's requests (the first occurring on June 6, 2008) that SFI meet and confer in-person over SFI's improper objections and responses to Softscape's Second Set of Rule 34 requests and the general deficiencies in its document production, while simultaneously insisting that Softcape meet and confer with SFI on its newly raised discovery issues.

- Offering to produce SFI's Rule 30(b)(6) witness on the dates that Softscape's counsel has indicated that it is unavailable while simultaneously demanding deposition dates for additional Softscape witnesses.

- Failing to produce documents and communications relating to the loss of customers or prospective customers, as alleged in its Complaint.

- Asserting frivolous boilerplate objections, including unsubstantiated burden objections, in response to Softscape's Rule 34 requests.

- Failing to provide statements of compliance that conform with Rule 34(b)(2) and unilaterally determining what constitutes a relevant document through its evasive responses to Softscape's document requests.

- Denying Softscape critical discovery that supports its unclean hands defense by objecting to the production of information that SFI has gathered on Softscape and its products, even where SFI has demanded that Softscape produce similar information.

- Refusing to produce documents that identify all former Softscape employees hired by SFI - a company in the business of HR management software - on the grounds that SFI "maintains

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

The Honorable Bernard Zimmerman
June 27, 2008
Page 2

> no systematic means of tracking which of its employees worked for Softscape prior to being employed by [SFI]" and therefore it would be "hard" for SFI to provide such information.

- Objecting to Softscape's requests under Rule 34 seeking the production of "all documents" concerning the monetary damages, lost customers and harm to reputation that SFI alleges in its Complaint to have suffered are "overbroad and unduly burdensome."

- Issuing five subpoenas, including three for current Softscape employees, in violation of the Court's directive for the parties to first conclude their Rule 30(b)(6) depositions, respectively, prior to seeking non-party/third party discovery.

- Insisting that Softcape comply with onerous and burdensome discovery requests that seek information regarding factual issues that have been largely settled by Softscape's responses to SFI's interrogatories and requests for admission.

- Producing few, if any, documents in response to Softcape's First and Second Sets of Rule 34 Requests probative of the truth or falsity of the matters asserted in the Presentation and whether SFI suffered any harm to its reputation or monetary damages from such statements.

Furthermore, based on discussions during live meet and confer sessions and SFI's meager document production, there appears to be a significant disparity in the breadth and depth of the ESI searches that SFI has undertaken compared to what it has asked Softscape to conduct. Accordingly, in addition to the Court addressing Softscape's request for a protective order regulating the scope and pace of discovery at the July 3rd discovery conference, Softscape respectfully requests that the Court consider granting Softscape leave to file a motion to compel SFI to provide FRCP 34(b)(2)-compliant responses, and search for and produce the documents Softscape is entitled to obtain in preparation of its defenses.

In light of SFI's failure to produce critical evidence going to the truth and falsity of the matters asserted in the Presentation, Softscape also requests that the Court lift the stay on non-party discovery. Further delay in allowing Softscape access to non-party sources (i.e. dissatisfied SFI customers) will not only prejudice Softscape's defense of truth, but is also not in keeping with the law of California since "[i]n all cases of alleged defamation… the truth of the offensive statements or communication is a complete defense against civil liability, regardless of bad faith or malicious purpose." *Smith v. Maldonado*, 72 Cal.App.4th 637, 646 (1999).

Respectfully submitted,

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

*/s/ Jeffrey M. Ratinoff*

Jeffrey M. Ratinoff

4368076v.1