# FENWICK & WEST LLP

SILICON VALLEY CENTER   801 CALIFORNIA STREET   MOUNTAIN VIEW, CA 94041
TEL 650.988.8500   FAX 650.938.5200   WWW.FENWICK.COM

July 1, 2008

PATRICK E. PREMO

EMAIL PPREMO@FENWICK.COM
DIRECT DIAL (650) 335-7963

**VIA ELECTRONIC FILING**

The Honorable Bernard Zimmerman
USDC, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *SuccessFactors, Inc. v. Softscape, Inc.*,
      Case No.: C-08-1376 (CW)

Dear Judge Zimmerman:

Plaintiff SuccessFactors, Inc. ("SuccessFactors") writes to update the Court on the issues raised in our letter of June 9 and to describe additional issues in advance of the July 3, 2008 discovery conference regarding Defendant Softscape, Inc.'s ("Softscape") refusal to comply with, specifically, SuccessFactors' First and Second Sets of Requests for Production of Documents. The parties had in-person meet and confer sessions that discussed these document requests on May 9, May 15 and June 4, 2008.

In lieu of expedited discovery, the Court permitted the parties to commence formal discovery on March 27, 2008. SuccessFactors immediately issued its first set of document requests with responses and documents from Softscape due by May 1, 2008. Softscape's current and prior counsel provided repeated assurances of production. For example, on April 10, 2008, prior counsel for Softscape indicated it would produce responsive documents by May 1, 2008. The documents produced by that deadline were woefully inadequate. Current counsel for Softscape then set dates of document production for May 15 and 16, which were missed altogether. After an interim production of mostly non-substantive documents, Softscape promised more documents prior to the May 29, 2008 30(b)(6) deposition of Softscape's CEO. However, it largely failed to comply with that deadline as well. In its letter to your Honor of June 11, Softscape promised to complete its production by August 1, to search immediately the electronic records of five priority custodians, and to produce documents every ten court days—yet now, 20 days later, it still has not produced the documents even from those custodians. Softscape has shown a pattern of setting and missing deadlines for production. As a result, there are basic categories of documents that SuccessFactors still does not have three months after issuing its discovery requests.

To date, Softscape has produced only approximately 1,000 documents to SuccessFactors, and it continues to trickle out small productions of hard copy documents (*i.e.*, documents omitting metadata), ignoring the parties' express agreement to produce in native format. Moreover, much of the minimal production to date is merely unhelpful, publicly available Google news alerts and graphics extracted from Softscape e-mails.

The Honorable Bernard Zimmerman
July 1, 2008
Page 2

SuccessFactors identifies below a small subset of the most basic categories of highly relevant documents that Softscape has not produced. Though there are far too many categories to contain in a two-page letter, the most glaring production failures include failure to produce the following categories:

1. **Documents concerning the Presentation, including its creation and revision.** For example, Softscape has acknowledged the existence of certain internal versions of the Presentation, some of which were embedded in e-mail strings. Softscape has not produced these documents, which are responsive to SuccessFactors' Request No. 1 and fundamental to this case.

2. **Communications regarding recipients of the Presentation**, including lists of recipients and their relationship to Softscape. These documents are responsive to SuccessFactors' Document Request No. 2 and are critical to showing Softscape's involvement in the Presentation's dissemination.

3. **Documents concerning facts received from SuccessFactors' customers that were included in the Presentation, and communications between Softscape and SuccessFactors' customers regarding SuccessFactors.** Softscape has produced only a handful of relevant communications. Responsive to SuccessFactors' Document Request Nos. 3 and 6, these documents are critical to show the falsity of Softscape's Presentation.

4. **Communications concerning the Presentation**, including those involving Softscape employees. These documents are responsive to SuccessFactors' Document Request No. 5 and are critical to show falsity, motive, complicity, and Softscape's use of the Presentation.

5. **Documents concerning communications among Softscape-related companies, employees and consultants regarding SuccessFactors**, including documents concerning employees Larry Kurzner (who provided the list of addressees for the John Anonymous email of the Presentation) and Dennis Martinek (who communicated with John Anonymous). With respect to New Milenium Shoe ("NMS"), Softscape refused to provide the relevant documents it had, claiming NMS was a third party, and argued that SuccessFactors would need to issue a subpoena. When SuccessFactors issued the subpoena, Softscape's counsel objected to the subpoena and refused to produce relevant documents of NMS. *See* NMS's objections dated May 27, 2008. Softscape's counsel has also objected to a subpoena to Mr. Kurzner for his documents, and failed to produce Softscape's documents about Mr. Kurzner, either. *See* Kurnzer's objections dated June 17, 2008. The above-identified documents are responsive to at least SuccessFactors' Document Request Nos. 5, 7, 14, 16, 22, 26, 28, 29, 41 and 42.

The documents above should not take three months to produce. Promises of "rolling production" have become servants of delay. We respectfully request the Court's assistance through a telephone conference, or inclusion of the above issues at the July 3, 2008 discovery conference, to assure dates certain for complete production.

Very truly yours,

Patrick E. Premo

1287683