# FENWICK & WEST LLP

SILICON VALLEY CENTER   801 CALIFORNIA STREET   MOUNTAIN VIEW, CA 94041
TEL 650.988.8500   FAX 650.938.5200   WWW.FENWICK.COM

July 1, 2008

PATRICK E. PREMO

EMAIL PPREMO@FENWICK.COM
DIRECT DIAL (650) 335-7963

**VIA ELECTRONIC FILING**

The Honorable Bernard Zimmerman
USDC, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *SuccessFactors, Inc. v. Softscape, Inc.,* Case No.: C-08-1376 (CW)

Dear Judge Zimmerman:

      Plaintiff SuccessFactors respectfully submits this letter in response to Mr. Ratinoff's letter of June 27, 2008. Softscape's letter attempts to offset Softscape's pervasive document production problems with manufactured issues. Permeating many of Softscape's eleven bullet points are semantic disagreements that have no bearing on SuccessFactors' document production. SuccessFactors responds to each of Softscape's allegations in turn.

- Counsel for SuccessFactors and Softscape met in-person with respect to responses to Softscape's First Set of Discovery Requests on June 9 and 11, 2008. Scheduling conflicts limited SuccessFactors' ability to meet on responses to Softscape's *Second* Set of Document Requests. However, counsel for SuccessFactors contacted Softscape at 3:03 p.m. on June 27 to schedule a meeting. Rather than respond, Softscape filed its letter brief nearly an hour and a half later, representing that SuccessFactors ignored its meet and confer requests. Aside from being incorrect, the issue is moot as the parties are scheduled to meet and confer on July 2, 2008.

- On three separate occasions, Softscape scheduled and then unilaterally cancelled the deposition of SuccessFactors' Rule 30(b)(6) witness. On the last occasion, the deposition had been scheduled weeks in advance of the June 26-27 dates. Softscape cancelled a week before the deposition and then insisted on unavailable dates. After working through many schedule conflicts, SuccessFactors reset on a date Softscape's counsel proposed. The deposition is currently scheduled for July 21, 2008.

- The negative impact of Softscape's actions is continuing to be felt over time, despite SuccessFactors' efforts to rehabilitate its reputation. Although SuccessFactors agreed to produce documents about its losses and has produced highly relevant documents on this subject an instantaneous production is simply impossible, but will be made over time as the damages continue to be felt. SuccessFactors' damages calculations will also be the subject of expert analysis and discovery, which has not been initiated.

- Softscape's discovery requests incorporate by reference defined terms, which – if read literally – would encompass a broad array of irrelevant information and would be extremely burdensome to collect and review. Softscape's complaint regarding "boilerplate" objections ignores this fact as well as the fact that Softscape used similar general objections itself. In any event, SuccessFactors has not refused to produce documents based on burdensomeness

objections. SuccessFactors has repeatedly indicated to Softscape it is not selectively producing responsive documents.

- "Statements of compliance" are not a serious dispute. Nowhere in SuccessFactors' responses has it indicated that it is producing only what it unilaterally deems "relevant;" it is producing what is responsive to the requests.

- Softscape has not articulated any conduct on the part of SuccessFactors constituting unclean hands, insisting in the Joint CMC Statement that it will amend its answer later to so plead. Its overbroad requests are merely fishing without basis.

- SuccessFactors does not have knowledge of every employee who previously worked at Softscape. It proposed a method to exchange information regarding employees for which each side has knowledge, to develop a complete list for both parties. Softscape nixed this reasonable solution insisting that SuccessFactors provide information that would be inefficient and burdensome to obtain—to the extent relevant at all.

- Regarding Softscape's insistence on SuccessFactors' production of "all documents" for certain discovery requests, the dispute is purely semantic. SuccessFactors has repeatedly indicated to Softscape it is not selectively producing responsive documents.

- Softscape refused to conduct searches or vouch for the preservation of its employees' personal computers—despite indications that many had been used with respect to the Presentation—forcing SuccessFactors to issue subpoenas. In response to the first employee subpoena, Softscape's counsel lodged objections and refused to produce any documents. *Softscape* suggested SuccessFactors issue a subpoena to the company New Milenium Shoe ("NMS"), insisting that NMS was a third party. Once that subpoena issued, Softscape's counsel again lodged objections and refused to produce any documents. For subsequent employee subpoenas, Softscape claimed incorrectly that there was a stay of *all* third party discovery. There is no such stay. Softscape's complaint on this issue is unfounded. Its objection to discovery within its employees' actual possession is obstructionist.

- Softscape does not identify "factual issues that have been largely settled by [its] responses to [SuccessFactors'] interrogatories and requests for admission." As stated in SuccessFactors' prior letters to the Court, Softscape's production has been deficient. Not even the most fundamental factual issues in this case have been "settled" to date.

- Regarding information relevant to truth or falsity, SuccessFactors' interrogatory responses of July 2 will identify and narrow the statements in the Presentation at issue. Documents relevant to these statements have or will be produced to Softscape. Softscape's complaint on this issue is premature.

Lastly, regarding ESI searches, SuccessFactors has examined data for 17 of its employees. It performed appropriate searches for these individuals. Softscape has not identified any specific deficiencies in SuccessFactors' ESI methodology. Its complaint is not well-taken.

Respectfully submitted,

Patrick E. Premo

1287709.