# MINTZ LEVIN

1400 Page Mill Road
Palo Alto, California 94304-1124
650-251-7700
650-251-7739 fax
www.mintz.com

Jeffrey Ratinoff | 650 251 7755 | jratinoff@mintz.com

July 2, 2008

The Honorable Bernard Zimmerman
U.S. District Court for the Northern District of California
450 Golden Gate Ave., Courtroom G, 15th Floor
San Francisco, CA 94102

Re:     *SuccessFactors, Inc. v. Softscape, Inc.*; Case No.: CV 08-1376 CW (BZ)

Dear Judge Zimmerman:

Defendant Softscape, Inc. ("Softscape") submits this letter brief in response to the July 1, 2008 letter filed by Plaintiff SuccessFactors, Inc. ("SFI") concerning Softscape's alleged refusal to comply with its discovery obligations. Once again, SFI's submission to the Court is replete with inaccuracies and omissions, as well as raises issues that have either been resolved or are premature because SFI failed to engage in-person meet and confer as required by the Court's Initial Discovery Order.

As stated in previous briefs, Softscape has substantially complied with all deadlines by which it previously assured SFI it would produce documents. Since stating that it would produce on a rolling basis every 10 court-days, Softscape has also complied therewith. In that regard, in a June 16th letter, SFI indicated that it "looked forward to receiving delivery of the first tranche of search results no later than June 30." Softscape made *four* productions prior to June 30th and a fifth production on July 1st. Notably, it made such productions despite the need to respond to the barrage of letters and emails from SFI that Softscape continues to receive on daily basis.

With respect to how documents were produced, SFI demanded that Softscape expedite production of "low hanging fruit," including communications related to the genesis of the SIPP, stand-alone versions of the SIPP and those attached to emails, communications between SFI and New Millenium Shoe ("NMS"), and documents allegedly referred to in Softscape's interrogatory responses and its deposition, even where such a search and production would be duplicative of Softscape's systematic ESI search efforts. To comply with these demands in a timely and cost-effective manner, Softscape produced documents in hard copy. Softscape explained this to SFI and assured SFI that these documents would be reproduced in native format in subsequent productions. SFI's submission to the Court is the first that Softscape has heard about SFI's dissatisfaction with this process.

SFI's claim regarding the type of documents produced is also inaccurate. Softscape has produced far more than just news alerts about SFI and graphics extracted from Softscape e-mails (which is a direct result of SFI's insistence on the production of emails in native format). In addition to the types of documents referenced above, Softscape has produce other responsive documents, including various internal communications and other competitive materials concerning SFI and the SIPP.

In response to the five categories of documents that SFI claims that Softscape has not produced, Softscape would like to bring the following omitted facts to the Court's attention:

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | WASHINGTON | NEW YORK | STAMFORD | LOS ANGELES | PALO ALTO | SAN DIEGO | LONDON

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

The Honorable Bernard Zimmerman
July 2, 2008
Page 2

1.  Softscape previously agreed to produce documents and communications related to the creation of the SIPP, including various versions of the SIPP. As stated above, Softscape already produced such documents and will continue to do so through its continuing ESI search efforts. As explained in response to SFI's interrogatories, Softscape did not authorize the modification of the SIPP as represented by the Presentation and did not authorize the external distribution of the SIPP in any form. Thus, SFI's frustration is not a result of a lack of production. Rather, it is simply because none of versions of the SIPP in Softscape's possession, custody or control are identical to the Presentation distributed by John Anonymous. Softscape cannot produce things that do not exist. Softscape has produced the versions of the SIPP that its searches have revealed to date and will continue to produce any additional versions revealed in its ongoing custodian searches.

2.  SFI claims that Softscape refused to produce communications regarding recipients of the Presentation. Not true. Softscape has agreed to search for and produce non-privileged communications regarding the Presentation and facts stated therein with any recipients thereof.

3.  SFI misleadingly asserts that Softscape failed to produce communications regarding statements made in the SIPP. As indicated by Softscape's interrogatory responses, some of the information in the SIPP regarding SFI was orally communicated by SFI's former customers or obtained from SFI's website and other publicly available sources. Softscape has already produced written communications conveying such information in an expedited manner and will continue to search for and produce further responsive documents in connection with its ongoing searches.

4.  As stated above, Softscape agreed to produce communications about the SIPP and, to the extent any exist, the Presentation. Softscape has already produced what is readily available and, as explained above, will produce any further documents found through its ESI search efforts.

5.  SFI's complaints concerning the subpoenas issued for NMS, Larry Kurzner and Dennis Martinek are unwarranted. SFI has not made a good faith effort to meet and confer about their legitimate objections thereto. For example, SFI sent a meet and confer letter on the NMS subpoena, *after* it filed its brief with the Court. Similarly, SFI sent a letter at 6:25 p.m. on June 30th asking to meet and confer on the Kurzner subpoena. Had SFI given counsel for Mr. Kurzner a reasonable amount of time to reply prior to raising the issue with the Court, SFI would have learned that he was willing to comply with the non-objectionable portions of the subpoena on a mutually agreeable date. With respect to documents concerning these non-parties in *Softscape's* possession, custody or control, it has either produced all such responsive documents or has already agreed to search for and produce them as they are revealed during its ESI searches.

In light of the foregoing, it is unclear what additional issues warrant discussion on July 3rd other than SFI's own failure to comply with its discovery obligations.

Respectfully submitted,

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

*/s/ Jeffrey M. Ratinoff*

Jeffrey M. Ratinoff

4371173v.2