1  LAURENCE F. PULGRAM (CSB No. 115163)
   lpulgram@fenwick.com
2  LIWEN A. MAH (CSB No. 239033)
   lmah@fenwick.com
3  FENWICK & WEST LLP
   555 California Street
4  San Francisco, CA  94104
   Telephone:     (415) 875-2300
5  Facsimile:     (415) 281-1350

6  PATRICK E. PREMO (CSB No. 184915)
   ppremo@fenwick.com
7  HENRY Z. CARBAJAL (CSB No. 237951)
   hcarbajal@fenwick.com
8  DENNIS FAIGAL (CSB No. 252829)
   dfaigal@fenwick.com
9  FENWICK & WEST LLP
   Silicon Valley Center
10 801 California Street
   Mountain View, CA  94041
11 Telephone:     (650) 988-8500
   Facsimile:     (650) 938-5200

12
   Attorneys for Plaintiff
13 SuccessFactors, Inc.

14
15                              UNITED STATES DISTRICT COURT
16                            NORTHERN DISTRICT OF CALIFORNIA
17                                  SAN FRANCISCO DIVISION

18 | SUCCESSFACTORS, INC., a Delaware corporation, | Case No. CV 08 1376 CW (BZ)
19 |                                                | **OPPOSITION TO MOTION BY DEFENDANT SOFTSCAPE, INC. FOR AN ORDER ENLARGING TIME AND MODIFYING THIRD DISCOVERY ORDER**
20 |              Plaintiff,                        |
21 | v.                                             |
22 | SOFTSCAPE, INC., a Delaware corporation; and DOES 1-10, inclusive, | [N.D. Civ. L.R. 6-3]
23 |              Defendant.                        | Judge:  The Honorable Bernard Zimmerman

OPPOSITION TO MOTION FOR
ORDER ENLARGING TIME                                              CASE NO. CV 08 1376 CW (BZ)

Defendant Softscape, Inc.'s request for another half-month delay in making its initial production of materials that the Court ordered produced on August 1, 2008 is not well taken. Softscape is already in violation of the Court's order that Softscape produce the "First Tier" of materials by July 15, 2008—a date that came and went without the production ordered. The Court should deny Defendant's belated request, or, to the extent that it provides any extension, require production of materials by both sides no later than August 4, 2008.

The Court did not pick the dates it ordered for Softscape's production out of the blue. Rather these were the dates *Softscape* proposed and to which it had committed—dates that were more than generous to Softscape, given the history of its delays:

- The materials at issue here include the basic documents that SuccessFactors, Inc. has been requesting since issuance of its First Request for Production of Documents on March 27, 2008, the date Judge Wilken ordered discovery immediately open.

- Softscape's digital files have all been collected, preserved and available for searching since April, according to document preservation declarations submitted by Softscape's general counsel on April 14, 2008, and April 30, 2008. *See* Docket Nos. 74 (Apr. 14, 2008 Decl. of Susan Mohr), 110 (Apr. 30, 2008 Decl. of Jessica L. Grant).

- Softscape then chronically missed the dates it promised to make production, promising a "rolling production" that seemingly rested on square wheels. July 29, 2008 Decl. of Laurence F. Pulgram ("Pulgram Decl.") ¶ 6, Exh. A, filed herewith.

- For a full month after SuccessFactors submitted its list of proposed search terms to Softscape on May 1, 2008, Softscape did not search its previously collected files at all—in fact, it first responded by proposing modification of the search term list on June 5. *Id.* ¶ 5. After a bit more stalling, Softscape finally accepted SuccessFactors' proposed search terms on June 13.[1] *Id.* ¶ 7.

---

[1] Softscape's assertion that search terms were not agreed to until "late June" (Motion at 2) is not correct. Softscape actually agreed to search terms on June 13, 2008, giving in on the eve of a scheduled discovery hearing on that issue. *See* Pulgram Decl. ¶ 7 (referring to Mr. Ratinoff's letter of June 13, 2008, accepting such terms).

OPPOSITION TO MOTION FOR ORDER ENLARGING TIME -1- CASE NO. CV 08 1376 CW (BZ)

- Meanwhile on June 11, 2008, Softscape represented to the Court that it needed 45 days to complete its search and review. *See* Docket No. 131 (letter from Softscape's counsel to Judge Zimmerman describing size of project in detail and stating that "Softscape's delay in commencing searches of additional custodians, as well as the requested 45-day time frame is both justifiable and reasonable").

- At the same time, Softscape represented that it would "make a good faith effort to prioritize the production of any such documents and custodians in the order of priority that [SuccessFactors] prefers" (*id.*), pursuant to a list of "first tier" witnesses whose files SuccessFactors had requested be produced first.

- At the case management conference before Judge Wilken on June 17, 2008, Softscape's counsel advised that its "search is ongoing as we stand here. And we will continue to produce documents every ten court days." Docket No. 164 (transcript of June 17, 2008 conference), at 10:4-7. Softscape's counsel also represented that "I'm confident that by the time we see Magistrate Zimmerman on July 3, we will have not only produced substantial amount of information, but resolved many of the issues that are raised in competing letter briefs that are before him right now." *Id.* at 12:15-19.

