LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
LIWEN A. MAH (CSB No. 239033)
lmah@fenwick.com
FENWICK & WEST LLP
555 California Street
San Francisco, CA 94104
Telephone:   (415) 875-2300
Facsimile:   (415) 281-1350

PATRICK E. PREMO (CSB No. 184915)
ppremo@fenwick.com
HENRY Z. CARBAJAL (CSB No. 237951)
hcarbajal@fenwick.com
DENNIS FAIGAL (CSB No. 252829)
dfaigal@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:   (650) 988-8500
Facsimile:   (650) 938-5200

Attorneys for Plaintiff SuccessFactors, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOFTSCAPE, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendant. | Case No. CV 08 1376 CW (BZ)<br><br>**DECLARATION OF LAURENCE F. PULGRAM IN SUPPORT OF OPPOSITION TO MOTION FOR AN ORDER ENLARGING TIME AND MODIFYING THIRD DISCOVERY ORDER**<br><br>[N.D. Civ. L.R. 6-3]<br><br>Judge:   The Honorable Bernard Zimmerman |

I, Laurence F. Pulgram, declare as follows:

1. I am an attorney admitted to practice before this Court, and I am a partner at the law firm of Fenwick & West LLP, counsel for Plaintiff SuccessFactors, Inc. ("Plaintiff" or "SuccessFactors") in the above-captioned matter. I submit this declaration in support of Plaintiff's opposition to the Motion by Defendant Softscape, Inc. ("Defendant" or "Softscape") For an Order Enlarging Time and Modifying Third Discovery Order. I have personal knowledge of the facts set forth in this declaration unless otherwise indicated, in which case I am informed and believe they are correct, and if called to testify I could and would testify competently to the same.

2. On March 11, 2008, SuccessFactors filed this action and sought to enjoin Softscape from disseminating and exploiting the false content of a Softscape PowerPoint presentation ("Presentation") that maligned SuccessFactors with numerous falsehoods and misleading statements.

3. On March 27, 2008, at the preliminary injunction hearing, Judge Wilken ordered the parties to meet and confer regarding early document production and to proceed immediately with formal discovery. *See* Docket Nos. 67 (minute order), 71, at 46:3-10 (Mar. 27, 2008 hearing transcript). SuccessFactors formally served its first set of requests for production of documents the following day, on March 28, 2008, including its earlier request for documents concerning "the genesis, creation, review, or revision of the Presentation."

4. In response to SuccessFactors' document requests, I am informed Softscape produced no documents in April, 867 documents in May, and eight documents in June. These documents did not comply with an agreement between the parties to produce documents in native format. The documents also largely omitted metadata showing who modified or otherwise accessed the documents and when.

5. For a full month after SuccessFactors submitted its list of proposed search terms to Softscape on May 1, 2008, Softscape did not respond or object to those terms. Almost five weeks later, in a June 5, 2008 letter that Jeffrey Ratinoff, counsel for Softscape, sent to

PULGRAM DECL. ISO OPP. TO
MOTION TO ENLARGE TIME

CASE NO. CV 08 1376 CW (BZ)

1  Candace J. Morey, counsel for SuccessFactors, Softscape proposed that the parties modify the
2  search term list, meaning that search and production had been stalled for that entire period.
3        6.      In a June 3, 2008 e-mail that Mr. Ratinoff sent to Henry Z. Carbajal and other
4  counsel for SuccessFactors ("June 3 E-Mail"), Mr. Ratinoff stated that Softscape would produce
5  responsive, non-privileged documents "as part of a rolling production[,]" even though the
6  parties had never agreed to such an arrangement. A true and correct copy of the June 3 E-Mail
7  is attached hereto as Exhibit A. That rolling production did not happen.
8        7.      In a June 11, 2008 letter (Docket No. 131), Softscape's counsel represented to
9  the Court that it was requesting a 45-day time frame for search and production of records, and
10 that it had "agreed to make a good faith effort to prioritize the production of any such
11 documents and search custodians in the order of priority that [SuccessFactors prefers]." On
12 June 13, 2008, Softscape finally accepted SuccessFactors' proposed search terms in a letter from
13 Mr. Ratinoff to Mr. Carbajal.
14       8.      On July 7, 2008, the Court issued a Third Discovery Order (Docket No. 159),
15 which states that "[a]ll document production must be completed by August 1, 2008, except
16 production of documents designated by the plaintiff as tier 1 for the six specified individuals
17 which must be completed by July 15, 2008."
18       9.      Softscape failed to complete the "production of documents designated by the
19 plaintiff as tier 1 for the six specified individuals" by July 15, 2008, and to my knowledge has
20 not yet completed it. On July 15, Softscape produced a CD containing approximately 150
21 documents with a cover letter stating that the enclosed CD "is not a complete production of all
22 of the first six custodians you identified. We will hand deliver another CD tomorrow" ("July 15
23 Letter"). A true and correct copy of the July 15 Letter is attached hereto as Exhibit B.
24       10.     The next day, on July 16, 2008, Softscape produced a CD containing
25 approximately 250 more documents with a cover letter stating that it would "hand deliver a third
26 CD later this evening or tomorrow morning" ("July 16 Letter"). A true and correct copy of the
27 July 16 Letter is attached hereto as Exhibit C. Remarkably, the 400 documents that Softscape
28 produced on July 15 and 16 did not even include those of Softscape's CEO, who was both the

