**FENWICK & WEST LLP**

555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104
TEL 415.875.2300   FAX 415.281.1350   WWW.FENWICK.COM

August 11, 2008

LAURENCE F. PULGRAM

EMAIL LPULGRAM@FENWICK.COM
DIRECT DIAL (415) 875-2390

**VIA E-FILING AND HAND DELIVERY**

Magistrate Judge Bernard Zimmerman
United States District Court, Northern District of California
450 Golden Gate Avenue, Courtroom G, 15th Floor
San Francisco, California 94102

    Re:    *SuccessFactors, Inc. v. Softscape, Inc.*, Case No. C-08-1376 CW (BZ)

Dear Judge Zimmerman:

    On behalf of Plaintiff SuccessFactors, Inc. we respectfully request the Court's assistance in resolving the refusal of Defendant Softscape, Inc., (i) to provide discoverable material contained in its backup tapes and (ii) to allow forensic analysis of mirror images already made of its hard drives and servers. Alternatively, SuccessFactors seeks leave to file a motion to compel.

    On March 4, 2008, using a Gmail account accessed from an Internet connection at a hotel in Massachusetts ("Waltham Marriott"), "John Anonymous" sent a PowerPoint Presentation, which impugned SuccessFactors, to more than 750 customers. Softscape cannot deny that its CEO was the *primary* author of the Presentation, and that Softscape had surreptitiously obtained a list of SuccessFactors' prospects to whom "John Anonymous" sent the Presentation. Softscape nonetheless contends that the identity of the person who made and stored the *final* version of the Presentation at 2:34 P.M. on March 4, the identity of the person who sent out the Gmail at about 10:00 P.M. on March 4, and how the Presentation got to the sender after Softscape's CEO stored a prior version on March 3, are all mysteries Softscape has been unable to solve.

    The documents produced by Softscape to date do not solve the mysteries, requiring deeper investigation. This is not surprising, since John Anonymous sought *not* to be easily identifiable, and since perpetuation of the 'mystery" is Softscape's best hope of maintaining "plausible deniability." As of August 11, 2008, Softscape's document production is still trickling in, in defiance of the Court's order to produce all materials by August 1, 2008. Softscape has so far produced results of term searches of active files contained in mirror images of hard drives and servers made for this litigation *weeks after* the relevant events. These searches inherently miss critical available evidence.

    First, these searches miss the contemporaneous records of active documents that disappeared during the intervening weeks between the creation of the Presentation in late February and the making of mirror image copies for this litigation in late March. Softscape has declared that it has saved (but not searched) backup tapes for the period after February 9, 2008. Apr. 14, 2008 Decl. of Susan Mohr (Dkt. No. 74) ¶ 8. Those tapes would capture, for instance, contemporaneous emails or Instant Messages revealing activities connected with the Presentation. Softscape claims it cannot find on its servers any versions of the Presentation

August 11, 2008
Page 2

between revision number 330, saved by its CEO on March 3, and revision number 377 dated March 17, 2008. Backup tapes will contain the versions in Softscape's active files during these weeks. Similarly, Softscape wrongly obtained a confidential attendance list of a SuccessFactors sales event, a list to which John Anonymous sent his Gmail. Yet Softscape's production has not included all copies of this list, so backup tapes including these copies are critical. In meet and confer sessions held in person on July 17, 2008 and in subsequent written exchanges, Softscape's stonewall on backup tapes has been absolute. It has refused even to disclose what types of tapes are used, what information is contained on which tapes (to target a narrow selection for searching), how many tapes exist and what would be the estimated cost to search.

Second, the "mirror images" of the computers at issue[1] will contain every bit of data recorded on a hard disk, regardless of whether the data is part of an active file or part of a previously "deleted" file, unless the file has been overwritten. Thus, because "electronic evidence can easily be erased and manipulated, either intentionally or unintentionally[,]" it is "not unusual for a court to enter an order requiring the mirror imaging of the hard drives of any computers that contain documents responsive to an opposing party's request for production of documents." *Balboa*, 2006 WL 763668, at *3. At Judge Wilken's direction, Softscape made mirror image copies of individuals' hard drives and system servers, Docket No. 88, but Softscape has refused, in the meet and confer, to allow forensic analysis.

For instance, forensic analysis could locate: (1) data traces showing who accessed the Gmail website at the time the Presentation was circulated; (2) who logged into the Waltham Marriott's wi-fi network at that time; (3) fragments of the final version of the Presentation, which Softscape has said no longer exists in their active files; (4) address lists being formulated for use by John Anonymous, and (5) information about software applications revealing when the Presentation was created, the identity of the last person to modify each version, and whether a user accessed the Gmail web site at the time that a PowerPoint application was running on the same computer. Given the critical importance of determining these facts and their unavailability from other sources, a forensic analysis is required.

SuccessFactors therefore respectfully requests that the Court convene a conference to encourage Softscape's release of information necessary to resolve these issues, or to allow the matter to proceed promptly to a motion to compel.

Respectfully,

Laurence F. Pulgram

cc: Robert P. Taylor, Esq.

---

[1] A "mirror image" is a "forensic duplicate, which replicates bit for bit, sector for sector, all allocated and unallocated space, including slack space, on a computer hard drive." *Balboa Threadworks, Inc. v. Stucky*, No. 05-1157-JTM-DWB, 2006 WL 763668, at *3 (D. Kan. Mar. 24, 2006). Based on the discovery to date, SuccessFactors believes that the most valuable forensic copies would be images of Softscape's servers and the hard drives belonging to 15 employees known to have received, reviewed, commented on, and/or provided information that was included in the Presentation: Alex Bartfield; Steve Bonadio; Michael Brandt; Charles Camphin; Michelle Davis; Christopher Faust; Linda Gagne; Dennis Martinek; Miki Pahl; Matthew Park; Kathy Pearson, Jayna Smith; Sean Tamami; David Watkins; and Richard Watkins (together, "Presentation Custodians").