1  ROBERT P. TAYLOR (SBN 46046)
   Email: rtaylor@mintz.com
2  BRYAN J. SINCLAIR (SBN 205885)
   Email: bsinclair@mintz.com
3  JEFFREY M. RATINOFF (SBN 197241)
   Email: jratinoff@mintz.com
4  MINTZ LEVIN COHN FERRIS GLOVSKY AND
   POPEO, PC
5  1400 Page Mill Road
   Palo Alto, California  94304-1124
6  Telephone:  (650) 251-7700
   Facsimile:  (650) 251-7739
7
   Attorneys for Defendant,
8  SOFTSCAPE, INC.

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                 OAKLAND DIVISION

12  SUCCESSFACTORS, INC, a Delaware          Case No. C08-1376 CW (BZ)
    corporation,
13                                           **DISCOVERY MATTER**
                    Plaintiff,
14                                           **DEFENDANT'S OPPOSITION TO**
         vs.                                 **PLAINTIFF'S MOTION TO COMPEL**
15
    SOFTSCAPE, INC., a Delaware corporation,
16  and DOES 1-10, inclusive,
                                             Date: September 3, 2008
17                  Defendants.              Time: 10:00 a.m.
                                             Judge: Honorable Bernard Zimmerman
18                                           Location: Courtroom G 15th Floor
19
                                             Complaint Filed: March 11, 2008
20                                           Trial Date: June 1, 2009

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.    INTRODUCTION. ...................................................................................................1

II.   ARGUMENT. .........................................................................................................1

  A.   There Is No Additional "Metadata" To Discover Regarding The Presentation. ...........1

       1.   Softscape Has Fully Complied With Request No. 1. ...........................2

       2.   To The Extent Plaintiff's Motion Seeks More Than What Softscape Has Produced, The Additional Documents Are Not Within A Reasonable Interpretation of Request No. 1. .......................................3

  B.   There Are No Grounds To Compel A Further Response To Request No. 5. ...............4

  C.   Plaintiff Has No Right to the Entirety of Softscape's Confidential And Proprietary Customer Database. ...................................................................5

       1.   Softscape's Customer Database, Customer Resource Center, Business Strategies, Pricing And Contractual Relationships With Its Customers Constitute Protectable Trade Secrets. ..............................7

       2.   Plaintiff Has No Need To Obtain Softscape's Customer Information. ............8

            (a)   Plaintiff's Intentional Interference Claims Relate to Plaintiff's Customers and Prospective Customers, Not Softscape's. ...................8

            (b)   Plaintiff's Trade Libel And Defamation Claims. ...................................9

            (c)   Plaintiff's Lanham Acts Claim Does Not Justify the Discovery Of Softscape's Trade Secret Information. .............................11

  D.   Softscape's Production of Documents Regarding Unauthorized Computer Access Claims Is Sufficient. .....................................................................12

       1.   Request Nos. 7 and 8. ...............................................................12

       2.   Interrogatory No. 7. .................................................................14

  E.   Softscape's Responses To Request Nos. 28-29 and 42 That Seek Information Concerning New Millenium Shoe Are Sufficient. .......................................15

       1.   Request Nos. 28 and 29. ..........................................................15

       2.   Request No. 42. ........................................................................16

  F.   Request No. 6 Must Be Read in Light of Request Nos. 2, 13, 22-25 and 32. .............17

  G.   Softscape's Response To Request No. 15 Is Sufficient. .............................17

  H.   The Dispute Over Press Release Documents Concerns Only Whether Softscape Is Required To Include In It Privilege Log Post-Litigation

i

1        Documents. .........................................................................................................18

2      I.     The Privilege Log Provided By Softscape For Phone Records And The
           Reasons For Withholding Information Is Appropriate. ..............................................19
3

4          1.    The Parties' Discussions And Agreements Regarding The Production
                Of Phone Records. ......................................................................................19

5          2.    Softscape's Redaction Of Certain Private And Confidential
                Information Is Appropriate Under The Circumstances And
6                Controlling Authority.................................................................................20

7  III.    CONCLUSION...................................................................................................................23

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL      Case No. C08-1376 CW (BZ)

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Breed v. United States Dist. Ct. for Northern District,*
    542 F.2d 1114 (9th Cir.1976) ...................................................................20

*Cellularm Inc. v. Bay Alarm,*
    20 U.S.P.Q.2d (BNA) 1340 (N.D.Cal.1991) ...........................................11

*Davis v. Leal,*
    43 F.Supp.2d 1102 (E.D.Cal. 1999)......................................................8, 21

*Isuzu Motors Ltd. v. Consumers Union of United States, Inc.,*
    12 F.Supp.2d 1035 (C.D.Cal.1998) ...................................................10, 11

*Keith H. v. Long Beach Unified School Dist.,*
    228 F.R.D. 652 (C.D.Cal.2005)..........................................................20, 21

*Kournikova v. Gen. Media Comm'ns Inc.,*
    278 F.Supp.2d 1111 (C.D.Cal. 2003) ......................................................12

*Lindy Pen Co. v. Bic Pen Corp.,*
    982 F.2d 1400 (9th Cir.1993) .............................................................11, 12

*New Kids on the Block v. News America Pub., Inc.,*
    971 F.2d 302 (9th Cir. 1992) ....................................................................18

*New.Net, Inc. v. Lavasoft,*
    356 F.Supp.2d 1090 (C.D.Cal. 2004) .................................................10, 11

*Oakes v. Halvorsen Marine Ltd.,*
    179 F.R.D. 281 (C.D.Cal. 1998)...............................................................20

*Official Unsecured Creditors Committee of Media Vision Technology v. Jain,*
    215 F.R.D. 587 (N.D.Cal. 2003)...............................................................21

*Pardi v. Kaiser Found. Hosps.,*
    389 F.3d 840 (9th Cir. 2004) ......................................................................8

*Silicon Knights v. Crystal Dynamics,*
    983 F.Supp. 1303 (N.D .Cal.1997)..............................................................8

*Soto v. City of Concord,*
    162 F.R.D. 603 (N.D.Cal.1995).................................................................20

*Southland Sod Farms v. Stover Seed Co.,*
    108 F.3d 1134 (9th Cir. 1997) .............................................................12, 16

*Williams v. Massachusetts Mut. Life Ins. Co.,*
    226 F.R.D. 144 (D.Mass. 2005).................................................................4

**STATE CASES**

*Barnes-Hind, Inc. v. Sup. Ct.,*
   181 Cal.App.3d 377 (1986) ..................................................................................11

*Blank v. Kirwan,*
   39 Cal.3d 311 (1985) ..........................................................................................8

*Board of Trustees v. Superior Court,*
   119 Cal.App.3d. 516 (1981) ...............................................................................21

*Bridgestone/Firestone v. Superior Court,*
   7 Cal.App.4th 1384 (1992) .................................................................................8

*Brooks v. Motsenbocker Advanced Developments, Inc.,*
   2008 WL 2446205 (S.D.Cal. June 13, 2008)....................................................21

*Chern v. Bank of America,*
   15 Cal.3d 866 (1976) ........................................................................................16

*Corporate Express Office Products, Inc. v. Martinez,*
   2002 WL 31961458 (C.D.Cal. Mar. 8, 2002) ..............................................7, 21

*Courtesy Temporary Serv., Inc. v. Camacho,*
   222 Cal.App.3d 1278 (1990) ..............................................................................7

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.,*
   11 Cal.4th 376 (1995) ........................................................................................9

*Gemini Aluminum Corp. v. California Custom Shapes, Inc.,*
   95 Cal.App.4th 1249 (2002) .............................................................................14

*Hager v. CSX Transp., Inc.,*
   2005 WL 5117469 (N.D.Ind. Dec. 6, 2005) ...................................................21

*Harding Lawson Associates v. Superior Court,*
   10 Cal.App.4th 7 (1992) ...................................................................................21

*Korea Supply,*
   29 Cal.4th at 1151 ............................................................................................16

*Lillge v. Verity,*
   2008 WL 906466 (N.D.Cal. April 01, 2008).....................................................7

*MacLeod v. Tribune Pub. Co.,*
   52 Cal.2d 536 ...................................................................................................11

*Morlife v. Perry,*
   56 Cal.App.4th 1514 (1997) ..........................................................................7, 21

