1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  SUCCESSFACTORS, INC.,           )
                                    )
12          Plaintiff(s),           )        No. C08-1376 CW (BZ)
                                    )
13      v.                          )        **ORDER DENYING ADMINISTRATIVE**
                                    )        **MOTION FOR RELIEF TO SEAL**
14  SOFTSCAPE, INC.,                )        **AND SCHEDULING SHOW CAUSE**
                                    )        **HEARING**
15          Defendant(s).           )
                                    )
16  _____)

17       On July 30, 2008, plaintiff filed a motion to compel.

18  The following day, plaintiff filed a motion for administrative

19  relief to file under seal portions of exhibits filed in

20  support of its motion to compel that defendant designated as

21  confidential under the protective order and portions of its

22  brief that referred to the exhibits that defendant designated.

23  On August 6, 2008, defendant filed a declaration in support of

24  the administrative motion .

25       The Local Rules provide that a "sealing order may issue

26  only upon a request that establishes that the document, or

27  portions thereof, is privileged or protectable as a trade

28  secret otherwise entitled to protection under the law . . ."

                                    1

1  N.D. Civil L.R. 79-5(a).  "As a public forum, the Court has a

2  policy of providing to the public full access to papers filed

3  in the Office of the Clerk."  Id. at Commentary.  A request to

4  seal must be "narrowly tailored" in order ensure that a copy

5  of the document is "available for public review that has the

6  minimum redactions necessary to protect sealable information."

7  Id. and 79-5(a).  When a party files a document designated

8  confidential by another party, the burden shifts to the

9  designating party to file a "declaration establishing that the

10  designated information is sealable, and lodge and serve a

11  narrowly tailored proposed sealing order, or [it] must

12  withdraw the designation of confidentiality."  Id. at 79-5(d).

13      A "'particularized showing,' [] under the 'good cause'

14  standard of Rule 26(c) will 'suffice[] to warrant preserving

15  the secrecy of sealed discovery material attached to

16  non-dispositive motions.'"  Kamakana v. City and County of

17  Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006) quoting Foltz v.

18  State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 & 1138

19  (9th Cir. 2003).  When "good cause" is established, "the court

20  in which the action is pending may make any order which

21  justice requires to protect a party or person from annoyance,

22  embarrassment, oppression, or undue expense or burden,

23  including ... that a trade secret or other confidential

24  research, development, or commercial information not be

25  revealed or be revealed only in a designated way."  Fed. R.

26  Civ. P. 26(c).  "Under Rule 26(c), 'the party asserting good

27  cause bears the burden, for each particular document it seeks

28  to protect, of showing that specific prejudice or harm will

2

1   result if no protective order is granted.'" <u>Contratto v.</u>

2   <u>Ethicon, Inc.</u>, 227 F.R.D. 304, 307 (N.D. Cal. 2005) *quoting*

3   <u>Foltz</u>, 331 F.3d at 1130.  "Where a business is the party

4   seeking protection, it will have to show that disclosure would

5   cause significant harm to its competitive and financial

6   position.  That showing requires specific demonstrations of

7   fact, supported where possible by affidavits and concrete

8   examples, rather than broad, conclusory allegations of harm."

9   <u>Contratto</u>, 227 F.R.D. at 307 – 08.

10       Defense counsel's declaration to establish that the

11   designated information is sealable is not sufficient to

12   support granting the administrative motion.  Nor is the

13   proposed order narrowly tailored as required by Local Rule 79-

14   5(d).  Defense counsel merely makes blanket assertions that

15   large portions of the exhibits should be sealed.  For example,

16   defense counsel asserts that the designated materials contain

17   discussion of "confidential internal marketing information and

18   competitive strategies" and contain defendant's internal

19   "employment information the disclosure of which could create a

20   substantial risk of competitive harm" to defendant without

21   making a particularized showing as to why defendant would

22   suffer harm if the materials were not sealed.  <u>See</u> <u>e.g.</u>

23   Sinclair Decl. at ¶ 5.  Defendant also argues that information

24   about "acts involving a competitor" and testimony regarding

25   non-party's documents or employees that it "would not normally

26   reveal to third parties except in confidence" should be

27   sealed.  <u>See</u> <u>e.g.</u> <u>Id.</u> at ¶¶ 6 – 9.  However, defendant fails

28   to set specifically demonstrate how disclosure would harm

3

1 | defendant or the non-parties.

2 |     Defendant requests that lines 238:4 - 14 of the 5/29/08

3 | and lines 282:1 - 285:15 of the 5/20/08 of the Watkins'

4 | transcript because the "information has previously been

5 | ordered sealed in the Joint Case Management Conference

6 | Statement" by Judge Wilken and because it contains information

7 | regarding acts of a competitor.  However, Judge Wilken's June

8 | 30, 2008 order only required that portions of 5 lines of the

9 | statement be sealed.  Having reviewed the approximately 5

10 | pages of deposition testimony defendant requests to seal, it

11 | is evident that its request is excessive.

