# MINTZ LEVIN

**Bryan J. Sinclair** | 650 251 7722 | bsinclair@mintz.com

5 Palo Alto Square - 6th Floor
3000 El Camino Real
Palo Alto, California  94306-2155
650-251-7700
650-251-7739 fax
www.mintz.com

**Emergency *Ex Parte* Relief Requested**

August 22, 2008

The Honorable Bernard Zimmerman
U.S. District Court for the Northern District of California
450 Golden Gate Ave., Courtroom G, 15th Floor
San Francisco, CA  94102

Re:     *SuccessFactors, Inc. v. Softscape, Inc.*; Case No.: CV 08-1376 CW (BZ)

Dear Judge Zimmerman:

I am writing regarding an issue that the parties have not been able to resolve which involves the public disclosure of certain information that is subject to a Court Order Judge Wilken entered on June 30, 2008 sealing specific information from public disclosure.

Following entry of your Honor's order entered on August 19, 2008, I notified counsel for SuccessFactors that Softscape intended to file a very narrow objection to the order (pursuant to Rule 72(a)) to request that the Court allow the same specific information to remain filed under seal that the Court previously sealed in the June 30, 2008 order.  In connection with this notification, I requested that they refrain from publicly filing the same very narrow information that was the subject of the June 30, 2008 sealing order and that would be the subject of Softscape's narrowly tailored objections your Honor's order of August 19, 2008.

In response, Counsel for SuccessFactors notified us today that it plans to re-file all of the materials filed in support of its motion to compel without any information being submitted under seal and without withholding the information that has been previously sealed.  In response, we requested that SuccessFactors stipulate to extend the time permitted by Local Rule 79-5(e) until after the narrow objections are heard by Judge Wilken and ruled upon or simply refrain from submitting the previously sealed information into the public record.  SuccessFactors has refused both alternatives to keeping information previously sealed by Judge Wilken out of the public record.

SuccessFactors' alleged reason for its refusal of Softscape's reasonable request is: (1) it would jeopardize their pending motion to compel in some way if the information is not unsealed; (2) they state that they did not have an opportunity to challenge Judge Wilken's June 30, 2008 order; and (3) SuccessFactors has determined that the material Judge Wilken ordered sealed is not confidential.

None of SuccessFactors' reasons for insisting on submitting the previously sealed information into the public record are justified.  First, the Court has full access to all of the

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

The Honorable Bernard Zimmerman
August 22, 2008
Page 2

materials submitted in support of their motion to compel.  Second, SuccessFactors' failure to question or challenge Judge Wilken's June 30, 2008 sealing order does not entitle them to simply ignore its terms.  Third, simply filing documents under seal pursuant to Local Rule 79-5 is not the appropriate vehicle to challenge a confidentiality designation.[1]  Finally, SuccessFactors should not be permitted to effectively violate a Court order by publicly filing information that has been previously sealed.

Accordingly, Softscape requests that the Court: (1) stay the effect of its August 19, 2008 order until 3 days after Judge Wilken rules on Softscape's narrow objections (which are due no later than September 3, 2008; and (2) issue a restraining order preventing SuccessFactors from publicly filing designated materials containing information that pertains to the same subject matter as Judge Wilken's June 30, 2008 sealing order.

Respectfully submitted,

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

*/s/ Bryan J. Sinclair*

Bryan J. Sinclair

4411593v.1

---

[1] Rather, SuccessFactors must follow the protocol set forth by Section 6 of the Protective Order entered in this action. *See* Docket No. 89.