ROBERT P. TAYLOR (SBN 46046)
Email: rtaylor@mintz.com
BRYAN J. SINCLAIR (SBN 205885)
Email: bsinclair@mintz.com
JEFFREY M. RATINOFF (SBN 197241)
Email: jratinoff@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, PC
5 Palo Alto Square - 6th Floor
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:     (650) 251-7700
Facsimile:      (650) 251-7739

Attorneys for Defendant,
SOFTSCAPE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SOFTSCAPE, INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. C08-1376 CW (BZ)<br><br>**DEFENDANT'S EVIDENTIARY OBJECTION AND REQUEST TO STRIKE PLAINTIFF'S DECLARATION OF KEVIN MOORE IN SUPPORT OF PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS, FURTHER INTERROGATORY ANSWERS AND PROPER PRIVILEGE LOGS**<br><br>Date: September 3, 2008<br>Time: 10:00 a.m.<br>Judge: Honorable Bernard Zimmerman<br>Location: Courtroom G 15th Floor<br><br>Complaint Filed: March 11, 2008<br>Trial Date: June 1, 2009 |

Defendant Softscape, Inc. ("Softscape") hereby submits the following objections and respectfully requests this Court to strike the Reply Declaration of Kevin Moore in support of Plaintiff SuccessFactors, Inc.'s ("SuccessFactors") Motion to Compel Production of Documents, Further Interrogatory Answers and Proper Privilege Logs ("Moore Declaration").

## I. INTRODUCTION AND STATEMENT OF FACTS

On July 30, 2008, SuccessFactors filed its Motion to Compel Production of Documents, Further Interrogatory Answers and Proper Privilege Logs ("Motion to Compel"). Dkt. No. 177 (Sealed Version). Among other things, SuccessFactors' Motion to Compel included assertions that SuccessFactors is entitled to certain of Softscape's metadata and computer forensics information. *Id*. at 7:10-28. SuccessFactors' basis to compel Softscape to produce this information was based in large part on its belief that more than 52 purported "versions" of the Presentation existed between March 3 and March 24, 2008. *Id*. at 6:28. Specifically, SuccessFactors requested "*all* data that exists as to each version in any server hard drive or file records," including, local drive directory structures, local drive file histories and audit log files from Softscape's document collection. *Id*. at 7:10-18 (emphasis in original). In sum, the information requested would require Softscape to conduct a burdensome forensics search of all of the operational data that exists on over twenty-two computers and five servers in pursuit of this type of data.

Softscape filed its Opposition to the Motion to Compel on August 13, 2008 arguing that SuccessFactors offered no support for its assertions, and that in any event, such material would not lead to relevant, admissible evidence. Dkt. No. 186 at 2:1-4, 3:23-28. Softscape highlighted in its Opposition that SuccessFactors' allegations regarding the existence of 52 plus Presentation versions were without merit, since Microsoft's Windows and Office editing and saving processes would overwrite any earlier versions to the document without creating a new copy. *Id*. at 2:21-3:3. The only way these earlier "versions" would be recoverable by a user is if the user manually saved the new version to a separate file in the Windows environment or if the document was sent as an attachment to an email. *Id*.

In response, SuccessFactors filed its Reply Brief in support of its Motion to Compel, and the accompanying Moore Declaration. *See* Dkt. Nos. 201 and 205 (Aug. 20, 2008). The Moore

Declaration and Reply Brief included newly introduced evidence (and argument based thereon) further clarifying SuccessFactors' positions on why it should have access to the above material, and outlining Mr. Moore's understanding of the relevance and accessibility of file extraction. *Id*. Softscape objects to the untimely introduction of this new evidence and respectfully requests that the Court strike the Moore Declaration in its entirety and disregard the argument in the Reply Brief based thereon.

## II. ARGUMENT

### A. SuccessFactors May Not Introduce New Evidence In Its Reply Brief.

The reply is the final briefing permitted on a motion. *See* Local Rule 7-3. Thus, a party offering new evidence on reply deprives the other party of a fair opportunity to respond. *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996). Accordingly, the Court may strike or otherwise disregard such evidence. *Id.; accord Contratto v. Ethicon, Inc.,* 227 F.R.D. 304, 309 (N.D. Cal. 2005); *see also Nautilus Group, Inc. v. Icon Health & Fitness, Inc.,* 308 F. Supp. 2d 1208, 1214 (W.D. Wash. 2003) (citing *Provenz* and noting "Defendant correctly moves to strike a declaration with new evidence submitted in reply"); *Compana, LLC v. Aetna, Inc.,* 2006 WL 1319456, at *4 (D. Wash. May 12, 2006) ("A moving party may not submit new evidence in a reply"); *Bazuaye v. INS,* 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived.")

Here, the Court should strike the Moore Declaration, and argument based thereon, which contains evidence first introduced by SuccessFactors in its reply papers. The Moore Declaration contains new evidence concerning Mr. Moore's understanding of the relevance and accessibility of file extraction. *See* Dkt. No. 201. Mr. Moore asserts in his Declaration SuccessFactors' belief that Softscape's residual log file and metadata information contain a "chain of custody" or file path information for each file. *Id*. at ¶ 8. SuccessFactors did not, however, file the Moore Declaration or offer the evidence contained therein in support of its Motion to Compel, but rather only filed it in its reply after Softscape pointed to the absence of evidence supporting its argument and assertions of fact in SuccessFactors' moving papers.

