LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
LIWEN A. MAH (CSB No. 239033)
lmah@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

PATRICK E. PREMO (CSB No. 184915)
ppremo@fenwick.com
HENRY Z. CARBAJAL III (CSB No. 237951)
hcarbajal@fenwick.com
DENNIS M. FAIGAL (CSB No. 252829)
dfaigal@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for Plaintiff
SUCCESSFACTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC. a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOFTSCAPE, INC., a Delaware corporation; and DOES 1-10,<br><br>Defendants. | Case No. C-08-1376 CW (BZ)<br><br>**PLAINTIFF SUCCESSFACTORS, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS, FURTHER INTERROGATORY ANSWERS AND PROPER PRIVILEGE LOGS**<br><br>Date: September 3, 2008<br>Time: 10:00 a.m.<br>Judge: Hon. Bernard Zimmerman<br>Place: Courtroom G, 15th Floor<br><br>Date of Filing: July 30, 2008<br>Trial Date: May 11, 2009 |

# TABLE OF CONTENTS

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**Page**

INTRODUCTION .................................................................................................................. 1

ARGUMENT ......................................................................................................................... 1

I. SOFTSCAPE'S REFUSAL TO PRODUCE FURTHER INFORMATION REGARDING THE PRESENTATION AND RECIPIENTS ........................................ 1

   A. Softscape Has Not Fully Complied With Document Request No. 1 .................... 1

      1. The Need for the Missing Information........................................................ 1

      2. Softscape's Relevance and Burden Objections are not Well-Taken.......... 4

         a. Audit Log Files from Softscape's Document Collection.............. 4

         b. Local Drive Directory Structures ................................................ 5

         c. Local Drive File Histories or File System Metadata.................... 5

   B. Document Request Nos. 2, 5, 13, 22-25 and 32................................................... 6

II. UNAUTHORIZED ACCESS CLAIMS ................................................................... 8

   A. Document Request Nos. 7 and 8 ......................................................................... 8

   B. Interrogatory No. 7 .............................................................................................. 8

III. SOFTSCAPE CONTINUES TO UNDULY LIMIT DISCOVERY REGARDING THE CEO'S SHELL COMPANY, NEW MILLENIUM SHOE .................................................................................. 9

   A. Document Request Nos. 28 and 29 ................................................................... 10

   B. Document Request No. 42 ................................................................................. 10

IV. SOFTSCAPE'S CUSTOMER POACHING EFFORTS ......................................... 11

   A. Document Request No. 6 ................................................................................... 11

V. SUCCESSFACTORS' TEMPLATE DOCUMENT ............................................... 11

   A. Document Request No. 15 ................................................................................. 11

VI. SOFTSCAPE'S PRODUCTION AND LOGGING OF PRESS RELEASE DOCUMENTS .................................................................................... 12

VII. INADEQUACY OF PRIVILEGE ASSERTIONS FOR PHONE RECORDS ......... 13

CONCLUSION ..................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Butler v. United States*,
   226 F. Supp. 341 (W.D. Mo. 1964) .................................................................................... 5

*Ceramic Corp. of Am. v. Inka Mar. Corp.* Inc.,
   163 F.R.D. 584 (C.D. Cal. 1995) ...................................................................................... 13

*Contratto v. Ethicon, Inc.*,
   227 F.R.D. 304 (N.D. Cal. 2005) ...................................................................................... 13

*E&J Gallo Winery v. Gallo Cattle Co.*,
   967 F.2d 1280 (9th Cir. 1992) ..................................................................................... 9, 11

*Hill v. Eddie Bauer*,
   242 F.R.D. 556 (C.D. Cal. 2007) ...................................................................................... 13

*Myers v. Goldco, Inc.*,
   No. 4:08cv8, 2008 U.S. Dist. LEXIS 37089
   (N.D. Fla. May 6, 2008) ..................................................................................................... 5

*People v. Duz-Mor Diagnostic Lab.*,
   68 Cal. App. 4th 654 (1998) ........................................................................................ 9, 11

*Pittman v. Frazer*,
   129 F.3d 983 (8th Cir. 1997) .............................................................................................. 5

*Sade Shoe Co. v. Oschin & Snyder*,
   162 Cal. App. 3d 1174 (1984) ..................................................................................... 9, 11

*Williams v. Sprint/United Mgmt. Co.*,
   230 F.R.D. 640 (D. Kan. 2004) .......................................................................................... 4

*Wilner v. Sunset Life Ins. Co.*,
   78 Cal. App. 4th 952 (2000) ............................................................................................... 9

**STATUTES**

Cal. Bus. & Prof. Code § 17200 ............................................................................................... 10

Cal. Penal Code § 502 ............................................................................................................... 10

**RULES**

Adv. Comm. Notes to 2000 Amend. to Fed. R. Civ. P. 26(b)(1) ............................................... 10

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## INTRODUCTION

Defendant Softscape, Inc. attempts to resist this motion to compel in large part by arguing that it is not challenging certain liability issues for which SuccessFactors seeks discovery. Despite carefully crafted "admissions," discovery remains necessary because Softscape is in fact still disputing key issues in the case, specifically who authored and distributed the final "The Naked Truth" PowerPoint Presentation distributed by "John Anonymous" on March 4, 2008. SuccessFactors needs this discovery to establish once and for all that Softscape was behind the smear campaign. Softscape should not be permitted to unilaterally declare what documents and electronically stored information SuccessFactors has a "right or need to see." Softscape should also be precluded from interposing unreasonably narrow definitions of relevant documents to shield its involvement in the creation and distribution of the Presentation as well as other acts of unfair competition. Finally, Softscape should not be permitted to force a motion to compel only to capitulate on certain categories of documents in order to give the appearance that it has acted reasonably in discovery. Softscape's limitations on production and objections have been obstructionist. The motion to compel should be granted.

