**FENWICK & WEST LLP**

SILICON VALLEY CENTER   801 CALIFORNIA STREET   MOUNTAIN VIEW, CA 94041
TEL 650.988.8500   FAX 650.938.5200   WWW.FENWICK.COM

LAURENCE F. PULGRAM                August 27, 2008                EMAIL LPULGRAM@FENWICK.COM
                                                                  DIRECT DIAL (415) 875-2390

**VIA E-FILING AND HAND DELIVERY**

Magistrate Judge Bernard Zimmerman
United States District Court, Northern District of California
450 Golden Gate Avenue, Courtroom G, 15th Floor
San Francisco, California 94102

    Re:    *SuccessFactors, Inc. v. Softscape, Inc.*, Case No. C-08-1376 CW (BZ)

Dear Judge Zimmerman:

    This letter responds to Defendant Softscape, Inc.'s August 25, 2008 letter brief to the Court (Dkt. No. 209), which attempts to manufacture discovery disputes where none exist. Softscape's letter requests that the Court compel a pre-deposition interview of SuccessFactors' IT personnel, in the apparent hope of setting up some issue of inadequacy in the document collection process. Yet Softscape does not and cannot point to a single discovery request authorizing or supporting such an interview, much less alleged non-compliance with any request.

    Significantly, Softscape has not identified any documents at SuccessFactors that are critical or operative to this case, much less that are destroyed or missing. It has made no request for forensic examinations or back-up tapes. Softscape simply claims it would like to "interview" SuccessFactors' IT personnel to "better understand" the operation of SuccessFactors' system, in order to be able to cast aspersions at SuccessFactors' collection of information (in response to almost 250 document requests issued by Softscape).

    To answer any legitimate questions Softscape had, SuccessFactors's counsel transmitted a detailed letter dated August 11, 2008 answering the questions that Softscape had posed, in writing, about SuccessFactors' systems. (Counsel had agreed, at a meet and confer on July 10, 2008, that SuccessFactors would answer legitimate questions Softscape had about the way SuccessFactors' systems are set up.) We further asked Softscape to notify us whether it contended any of our written responses were insufficient, and if so, in what way, so that this could be addressed, with the possibility of an in-person meeting of attorneys if Softscape was not satisfied. Instead of identifying any deficiencies or unanswered questions, Softscape thereafter resorted to demanding production of SuccessFactors' IT personnel. Its letter brief merely constructs a high-level list of issues it would like to explore in greater detail, in order to dig for hoped for deficiencies. There is nothing here to meet and confer about—no issue of how discovery should proceed. At this point, having had the questions actually posed answered, if Softscape has further topics it needs to know regarding SuccessFactors' system it has the right to notice a Rule 30(b)(6) deposition of SuccessFactors. Softscape's attempt to glean a pre-deposition interview from SuccessFactors's IT personnel is improper, especially given the ample information already provided, and the lack of any pending discovery request.

Softscape's suggestion that SuccessFactors is reneging on some prior promise to provide IT personnel provides an inaccurate and incomplete description of the process to this point. Softscape's letter quotes briefly from the audio recording of the parties' July 17, 2008 meet and confer session but omits any content from the parties' July 10, 2008 session. During the former session, Softscape's counsel raised the issue of wanting to meet with SuccessFactors' IT personnel, seeking to discuss a list of general issues included in a June 25, 2008 letter (and also briefly referenced in Softscape's current letter brief). As Softscape does now, it referenced the fact that Judge Wilken had ordered, at the hearing on the preliminary injunction and motion for expedited discovery, that Softscape's IT personnel provide information to SuccessFactors' counsel about *document preservation* to ensure that any needed materials would be available later. During the July 10 meet and confer session, SuccessFactors specifically explained to Softscape that Softscape's request is unlike the prior situation underlying Judge Wilken's order, which involved Softscape's document preservation issues and her *specific* prescription of a sit-down interview with Softscape IT personnel, in lieu of expedited discovery. Softscape's invocation of Judge Wilken's order is inapposite.

After SuccessFactors explained the incongruence of Softscape's request to interview IT personnel, SuccessFactors stated: "we're prepared to try to discuss with you an answer to legitimate questions that you have about the way that our systems are set up. I don't think that all of the questions that you have asked are appropriate to be answered, but we will sit down and go through those with you." SuccessFactors never agreed or committed to having any SuccessFactors representative or IT personnel present to answer questions. At one point, Softscape stated that it *wanted* one associate and one IT representative from each side to attend such a meeting. SuccessFactors did not agree to do so. Rather, it explicitly objected on the spot: "[i]t is not clear to me that interrogation of our IT guy for the purpose of learning things like 'how do you respond to customer complaints' is appropriate at all."

Softscape's additional reference to the August 27, 2008 meet and confer session involving its own forensics expert is both irrelevant, and somewhat ironic. Unlike SuccessFactors' need to fashion a plan for forensic examination, Softscape has claimed no need for forensic inquiry. But in all events, Softscape declined to bring its *own* IT personnel to the meet and confer on August 28, instead bringing an attorney-hired forensic consultant who stated repeatedly that he did not know answers to the questions posed *in writing before the meeting* about Softscape's backup tapes and mirrored servers.

Softscape's letter request for a pre-deposition interview should be denied. If it needs more information, it can send a letter stating what that is, or notice a deposition.

Respectfully submitted,

Laurence F. Pulgram

cc: Robert P. Taylor, Esq.