- In fact, by July 3, 2008, Softscape had produced no additional documents, and no rolling production, for either for the "first tier" witnesses or anyone else.

Thus, when the Court, at the discovery conference on July 3, 2008, ordered production by August 1, 2008, it granted Softscape the full 45-day period to which Softscape had committed on June 11, 2008—and then some. Because, by the July 3 hearing, Softscape had still not produced the priority custodian files, as it had promised to do on a rolling basis, the Court ordered the top six custodians' files produced no later than July 15, 2008. *See* Docket No. 159 (order stating that "[a]ll document production must be completed by August 1, 2008, except production of documents designated by the plaintiff as tier 1 for the six specified individuals which must be completed by July 15, 2008"); Transcript of July 3, 2008 hearing, at 58. Counsel for Softscape again assured the Court that his client would comply and that the production would be "completely done with all responsive documents by August 1st. I don't think there's going to be

OPPOSITION TO MOTION FOR
ORDER ENLARGING TIME                 -2-                    CASE NO. CV 08 1376 CW (BZ)

1  more tiers [of document production.]" *Id.* at 59:2-4.

2  The production ordered for July 15, 2008 did not happen. Rather, on July 15, Softscape
produced a CD containing only 150 documents, with a promise to SuccessFactors that it would be
producing additional records the next day. Pulgram Decl. ¶ 9, Exh. B. The next day, another CD
delivered only another 250 documents. *Id.* ¶ 10, Exh. C. Remarkably, these files still did not
include those of Softscape's CEO, David Watkins, who was both the author of the defamatory
Presentation and who used his sister-in-law's name to fraudulently pose as a customer to obtain a
password to SuccessFactors' customer demonstration site. *Id.* For more than a week after
July 15, Softscape continued to dribble out materials and has apparently still not completed the
July 15 production. *Id.* ¶ 11. Among other apparent omissions, Softscape has produced virtually
nothing from custodian Richard Watkins (the brother of Softscape's CEO, who was also
intimately involved). *Id.* Further, in response to repeated inquiries, Softscape has declined to
provide any date by which the production ordered for July 15 would ever be complete. *See id.*
¶ 12, Exh. D. Softscape's Motion for more time does not address when it intends to complete its
July 15 production—indeed, Softscape does not even disclose that it failed to comply with that
date.

Softscape's suggestion that further delay will not adversely affect completion of discovery
is, at best, naïve. Having already run the clock on four months of the discovery period without
making its initial production, Softscape now proposes to erase another two weeks. All of the
activities dependent on document production will be suspended, including: follow up on
materials not produced; production of privilege logs; negotiation of further disclosure about
logged information; resolution of privilege issues (many of which have already surfaced);
identification of third parties requiring subpoenas, negotiations, and motions to compel; and
contests over excessive confidentiality designations. The fact that Softscape last Friday offered
deposition dates beginning in the second half of August does not mean that delayed production
will not matter. Deposition preparation obviously requires time to digest the materials produced.
Softscape's untimeliness should not force SuccessFactors to go without preparation.

Most importantly, it must be remembered that this is merely Softscape's first production,

OPPOSITION TO MOTION FOR
ORDER ENLARGING TIME                -3-                CASE NO. CV 08 1376 CW (BZ)

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

consisting of the materials that Softscape has *chosen* to provide, cabined by stingy parameters and redefinition of requests to avoid disclosure of relevant information.  We are, unfortunately, still just at Round One.  Further delay of its completion delays everything to follow.

While Softscape's counsel attest that they are, at least now, devoting significant resources to completing the production, this simply cannot excuse Softscape's conduct.  It is not counsel, but Softscape, that is ultimately failing to fulfill its obligations, apparently because it does not want to relinquish the information about its egregious conduct.  *See id.*, Exh. D.

Accordingly, SuccessFactors respectfully requests that the Court deny the requested extension.  To the extent that the Court felt any obligation to provide leeway at this point, it should give an extra three calendar days, through close of business on August 4, 2008, for each party to make its production.  Of particular importance, the Court should not accept Softscape's invitation for a rolling production on August 1 and 8 of materials "ready for production" by the day before.  Given that Softscape has not even complied with the firm date ordered for production on July 15, and that it has consistently failed to make promised "rolling productions," there is no reason to believe that discretionary production of materials "ready for production" will result in materials being provided earlier than strict deadlines.  Moreover, Softscape's proposal appears designed to allow it to benefit by its noncompliance—since, to the extent that SuccessFactors' materials are "ready for production," Softscape would receive them even while withholding its own.

Dated: July 29, 2008

Respectfully,

FENWICK & WEST LLP

By: _____/s/ Laurence F. Pulgram_____
　　　　　Laurence F. Pulgram

Attorneys for Plaintiff
SuccessFactors, Inc.

24024/00404/LIT/1289215.3

OPPOSITION TO MOTION FOR
ORDER ENLARGING TIME　　　　　-4-　　　　　CASE NO. CV 08 1376 CW (BZ)