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PULGRAM DECL. ISO OPP. TO
MOTION TO ENLARGE TIME
-2-
CASE NO. CV 08 1376 CW (BZ)

principal author of the defamatory Presentation and who used his sister-in-law's name to pose as a customer to obtain a password to SuccessFactors' customer demonstration site.

11. For more than a week after July 15, 2008, Softscape continued to produce more CDs of incomplete materials, and it has apparently still not completed the production ordered for that date. Among other apparent omissions, I am informed that Softscape has produced virtually nothing from custodian Richard Watkins (the brother of Softscape's CEO, who was also intimately involved). Of the documents that Softscape has produced to date, only one appears to have been produced with electronic information linking it to Richard Watkins as the custodian.

12. I have made repeated inquiries as to when Softscape would complete the production ordered for July 15, 2008, but Softscape's counsel has not provided any date. Between July 22 and July 28, lead counsel for the parties exchanged e-mails concerning Softscape's failure to comply with the Court's production deadline ("July 22-28 E-Mails") as well as the reasons that SuccessFactors objected to Softscape's requests for a further extension of the production date ordered by the Court. A true and correct copy of the July 22-28 E-Mails is attached hereto as Exhibit D.

I declare under penalty of perjury that the foregoing is true and correct. Executed in San Francisco, California on July 29, 2008.

　　　　　　　　　　　　　　　　　　　　　　/s/ Laurence F. Pulgram
　　　　　　　　　　　　　　　　　　　　　　　　Laurence F. Pulgram

# EXHIBIT "A"

**Subject:** FW: SuccessFactors, Inc. v. Softscape, Inc., No. CV-08-1376-CW (BZx)

**From:** Henry Carbajal
**Sent:** Tuesday, June 03, 2008 1:07 PM
**To:** 'Ratinoff, Jeffrey'
**Cc:** Patrick Premo; Laurence Pulgram; Liwen Mah; Sinclair, Bryan; Wagner, Benjamin
**Subject:** RE: SuccessFactors, Inc. v. Softscape, Inc., No. CV-08-1376-CW (BZx)

Jeff,

Thank you for your response. I write to confirm the time of tomorrow's meet and confer conference, to occur at 3:00 p.m. at your offices in Palo Alto. I note that we do not agree to your limitation of the issues to be discussed from my forwarded list as premature. For example, our position is that Softscape is abusing the designation process in the protective order, beginning with its discovery responses and continuing into the deposition of Mr. Watkins. Moreover, your reference to Softscape's future rolling production, which we have never agreed to with you or your predecessor counsel, does not absolve Softscape from discussing its ongoing production deficiencies. I will see you tomorrow at 3:00 p.m.

Thank you,
Henry

Henry Z. Carbajal III
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
(650)335-7193
(650)938-5200 fax
hcarbajal@fenwick.com

**From:** Ratinoff, Jeffrey [mailto:JRatinoff@mintz.com]
**Sent:** Tuesday, June 03, 2008 9:07 AM
**To:** Henry Carbajal
**Cc:** Patrick Premo; Laurence Pulgram; Liwen Mah; Sinclair, Bryan; Wagner, Benjamin
**Subject:** RE: SuccessFactors, Inc. v. Softscape, Inc., No. CV-08-1376-CW (BZx)

Henry,

We are available to meet and confer at 3 p.m. tomorrow and can go until 4:30 p.m. at the latest.

In regard to Dave Watkins' deposition, meeting and conferring on matters relating to his deposition is premature since we have not received a transcript for the deposition. After we have had a reasonable opportunity to review the transcript, we will be in a position to discuss the issues you identified relating thereto.