*Palm Springs Tennis Club v. Rangel,*
   73 Cal.App.4th 1 (1999) ...................................................................................11

*Planned Parenthood Golden Gate v. Superior Court,*
   83 Cal.App.4th 347 (2000) ...............................................................................21

iv

*Sole Energy Co. v. Petrominerals Corp.*,
   128 Cal.App.4th 212 (2005) ..................................................................................................9

*Trovan, Ltd. v. Pfizer, Inc.*,
   2000 WL 709149 (C.D.Cal. Mar. 4, 2000) ..........................................................................11

*Westside Center Associates v. Safeway Stores 23, Inc.*,
   42 Cal.App.4th 507 (1996) ....................................................................................................9

*Whyte v. Schlage Lock Co.*,
   101 Cal.App.4th 1443 (2002) ................................................................................................7

**FEDERAL STATUTES**

15 U.S.C. § 1114 .......................................................................................................................18

15 U.S.C. § 1115 .......................................................................................................................18

15 U.S.C. § 1117 .......................................................................................................................12

18 U.S.C. § 1030 .......................................................................................................................13

**STATE STATUTES**

Cal. Pen. Code § 502 ................................................................................................................13

Cal. Bus. & Prof. Code § 17200 ..............................................................................................15

Cal. Civ. Code § 45 ..................................................................................................................16

Cal. Civ. Code § 46 ..................................................................................................................16

**SECONDARY AUTHORITY**

5 Witkin, Summary 10th (2005) Torts, § 532, p. 784 ..............................................................10

v

# I.     INTRODUCTION.

Plaintiff SuccessFactors, Inc. ("Plaintiff") moves for an order to compel further production of documents – over and above what Softscape has already produced – with respect to the requests at issue in the Motion and with respect to Softscape's answer to Interrogatory No. 7. Plaintiff commences its argument with two and a half pages of unnecessary repetition of the facts surrounding the PowerPoint presentation, admittedly created by the CEO of Softscape, that was the subject of a preliminary injunction entered by this Court in February. Softscape sees no value in answering Plaintiff's "introduction," other than to note that Plaintiff is still spending a huge amount of effort and expense to mask that its damages are minimal to nonexistent and that Plaintiff should make an offer to settle this case.

The motion should be denied. Softscape is already producing – by agreement – all of the documents that Plaintiff has any legitimate right or need to see.[1] The additional documents that Plaintiff seeks through this motion have little or no probative value to any issue in this case and thus are not "calculated to lead to the discovery of **admissible** evidence," as required by Federal Rule 26. Admissible evidence, as used in the Rule, is determined by whether or not information is relevant to some issue raised by the pleadings. It is telling when Plaintiff fails to provide any substantial legal or factual basis showing how the documents it seeks are calculated to lead to the discovery of admissible evidence on any issue framed by the pleadings. Plaintiff appears too determined simply to put Softscape to the enormous expense of culling documents out of its document storage facilities for no valid purpose.

# II.     ARGUMENT.

## A.     There Is No Additional "Metadata" To Discover Regarding The Presentation.

Request No. 1 calls for documents concerning the genesis, creation, review and revision of the Presentation. *See* Docket No. 178 ("Carbajal Decl."), Exh. 6 at 3:23-4:6. In its motion, Plaintiff does not contend that Softscape's response to Request No. 1 is insufficient or that Softscape's production (which was not complete at the time Plaintiff filed this motion) is insufficient. Rather,

---

[1] As Softscape previously informed the Court and Plaintiff, Softscape is nearing the end of its agreed production and will be substantially complete in that effort by August 15th.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL     Case No. C08-1376 CW (BZ)

1    Plaintiff argues that it needs additional information to "piece together the trail of the Presentation."

2    Mot. at 7:2-3. Plaintiff makes no effort to show how "the trail" is relevant to any issue in the case

3    or that Softscape has any more information than it has produced. Plaintiff's abstract interest in the

4    details of Softscape's data systems is not a proper basis for a motion to compel.

5                    **1.    Softscape Has Fully Complied With Request No. 1.**

6            In responding to Request No. 1, Softscape searched every computer and server in its

7    possession, custody or control that it thought might contain a copy of the "Naked Truth"

8    PowerPoint Presentation ("the Presentation"). Docket No. 74 ("Mohr Decl."), ¶¶ 3-7; Declaration

9    of Joe Fougere in Support of Softscape's Opposition to Motion to Compel ("Fougere Decl."), ¶¶ 6-

10   9. A list of such computers has been supplied to Plaintiff.[2] Mohr Decl., ¶¶ 3-7. Softscape has

11   produced every version of the Presentation that was located through those searches.[3] Fougere

12   Decl., ¶¶ 8-9. All were produced in their native electronic format that contains all the "metadata"

13   normally associated with those files, such as version data, file histories, creation dates, last modified

14   and access dates, author information, and embedded information. *See* Fougere Decl., ¶ 9; *see also*

15   Carbajal Decl., Exhs. 14-18.

16           Contrary to Plaintiff's unsupported assertion, Softscape does not have a document

17   management system that creates logs, prior versions of a document or any of the metadata related to

18   prior versions of a document, beyond what is normally retained by Microsoft's Windows Operating

19   System and PowerPoint software, all of which data is included with what was produced. Fougere

20   Decl., ¶ 10; Carbajal Decl., Exh. 1 (Declaration of David Watkins) at ¶ 10.b.

21           Plaintiff complains about some 52 purported "versions" of the Presentation that it claims to

22   not have been produced by Softscape. Mot. at 6:28. Plaintiff appears to misunderstand that in the

23   Microsoft's Windows and Office environments, when editing and saving modifications to a

24   document, earlier versions are overwritten without creating a new copy. Fougere Decl., ¶ 10. The

25   
_____

26   [2] Since the trial court's initial Presentation order, Softscape has imaged additional relevant computers.

27   [3] To eliminate the nuisance of multiple copies of the same document, the software used to search the
     Softscape computers and servers contains a feature that produces only one copy of documents that are

28   identical in all respects. Softscape sees no value at all in producing these identical copies, but will do so
     if plaintiff wishes.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL          Case No. C08-1376 CW (BZ)

1   only way these earlier "versions" would be recoverable by a user is if the user manually saved the

2   new version to a separate file in the Windows environment or if the document was sent as an

3   attachment to an email. *Id.*

4       Plaintiff also expresses frustration that Softscape has not located a copy of the Presentation

5   identical to that transmitted in the so-called John Anonymous email. Mot. at 6:16-7:11. The

6   absence of that document in Softscape's production, however, does not mean that Softscape has

7   withheld the document. None of computers and servers searched by Softscape contains the version

8   of the Presentation distributed by John Anonymous. The CEO of Softscape has testified that

9   Softscape did not authorize the creation or external distribution of the John Anonymous version of

10  the Presentation and that he was not able to determine how it left the company. *See* Carbajal Decl.,

11  Exh. 1 at ¶ 8; Exh. 12 at 4:27-7:7, 15:23-16:10. Softscape cannot produce documents that it does

12  not have.

13          **2.    To The Extent Plaintiff's Motion Seeks More Than What Softscape Has
                    Produced, The Additional Documents Are Not Within A Reasonable
14                  Interpretation of Request No. 1.**

15      While not entirely clear, Plaintiff appears to be arguing that Softscape is required to look

16  behind the documents that show up in normal usage of Microsoft's Windows software to examine

17  and produce data used by the operating system to which users normally have no access. Plaintiff

18  asks, for example, for detailed information concerning where the various versions of the

19  Presentation produced by Softscape reside, the directory structures, "file histories" for local drives,

20  and audit log files from Softscape's document collection efforts. Mot. at 6:27-7:19. Request No. 1,

21  as resolved during conferences between the parties, cannot be reasonably construed to call for the

22  production of this type information.

23      Certainly, there is no reason – absent a strong showing of relevance – to put Softscape

24  through the burden and expense of conducting a forensics search of all of the operational data that

25  exists on over twenty-two computers and five servers in pursuit of this type of data. Plaintiff offers

26  nothing to show the likelihood that such an effort will "lead to the discovery of admissible

27  evidence" or how such information will help it prove any material fact in this litigation. There is no

28  showing that Softscape has been deficient in its efforts to locate documents. There are no

1 declarations from anyone – expert or lawyer – showing why any additional information is

2 significant. There is just a dubious statement by counsel for Plaintiff that they want to see such

3 information, no matter how expensive it may be to produce.