12 |     After reviewing the motion to compel and its supporting

13 | exhibits, it is apparent that there is not "good cause" to

14 | seal the vast majority of the materials defendant has

15 | designated.  An example reflecting that defendant's excessive

16 | designation includes a portion of the Watkins' deposition

17 | transcript that defendant contends contains "confidential

18 | internal marketing information and competitive strategies"

19 | (Sinclair Decl. at ¶ 5).

```
20        A.   He's responsible for strategic territory
               development.
21        Q.   What does that mean?
          A.   It means he's working on strategic
22             territories.
          Q.   What territories are those?
23             Mr. Davids: Objection Do you want to know the
               specific territories or just generally what
24             his job entails?
          A.   The strategic ones.
25        Q.   Which ones?
               Mr. Davids:    Objection.
26        A.   The ones that are strategic.
          Q.   Can you tell me, please, what he's working on
27             now?
          A.   What I call strategic.
28        Q.   Does he have the New York area?
```

4

1   Watkins Depo. 5/30/08, lines 360:7 - 24.  Another example from

2   the Watkins' deposition includes defendant's designation of

3   the following testimony as confidential because it "discloses

4   information relating to internal operational information and

5   communications between Softscape employees and Softscape"

6   (Sinclair Decl. at ¶ 10).

7           A.   In 2008?
            Q.   Correct.
8           A.   I do not recall what I may have done in
                 2008.
9           Q.   Were there changes made to the appearance
                 of the website?
10          A.   I don't – -
            Q.   I don't recall specifically logging in and
11               making changes to the appearance.  I don't
                 recall.
12          Q.   Were there changes to the appearance of
                 the website?
13          . . .

14          Q.   Does anyone other than you have
                 responsibility for the New Millennium Shoe
15               website?
            A.   No.
16
    Watkins Depo. 5/29/08, lines 234:1 - 12 & 22 - 24.
17
          Defendant also designated its responses[1] and amended
18
    responses to plaintiff's first set of interrogatories as
19
    confidential, in their entirety.  It contends the responses
20
    contain information that it would not normally reveal to third
21
    parties, without explaining how it would be harmed if the
22
    responses were not sealed.  Defendant also contends the
23
    responses should be sealed because they contain facts and
24
    information about the presentation at issue in this lawsuit
25
    that plaintiff has designated as confidential.  Plaintiff's
26
    declaration in support of the sealing order did not state that
27

28      [1]   The first response appears to contain only
    objections and no confidential information.

                                5

1    it designated all information and facts regarding the

2    presentation as confidential.  Furthermore, designating the

3    responses in their entirety as confidential is excessive.

4    Similarly, defendant argues that certain emails and

5    correspondence between counsel should be sealed in their

6    entirety, rather than designating the portions that might

7    contain confidential or proprietary information.  Another

8    example of excessive designation is the request to seal

9    exhibit 29, instead of just requesting that the telephone

10   numbers contained in the exhibit be sealed.

11       Defendant also requests that I seal all references in the

12   brief in support of the motion to compel that refer, in way,

13   to the documents it has excessively designated as confidential

14   resulting in absurd requests to seal.  For example, defendant

15   requests sealing a portion of a sentence in the motion to

16   compel accusing it of producing only a "paltry number" of

17   versions of a presentation at issue.  The portion of the

18   sentence only sets forth plaintiff's grounds for bringing the

19   motion to compel without reflecting confidential information.

20   Defendant also requests that the entire Watkins' Declaration

21   initially filed on March 26, 2008 be sealed, when only

22   portions of the declaration were filed under seal originally.

23       The examples set forth supra are not an exhaustive

24   representation of the defendant's abuse of the confidentiality

25   designation requirements.  The court finds no need for

26   argument.  Plaintiff's administrative motion to seal is

27   **DENIED.**

28       In light of defense counsel's disregard for the Local

6

1 | Rules, which caused the court to spend an inordinate amount of

2 | time on this administrative motion, the imposition of

3 | sanctions on counsel appears warranted.  Civil Local Rule 1-4

4 | provides that "[f]ailure by counsel or a party to comply with

5 | any duly promulgated local rule or any Federal Rule may be a

6 | ground for imposition of any authorized sanction."  See also

7 | MEMC Elec. Materials v. Mitsubishi Materials Silicon Corp.,

8 | No. C01-4925 SBA, 2004 WL 5363616, at *2 (N.D. Cal. March 4,

9 | 2004).

10 |    Accordingly, **IT IS HEREBY ORDERED** that defendant and its

11 | counsel shall show cause on **Wednesday, September 3, 2008, at**

12 | **10:00 a.m.**, in Courtroom G, 15th Floor, Federal Building, 450

13 | Golden Gate Avenue, San Francisco, California 94102, why

14 | sanctions should not be imposed under Federal Rule of Civil

15 | Procedure 16(f) and Civil L.R. 1-4.  If they wish to avoid the

16 | hearing, they may contribute **$500.00** to **St. Anthony's Dining**

17 | **Room**, 121 Golden Gate Avenue, San Francisco, CA 94102 or **Glide**

18 | **Memorial Church Food Program**, 330 Ellis, San Francisco, CA

19 | 94102.  If proof of payment is received in chambers on or

20 | before **August 27, 2008** the Order To Show Cause will be

21 | discharged and there will be no hearing.

22 | Dated: August 19, 2008

23 |

24 | Bernard Zimmerman
   | United States Magistrate Judge

25 |

26 |

27 |

28 | G:\BZALL\-REFS\SUCCESSFACTORS V. SOFTSCAPE\ORDER DENY ADMIN MOTION TO SEAL AND SCHED OSC.FINAL.wpd