Mr. Moore states in his Declaration that he is the Director of the Information Technology department for SuccessFactors' counsel, Fenwick & West LLP, and has been in the legal

- 2 -

DEFENDANT'S EVIDENTIARY OBJECTION AND REQUEST TO STRIKE PLAINTIFF'S DECLARATION OF MOORE ISO PLAINTIFF'S REPLY MEMO ISO ITS MOTION TO COMPEL;   Case No. C08-1376 CW (BZ)

information technology field for ten years. *Id*. at ¶¶ 1, 3. While it is not clear how long Mr. Moore has worked for the Fenwick firm in this capacity, it is hard to believe that SuccessFactors did not have access to the information contained in the Moore Declaration when it filed its Motion to Compel. Yet, SuccessFactors offers no explanation for its failure to offer this information with its initial Motion to Compel. In fact, SuccessFactors failed to submit *any* evidence in support of its Motion to Compel as to why Softscape's metadata and computer forensics information was relevant to their causes of action and likely to lead to admissible, relevant evidence. Instead, SuccessFactors simply stated such information was needed to "piece together the trail of the Presentation" at issue. Dkt. No. 177 at 7:2-3.

Only now, through its reply brief, does SuccessFactors attempt to refute Softscape's affirmation that SuccessFactors' arguments in its Motion to Compel are unsupported. However, SuccessFactors' reply and accompanying Moore Declaration offer no additional support for the allegations that over 52 Presentation versions exist[1], only that such versions could be obtained with little effort. *See* Dkt. No. 205 at 2:19-3:6; Dkt. No. 201 at ¶¶ 8-11.

Finally, SuccessFactors' reasserts in its reply that it needs all data for each "version" of the Presentation, yet ***still fails to offer*** any support for its allegation that over 52 versions of the Presentation existed at any time someplace within Softscape's hard drives and files, which appears to be the primary basis for its metadata and forensics fishing expedition. *See* Dkt. No. 205 at 2:17-18. Hence, the Moore Declaration is untimely, and even if it were considered by the Court, it is insufficient to support the conclusory assumptions made by SuccessFactors regarding the number of versions, modifications and the various locations of the Presentation and the relevancy thereof. SuccessFactors' attempt to offer evidence for the first time in its reply to Softscape's Opposition, in a last ditch attempt to support its allegations, is thus improper.

---

[1] In fact, SuccessFactors later contradicts this assertion by stating that Softscape's search of local drive file histories and metadata will not be burdensome since only "five versions" of the Presentation exist in Softscape's possession. Dkt. No. 205 at 5:3-5. Thus, it is clear that SuccessFactors confuses document *versions* with document *modifications* throughout its reply.

### III. CONCLUSION

For the foregoing reasons, Softscape respectfully objects to the new evidence first submitted on reply in the Moore Declaration, and requests that the Court exclude the Declaration and disregard the argument in the Reply Brief based thereon.

Dated: August 27, 2008   Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO P.C.

　　*/s/ Doris M. Fournier*
By:   DORIS M. FOURNIER

Attorneys for Defendant,
SOFTSCAPE, INC.

- 4 -

DEFENDANT'S EVIDENTIARY OBJECTION AND REQUEST TO STRIKE PLAINTIFF'S DECLARATION OF MOORE ISO PLAINTIFF'S REPLY MEMO ISO ITS MOTION TO COMPEL;   Case No. C08-1376 CW (BZ)

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC, a Delaware corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>SOFTSCAPE, INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>  Defendants. | Case No. CV08-1376 CW (BZ)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S EVIDENTIARY OBJECTION AND REQUEST TO STRIKE DECLARATION OF KEVIN MOORE IN SUPPORT OF PLAINTIFF'S REPLY MEMORANDUM**<br><br>Judge: Honorable Bernard Zimmerman |

Defendant Softscape, Inc. has filed an Evidentiary Objection and Request to Strike Plaintiff's Declaration of Kevin Moore in Support of Plaintiff's Reply Memorandum in Support of Its Motion to Compel Production of Documents, Further Interrogatory Answers and Proper Privilege Logs with this Court on August 26, 2008 (Dkt. No. 201).

After considering the requesting papers and all other matters presented to the Court, and finding good cause therefore,

**IT IS HEREBY ORDERED:**

1. The Declaration of Kevin Moore is so stricken;

2. The following portions of Plaintiff's Reply Brief in Support of Its Motion to Compel Production of Documents, Further Interrogatory Answers and Proper Privilege Logs (Dkt. No. 205) that rely upon the Declaration of Kevin Moore are so stricken:

   - 3:7-10
   - 4:23-5:2
   - 5:15-17
   - 5:19-24

3. The Court will not consider the foregoing evidence in ruling on Plaintiff's Motion to Compel.

Dated: _____

                                        The Honorable Bernard Zimmerman
                                        United States Magistrate Judge

4414689v.2

[PROPOSED] ORDER GRANTING DEFENDANT'S EVIDENTIARY OBJECTION AND REQUEST TO STRIKE DECLARATION OF MOORE ISO PLAINTIFF'S REPLY MEMO;     Case No. CV08-1376 CW (BZ)