## ARGUMENT

**I.    SOFTSCAPE'S REFUSAL TO PRODUCE FURTHER INFORMATION REGARDING THE PRESENTATION AND RECIPIENTS**

    **A.    Softscape Has Not Fully Complied With Document Request No. 1**

        **1.    The Need for the Missing Information**

Despite claims to the contrary, Softscape's response to the first document request issued in this case back in March 2008 is still insufficient. Softscape has produced only four versions of the Presentation, with two dated March 3, 2008, one dated March 17, and one dated March 24, 2008. (Dkt. No. 178, Carbajal Decl., Exs. 15-18.) Softscape contends that it has searched every computer and server it thought might contain the Presentation. (Dkt. No. 190, Fougere Decl., ¶¶ 6-9.) In its opposition brief, Softscape's reveals its search software is only producing one copy of "documents identical in all respects" including versions of the Presentation. (Softscape Opp. Br., at 2 n.3.) Softscape appears to be limiting its search efforts to only existing drafts of the

1  Presentation, blinding itself to any "invisible" electronic data that will likely finger the person(s)
2  who authored the final version of the Presentation; who distributed it; and how it made its way
3  from Softscape's server to the John Anonymous Google e-mail account. Softscape's assertion that
4  this trail of the Presentation is not relevant is a frivolous argument. The Presentation's distribution
5  is a case dispositive issue. SuccessFactors is seeking the documents concerning the Presentation
6  comprising file records that show whose computer copies of the Presentation resided in, when and
7  where the copies were obtained from and in what form, *even if these copies are "identical" to*
8  *Presentation versions already produced*.

9        The Presentation filtered through the hands of several Softscape employees and one or more
10 of them necessarily participated in its distribution. SuccessFactors needs to be able to identify
11 where Presentation copies came from and were stored in order to determine how the Presentation
12 (a purported internal confidential document) got into the hands of "John Anonymous." Although at
13 least one copy of each of the four Presentation versions produced so far was produced in native
14 format, this only means that metadata as to each individual file was produced. This says nothing
15 about where the file resided on Softscape's system or individuals' computers. Softscape does not
16 dispute that it is able to track where the documents it is producing are coming from.
17 SuccessFactors requested this information and is entitled to all data that exists as to each
18 Presentation version in any server hard drive or file record.

19       Softscape disputes that 52 versions of the Presentation existed between March 3 and
20 March 24. (Softscape Opp. Br., at 2:21-3:3.) In doing so, however, Softscape makes a
21 remarkable admission. A version of the Presentation was produced dated March 17, 2008, with
22 its cover page indicating a date of March 8, 2008. (Dkt. No. 178, Carbajal Decl., Ex. 17.) The
23 metadata indicates the file was revision 377. A March 3 version of the Presentation exists as
24 revision 330. (*Id*., Exs. 15 & 17.) This means that between March 3 and March 17, *forty-seven*
25 *modifications* were made to the Presentation and saved. (*Id*.) SuccessFactors has requested that
26 these versions of the Presentation with intervening edits be produced. Softscape appears to
27 declare that these intervening versions have been eliminated. (Dkt. No. 190, Fougere Decl., ¶ 10
28 ("***prior 'versions' were overwritten***").) This assertion is highly disturbing considering this case

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

PLF.'S REPLY ISO MTC PROD. OF DOCS., FURTHER
ROG. ANSWERS AND PROPER PRIVILEGE LOGS
- 2 -
CASE NO. C-08-1376 CW (BZ)

1  was filed on March 11 and the Presentation appears to have been modified and saved by unknown
2  persons 52 times between March 3 and March 24 with alterations indisputably occurring after
3  March 11.  Softscape refuses to produce documents or the underlying electronic data reflecting
4  who made which changes and when the changes occurred.  SuccessFactors respectfully requests
5  that Defendant be ordered to produce this electronically stored information or admit that it cannot
6  produce them because these records have been destroyed.[1]

7        Softscape argues that it cannot obtain the information sought because it does not utilize a
8  document management system.  Even if true, this does not mean that no metadata other than
9  individual file metadata exists, nor does it respond to SuccessFactors' inquiries in full.  (Moore
10 Decl.[2] ¶¶ 6-7.)  The Presentation versions produced thus far come from Dave Watkins' computer
11 and their internal distribution is tied to individuals to whom he e-mailed the Presentation.
12 Softscape has not produced any information to establish the Presentation version as of March 3
13 was available anywhere other than Dave Watkins' computer.  Yet Mr. Watkins denies distributing
14 the Presentation using the John Anonymous Gmail account.  These two statements are
15 inconsistent with each other.