With respect to Softscape's allegedly deficient document production, as we have repeatedly represented to other members of your team, Softscape's production is not yet complete and we have made no indication to the contrary. Thus, it is premature to discuss whether the production as a whole is deficient.

However, as we also previously represented to other members of your team, we are including additional custodians as part of this process. We will also include responsive, non-privileged documents that were requested in SF's RFPs and referenced in Softscape's Interrogatory responses (and those in Mr. Watkins' deposition once we review the transcript) as part of a rolling production.

Accordingly, for Wednesday's meet and confer, we will be prepared to discuss the following:

1. Softscape's confidentiality designations of Softscape's discovery responses;
2. The production from two custodial sources and the search of other custodian (should you need further verbal confirmation of what we have already stated concerning this issue);
3. The production of documents referred to in Softscape's interrogatory responses;
4. The production of Softscape internal versions of the presentation in dispute;
5. Softscape's position on the production of phone records and its objections to Document Request Nos. 47-49; and

6. Softscape, Inc.'s preservation of Steve Bonadio's computer media and emails.

Finally, SF has taken the position that it is inappropriate to discuss new discovery issues prior to completing meet and confer on outstanding discovery issues. Consistent with that position, we ask that SF provide a substantive response to Mr. Wagner's May 29th letter regarding SF's deficient responses to Softscape's First Set of RFPs and participate in an in-person meet and confer prior to discussing the newly raised issues relating to Mr. Watkins' deposition and Softscape's responses to SF's RFAs and Interrogatories.

Sincerely,
Jeffrey Ratinoff

---

**From:** Henry Carbajal [mailto:HCarbajal@fenwick.com]
**Sent:** Monday, June 02, 2008 5:22 PM
**To:** Ratinoff, Jeffrey; Sinclair, Bryan
**Cc:** Patrick Premo; Laurence Pulgram; Liwen Mah; Sandy Sanford
**Subject:** SuccessFactors, Inc. v. Softscape, Inc., No. CV-08-1376-CW (BZx)

Dear Counsel:

As you know, we have identified serious deficiencies in Softscape's discovery compliance, in particular its document productions to date. We will address Softscape's responses to its First Set of Interrogatories, Requests for Admissions and privilege issues by separate communication, but we want to focus our next in-person meet and confer on the following issues:

1. Softscape, Inc.'s overbroad confidentiality designations of the Rule 30(b)(6) deposition of David Watkins and Softscape's discovery responses. Although we have previously discussed the confidentiality designations of Softscape's discovery responses, we would like to attempt once more to reach a resolution of the issue.
2. Softscape. Inc.'s failure to produce requested documents, including: (a)   producing a small, incomplete set of documents from only two custodial sources within Softscape, despite Softscape's knowledge of the many individuals who were involved in the creation or review of the presentation in dispute; (b)   failure to produce documents referred to in Softscape's interrogatory responses, as described in further detail in Candace Morey's letter dated May 27, 2008; (c)   failure to produce any Softscape internal versions of the presentation in dispute, as described in further detail in Candace Morey's letter dated May 27, 2008; (d)   failure to produce documents that David Watkins referred to throughout his May 30, 2008 deposition; (e)   failure to produce requested phone records pursuant to *inter alia* SuccessFactor, Inc.'s Document Request Nos. 47-49, as described in further detail in Patrick Premo's letter dated May 28, 2008.
3. Softscape, Inc.'s failure to preserve and/or produce documents and computer media from Steve Bonadio, despite Softscape's admission of acts concerning the presentation in dispute.

Please let us know your availability for the meet and confer conference. We propose Wednesday, June 4 at your offices.

Thank you,

Henry Z. Carbajal III
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
(650)335-7193
(650)938-5200 fax
hcarbajal@fenwick.com

Attorneys for SuccessFactors, Inc.

------------------------------------------
IRS Circular 230  Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential.  It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly

outbind://1955/rl

prohibited.    Case 4:08-cv-01376-CW    Document 175    Filed 07/29/2008    Page 8 of 20

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

----------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

----------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

# EXHIBIT "B"

# MINTZ LEVIN

1400 Page Mill Road
Palo Alto, California 94304-1124
650-251-7700
650-251-7739 fax
www.mintz.com

Bryan J. Sinclair | 650 251 7722 | bsinclair@mintz.com

July 15, 2008

**VIA HAND DELIVERY**

Patrick E. Premo, Esq.
Fenwick & West, LLP
801 California Street
Mountain View, CA 94041

Re: *SuccessFactors, Inc. v. Softscape, Inc.*; Case No.: C08-1376 CW (BZ)

Dear Patrick:

Enclosed please find a CD containing documents bearing Bates Nos. SSP000865 - SSP001754. These files bear designations under the Protective Order.