4      Neither the Rules nor the case law require such an effort without a showing of relevance and

5 need. In *Williams v. Massachusetts Mut. Life Ins. Co.*, 226 F.R.D. 144 (D.Mass. 2005), the court

6 refused to allow plaintiff to conduct an intrusive forensics examination of defendants' email system

7 where plaintiff provided no reliable or competent information to show that defendants'

8 representations regarding a critical e-mail were misleading or substantively inaccurate.[4]

9      Moreover, the type of information Plaintiff is asking Softscape to collect will not provide

10 what Plaintiff says it wants. Directory structures will show only where the files resided, nothing

11 more than has already been produced. Fougere Decl., ¶¶ 11-13. "File histories" is an ambiguous

12 term that presumably refers only to the metadata associated with each version of the Presentation

13 that has already been provided by Softscape. *Id.*

14      Plaintiff has also not exhausted less intrusive means of discovery to obtain information

15 concerning Softscape's computer systems. Plaintiff has not noticed the deposition of Softscape to

16 determine how its computers operate, which locations the Presentation resided and whether these

17 were included in Softscape's search efforts. Plaintiff has not even exhausted its questioning of

18 Softscape on the creation of the Presentation or follow-up on the questions it asked at the initial

19 Rule 30(b)(6) deposition.

20      The Court should deny Plaintiff's attempt to force Softscape to engage in a burdensome and

21 intrusive exercise for which Plaintiff has shown no real probative value.

22     **B.**     **There Are No Grounds To Compel A Further Response To Request No. 5.**

23      Request No. 5 seeks all communications concerning the Presentation between or involving

24

25

26 [4] To the extent that Plaintiff seeks information created as part of Softscape's production of documents, such information is subject to protection as attorney work product. *See* F.R.Civ.P. 26(b)(3)(A) (work product protection applies to "documents and tangible things that are prepared in anticipation of litigation or trial" by or on behalf of a party). Plaintiff is not permitted to obtain discovery of work product without demonstrating a "substantial need" and that it "cannot, without undue hardship, obtain [the] substantial equivalent by other means." *Id.*

27

28

-4-

1   Softscape, its customers or Plaintiff's employees. As acknowledged by Plaintiff, Softscape agreed

2   to produce all non-privileged, responsive documents that reflect communications concerning the

3   Presentation, which would include communications between Softscape and its customers on that

4   subject. Mot. at 8:12-19. Plaintiff does not contend that this offer by Softscape is improper. Mot.

5   at 8:12-9:18. Rather, Plaintiff appears to be arguing, based on something said during a July 10th

6   conference of counsel, that Softscape has retracted its agreement. *Id.*

7        Plaintiff is simply wrong. Softscape has conducted its document search and production in

8   accordance with its original agreement. If Plaintiff had waited until Softscape completed its

9   production before filing this motion, Plaintiff would know that such documents are being produced.

10  The Court should deny Plaintiff's motion concerning Softscape's compliance with Request No. 5.

11      **C.**    **Plaintiff Has No Right to the Entirety of Softscape's Confidential And**
12             **Proprietary Customer Database.**

13       Request Nos. 2, 23, 22-25 and 32 seek information regarding communications between

14  Softscape and all of its potential customers, without any effort to show that those communications

15  have relevance to this litigation or are likely to lead to admissible evidence. By agreement,

16  Softscape is producing all such communications that took place with recipients of the Presentation

17  after it was sent by John Anonymous. Softscape is also producing information concerning deals,

18  which were closed after the Presentation was sent out, with any recipient of the Presentation and

19  any of Plaintiff's customers mentioned in the Presentation. This production meets any reasonable

20  need that Plaintiff has in this litigation.

21       Plaintiff, however, demands that Softscape produce the entirety of its most sensitive and

22  proprietary information – its confidential customer data base that includes information related to all

23  of Softscape's customer relationships and the entirety of Softscape's sales, marketing and business

24  strategies. Without any reasonable limitations as to time and scope, Plaintiff argues that it requires:

25  communications ***about*** the recipients of the Presentation (Request No. 2); internal marketing

26  strategies and campaigns (Request No. 2); detailed information from Softscape's customer database

27  for Presentation recipients (Request No. 2); sales and marketing efforts made to Presentation

28  recipients (Request No. 2); proposals, contracts, licenses and agreements between Softscape and its

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL    Case No. C08-1376 CW (BZ)

customers (Request Nos. 13 and 32); and communications between several of Softscape's

employees and its actual and prospective customers (Request Nos. 22-25). Collectively, these

requests seek every aspect Softscape's confidential customer relationships. The Declaration of

David Watkins in Support of Softscape's Opposition to Motion to Compel ("Watkins Decl.") filed

herewith establishes that Softscape regards such information as the company's most important trade

secrets and goes to some lengths to limit access to such information. Plaintiff's stated rationale for

these requests has no reasonable relationship to the issues in this litigation or whether the

documents are likely to lead to admissible evidence.

Softscape is producing by agreement the following categories of non-privileged documents

to the extent such documents exist:

- Communications between Softscape and any of its existing or prospective customers regarding the Presentation, SuccessFactors and/or this lawsuit.

- Internal Softscape documents and communications regarding the Presentation and customer reactions to the Presentation.



- A cross-reference chart between Softscape's customer database and the recipient list of the John Anonymous email sufficient to show any common email addresses reflected in the recipient list.[5]

- Documents and communications that relate to customer campaigns that (a) focused on Plaintiff's alleged lost or poached customers; and (b) marketing campaigns that were commenced by Softscape after January 1, 2008.

Softscape respectfully submits that the foregoing universe of documents is a reasonable and

---

[5] Plaintiff claims that Softscape is only searching for recipients on the Gmail list in its CRM and it should be required to search all of its customer and contact lists. Mot. at 11:6-14. As Softscape previously informed Plaintiff, Softscape's CRM database contains all of Softscape's customer and contacts from which any contact or mailing list would be generated. Watkins Decl., ¶ 8. Thus, it would be an onerous and unnecessary task to search its entire system for over 750 individual email addresses on top of the database that the company itself uses for this purpose. Fougere Decl., ¶¶ 15-17. Further, contrary to Plaintiffs' assertion, Softscape has agreed to search its CRM database for the individuals as listed in the Gmail recipient list.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL     Case No. C08-1376 CW (BZ)

1   complete response to Plaintiff's document requests.  If, based on something it finds in these

2   documents or elsewhere through discovery, Plaintiff can show a substantial need for additional

3   documents, Softscape will consider additional requests at that time.  There is certainly no reason at

4   this juncture to allow Plaintiff to conduct an open-ended and invasive fishing expedition into

5   Softscape's trade secrets.

**1.    Softscape's Customer Database, Customer Resource Center, Business Strategies, Pricing And Contractual Relationships With Its Customers Constitute Protectable Trade Secrets.**

8        Softscape's Customer Database (CRM) and Sales Resource Center (SRC) contain some of

9   the company's most valuable trade secret information, including a list of Softscape's actual and

10  potential customers, the identity and contact information for persons at those customers with

11  purchasing authority or that exercise influence and control over purchasing decisions, pricing

12  information, customer preferences and needs, sales strategies, etc.  Watkins Decl., ¶¶ 3-5.  Softscape

13  makes a determined effort to maintain the confidentiality of this information and to preclude its

14  disclosure to competitors.  Softscape believes that disclosure of this information to Plaintiff, even to

15  Plaintiff's counsel, would be devastating to Softscape in the marketplace.  *Id.*, ¶¶ 6-7.

16       Courts have recognized that in diversity of citizenship cases, such as this one, state law

17  concerning the protection of trade secret information are applicable.  *See, e.g., Lillge v. Verity*, 2008

18  WL 906466 at *5-6 (N.D.Cal. April 01, 2008).  Plaintiff's claims are based largely on California

19  law, which treats information contained in its customer database as a trade secret.  *See, e.g., Morlife*

20  *v. Perry*, 56 Cal.App.4th 1514, 1521 (1997) (recognizing that the identity of customers and

21  prospective customers and their contact information are protectable trade secrets); *Corporate*

22  *Express Office Products, Inc. v. Martinez*, 2002 WL 31961458 at *4 (C.D.Cal. Mar. 8, 2002) (under

23  California law, customer lists, and contact information of persons at those customers with

24  purchasing authority or influence and control over purchasing decisions, were trade secrets); *Whyte*

25  *v. Schlage Lock Co.*, 101 Cal.App.4th 1443, 1455-56 (2002) ("cost and pricing data unique to the

26  plaintiff is a protectable trade secret"); *Courtesy Temporary Serv., Inc. v. Camacho*, 222 Cal.App.3d

27  1278, 1288 (1990) ("the nature and character of the subject customer information, *i.e.* billing rates,

28  key contracts, specialized requirements and mark-up rates, is sophisticated information and

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL          Case No. C08-1376 CW (BZ)

1  irrefutably of commercial value and not readily ascertainable to other competitors").