16       SuccessFactors is entitled to know whether the Presentation existed at any time on
17 Softscape's Sales Resource Center ("SRC") and was available to employees for download.
18 SuccessFactors needs to know whether the Presentation was made available to Softscape sales
19 personnel in its CRM database.  SuccessFactors needs information regarding placement of the
20 Presentation on any individual's computer.  It also needs to know whether subsequent versions of
21 the Presentation were placed on the SRC or other generally available files within Softscape.  At
22 bottom, documents indicating where Presentation versions were found and edited are at least as
23 important as Presentation copies themselves, as it indicates access to the Presentation and reduces
24 the universe of possible distributors.  There is little doubt that further responsive information exists

---

[1] This substantial possibility of spoliation reinforces SuccessFactors' need to access Softscape's hard drive images and backup tapes, as it has recently requested via letter brief.  (*See* Dkt. No. 184.)

[2] "Moore Decl." refers to the Declaration of Kevin Moore in Support of Plaintiff SuccessFactors, Inc.'s Reply Memorandum in Support of Its Motion to Compel Production of Documents, Further Interrogatory Answers and Proper Privilege Logs, filed herewith.

PLF.'S REPLY ISO MTC PROD. OF DOCS., FURTHER ROG. ANSWERS AND PROPER PRIVILEGE LOGS   - 3 -   CASE NO. C-08-1376 CW (BZ)

1 in the form of withheld duplicative Presentation files, edited Presentation versions existing on
2 backup tapes or hard drive images and server and file metadata for each Presentation version
3 showing file path information for each document.

### 2. Softscape's Relevance and Burden Objections are not Well-Taken

As discussed above, Softscape's argument that the requested information is not relevant borders on being frivolous. Softscape's next tack is to argue that Document Request No. 1 does not call for information concerning copies or versions of the Presentation embedded in Softscape's operating system or its server files. This argument should also be rejected. Document Request No. 1 requests **all documents** concerning the Presentation, its genesis, creation, review, or revision, as well as any "components, formats, *versions*, portions, *edits*, memoranda, *notes*, e-mails, *embedded objects*, *file histories*, *version data*, or *document management system logs*." (Dkt. No. 178, Carbajal Decl., Ex. 4, at 6 (emphasis added).) The request plainly calls for metadata via reference to version data, logs, file histories, and embedded objects. *See Williams v. Sprint/United Mgmt. Co.,* 230 F.R.D. 640, 646 (D. Kan. 2004) (definition of "metadata" includes "a file's location (e.g., directory structure or pathname), file format or file type, file size, file dates (e.g., creation date, date of last data modification, date of last data access, and date of last metadata modification), and file permissions (e.g., who can read the data, who can write to it, who can run it).") Softscape's response is coy insofar as it represents it has no document management system that creates logs, prior document versions or related metadata. Softscape's carefully crafted declaration from its IT director, however, does not dispute that Softscape still possesses the following responsive information.

### a. Audit Log Files from Softscape's Document Collection

Softscape does not contest it is withholding this information, nor does it argue that the audit log files would include the file path information showing where documents were found in its system or custodians' hard drives. (Moore Decl. ¶¶ 8-10.) SuccessFactors seeks this information as to the versions of the Presentation held by Softscape; which currently number five, including the John Anonymous .pdf version, to show where these documents came from. This is neither burdensome nor difficult to accomplish *as the logs have already been created, or can*

*easily be created, from information obtained during collection, review and production of documents.* (Moore Decl. ¶¶ 8-9.) Softscape's fall back position is a weak assertion of work product, unsupported by any case law. The work product doctrine does not apply to the description of or the location of documents. *See Myers v. Goldco, Inc.*, No. 4:08cv8, 2008 U.S. Dist. LEXIS 37089, at *4 (N.D. Fla. May 6, 2008); *see also Butler v. United States*, 226 F. Supp. 341, 343 (W.D. Mo. 1964).

What SuccessFactors seeks is the file path and directory information, literally the electronic location, of the Presentation versions. These facts are not work product merely because they are placed on a list by Softscape IT personnel as they collect documents to review and produce. Moreover, even if this information was non-opinion work product, in light of Softscape's vociferous representations that it has no document management system, the audit logs are the only remaining means to obtain the file location information. *Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997).

### b. Local Drive Directory Structures

Again, this information will show the location of documents, including Presentation copies, within the each custodians' imaged hard drive. Moreover, the information can be produced without great difficulty. (Moore Decl. ¶ 10.)

### c. Local Drive File Histories or File System Metadata

Softscape does not dispute that document creation, last accessed and last written dates are written into the operating system on each of Softscape's imaged hard drives and servers, as well as included within a produced native format document. (Moore Decl. ¶ 11.) Softscape contends that it has already produced this type of information embedded in native file versions of the Presentation. Softscape does not contend, however, that local drive file history information, or file system metadata, is duplicative. (*Id.*) Thus, Softscape is entitled to production of both types of file history information.[3]

---

[3] Moreover, Softscape appears to resist production of local drive metadata on the basis that it is "less informative" than other information already produced. (Dkt. No. 190, Fougere Decl. ¶ 11.) Perceived lack of utility is not a cognizable discovery objection.