This is not a complete production of all of the first six custodians you identified. We will hand deliver another CD tomorrow.

Sincerely,

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Bryan J. Sinclair

BJS/ak
Enclosure

# EXHIBIT "C"

# MINTZ LEVIN

Bryan J. Sinclair | 650 251 7722 | bsinclair@mintz.com

1400 Page Mill Road
Palo Alto, California 94304-1124
650-251-7700
650-251-7739 fax
www.mintz.com

**RECEIVED**

**JUL 1 6 2008**

**FENWICK & WEST LLP**

July 16, 2008

**VIA HAND DELIVERY**

Patrick E. Premo, Esq.
Fenwick & West, LLP
801 California Street
Mountain View, CA 94041

Re: *SuccessFactors, Inc. v. Softscape, Inc.*; Case No.: C08-1376 CW (BZ)

Dear Patrick:

Enclosed please find a CD containing documents bearing Bates Nos. SSP001755 - SSP005845. These files bear designations under the Protective Order.

We will hand deliver a third CD late this evening or tomorrow morning.

Sincerely,

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Bryan J. Sinclair

BJS/ak
Enclosure

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

438193v.1  BOSTON | WASHINGTON | NEW YORK | STAMFORD | LOS ANGELES | PALO ALTO | SAN DIEGO | LONDON

# EXHIBIT "D"

```
-----Original Message-----
From:      Laurence Pulgram
Sent: Monday, July 28, 2008 08:10 AM Pacific Standard Time
To:   'Taylor, Robert'
Cc:   'Ratinoff, Jeffrey'; 'Sinclair, Bryan'; 'Susan Mohr'; Patrick Premo; Henry
Carbajal; Liwen Mah
Subject:   RE: Schedule
```

Bob,

Although SuccessFactors would use the time if it were available, it believes that the court already set the time schedule which should be retained.  As you know, we have never agreed to any rolling production of the materials the court ordered Softscape to produce by July 15, and are alarmed that softscape still cannot state when that past due production will be completed.

Laurence

Sent from my GoodLink synchronized handheld (www.good.com)

```
-----Original Message-----
From:       Taylor, Robert [mailto:RPTaylor@mintz.com]
Sent: Friday, July 25, 2008 05:24 PM Pacific Standard Time
To:   Laurence Pulgram
Cc:   Ratinoff, Jeffrey; Sinclair, Bryan; Susan Mohr
Subject:   RE: Schedule
```

Laurence,



We have concluded that Softscape will need another two weeks to complete its document production.  Both Mintz lawyers and the company are working as rapidly as possible to complete this task, but the size of the task has simply taken longer than we (or the Court) anticipated.  We are reasonably certain that Softscape will finish by August 15.  In the interim, we plan to continue with our "rolling production" as we complete various portions of the process.  On Monday, I plan to file a motion asking the Court for the additional two weeks for both parties.


Does Success Factors want to join in that motion?


Bob


Robert P. Taylor

Mintz Levin

1400 Page Mill Road

Palo Alto, CA 94304

Tel: 650.251.7740

Mobile: 650.400.6995

Email: rptaylor@mintz.com <mailto:rptaylor@mintz.com>

_____

From: Laurence Pulgram [mailto:LPulgram@Fenwick.com]
Sent: Thursday, July 24, 2008 4:05 PM
To: Taylor, Robert
Subject: RE: Schedule


Bob,


First, I can assure you that SuccessFactors' counsel is carefully and completely abiding by the terms of the confidentiality order and designations of information. It is precisely because we follow those designations that we have pressed our serious concerns about the impropriety of Softscape's over designation that continually designates things at too high a level (e.g., insurance policies as OAEO). Your email states that your client believes this compliance may not be happening--but your letter states no basis for that belief. Our clients' concerns over confidentiality (and I assure you they are at least mutual) do not excuse untimely production of documents nor overly restrictive designations.