2      In non-trade secret actions, a party seeking discovery of trade secrets must make a strong

3  showing of relevance to obtain such information. *Davis v. Leal*, 43 F.Supp.2d 1102, 1110 (E.D.Cal.

4  1999) (citing *Bridgestone/Firestone v. Superior Court*, 7 Cal.App.4th 1384, 1390 (1992)). After a

5  party resisting discovery makes a prima facie showing of the existence of trade secret, as Softscape

6  has done here, the party seeking discovery must make a "particularized showing that the

7  information sought is relevant and necessary to the proof of, or defense against, a material element

8  of one or more causes of action presented in the case, and that it is reasonable to conclude that the

9  information sought is essential to a fair resolution of the lawsuit." *Bridgestone/Firestone*, 7

10  Cal.App.4th at 1390. Plaintiff makes no such showing in its moving papers.

11          **2.    Plaintiff Has No Need To Obtain Softscape's Customer Information.**

12              **(a)    Plaintiff's Intentional Interference Claims Relate to Plaintiff's
13                      Customers and Prospective Customers, Not Softscape's.**

14      Plaintiff argues that discovery of all aspects of Softscape's relationships with the

15  Presentation recipients is necessary to learn which of Plaintiff's potential customers were lost to

16  Softscape as a result of the dissemination of the Presentation  Mot. at 11:17-12:6. This puts the cart

17  before the horse. Plaintiff cannot argue that over 750 Presentation recipients were automatically its

18  "prospective customers." Plaintiff knows (or should know) who its prospective customers are and it

19  knows the identity of all entities that received the Presentation.

20      A plaintiff in an intentional interference case cannot base its claims on speculative

21  relationships. Such a plaintiff must identify specific customers or prospects it was trying to enlist

22  during the relevant time period. *See Blank v. Kirwan*, 39 Cal.3d 311, 330-31 (1985) (plaintiff must

23  identify specific "economic relationships" and cannot rest on a mere "hope for an economic

24  relationship and a desire for future benefit"); *accord Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840,

25  852-853 (9th Cir. 2004) (threshold requirement is the existence of an economic relationship

26  between plaintiff and a third party with the probability of future economic benefit to plaintiff).

27  *Silicon Knights v. Crystal Dynamics*, 983 F.Supp. 1303, 1311-12 (N.D .Cal.1997) (dismissing

28  intentional interference claims, in part, because allegations that defamatory statements caused

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL         Case No. C08-1376 CW (BZ)

1   potential customers not to purchase plaintiff's products was the type of speculative economic

2   relationship disapproved of by California courts); *Westside Center Associates v. Safeway Stores 23,*

3   *Inc.*, 42 Cal.App.4th 507, 523-28 (1996) (rejecting an "interference with the market" theory where

4   plaintiff claimed that defendant's acts interfered in its relationship with all potential buyers).  In

5   short, Plaintiff's damages for its interference claim are limited to its lost profits for lost economic

6   opportunities with specifically identified prospective customers.  *See Della Penna v. Toyota Motor*

7   *Sales, U.S.A., Inc.*, 11 Cal.4th 376, 409 fn 10 (1995); *accord Sole Energy Co. v. Petrominerals*

8   *Corp.*, 128 Cal.App.4th 212, 232-33 (2005).

9       Softscape propounded interrogatories seeking the identity of specific lost prospective

10  customers Plaintiff would rely on and the facts establishing the probability of future economic

11  benefit's to Plaintiff.  In response, four months after filing suit, Plaintiff could only name ▮▮▮▮

12  prospects and could not articulate any compelling facts establishing its relationship with the bulk of

13  those prospects.  Declaration of Jeffrey M. Ratinoff in Support of Defendant's Opposition to

14  Motion to Compel ("Ratinoff Decl."), Exh. A at 20:10-23:22.  During the Rule 30(b)(6) deposition

15  of Plaintiff, its senior marketing executive identified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17  ▮▮▮▮.  *See, e.g., id.*, Exh. B at 88:22-91:10, 95:7-98:16, 99:1-13; 100:20-101:21, 105:1-108:10,

18  111:6-111:11, 115:6-115:18, 117:23-118:22, 121:22-122:4, 123:20-126:11, 127:15-129:1, 134:5-

19  136:9.  Indeed, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *See, e.g., id.* at 99:1-13, 100:20-101:21,

21  105:1-22, 106:14, 127:15-129:1.

22      In light of the applicable case law and the lack of ascertainable facts supporting Plaintiff's

23  interference claim, Plaintiff's overreaching discovery of all aspects of Softscape's customer

24  relationships clearly are not supportable.  The limitations set by Softscape in responding to Request

25  Nos. Nos. 2, 13 22-25 and 32 are entirely reasonable.

26                    **(b)    Plaintiff's Trade Libel And Defamation Claims.**

27      Plaintiff cannot use its trade libel and defamation and claims as a basis for wholesale

28  discovery of Softscape's confidential and proprietary customer information.  Mot. at 9:28-12:6.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL    Case No. C08-1376 CW (BZ)

1  Softscape's agreement to produce communications with all non-parties concerning the Presentation

2  is sufficient to show whether there were any additional recipients thereof whose identity can be

3  determined from Softscape's documents.

4       Plaintiff argues that it needs information concerning all of Softscape's sales marketing

5  activities, contracts and proposal with respect to Presentation recipients, both before and after the

6  Presentation was disseminated by John Anonymous, to show how Softscape might have benefited

7  from the Presentation. Mot. at 10:7-20, 11:16-12:6. Softscape's willingness to produce information

8  concerning ███████████████████████████████████████████████

9  ███████████████████████████████████ provides Plaintiff with this information without

10 unduly intruding on Softscape's trade secrets.

11      Plaintiff argues that it requires Softscape's customer information to prove damages under its

12 trade libel and defamation claims. Mot. at 10:7-20, 11:16-12:6. This is also untenable. It is well

13 established under California law that a plaintiff may only recover special damages for trade libel.

14 *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F.Supp.2d 1035, 1047

15 (C.D.Cal.1998) (for trade libel under California law, plaintiff is required to plead and prove special

16 damages "in the form of pecuniary loss"). To prove special damages, *i.e.*, lost business, sales, or

17 customers, Plaintiff must set forth:

18         facts showing an established business, the amount of sales for a substantial
           period preceding the publication, the amount of sales subsequent to the
19         publication, [and] facts showing that such loss in sales were the natural and
           probable result of such publication."
20

21 *Isuzu Motors*, 12 F.Supp.2d at 1027 (internal quotes and citation omitted); *accord New.Net, Inc. v.*

22 *Lavasoft*, 356 F.Supp.2d 1090, 1113 (C.D.Cal. 2004). Clearly, Plaintiff does not need Softscape's

23 customer information to prove these facts. *See* Ratinoff Decl., Exhs. C-D

24      The same is true of Plaintiff's defamation claim. A corporation can only "be defamed by

25 matter that has a tendency to injure its business reputation, as by deterring persons from dealing

26 with it." 5 Witkin, Summary 10th (2005) Torts, § 532, p. 784. Such damages equate to same type

27 of damages available to a corporation for trade libel, in that they are limited to pecuniary harm

28

1   attributable to lost business and goodwill.[6] *See Trovan, Ltd. v. Pfizer, Inc.*, 2000 WL 709149 * 8-9,

2   fn 10 (C.D.Cal. Mar. 4, 2000) ("business entities, do not have a 'reputation' per se, but rather have

3   'goodwill' – which is defined as a 'business's reputation, patronage and other intangible assets that

4   are considered when appraising the business'") (quoting Black's Law Dictionary).  These issues

5   have nothing to do with Softscape's customer relationships. *See Isuzu Motors,* 12 F.Supp.2d at

6   1027; *New.Net*, 356 F.Supp.2d at 1113.