Softscape sets forth two final objections to full production of metadata information concerning the Presentation. First, Softscape alleges a high burden and expense in conducting a forensic search of its preserved data for the requested information. SuccessFactors is only asking for this information as to the versions of the Presentation in Softscape's possession, which currently number five versions. The request is not unduly burdensome. If expense is truly an issue, then Softscape should identify with sufficient specificity the amount of expense and why production of this specific information covering a short time period is so expensive. Defendant has failed to properly establish the burden or expense in its opposition papers.

Finally, Softscape's assertion that SuccessFactors must first exhaust "less intrusive means" of discovery before seeking to enforce its discovery requests is disingenuous and another attempt to stonewall. The file, audit log and directory structure records, as contemporaneous documents, are the best evidence, not testimony describing the data, which would be hearsay and dependent on the memory of the witness. Moreover, the Court already ordered Softscape to furnish a witness back in early April 2008 to provide this information and the information provided was inadequate and incomplete.[4] SuccessFactors then requested information in the deposition of Softscape's 30(b)(6) designee, who did not know where the Presentation versions were located on Softscape's system. (Carbajal Reply Decl.,[5] Ex. 1 (5.29.08 Watkins Depo.), at 49:14-50:1.) Thus, there is no alternative means to obtain the information.

### B.   Document Request Nos. 2, 5, 13, 22-25 and 32

In response to this discovery motion, Softscape has now apparently capitulated and agreed to produce the documents responsive to Request Nos. 2, 5, 13, 22-25 and 32. Given Softscape's past equivocation, SuccessFactors maintains that entry of a formal order is necessary to ensure full and adequate compliance.

Request No. 5 seeks all communications with anyone that concerns or refers to the

---

[4] SuccessFactors notes that Softscape was already ordered to divulge its computer operations and locations of the Presentation for preservation purposes. (Dkt. No. 178, Carbajal Decl., Ex. 13, at 44-45.) The noted production uncertainties nevertheless remain.

[5] All citations to "Carbajal Reply Decl." are to the Reply Declaration of Henry Z. Carbajal III In Support of Plaintiff SuccessFactors' Motion to Compel Production of Documents, Further Interrogatory Answers and Proper Privilege Logs, filed herewith.

Presentation or associated Gmail or press releases. Softscape should be ordered to produce documents relating to Softscape's preparation of those communications, as relevant to Softscape's ratification of the Presentation's content and its intent in sending these communications. Softscape does not dispute relevance of these documents.

Next, Softscape's Opposition has revised the description of what documents it would produce as to Document Request Nos. 2, 13, 22-25, and 32. Like the response to Document Request No. 5, these "agreements" come as a surprise to SuccessFactors after experiencing continuous resistance from Softscape during the meet and confer process. It should be noted that none of the agreements listed on page 6, lines 11-22 of Softscape's Opposition are referenced in the supporting Declaration of Jeffrey Ratinoff as compromises the parties reached during the meet and confer process.

In light of Softscape's apparent capitulation, SuccessFactors is prepared to accept Softscape's agreed production categories with some minor modifications to close possible production loopholes for Document Requests Nos. 2, 13, 22-25 and 32. An order compelling production of the following identified document categories should be entered to prevent any attempted rescission of Softscape's agreement to produce. SuccessFactors' modifications are noted in **bold**.

- Communications between Softscape and any of its existing or prospective customers regarding the Presentation, SuccessFactors and/or this lawsuit, **including entries from Softscape's CRM database, communications with entities on the SuccessFactors Dinner List and communications with existing or prospective customers regarding Softscape's press release confirming the truth of the Presentation**.

- Internal Softscape documents and communications regarding the Presentation and **existing or prospective** customer reactions to the Presentation.

- Communications between January 1, 2008 and the present **internal to Softscape, and** between Softscape and the seventeen prospective customers that Plaintiff alleges Softscape interfered with, relating to: (a) the Presentation; (b) wins, losses, reasons for wins or losses with respect to any of the seventeen prospects; and/or (c) Plaintiff.

- Communications between January 1, 2008 and the present between Softscape and any of the **individual or corporate** Gmail recipients**, or Softscape and any other recipient of the Presentation or Softscape's e-mail transmitting the press release confirming the truth of the Presentation,** relating to: (a) the Presentation; (b) wins, losses and reasons for such wins or losses with respect to the recipients; and/or (c) Plaintiff.

PLF.'S REPLY ISO MTC PROD. OF DOCS., FURTHER ROG. ANSWERS AND PROPER PRIVILEGE LOGS — - 7 - — CASE NO. C-08-1376 CW (BZ)

- A cross-reference chart between Softscape's customer database and the recipient list of the John Anonymous e-mail sufficient to show any common e-mail addresses, **individuals or business entities** reflected in the recipient list.

- Documents and communications that relate to customer campaigns that (a) focused on Plaintiffs' alleged lost or poached customers; and (b) marketing campaigns that were commenced by Softscape [*deleted* **"after January 1, 2008**.**"**].

If Softscape is willing to accept and the Court is willing to order compliance based on these modifications clarifying what specifically must be produced, this should resolve the parties' dispute.