As for the fact that there is litigation-related information in the marketplace, remember it was your client who emailed press releases to customers claiming the lawsuit was frivolous, that the Presentation was factual, and that my client was a predator, and who opened its public attack with a lawsuit in Massachusetts and press release the day after SuccessFactors' secondary offering. With this approach, I can't really understand what they are suggesting in your email.


Finally, your email does not tell me when the production for the first six custodians, ordered to be completed on July 15, will actually be complete. Nor have you agreed even to produce all copies of the Presentation itself with file records and metadata. Without any assurances or compliance by your client with the orders already entered, even more extension wouldn't seem to make sense. If you are going to ask the Court for additional time, however, I would question why you would wait until next week to do so. And we would certainly think it inappropriate for you to seek a unilateral extension of bilateral dates.


Laurence

 <http://www.fenwick.com/>

Laurence Pulgram

Fenwick & West LLP <http://www.fenwick.com/>

Partner, Litigation Group



(415) 875-2390



(415) 281-1350



lpulgram@fenwick.com <mailto:lpulgram@fenwick.com>

_____

From: Taylor, Robert [mailto:RPTaylor@mintz.com]
Sent: Thursday, July 24, 2008 11:25 AM
To: Laurence Pulgram
Subject: RE: Schedule

Laurence, as I have suggested in the past, it would facilitate things a lot if both of our clients could agree to discontinue making reference to this litigation in dealing with customers.  Our client believes that your firm and/or the in-house legal staff at your client is giving more information to the operating people in your client than they should have under the protective order, and this is leading to a good deal more client dialogue about the production than is necessary.  I assume that both your lawyers and your clients' lawyers are observing the protective order, but when Softscape encounters litigation related information in the market place, it does raise concerns.  I think that both sides should refrain from any use of litigation in dealing with clients and am prepared to suggest that to Softscape if you are prepared to suggest it to your client.  I am sure that we can wordsmith an order satisfactory to both companies.


In terms of the production, it is proceeding as rapidly as it is possible to do.  The task is a large one.  We are trying to complete it as quickly as we can.  I anticipate that sometime next week, we will be asking the court for additional time. If Success Factors does not need additional time to complete its production, so be it. Softscape is likely to.  I should observe in this connection that your client's production to date is not much further along than Softscape's, if even as far.

Bob

Robert P. Taylor

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, PC

1400 Page Mill Road

Palo Alto, CA 94304

Tel: 650.251.7740

Mobile: 650.400.6995

Email: rptaylor@mintz.com <mailto:rptaylor@mintz.com>

_____

From: Laurence Pulgram [mailto:LPulgram@Fenwick.com]
Sent: Wednesday, July 23, 2008 5:08 PM
To: Taylor, Robert
Subject: RE: Schedule

Bob,

I have this message.  I'm conferring with my team and will respond tomorrow.  But I have concerns about the way things are going.

We are still receiving daily, now a full week late, documents from the first six custodians that were ordered to be produced by Softscape on July 15.  We received today another CD of more documents from David Watkins.  No one agreed to that.  On the July 15 date, we were told that more would come the next day, not a week later.  Can you please tell me when those custodians will be complete?

We also have not received file records showing the location and other associated information even for the versions of the presentation/sipp produced to date, which we especially need where unassociated with any email.  Four months into the litigation, we have not received the present (and all post-litigation) versions of the presentation, which I assume you propose to extend past August 1.

There are lots of other issues as well. In short, taking another week out of the present fact discovery schedule, without progress on these points, seems problematic.  If you have solutions to propose, please let me know.

4

Laurence

_____

From: Taylor, Robert [mailto:RPTaylor@mintz.com]
Sent: Tuesday, July 22, 2008 6:39 PM
To: Laurence Pulgram
Subject: Schedule

Laurence, it is becoming increasingly likely that we will need a few additional days to conclude the production of documents.  It may be that your side will as well.  I propose that we stipulate that the August 1 deadline for document production by both sides be moved back one week to August 8.  I do not think that this will impact the deposition schedule or any of the other dates that are already set.

Let me have your views,

Bob

Robert P. Taylor

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, PC

1400 Page Mill Road

Palo Alto, CA 94304

Tel: 650.251.7740

Mobile: 650.400.6995

Email: rptaylor@mintz.com <mailto:rptaylor@mintz.com>

----------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

----------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at

ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

--------------------------------------------
IRS Circular 230  Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
--------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential.  It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

----------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

----------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

----------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

----------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin,

```
Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at
ISDirector@Mintz.com, and destroy all copies of this message and any attachments.
You will be reimbursed for reasonable costs incurred in notifying us.
```