7       In summary, defamation and trade libel provide no basis for highly intrusive discovery into

8   Softscape's customer relationships until Plaintiff demonstrates a compelling need to do so.

9                **(c)    Plaintiff's Lanham Acts Claim Does Not Justify the Discovery Of
10                       Softscape's Trade Secret Information.**

11      Plaintiff argues that its Lanham Act claim justifies access to Softscape's customer

12  information.  Mot. at 10:7-20, 11:16-12:6.  However, this is no reason for wholesale discovery of

13  highly proprietary trade secrets without limitation as to time or scope.  Under the Lanham Act, a

14  plaintiff is entitled to an award of damages "measured by any direct injury which a plaintiff can

15  prove, as well as any lost profits which the plaintiff would have earned but for the infringement."

16  *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir.1993).  "[W]here plaintiff seeks

17  damages for lost profits for other injuries to plaintiff's business, the burden is on the plaintiff to

18  come forward with evidence establishing that defendant's infringing conduct caused the injuries for

19  which the plaintiff seeks compensation." *Id.*; *accord Cellularm Inc. v. Bay Alarm*, 20 U.S.P.Q.2d

20  (BNA) 1340, 1344 (N.D.Cal.1991).  The information Plaintiff needs to prove actual damages for its

21  trademark claim does not include Softscape's customer relationship information.  Such information,

22  if it exists, is solely in Plaintiff's possession.

23  ───────────────────────

24  [6] The fact that the alleged defamatory statements at issue constitute libel per quod is an additional
    reason why Plaintiff is limited to special damages on its defamation claim. *MacLeod v. Tribune*
25  *Pub. Co.*, 52 Cal.2d 536, 547-49.  In that regard, alleged defamatory statements constitute libel per
    quod where "the reader would be able to recognize a defamatory meaning only by virtue of his or
26  her knowledge of specific facts and circumstances, extrinsic to the publication, which are not
    matters of common knowledge rationally attributable to all reasonable persons...." *Barnes-Hind,*
27  *Inc. v. Sup. Ct.*, 181 Cal.App.3d 377, 385 (1986); *accord Palm Springs Tennis Club v. Rangel*, 73
    Cal.App.4th 1, 5 (1999).  A cursory examination of Plaintiff's interrogatory response identifying the
28  allegedly defamatory statements and its detailed explanation as to their alleged falsity establishes
    that most, if not all, such statements are not defamatory on their face. *See* Ratinoff Decl., Exh. A.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL          Case No. C08-1376 CW (BZ)

1    Similarly, with respect to its false advertising claim, Plaintiff must show that the allegedly

2    false statements resulted in injury, "either by direct diversion of sales from itself to [Softscape] or

3    by a lessening of the goodwill associated with its products." *Southland Sod Farms v. Stover Seed*

4    *Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). With the exception of identifying ███████ prospective

5    customers for which it has few if any facts, Plaintiff has not produced evidence of sales lost by

6    dissemination of the Presentation. *See Kournikova v. Gen. Media Comm'ns Inc.*, 278 F.Supp.2d

7    1111, 1119 (C.D.Cal. 2003) (defendant could not be held liable for false advertising absent

8    evidence of lost sales and a causal connection between such lost sales and the alleged false

9    advertising). Further, as noted above, Plaintiff's alleged lost profits and goodwill are in its

10   possession, not in Softscape's customer database.

11   Finally, Plaintiff is not entitled to broad and intrusive discovery into Softscape's trade

12   secrets to support a disgorgement or unjust enrichment theory under 15 U.S.C. § 1117. Motion at

13   12:1-6; 18:23-19:4. An accounting under this section is not an automatic remedy and where

14   appropriate is intended to award defendants' profits only on sales that are attributable to infringing

15   conduct. *Lindy Pen Co.*, 982 F.2d at 1408. Softscape is already producing communications with

16   any of its customers concerning the Presentation and information about wins and losses relating to

17   the ███████ prospects identified by Plaintiff. That is sufficient to provide the basis for any

18   accounting to which Plaintiff should ever be entitled.

19

20   **D.    Softscape's Production of Documents Regarding Unauthorized Computer Access Claims Is Sufficient.**

21   **1.    Request Nos. 7 and 8.**

22   Request No. 7 seeks documents created or modified after February 1, 2007 regarding

23   Plaintiff, its products, customers or employees, including materials that may have been obtained

24   from public (e.g., webinars and web pages) and non-public sources (e.g., online and demonstration

25   environments). Request No. 8 seeks documents concerning Softscape's access to Plaintiff's

26   website, online customer community or online demonstration environments without any limitation

27   to subject matter or time. Softscape agreed to produce such documents to the extent they relate to

28   the Presentation and/or materials and information gathered from sources that were used in the

- 12 -

1  Presentation. *See* Carbajal Decl., Exh. 6 at 6:14-7:20; Exh. 20 at pp. 1-2; Exh. 25 at pp. 1-2.

2      Plaintiff argues that Document Request Nos. 7 and 8 seek information as to how Softscape

3  "developed and executed its plan to unfairly compete" with Plaintiff. *See* Mot. at 12:19-14:7. This

4  is not a case about how Softscape generally competes against Plaintiff. This case is about the one-

5  time access of a password-protected demonstration and the creation and a one-time dissemination of

6  an allegedly defamatory PowerPoint presentation. The limitations used by Softscape are entirely

7  appropriate, given that Plaintiff alleges only that Softscape unfairly competed with it by purportedly

8  disseminating the Presentation on March 4, 2008. *See* Docket No. 1 at ¶¶ 10-24, 91-96.

9      To the extent that Plaintiff argues that Request Nos. 7 and 8 seek evidence to support its

10  computer fraud claims, the same limitations are appropriate. Plaintiff only alleges that Softscape

11  violated state and federal law by accessing the ACE 273 demo in February 2008. *See id.* at ¶¶ 22-

12  23, 48-67. Plaintiff does not allege (or point to) any evidence that Softscape improperly accessed

13  its computer system or used its logo, trademarks or screenshots, or used other information about

14  Plaintiff and its products for anything other than creating and disseminating the Presentation. *See*

15  *id.;see also* Docket No. 14 at 5:3-6:4. Indeed, Softscape has asked Plaintiff for any evidence of

16  further access that Plaintiff may know about, since Softscape does not maintain out-bound internet

17  logs that would show if and when Softscape employees accessed IP addresses related to Plaintiff.

18  *See* Ratinoff Decl., ¶¶ 8-11. Plaintiff has yet to produce any such evidence.

19      Insofar as they would require Softscape to identify every occasion on which one of its

20  employees or representatives used the internet to view Plaintiff's publicly available website and

21  webinars, Request Nos. 7 and 8 are overbroad, burdensome and pointless. To establish a violation

22  of the computer fraud statutes, Plaintiff must demonstrate that the computers accessed were

23  protected environments and that authorization was required before such access. *See* 18 U.S.C. §

24  1030(a)(5); Cal. Pen. Code § 502. Plaintiff's webinars and website are available to the public and

25  do not fit that category. It is pointless to require Softscape to locate every instance in which one of

26  its employees may have viewed Plaintiff's website or attended a webinar sponsored by Plaintiff,

27  other than for the purpose of acquiring material for the Presentation, which Softscape has agreed to

28  produce. Softscape's viewing of a competitor's publicly available information does not constitute

1  unfair competition. *See Gemini Aluminum Corp. v. California Custom Shapes, Inc.*, 95 Cal.App.4th

2  1249, 1256-57 (2002) (a competitor may compete for an advantageous economic relationship with

3  another as long as it does not act improperly or illegally).