## II.   UNAUTHORIZED ACCESS CLAIMS

### A.   Document Request Nos. 7 and 8

These requests, issued in March 2008, seek information regarding how Softscape developed and executed its plan to unfairly compete with SuccessFactors. In its Opposition, Softscape persists in improperly limiting discovery to documents expressly concerning the Presentation itself. Softscape essentially asserts that this case is about a single instance of unauthorized computer access and a single instance of distribution of the Presentation. Softscape refuses to allow discovery unless the request is directly tied to a specific allegation pled in the complaint. Softscape's assertion that SuccessFactors is bound during discovery to what it knew at the time of the complaint and specifically pled is unsupportable. Under Softscape's criteria, no discovery could be had except as to information already uncovered by SuccessFactors in advance. This makes discovery of information uniquely in the hands of Softscape all but impossible.

Moreover, the pleadings are not closed in this case and SuccessFactors may properly move to amend its complaint based on new information revealed during discovery. Softscape's arguments, however, would prematurely close the pleadings by refusing to produce information on particular facts not specified therein.

### B.   Interrogatory No. 7

For the reasons stated in the preceding section regarding instances of unauthorized computer access, Softscape should also be made to provide a further interrogatory answer regarding access to any of SuccessFactors' sales demo accounts, in addition to the ACE 275 demo and for purposes other than the Presentation. SuccessFactors has obtained information that Dave Watkins

broke into SuccessFactors' protected web environment on another occasion in 2005. (Dkt. No. 178, Carbajal Decl. ¶ 28.) Moreover, Softscape's overbreadth and burden assertions are unpersuasive. Unless Softscape's employees accessed SuccessFactors' proprietary sales demos with impunity, an answer to the interrogatory as written should not be difficult. If not, the problem lies with Softscape's practices, rather than the interrogatory.

### III. SOFTSCAPE CONTINUES TO UNDULY LIMIT DISCOVERY REGARDING THE CEO'S SHELL COMPANY, NEW MILLENIUM SHOE



*Wilner v. Sunset Life Ins. Co.*, 78 Cal. App. 4th 952, 965 (2000). Moreover, the information is relevant to intent and motive for the violations of law underlying the unfair competition claims, including interference with prospective economic advantage and trademark infringement. *See People v. Duz-Mor Diagnostic Lab.*, 68 Cal. App. 4th 654, 673 (1998); *E&J Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1293 (9th Cir. 1992); *Sade Shoe Co. v. Oschin & Snyder*, 162 Cal. App. 3d 1174, 1179 (1984) (wrongfulness of interfering act "may consist of the purpose or motive of the actor as well as the method used").

Softscape's further arguments that SuccessFactors "knows" NMS is not a shell company and that motive and intent are "settled" issues simply because Dave Watkins says so at deposition are preposterous.[6] His mere affirmation alone should not settle any issue. Softscape has no independent proof that NMS is a bona fide operating company. Softscape's allusions that SuccessFactors does not need to press it for NMS documents because it has a subpoena out to

---

[6] In any event, Softscape's rationales for accessing the SuccessFactors demo reveal two inconsistent stories. (*See* Softscape's Opp. Br. at 15:19-21.) At another point, Softscape offers a second, incredible, story about why Mr. Watkins gained access to the demo. (*Id.* at 16:20-17:2.) Aside from the ridiculous nature of Mr. Watkins' after-the-fact explanation, Softscape is not required to accept this explanation and has a right to challenge these assertions by obtaining contemporaneous documents, which are more likely to give an unbiased answer. SuccessFactors vehemently disagrees that motive and intent are settled.

1  NMS is misleading. As Softscape well knows, NMS has produced nothing pursuant to the
2  subpoena and has forced SuccessFactors to move for enforcement of the subpoena in the District
3  of Puerto Rico. (Carbajal Reply Decl. ¶¶ 8-9.) This shell game regarding NMS documents is
4  improper. Softscape should be compelled to produce the NMS documents in its control.

### A. Document Request Nos. 28 and 29

Request No. 28 encompasses recipients of *information* provided to NMS. Softscape has unjustifiably attempted to exclude the portion of the request regarding "information." (Dkt. No. 178, Carbajal Decl. ¶¶ 18-19.) Softscape does not offer any justification for this limitation in its opposition and should be compelled to produce any responsive documents without this limitation.

As to Softscape's attempt to narrow Request Nos. 28 and 29 to documents relating only to Mr. Corrales' proposal, the Presentation or facts of statements within the Presentation, Softscape disregards SuccessFactors' claims under the Computer Fraud and Abuse Act, Cal. Penal Code § 502 and Cal. Bus. & Prof. Code § 17200. Softscape's only response is that the current facts within the complaint, facts obtained *without* the benefit of discovery, do not list unethical conduct other than access to the ACE 275 demo and distribution of the Presentation. The pleadings are not closed, and the appropriate scope of discovery is relevance to any party's claims or defenses and not the minutiae of facts known at the time of the complaint before discovery commences. *See* Adv. Comm. Notes to 2000 Amend. to Fed. R. Civ. P. 26(b)(1) (other incidents of the same type alleged could be discoverable as relevant to the party's claims and defenses).