4       Finally, the temporal limitation of February 1, 2007 for Softscape's responses to these and

5  other requests is appropriate. Plaintiff misconstrues Mr. Watkins' testimony concerning the genesis

6  of the Presentation. Mr. Watkins testified ███████████████████████████

7  ████████████████████████████████. Ratinoff Decl., Exh. E at 145:22-24,

8  154:10-18. Mr. Watkins testified that █████████████████████████████

9  ████████████████████████████████████████ *Id.* at

10  145:22-24, 154:10-18. Plaintiff simply has not provided an appropriate reason to reach back prior

11  to February 1, 2007 as to any general or specific line of inquiry.

12       If the Court were inclined to require Softscape to search for these types of documents prior

13  to February 1, 2007, it should limit the subject matter to "competitive intelligence" concerning only

14  Plaintiff. There is no need to conduct discovery as to Softscape's efforts to keep track of its other

15  competitors. Further, the time period should not go back more than two years. Plaintiff has

16  acknowledged "that there has been no showing that any part of the Presentation is older than 2

17  years". *See, e.g.,* Ratinoff Decl., Exh. F at 7:22-25, 17:6-8, 18:16-8:19, 20:16-19, 21:9-12, 26:16-

18  19.

19          **2.    Interrogatory No. 7.**

20       Interrogatory No. 7 seeks the identification of persons who accessed one of Plaintiff's demo

21  accounts, "including but not limited to ACE275." Mot. at 14:8-19. In response, Softscape properly

22  objected to this request as being overbroad as to time and scope, as well as being overly

23  burdensome to account for every Softscape employee that may have accessed some unnamed

24  customer demos. Softscape agreed to the request as related to demo accounts in connection with the

25  preparation of the Presentation. As stated above with respect to Document Requests Nos. 7 and 8,

26  Plaintiff has no legal or factual basis to require Softscape to produce discovery concerning matters

27  that go beyond the reasonable scope of claims and allegations in the Complaint. As such,

28  Softscape's response is sufficient.

- 14 -

E.    **Softscape's Responses To Request Nos. 28-29 and 42 That Seek Information Concerning New Millenium Shoe Are Sufficient.**

1.    **Request Nos. 28 and 29.**

Request Nos. 28 and 29 seek documents concerning the information that SuccessFactors provided to New Millenium Shoe ("NMS"), which included access to the ACE275 demo, a sales proposal and publicly available information concerning Plaintiff's products.  Softscape is producing documents in its possession, custody and/or control that relate to the Presentation or facts contained or statements made in the Presentation.  Plaintiff appears to take exception with Softscape's effort to limit the scope of its search to things that relate in some way to the Presentation.  Plaintiff alleges without support that Softscape is withholding relevant documents.  Motion at 14:21-16:11, which is simply not true.

Plaintiff argues that it needs to know whether NMS is shell company.  The relevance of such information is unclear.  Further, Plaintiff knows that NMS is not a "shell" company.  ███████████ ██████████████████████████████████████████████.  *See* Carbajal Decl., Exh. 3 at 227:10-229:24; Ratinoff Decl. Exh. E at 236:18-23.  Moreover, Plaintiff has served a subpoena on NMS and is scheduling a deposition with Ely Valls where it is free to test its assertions in this regard.  Plaintiff does not need for Softscape make a vague and undefined search for information not related to the issues in this lawsuit.

Further, there is no reason to think that additional information exists.  The ███████ █████████████████████████████████████████████████████████████ ██████████████████████.  *See* Carbajal Decl., Exh. 12 at 4:27-6:16.  Mr. Watkins testified that ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████.  Ratinoff Decl., Exh. E at 248:17-249:19, 411:5-419:20.

Finally, Plaintiff's argument that the discovery is justified by its computer access claims and its claim brought under California's unfair competition law, Cal. Bus. & Prof. Code § 17200 et seq., California's Unfair Competition Law (the "UCL"), is unfounded.  As discussed the previous

- 15 -

section, the scope of Plaintiff's claims is limited to Softscape's access to the ACE275 demo and the

creation and alleged dissemination of the Presentation. *See* Docket No. 1 at ¶¶ 10-24, 48-66, 91-96.

As a result, Softscape's responses to Request Nos. 28 and 29 are sufficient.

> **2.     Request No. 42.**

Request No. 42 seeks all communications between Dave Watkins and the email address

vallsely@hotmail.com, which belongs to Mr. Watkins' sister-in-law, Ely Valls.  Softscape limited

its response to communications relating to the Presentation and the statements and facts therein.

Communications of a personal nature or related to NMS' business have nothing to do with the facts

alleged in the Complaint.  Ratinoff Decl., ¶ 4.  During a meeting of counsel, Plaintiff argued that it

also wanted communications between Mr. Watkins and Ms. Valls relating to Softscape's entire

business.  *Id.*  Softscape rejected this proposal as overbroad, but offered to expand its response to

include communications concerning Plaintiff for the time period from the Fall of 2007 to the

present.  *Id.* ██████████████████████████████████████████

████████████████████████████████████████  *Id.*  Plaintiff argues that such

discovery is relevant to show Softscape's motive for a claim under the UCL.  Mot. at 17:15.

This argument is unconvincing.  Motive and intent are not relevant to claims under the

UCL.[7]  *Chern v. Bank of America*, 15 Cal.3d 866, 875-76 (1976) (intent of defendant is irrelevant

for claims brought under the UCL); *see also Korea Supply*, 29 Cal.4th at 1151 (to state a UCL claim

plaintiff need not plead and prove the element of a tort).

Finally, to the extent that motive and intent are relevant to Plaintiff's claims, ██████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[7] Without citing to any legal authority, Plaintiff asserts that such conduct is also relevant to intent,
motive, and malice with respect to its false advertising, defamation and intentional interference
claims. Motion at 17:28, fn 6.  This argument is without merit.  A claim for defamation is based on
an intentional publication of a defamatory statement about the plaintiff and defendants' knowledge
of the falsity of the statement or reckless disregard for the truth (i.e. malice). Cal. Civ. Code §§ 45,
46.  With a false advertising claim defendant's motive, intent and malice is relevant only with
respect to the particular plaintiff. *Southland Sod Farms*, 108 F.3d at 1139.  For intentional
interference, the only relevant inquiry is defendants' knowledge of plaintiff's prospective economic
advantage and acts of interference therewith. *Korea Supply*, 29 Cal.4th at 1153-55.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL      Case No. C08-1376 CW (BZ)

1    ▮▮▮▮▮. *See, e.g.*, Ratinoff Decl., Exh. E at 248:17-249:19, 411:5-419:20; Exh. G. Thus,

2    Softscape's response to Request No. 42 is proper and complete.

3       **F.    Request No. 6 Must Be Read in Light of Request Nos. 2, 13, 22-25 and 32.**

4       To the extent that Request No. 6 adds anything, over and above what Softscape is producing

5    with respect to Request Nos. 2, 13, 22-25 and 32, it is poorly crafted and unclear. Motion at 17:19-

6    18:13. Nonetheless, Softscape has made a good faith effort to respond to what it thought Plaintiff

7    was seeking with this request, *i.e*, documents pertaining to certain Plaintiff's customers specifically

8    discussed in the Presentation, which naturally pertains to the truth of the matters asserted in the

9    Presentation regarding those customers. *See* Docket No. 1 at ¶¶ 14-17, Docket No. 92, Docket No.

10   121; Carbajal Decl., Exh. 12 at 11:5-12:11. Softscape thus limited its response to the request as it

11   related to the Presentation and any facts or statements therein. Since Softscape has agreed to

12   produce such communications, it is unclear why Plaintiff believes Softscape's response is deficient.

13      To the extent that Plaintiff a seeks all communications between Softscape and any of

14   Plaintiff's former employees on any subject without limitation, it is clearly overbroad and goes well

15   beyond the scope of Rule 26(b). Plaintiff's reliance on its UCL claim to establish a purported need

16   for such documents is misplaced. Plaintiff alleges no other acts of unfair competition beyond the

17   creation and dissemination of the Presentation. *See* Docket No. 1 at ¶¶ 10-24, 91-96.