### B. Document Request No. 42

Softscape's Opposition suggests that it is ████████████████████████████████████████████████████████████████████████████. Thus, it seeks to limit its production of communications between Dave Watkins and his sister-in-law Ely Valls to those regarding the Presentation or SuccessFactors. (Softscape's Opp. Br. at 16:6-13.) This scope is not broad enough. The requested Valls/Watkins communications regarding Softscape's business or the NMS website are limited in time to no earlier than January 2007 and are relevant to SuccessFactors' unfair competition claim on the issues of at least pattern of behavior and motive and intent regarding underlying violations of law. *See Duz-Mor Diagnostic Lab.*, 68 Cal. App.

1  4th at 673; *E&J Gallo Winery*, 967 F.2d at 1293; *Sade Shoe Co.*, 162 Cal. App. 3d at 1179.[7]

Softscape's overbreadth complaint is telling.  The only way production could be burdensome is if NMS is incessantly passing competitor information to Softscape or NMS is treated as no more than an arm of Softscape's business.

## IV.  SOFTSCAPE'S CUSTOMER POACHING EFFORTS

### A.  Document Request No. 6

This request asks for communications between Softscape and specific SuccessFactors customers, and communications between Softscape and SuccessFactors' current/former employees.  Softscape still refuses to drop its artificial limitation to communications relating only to the Presentation.  SuccessFactors is entitled to *all* communications with the specified customers regarding SuccessFactors, since the customers are presented as examples of customer dissatisfaction in the Presentation.  This is relevant to SuccessFactors' unfair competition claim, especially given Softcape's efforts to target SuccessFactors.  (Carbajal Reply Decl., Ex. 1 (5.29.08 Watkins Depo.), at 226:8-227:2.)

SuccessFactors is also entitled to know about Softscape's communications with SuccessFactors' employees.  Softscape does not deny that Dave Watkins testified at deposition that Softscape was being fed information from a SuccessFactors employee, (Dkt. No. 178, Carbajal Decl., Ex. 2 (Watkins Depo.), at 378:19-380:6.), or disavow its theory that a rogue SuccessFactors employee distributed the Presentation.  (*Id*., Ex. 3 (5.30.08 Watkins Depo.), at 203:1-16.)  SuccessFactors is entitled to production of Softscape's communications with SuccessFactors' current/former employees because they may be relevant in determining how Softscape obtained information used in the Presentation, who may have been involved in the distribution of the Presentation, and to claims of unfair competition.

## V.  SUCCESSFACTORS' TEMPLATE DOCUMENT

### A.  Document Request No. 15

SuccessFactors issued this request to discover how Softscape received and used its

---

[7] Softscape has still given no valid reason why communications in January 2007 between Watkins and Valls should be withheld.

1  trademarks and PowerPoint templates.  Softscape's Opposition still argues for a limitation on the
2  request to use in creating the Presentation, but offers no justification for this limitation.  (Softscape
3  Opp. Br. at 17:20-21.)  Softscape admits, however, that it procured the template at a much earlier
4  time, from a former SuccessFactors employee.  (Dkt. No. 178, Carbajal Decl. Ex. 3, at 112 & 114.)
5  It refuses to produce documents as to non-Presentation uses, purportedly due to the lack of
6  "evidence" of any such uses.  This merely begs the question.  SuccessFactors issued the request to
7  obtain such evidence, especially given the gap in time between procurement of the template and use
8  within the Presentation.  Moreover, Softscape apparently intends to unilaterally judge whether
9  documents within its possession with SuccessFactors' protected mark can constitute trademark
10 infringement or support a claim of unfair competition *before* it will consider producing them to
11 SuccessFactors.  Whether certain documents fall within permitted uses of another's trademark or
12 were exclusively in "internal use" as a matter of law is not a determination Softscape is allowed to
13 make on its own.  The documents are relevant and properly requested.

## VI. SOFTSCAPE'S PRODUCTION AND LOGGING OF PRESS RELEASE DOCUMENTS

16 Despite resistance to producing documents under Request Nos. 4, 5, and 17 concerning
17 actual or planned press releases regarding this action on July 10 and 17, Softscape *now* agrees to
18 produce all non-privileged documents "relating to press releases concerning the Presentation or
19 the lawsuit." (Softscape Opp. Br. at 18:19-20.)  SuccessFactors requests an order compelling
20 Softscape to fully comply with Document Request Nos. 4, 5 and 17, to prevent recalcitrance.

21 With respect to Request No. 17, Softscape had refused to produce any responsive
22 documents dated after March 27, 2008, the date of the preliminary injunction hearing.  (Dkt. No.
23 178, Carbajal Decl., Ex. 22.)  It is unclear whether Softscape has rescinded this restriction, as it
24 notes a purported July 17, 2008 agreement to Softscape's restriction.  (Dkt. No. 187, Ratinoff
25 Decl. ¶ 5.)  This alleged agreement did not occur.  (Dkt. No. 178, Carbajal Decl. ¶ 22.)
26 SuccessFactors would never have agreed to such a restriction in light of Softscape's highly
27 relevant March 31, 2008 press release including assertions regarding NMS.  (*Id*., Ex. 23.)
28 Softscape should be compelled to produce all responsive press release documents regarding this

1  action to the present date.