18      **G.    Softscape's Response To Request No. 15 Is Sufficient.**

19      Request No. 15 relates to Softscape's purported receipt and use of Plaintiff's PowerPoint

20   template and logos. Softscape is producing all such documents insofar as they relate in any way to

21   the Presentation. Plaintiff argues that this is insufficient because Plaintiff wants discovery into how

22   Softscape may have copied or used Plaintiff's PowerPoint template and its trademarks on other

23   occasions. *See* Motion at 21:23-:22:17. This is just another instance of asking Softscape to search

24   for locate documents that do not relate in a reasonable way to this case. ▮▮▮▮▮▮▮▮

25   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27   Ratinoff Decl., Exh. E at 111:22-112:2. The fact that someone at Softscape may have possessed a

28   copy of a SuccessFactors' PowerPoint template or its trademarks is not the basis for any claim of

1   wrong doing.

2        In light of the limited scope of Plaintiff's trademark claim, there is no reason to require

3   Softscape to search out every single document that might have a SuccessFactors trademark.  Mere

4   possession of another's trademark does not constitute infringement.  Rather, it is the use in

5   commerce of a mark that constitutes trademark infringement, and then only if it is likely to confuse

6   as to the source of origin.  15 U.S.C. § 1114(1)(a).  A company is permitted to use another's mark

7   for many purposes, such as comparative advertising, industry analysis, and news reporting.  15

8   U.S.C. §§ 1115(b)(4), 1125(c)(3); *see also New Kids on the Block v. News America Pub., Inc.*, 971

9   F.2d 302, 307-309 (9th Cir. 1992) (competitors may use rival's trademark in advertising and other

10  channels of communication if use is not false or misleading).  Softscape's general possession and

11  internal use is not improper and not reasonably within the scope of discovery.  Since the only facts

12  alleged in support of Plaintiff's trademark claim are Softscape's use of the mark in the Presentation,

13  Softscape's limitation is entirely appropriate.  Softscape has produced a number of documents

14  containing Plaintiff's name and logo, which Plaintiff fails to acknowledge.  Softscape should not be

15  required to engage in the unnecessary exercise of producing every single document in its possession

16  that may contain one of those trademarks.

17        **H.    The Dispute Over Press Release Documents Concerns Only Whether Softscape**
            **Is Required To Include In It Privilege Log Post-Litigation Documents.**
18

19        In responding to Request Nos. 4, 5 and 17, Softscape has agreed to produce all documents

20  that are not privileged relating to press releases concerning the Presentation or the lawsuit.

21  Plaintiff's motion, however, seeks to require Softscape to log documents involving inside or outside

22  counsel that are withheld on the basis of privilege.  Plaintiff's position is untenable.  The parties

23  agreed that post-filing documents involving outside counsel were not required to be logged, with the

24  narrow exception that documents relating to investigations of the identity of John Anonymous were

25  required to be logged up until March 27, 2008, the date of the Preliminary Injunction hearing.  *See*

26  Ratinoff Decl., ¶ 5.  Plaintiff now seeks to recant.  Mot. at 22:18-24:7, 25:6-13.  Plaintiff should be

27  held to the original agreement.

28        There is a tit-for-tat issue here.  Softscape is willing to log whatever the Court requires us to

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL          Case No. C08-1376 CW (BZ)

1  do.  In response to Softscape's discovery request, however, Plaintiff has argued that: (a) "it is

2  oppressive and unduly burdensome to the extent [Softscape's request require] a log for each

3  document carted after this action was filed"; (b) "[Plaintiff] will not log documents created or

4  prepared in anticipation of this litigation after March 4, 2008"; and (c) "[Plaintiff] will also not log

5  documents and other materials protected by the attorney-client privilege, the litigation privilege, the

6  attorney work product doctrine, or any other applicable privilege, protection, immunity or

7  restriction on discovery created on or after March 4, 2008."[8]  Ratinoff Decl., Exh. F at 3:27-4:6.

8  Whatever the Court orders Softscape to do on this issue should apply equally to both sides.

9  **I.      The Privilege Log Provided By Softscape For Phone Records And The Reasons**
     **For Withholding Information Is Appropriate.**
10

11       **1.      The Parties' Discussions And Agreements Regarding The Production Of**
                  **Phone Records.**

12       As an initial matter, Plaintiff misrepresents Softscape's production of a "miniscule number"

13  of phone records.  These records were produced in compliance with the parties' agreement.

14  Ratinoff Decl., Exh. H.  During discussions between counsel, Plaintiff agreed to narrow its requests

15  for records to a limited number of custodians' corporate extensions and company provided or paid-

16  for cellular records.  *Id.*  Likewise, Plaintiff agreed to limit the time period of such records to calls

17  made between 5:00 p.m. EST on March 4, 2008 and 7:00 a.m. EST on March 5, 2008.  *Id.*

18       Pursuant to this agreement, Softscape produced records for those custodians that used their

19  corporate and/or mobile phones during the designated period of time.  Softscape redacted (a) the

20  numbers of non-party family members and friends on the basis of their constitutional right of

21  privacy, (b) the numbers of potential employment candidates on the grounds of privacy and

22  confidentiality, and (c) the numbers of actual and prospective customers on the basis of

23  confidentiality and the trade secret privilege.

24

25

26  ─────────────
     [8] While the litigation privilege may be asserted to insulate a party from liability and preclude
27  discovery on the grounds of relevancy, Softscape is unaware of any authority that permits a party to
     withhold otherwise relevant discovery on the basis of the litigation privilege.  While it may not be
28  legally sound, if Plaintiff is taking that position, it is disingenuous for Plaintiff to request that
     Softscape produce all documents related to its press releases that clearly fall within the privilege.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL        Case No. C08-1376 CW (BZ)

1    Thereafter, Plaintiff demanded that Softscape provide further information concerning the

2    redacted numbers for other family members. Ratinoff Decl., ¶ 6. Softscape was unwilling to reveal

3    the identities of non-party friends and actual and prospective customers due to concerns of what

4    Plaintiff intended to do with that information. *Id.*, ¶¶ 6-7. This concern was based, in part, on

5    Plaintiff's prior attempts to make *ex parte* contact with a Softscape employee and to serve

6    subpoenas on Softscape employees at their homes. *Id.*, ¶ 7; *see also,* Exh. I. It was also based on

7    Plaintiff's unwillingness to provide assurances that it would not harass or drag the individuals into

8    this litigation on a fanciful theory that they "might" be John Anonymous simply because they called

9    or were called by a Softscape employee on the day the Gmail was sent. *Id.*, ¶ 7. In fact, when

10    asked how Plaintiff intended to use the identities of these individuals, Plaintiff refused to provide

11    such information on the grounds of "litigation strategy". *Id.*, Exh. J at p. 3. Consequently,

12    Softscape informed Plaintiff that it intended to stand on its objections.

13
14
>    **2.    Softscape's Redaction Of Certain Private And Confidential Information Is Appropriate Under The Circumstances And Controlling Authority.**

15    Plaintiff claims that Softscape failed to substantiate its privacy rights, confidentiality, and

16    trade secret objections and claims of privilege for over thirty telephone numbers that Softscape

17    redacted in the phone records that it produced. That is simply not true. In conferences with

18    Plaintiff's counsel, Softscape provided ample information as to why Plaintiff was not entitled to this

19    information and that Softscape's position was supported by controlling case law.

20    The Ninth Circuit recognizes a constitutionally-based right of privacy that can be raised in

21    response to discovery requests. *See Breed v. United States Dist. Ct. for Northern District*, 542 F.2d

22    1114, 1116 (9th Cir.1976); *accord Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D.Cal.1995);

23    *Keith H. v. Long Beach Unified School Dist.,* 228 F.R.D. 652, 657 (C.D.Cal.2005). Further, "[t]o

24    the extent privacy is a matter of privilege under state law, federal courts will honor the privilege and

25    protect the responding party from discovery." *See Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D.

26    281, 284 (C.D.Cal. 1998) (applying California's constitutional right of privacy in a diversity case).