2  Regarding the logging of certain alleged privileged or work product press release related
3  documents, SuccessFactors is not seeking to recant the parties' July 10 agreement and intends to
4  uphold its end of the agreement. (Carbajal Reply Decl. ¶ 10.) However, alleged privileged or
5  work product press release documents present a special circumstance given Softscape's choice to
6  make highly relevant factual assertions in its press releases. (Dkt. No. 178, Carbajal Decl., Exs.
7  23 & 26.) Insofar as the press release documents pertain to Softscape's investigation regarding
8  the Presentation or its distribution, there is colorable issue of privilege waiver that cannot be cued
9  up for the Court unless the documents at issue are identified on a log. (*Id*, Ex. 31.) Moreover,
10 this is not a tit-for-tat issue. SuccessFactors has not issued press releases with similar factual
11 assertions about this case.

12 **VII.   INADEQUACY OF PRIVILEGE ASSERTIONS FOR PHONE RECORDS**

13 Softscape withholds phone record information on the basis of privacy, unsubstantiated
14 trade secret assertions, a purported human resources information privilege, and a general assertion
15 of proprietary business information. (Dkt. No. 178, Carbajal Decl. ¶ 27, Exs. 27-30.) To place
16 the issue in context, the parties agreed that Softscape would produce mobile-phone records for
17 nine employees and corporate phone records for those and a few additional employees for the
18 extremely narrow time period between 5:00 p.m. EST on March 4 (the date of John Anonymous's
19 Gmail) and 7:00 a.m. EST on March 5. *This is after normal business hours*. The request is not
20 overly intrusive, especially considering SuccessFactors' prior offer to accept the name of the call
21 participant in lieu of their phone number. (Dkt. No. 178, Carbajal Decl. ¶ 27.)

22 Softscape's production of about 20 pages of phone records is littered with redactions. (*Id*.,
23 Exs. 27 & 28; Carbajal Reply Decl., Exs. 2 (SSHC002), 3 (SSHC0240-246) & 4 (SSHC0908-916).)
24 Softscape has given no information to substantiate its redactions, as it must to receive any sort of
25 protection. *Hill v. Eddie Bauer*, 242 F.R.D. 556, 561-562 (C.D. Cal. 2007); *Ceramic Corp. of Am.*
26 *v. Inka Mar. Corp.* Inc., 163 F.R.D. 584, 588-89 (C.D. Cal. 1995). Softscape must show good
27 cause to even designate documents as sealable under the Protective Order. *Contratto v. Ethicon,*
28 *Inc.*, 227 F.R.D. 304, 307 (N.D. Cal. 2005); *see* Court's Order Denying Administrative Request and

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

PLF.'S REPLY ISO MTC PROD. OF DOCS., FURTHER
ROG. ANSWERS AND PROPER PRIVILEGE LOGS          - 13 -          CASE NO. C-08-1376 CW (BZ)

1  Scheduling Order to Show Cause Hearing (Dkt. No. 197), 08/19/08.  Softscape refuses to produce
2  non-Softscape call participants' phone numbers *at all*, without any showing that the Protective
3  Order in place is inadequate to protect its interests.  Also, Softscape is withholding *phone numbers*
4  from production.  It is difficult to see how producing a phone number would divulge a trade secret
5  or confidential human resources information.  Softscape should be ordered to unredact records for
6  all call participants except for employees' family members that are not working for or hold an
7  ownership interest in Softscape.

8  Although Softscape fails to establish any justification for its refusal to produce unredacted
9  phone records, it questions the relevance of the phone record information sought.  The phone
10 records sought are relevant to the identity of John Anonymous, and the impact of the distribution of
11 the Presentation.  (*See* Carbajal Reply Decl., Ex. 7 (SSP00865).)  For example, Rick Watkins used
12 his Softscape-paid mobile phone in Waltham to receive an incoming call a few minutes before John
13 Anonymous sent out the Gmail.  (*Id.*, Ex. 3, at SSHC00246.)  Softscape has withheld the identity of
14 the caller citing privacy concerns.  (*Id.*)  Michelle Davis called one of the same numbers as Rick
15 Watkins on the evening of March 4 four times from Chicago and once on the early morning of
16 March 5.  (*Id.* at SSHC0242.)  However, four preceding phone numbers are redacted for March 4,
17 due to privacy, trade secret assertions and an alleged human resources privilege.  (*Id.*)  A few hours
18 prior, Ms. Davis received a pre-distribution copy of the Presentation.  (*Id.*, Ex. 5 (SSP02804).)

19 It should also be noted that Larry Kurzner was seeking employment with Softscape in
20 early March 2008, thus making any human resources privilege assertion during a period when
21 Kurzner is not an employee dubious.  (Carbajal Reply Decl., Ex. 6 (LKH0001).)  For Dave
22 Watkins, seven phone numbers for calls between 7:55 p.m. and 11:08 p.m. on March 4 have been
23 redacted and privilege assertions for several of these calls have not been logged to date.  (*Id.*, Ex.
24 4, at SSHC0914.)  Together, this withheld information may either implicate these individuals in
25 the distribution of the Presentation or account for their whereabouts, making the information
26 highly relevant.

27 Softscape's complaint that there are less intrusive ways of finding the identity of John
28 Anonymous, and that SuccessFactors has not followed up on certain leads, is purely speculative.