27    California has a strong policy of protecting the identities and personal information of third

28    parties, such as home addresses and telephone numbers, from discovery where there is no

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL    Case No. C08-1376 CW (BZ)

1    compelling need for the disclosure of such information. *Planned Parenthood Golden Gate v.*

2    *Superior Court*, 83 Cal.App.4th 347, 357-60 (2000). California also recognizes that confidential

3    personnel records are within a zone of privacy and absent a compelling need are not subject to

4    discovery. *See, e.g., Board of Trustees v. Superior Court*, 119 Cal.App.3d. 516, 528-30 (1981);

5    *Harding Lawson Associates v. Superior Court*, 10 Cal.App.4th 7, 10 (1992); *Official Unsecured*

6    *Creditors Committee of Media Vision Technology v. Jain*, 215 F.R.D. 587, 590 (N.D.Cal. 2003).

7    Further, the availability of "limited protective orders per se does not automatically override privacy

8    concerns." *Davis*, 43 F.Supp.2d at 1111; *see also Keith H.*, 228 F.R.D. at 657; *Brooks v.*

9    *Motsenbocker Advanced Developments, Inc.*, 2008 WL 2446205 (S.D.Cal. June 13, 2008)

10   (excluding private numbers from production where not related to business purposes); *Hager v. CSX*

11   *Transp., Inc.*, 2005 WL 5117469 (N.D.Ind. Dec. 6, 2005) (granting motion for protective order

12   where request for phone records was overbroad and intrusive).

13        Likewise, as discussed above, Softscape enjoys protection of its confidential and proprietary

14   customer information under California law. *See Morlife,* 56 Cal.App.4th at 1521; *Corporate*

15   *Express*, 2002 WL 31961458 at*4. Similar to privacy interests, in a non-trade secret case, a party

16   seeking discovery of trade secrets does not have an absolute right to obtain such information absent

17   a compelling need. *See Davis*, 43 F.Supp.2d at 1110.

18        Here, Plaintiff has not shown any compelling need to obtain the telephone numbers of

19   friends of Softscape employees and potential employment candidates or Softscape's trade secret

20   information that is not at issue in this litigation. Plaintiff fails to articulate even a plausible theory

21   of relevance under Rule 26 justifying its demands for the information that it seeks.

22        Plaintiff's theory that phone records may reveal the identity of John Anonymous is without

23   merit. Plaintiff claims that John Anonymous sent the Presentation from an IP address belonging to

24   the Courtyard Marriot in Massachusetts. Plaintiff speculates that phone records might show that a

25   Softscape employee called someone at that location to authorize the sending of the Gmail. Plaintiff

26   fails to explain how it plans to link third party mobile telephone numbers or the identities of friends

27   of Softscape employees with the Marriott or how the various telephone calls to "friends" would

28   establish that they are John Anonymous.

- 21 -

1    There are less intrusive ways of determining the identity of John Anonymous than invading

2  the privacy of numerous individuals with no connection to this case.  Plaintiff certainly has not

3  exhausted all such channels at this time.  So far as the record shows, for example, Plaintiff has not

4  followed up on any leads obtained through its subpoena of the Courtyard Marriot or its ISP provider

5  to determine whether John Anonymous really did access his Gmail account or simply used an IP

6  mask or redirector.  Ratinoff Decl., Exhs. K-L.  The latter is the most plausible explanation, because

7  the access log by Google for the John Anonymous account shows that just over fifteen minutes

8  before the email contained the Presentation was sent from the IP address in Waltham,

9  Massachusetts, the email account was created from an IP address in Singapore.  Docket No. 55,

10  Exh. A; Ratinoff Decl., Exh. M.  Further, the access log shows that the account was later accessed

11  from an IP address in China.  Ratinoff Decl., Exh. N.

12    Plaintiff's argument that the identities of Softscape's customers is relevant to show the

13  impact of the Presentation is also without merit.  Plaintiff offers no credible explanation for how a

14  recipient of the Gmail might have called a Softscape employee about the Presentation prior to

15  Plaintiff's filing this lawsuit on March 11, 2008.  It is undisputed that there is nothing apparent in

16  the John Anonymous email itself or the attached the Presentation that would connect it to Softscape.

17  In fact, Plaintiff characterizes the Presentation as appearing to have been drafted by a dissatisfied

18  customer.  Docket No. 16 at 6:16-18.  Thus, it is implausible that a recipient would call Softscape

19  immediately after receiving the Gmail.  With respect to non-recipients, there is no basis to assume

20  that they would even know about it within twenty-four hours of its dissemination.

21    In light of the minimally probative value of the information sought, Softscape's privilege log

22  for phone records provides sufficient information for Plaintiff to determine whether the claimed

23  privileges apply to the redactions, while protecting Softscape's confidential and trade secret

24  information and the privacy rights of non-parties.

25    Notwithstanding the foregoing, Softscape has agreed to: (1) provide more specific

26  information regarding the types of friend called (former colleague, best friend, college roommate,

27  etc.) and (2) the names of customers that are either one of █████████████████████

28  ██████████████████████████████████████████.  Such disclosure should be

- 22 -

1  sufficient for Plaintiff's alleged purposes, while protecting the privacy interests of third parties and

2  the confidential trade secret information related to Softscape's customers that have nothing to do

3  with the present litigation.

4  **III.     CONCLUSION.**

5     For the foregoing reasons, Softscape respectfully requests that the Court deny Plaintiff's Motion

6  Compel in its entirety.

7  Dated:  August 13, 2008   Respectfully submitted,

8         MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO P.C.

9            */s/ Robert P. Taylor*

       By: ROBERT P. TAYLOR

10

11         Attorneys for Defendant,

       SOFTSCAPE, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  ROBERT P. TAYLOR (SBN 46046)
   Email: rptaylor@mintz.com
2  BRYAN J. SINCLAIR (SBN 205885)
   Email: bsinclair@mintz.com
3  JEFFREY M. RATINOFF (SBN 197241)
   Email: jratinoff@mintz.com
4  MINTZ LEVIN COHN FERRIS GLOVSKY AND
   POPEO, PC
5  1400 Page Mill Road
   Palo Alto, California  94304-1124
6  Telephone:  (650) 251-7700
   Facsimile:   (650) 251-7739
7
   Attorneys for Defendant,
8  SOFTSCAPE, INC.

9                 UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                     OAKLAND DIVISION

12  SUCCESSFACTORS, INC, a Delaware        Case No. CV 08-1376 CW (BZ)
    corporation,
13                                         **DISCOVERY MATTER**
                   Plaintiff,
14                                         **MANUAL FILING NOTIFICATION**
           vs.                             **REGARDING DEFENDANT'S**
15                                         **OPPOSITION TO PLAINTIFF'S**
    SOFTSCAPE, INC., a Delaware corporation, **MOTION TO COMPEL**
16  and DOES 1-10, inclusive,
17                                         Date: September 3, 2008
                   Defendants.            Time: 10:00 a.m.
18                                         Judge: Honorable Bernard Zimmerman
                                           Location: Courtroom G, 15th Floor
19
20                                         Complaint Filed: March 11, 2008
                                           Trial Date: June 1, 2009
21
22                                         Judge: Honorable Bernard Zimmerman
23
24
25
26
27
28

1    Regarding:  **Manual Filing Notification regarding DEFENDANT'S OPPOSITION TO**

2    **PLAINTIFF'S MOTION TO COMPEL.**

3        This filing is in paper or physical form only, and is being maintained in the case file in the

4    Clerk's office.

5        If you are a participant on this case, this filing will be served in hard-copy shortly.

6        For information on retrieving this filing directly from the court, please see the court's main

7    web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

8        This filing was not electronically filed for the following reason(s):

9        ___ Voluminous Document (PDF file size larger than efiling system allowances)

10       ___ Unable to Scan Documents

11       ___ Physical Object (description): _____

12       ___ Non Graphical/Textual Computer File (audio, video, etc.) on CD or other media

13        _X_  Items Under Seal

14       ___ Conformance with the Judicial Conference Privacy Policy (General Order 53)

15       ___ Other (description):

16   Dated:  August 13, 2008        Respectfully submitted,

17                    MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO P.C.

18        _____/s/ Jeffrey M. Ratinoff_____
                  By:    JEFFREY M. RATINOFF
19                       Attorneys for Defendant,
                         SOFTSCAPE, INC.
20

21

22

23   4403349v.1

24

25

26

27

28

- 1 -

MANUAL FILING NOTIFICATION REGARDING DEFENDANT'S OPPOSITIONN TO
PLAINTIFF'S MOT. TO COMPEL                        Case No. CV 08-1376 CW (BZ)