PLF.'S REPLY ISO MTC PROD. OF DOCS., FURTHER ROG. ANSWERS AND PROPER PRIVILEGE LOGS — - 14 -   CASE NO. C-08-1376 CW (BZ)

1  Tellingly, Softscape provides no suggested alternatives to seeking the unredacted phone records.[8]

2  Finally, Softscape and Dave Watkins express an unsubstantiated fear that if the identities or phone numbers of the redacted call participants are revealed SuccessFactors will act unethically and harass these individuals or entities. (Softscape's Opp. Br. at 20:2-12; Dkt. No. 189, Watkins Decl., ¶ 7.) Softscape provides no basis for drawing such a conclusion. The described example of "*ex parte*" telephone contact of Larry Kurzner is highly misleading and fully explained in the e-mail string attached by Softscape's counsel. (Dkt. No. 187, Ratinoff Decl., Ex. I, at 2 & 5-6.) Mr. Kurzner was publicly listed as an employee of another company, and the very brief call was terminated as soon as Mr. Kurzner confirmed he was a Softscape employee. (*Id*. at 5.) Moreover, Softscape's counsel refused to confirm whether he would accept or deny service of a personal subpoena on Mr. Kurzner's behalf, thus forcing the need to call in the first instance. (*Id*. at 2.) Softscape's unfounded concerns over SuccessFactors potentially contacting call participants are simply not a basis to deny production of their identity.

### CONCLUSION

For the foregoing reasons, SuccessFactors respectfully requests that the Court grant its Motion to Compel Softscape to produce documents erroneously withheld, provide full and complete interrogatory responses, and provide privilege logs of appropriate scope.

Dated: August 20, 2008                FENWICK & WEST LLP

By:   */s/ Patrick E. Premo*
      Patrick E. Premo
      Attorneys for Plaintiff
      SUCCESSFACTORS, INC.

24024/00404/LIT/1290864.1

---

[8] Softscape latest insufficient production proposal calls for notating the type of friend participating in the call. (Softscape's Opp. Br. at 22:25-27.) This is insufficient because the identity of John Anonymous may be hidden as a phone call between a Softscape employee and a friend. Softscape also agrees to divulge customer names only to the extent they are a Presentation recipient or were previously identified in SuccessFactors' response to an interrogatory regarding interference with prospective economic relations. (*Id*. at 22:27-28.) Softscape fails to show it is entitled to withhold such customer information from production.

| | |
|---|---|
| 1 | LAURENCE F. PULGRAM (CSB NO. 115163) |
| | *lpulgram@fenwick.com* |
| 2 | LIWEN A. MAH (CSB NO. 239033) |
| | *lmah@fenwick.com* |
| 3 | FENWICK & WEST LLP |
| | 555 California Street |
| 4 | San Francisco, CA  94104 |
| | Telephone:     (415) 875-2300 |
| 5 | Facsimile:      (415) 281-1350 |
| 6 | PATRICK E. PREMO (CSB NO. 184915) |
| | *ppremo@fenwick.com* |
| 7 | DENNIS FAIGAL (CSB NO. 252829) |
| | *dfaigal@fenwick.com* |
| 8 | FENWICK & WEST LLP |
| | Silicon Valley Center |
| 9 | 801 California Street |
| | Mountain View, CA  94041 |
| 10 | Telephone:     (650) 988-8500 |
| | Facsimile:      (650) 938-5200 |
| 11 | |
| 12 | Attorneys for Plaintiff |
| | SUCCESSFACTORS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC., a Delaware corporation, | Case No. CV 08 1376 CW |
| Plaintiff, | **MANUAL FILING NOTIFICATION REGARDING PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS, FURTHER INTERROGATORY ANSWERS, AND PROPER PRIVILEGE LOGS** |
| v. | |
| SOFTSCAPE, INC., a Delaware corporation; and DOES 1-10, inclusive, | |
| Defendants. | |

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

MANUAL FILING NOTIFICATION RE PLAINTIFF'S
REPLY MEMORANDUM

CASE NO. CV 08 1376 CW

1  Regarding: **Manual Filing Notification Regarding SEALED PLAINTIFF'S REPLY**
2  **MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF**
3  **DOCUMENTS, FURTHER INTERROGATORY ANSWERS, AND PROPER PRIVILEGE**
4  **LOGS:**

5        This filing is in paper or physical form only, and is being maintained in the case
6  file in the Clerk's office.

7        If you are a participant on this case, this filing will be served in hard-copy shortly.

8        For information on retrieving this filing directly from the court, please see the
9  court's main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

10       This filing was not efiled for the following reason(s):

11     ___ Voluminous Document (PDF file size larger than efiling system allowances)

12     ___ Unable to Scan Documents

13     ___ Physical Object (description): _____

14     ___ Non Graphical/Textual Computer File (audio, video, etc.) on CD or other media

15      X  Items Under Seal

16     ___ Conformance with the Judicial Conference Privacy Policy (General Order 53).

17     ___ Other (description):

18

19 Dated: August 27, 2008                  FENWICK & WEST LLP

20

21                                             By: /s/ *Patrick Premo*
22                                                 Patrick Premo
                                          Attorneys for Plaintiff SUCCESSFACTORS, INC.

23

24                                                                       *1290868*

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW