1  ROBERT P. TAYLOR (SBN 46046)
   Email: rtaylor@mintz.com
2  BRYAN J. SINCLAIR (SBN 205885)
   Email: bsinclair@mintz.com
3  JEFFREY M. RATINOFF (SBN 197241)
   Email: jratinoff@mintz.com
4  MINTZ LEVIN COHN FERRIS GLOVSKY AND
   POPEO, PC
5  5 Palo Alto Square - 6th Floor
   3000 El Camino Real
6  Palo Alto, California 94306-2155
   Telephone: (650) 251-7700
7  Facsimile: (650) 251-7739

8  Attorneys for Defendant,
   SOFTSCAPE, INC.

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                              OAKLAND DIVISION

13  SUCCESSFACTORS, INC, a Delaware         Case No. CV08-1376 CW (BZ)
    corporation,
14                                          **DEFENDANT SOFTSCAPE, INC.'S
                 Plaintiff,                 OBJECTIONS TO THE AUGUST 19,
15                                          2008 AND AUGUST 27, 2008 ORDERS
         vs.                                REGARDING ADMINISTRATIVE
16                                          MOTION FOR RELIEF TO SEAL**
    SOFTSCAPE, INC., a Delaware corporation,
17  and DOES 1-10, inclusive,               Judge: Honorable Claudia Wilken

18               Defendants.                Complaint Filed: March 11, 2008
                                            Trial Date: June 1, 2009

Pursuant to Federal Rule of Civil Procedure 72(a), defendant Softscape, Inc. ("Softscape") respectfully submits the following objections to the August 19, 2008 Order Denying Administrative Motion for Relief to Seal and subsequent Order Amending August 19, 2008 Order Denying Administrative Motion for Relief to Seal and Scheduling Show Cause Hearing entered by Magistrate Judge Zimmerman on August 27, 2008. (Dkt. Nos. 197, 212.) While the Magistrate's amended order grants in part Plaintiff's administrative motion to seal, since each of the exhibits requested by plaintiff SuccessFactors, Inc. ("SuccessFactors") to be filed under seal are either subject to an existing, broader confidentiality order of this Court or a constitutionally protected right of privacy, the orders erroneously deny aspects of Plaintiff's motion to seal.

## I. FACTUAL BACKGROUND

### A. Watkins Declaration and Portions of Joint Case Management Statement Were Ordered Sealed by the Court.

Early in this case, the unredacted, March 26, 2008 declaration of David Watkins, submitted in opposition to SuccessFactors' Motion to Strike and in Response to Order to Show Cause, was filed under seal pursuant to Court order.[1] (*See* Dkt. Nos. 81, 84.) More recently, on June 30, 2008, the Court ordered that portions of the parties' Joint Case Management Statement be filed under seal "as they contain information not otherwise available to the public, the disclosure of which could cause substantial risk of harm." (Dkt. No. 148.) While the sealed portions of the case management statement were "narrowly tailored" to five lines of the case management statement, they pertained to two specific topics, (1) the status of the New Millennium Shoe business entity and (2) the conduct of Softscape in regard to a specific named business entity. (*See id.*; Dkt. No. 149 at 3–4.)

### B. Telephone Records Produced By Softscape Were Designated "Highly Confidential – Outside Attorneys' Eyes Only" Under Protective Order to Safeguard Constitutionally-Based Privacy Interests.

Under the Protective Order, Softscape produced certain landline telephone records.

---

[1] Softscape explained then that the Watkins declaration included information that "could cause competitive and/or commercial harm" and "business information that is confidential and proprietary to Softscape." (Dkt. No. 59.)

-1-

(Ratinoff Decl. ¶ 3.) These telephone records identify the personal, private phone numbers for several Softscape employees that are not parties to this action. (*Id.* ¶ 4.) Thus, in response to SuccessFactors' requests for production, Softscape agreed to produce them with the "Highly Confidential – Outside Attorneys' Eyes Only" designation afforded by the Protective Order in order to protect the privacy interests of non-parties whose numbers appear on those records. (*Id.*) Exhibit 28 consists of a one-page telephone log from Softscape's Wayland, Massachusetts office that includes annotation provided by Softscape; it is designated "Highly Confidential – Outside Attorneys' Eyes Only.[2] (*Id.* ¶ 4.) The information contained in Exhibit 28 is not readily accessible even from the within the company and Softscape considers them highly confidential. (Ratinoff Decl. ¶ 4.)

## II. PROCEDURAL BACKGROUND

### A. SuccessFactors' Motion for Administrative Relief to File Under Seal.

On July 30, 2008, SuccessFactors filed a motion to compel. The following day, it filed a motion requesting the Court's permission to file its brief and certain accompanying exhibits[3] under seal. (Dkt. No. 180.) Then, on August 6th, Softscape filed a declaration in support of SuccessFactors' administrative motion to seal that explained why each of the pertinent exhibits should be filed under seal. (Dkt. No. 183 ("Sinclair Decl.").) Softscape's declaration specifically noted that information included in both SuccessFactors' brief and Exhibits 2 and 3 thereto had already been ordered sealed by this Court in the Joint Case Management Statement. (Sinclair Decl. ¶¶ 7, 9.) And Softscape also attested that Exhibit 1, the March 26, 2008 Watkins declaration, had previously been filed under seal pursuant to Court order. (*Id.* ¶ 12.) Lastly, Softscape explained that it had designated as "Highly Confidential – Attorneys' Eyes Only" certain telephone records

---

[2] Bates numbered SSHC00654.

[3] SuccessFactors requested that Exhibits 1, 11, 12, 15–19, 21, 22, and 28 to the Declaration of Henry Z. Carbajal III in Support of Plaintiff SuccessFactors, Inc.'s Motion to Compel ("Carbajal Declaration") be filed under seal, along with select portions of Exhibits 2 and 3 to the declaration which consist of excerpts from the deposition transcript of David Watkins from May 30 and 29, 2008, respectively. All references herein to exhibits refer to the exhibits that were submitted by SuccessFactors with the Carbajal Declaration.

- 2 -

DEFENDANT SOFTSCAPE, INC.'S OBJECTIONS TO THE AUGUST 19, 2008 AND AUGUST 27, 2008 ORDERS REGARDING ADMINISTRATIVE MOTION FOR RELIEF TO SEAL    Case No. C08-1376 CW (BZ)

1  that were submitted here by SuccessFactors as Exhibit 28 to the Carbajal Declaration. Because these
2  records include the personal telephone contact information of non-parties, Softscape requested that
3  they, too, be filed under seal.
4        On August 19, 2008, the Magistrate Judge, ruling from the papers alone, denied
5  SuccessFactors' administrative motion to seal in its entirety. (Dkt. No. 197.) The Magistrate Judge
6  found Softscape's declaration insufficient to support granting the motion and the proposed order not
7  narrowly tailored. (*Id.* at 3.)   While acknowledging that an existing Court order sealed portions of
8  the Joint Case Management Statement, the Magistrate Judge deemed the current request to seal
9  related deposition testimony of David Watkins "excessive." (*Id.* at 4.)  And even though
10 Softscape's declaration specifically requested that Exhibit 1 be filed under seal just "as it was
11 previously filed (and accepted) under seal" (Sinclair Decl. ¶ 12), the Magistrate Judge appeared to
12 view this request as an improper effort to seal the *entire* declaration. Lastly, the Magistrate Judge
13 concluded that the request to seal Exhibit 28, phone records that disclose personal contact
14 information of non-parties, was an "excessive designation." (*Id.* at 6.)
15       Following the Magistrate Judge's August 19th Order, on August 22, 2008, Softscape made
16 an *ex parte* request to the Magistrate Judge to stay his order so that Softscape would have an
17 opportunity to submit and have the Court rule on its Rule 72(a) objections before the disputed
18 materials, some of which had previously been sealed by the Court, were submitted by
19 SuccessFactors into the public record. (Dkt. No. 206.) The Magistrate Judge granted a limited stay
20 until August 27, 2008, so that he could review an unredacted version of the case management
21 statement. (Dkt. No. 208.) Upon review of the unredacted Joint Case Management Statement that
22 was the subject of a prior Court order to seal, on August 27, 2008, the Magistrate Judge amended
23 his prior order and granted in part the motion to seal. (Dkt. No. 212.) Under the amended order,
24 select portions of Exhibits 2 and 3 and a few lines of SuccessFactors' opening brief were to be filed
25 under seal while the other exhibits addressed by the motion were to remain subject to public
26 disclosure. (*Id.*)
27 / / /
28 / / /

-3-

## III. ARGUMENT

### A. Legal Standard - Rule 72(a) Objections

This court should set aside or modify a magistrate judge's non-dispositive, pretrial order if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a) ("The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."); *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). And while findings of fact are reviewed under the clearly erroneous standard of review, legal conclusions are reviewed *de novo*. *See United States v. McConney,* 728 F.2d 1195, 1200-1201 (9th Cir. 1984).

A magistrate judge's ruling is clearly erroneous when, although there is evidence to support the ruling, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Wolpin v. Philip Morris, Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999). Further, a magistrate's decision is contrary to law when, after the district court interprets the law and applies it to the facts, the district court determines that that the legal finding of the magistrate fails to apply or misapplies relevant statutes, case law or rules of procedure. *Yent v. Baca*, No. 01-10672, 2002 WL 32810316, at *2 (C.D. Cal. Dec. 16, 2002).

### B. Order Denying Motion to Seal is Clearly Erroneous

While the Magistrate Judge has now amended the August 19th Order and granted in part SuccessFactors' motion to seal, the outright denial of the request to seal Exhibits 1 and 28, as well as the failure to seal all references in Exhibit 2 to a specific named entity, is clearly erroneous. Since these materials are either subject: (1) to an existing, broader confidentiality order of the Court, which would be undone by publicly disclosing these materials, or (2) to a constitutionally protected right of privacy, the Court should modify the Magistrate Judge's initial and amended order.

#### 1. Existing Court Orders Sealing Watkins Declaration and Joint Case Management Statement Undone By Magistrate's Order.

(a) **Exhibit 1.**

Despite Exhibit 1 already being subject to a Court order that sealed it from public disclosure in unredacted form (*see* Dkt. No. 81), the Magistrate Judge's order denied Softscape's request to

-4-

again file this document under seal. In his August 19th Order, the Magistrate Judge misinterpreted Softscape's declaration as a request to seal the "entire" Watkins' Declaration and comments that only "portions" of the document were originally filed under seal. (Dkt. No. 197 at 6.) But Softscape's declaration only requested that the Watkins Declaration (Exhibit 1) "be filed under seal as it was previously filed (and accepted) under seal." In view of the Court's earlier order, it was clearly erroneous for the Magistrate Judge to deny the request to file Exhibit 1 under seal as it was previously filed.

(b)  **Exhibit 2.**

In view of the Court's prior order (Dkt. No. 148) sealing certain portions of the case management statement—including references to a specific named business entity—the Magistrate Judge's amended order correctly permitted several references in Exhibit 2 to the same named business entity[4] to be filed under seal (e.g., references on page 282, lines 2, 9, 14 and 17). But the Magistrate Judge's order was too narrowly issued and fails to seal one additional reference to this business entity on page 284, line 2 (the text following the word "from"). (*Compare* Dkt. No. 212 *with* Ex. 2 at 284:2.) Since this additional reference relates substantively to the material that was ordered sealed by the Court, it, too, should have been sealed from public disclosure.

Indeed, the very purpose of the Court's prior sealing order, to avoid substantial risk of harm resulting from public disclosure, would be undercut if the Magistrate Judge's order was not modified to include this one additional reference to the same entity. If not sealed, the redacted portions of Exhibit 2 could be associated with this additional reference essentially rendering the Court-ordered redactions moot. Accordingly, the Magistrate Judge's order should be found erroneous and modified to comport with the earlier order by sealing all references to the named business entity.

**2.  Constitutionally Protected Privacy Interests of Non-Parties Require Sealing Telephone Records.**

Because the phone records comprising Exhibit 28 to the Carbajal Declaration are subject to

---

[4] *See* Dkt. Nos. 148 and 149.

-5-

1  the constitutionally-based right of privacy, which is recognized by courts in the Ninth Circuit, the
2  Magistrate Judge's decision not to grant the request to file this exhibit under seal, or to otherwise
3  safeguard the privacy interests of implicated third parties, was clearly erroneous. *See Breed v.*
4  *United States Dist. Ct. for Northern District*, 542 F.2d 1114, 1116 (9th Cir. 1976); *accord Soto v.*
5  *City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995); *Keith H. v. Long Beach Unified School*
6  *Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005). Softscape's declaration clearly indicated that the
7  information contained in Exhibit 28 included "personal telephone contact information of third
8  parties that are not known to the public." (Sinclair Decl. ¶ 17.) Since California has a strong policy
9  of protecting the identities and personal information of non-parties, including their telephone
10 numbers, this information should not be disclosed publicly. *See Planned Parenthood Golden Gate*
11 *v. Superior Court*, 83 Cal. App. 4th 347, 357-60 (2000); *see also Brooks v. Motsenbocker Advanced*
12 *Developments, Inc.*, No. 07-773, 2008 WL 2446205, at *1 (S.D. Cal. June 13, 2008) (excluding
13 private numbers from production where not related to business purposes).
14        And even where discovery warrants the disclosure of telephone numbers and phone records,
15 such information and documents are normally disclosed under a protective order requiring that the
16 records be maintained in confidence. *See, e.g.*, *Keith H.*, 228 F.R.D. at 657-58; *Putnam v. Eli Lilly*
17 *and Co.*, 508 F. Supp. 2d 812, 814-15 (C.D. Cal. 2007); *Bryant v. Mattel, Inc.*, No. 04-09049, 2007
18 WL 5416681, at *9 (C.D. Cal. Jan. 26, 2007). Yet, despite the Protective Order in this case, under
19 which Exhibit 28 was designated "Highly Confidential – Outside Attorneys' Eyes Only," the
20 Magistrate Judge denied the request to file the exhibit under seal. Instead, the Magistrate Judge
21 deemed it an "example of excessive designation" since the request was not limited to redacting only
22 the identifiable telephone numbers. (Dkt. No. 197 at 6.) While this proposal would certainly do
23 more to safeguard the legitimate privacy interests of third parties than outright and complete public
24 disclosure, Exhibit 28 includes confidential data beyond the phone numbers themselves, including
25 confidential annotations, identifying information and other non-public data that would not be
26 protected by only sealing the telephone numbers. The Magistrate Judge's decision fails to protect
27 legitimate privacy rights and ignores the fact that the exhibit included confidential information
28 beyond the telephone numbers alone. (*See* Ratinoff Decl. ¶ 5.) Further, the disclosure of the phone

-6-

1 records in the public record will likely subject the impacted non-parties to unwanted annoyance and
2 harassment and could even subject or expose them to identity theft. (*Id.* ¶ 6.) On this ground, too,
3 the Court should find the Magistrate Judge's decision clearly erroneous and warranting
4 modification.

## IV.   CONCLUSION

For the foregoing reasons, Softscape respectfully requests that the Court modify the Magistrate Judge's August 19, 2008 Order and subsequent amended order of August 27, 2008, and order that: (i) Exhibit 1 be filed under seal as it had previously been filed, (ii) Exhibit 2 be sealed as ordered and including page 284, line 2 (the text following the word "from"), and (iii) Exhibit 28 be filed under seal.

Dated:  August 29, 2008     Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO P.C.

*/s/ Jeffrey M. Ratinoff*
By:   ROBERT P. TAYLOR
      BRYAN J. SINCLAIR
      JEFFREY M. RATINOFF
      Attorneys for Defendant,
      SOFTSCAPE, INC.

4412067v.4

|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC, a Delaware corporation,<br><br>                    Plaintiff,<br><br>        vs.<br><br>SOFTSCAPE, INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. CV08-1376 CW (BZ)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S REQUESTS STATED IN ITS OBJECTIONS TO THE AUGUST 19, 2008 AND AUGUST 27, 2008 ORDERS REGARDING ADMINISTRATIVE MOTION FOR RELIEF TO SEAL**<br><br>Judge: Honorable Claudia Wilken |

1     Defendant Softscape, Inc. has filed Objections with this Court on August 29, 2008, to portions of the orders entered on August 19, 2008 (Docket No. 197) and August 27, 2008 (Docket No. 212), by Magistrate Judge Bernard Zimmerman.

    After considering the Administrative Motion for Relief to File Under Seal, the papers filed in support thereof (Docket Nos. 179, 180, and 183), the August 19th and 27th orders and Defendant's objections thereto, and all other matters presented to the Court, and finding good cause therefore,

    IT IS HEREBY ORDERED that the objected to portions of the Magistrate's August 27, 2008 Order amending the August 19, 2008 Order and the August 19, 2008 Order are modified and that the following exhibits to the Declaration of Henry Z. Carbajal III in Support of Plaintiff SuccessFactors, Inc.'s Motion to Compel be filed under seal:

    1.    Exhibit 1 as it had previously been filed under seal with the Court;

    2.    Exhibit 2 as ordered in the August 27th Order, with the additional redaction of page 284, line 2 (the text following the word "from"); and

    3.    Exhibit 28 in its entirety.

Dated: _____

                                          The Honorable Claudia Wilken
                                          United States District Judge

4412370v.2

- 1 -

[PROPOSED] ORDER GRANTING DEF'S REQUESTS STATED IN ITS OBJECTION TO THE ORDER ENTERED ON AUGUST 19, 2008 BY MAGISTRATE JUDGE ZIMMERMAN;    Case No. CV08-1376 CW (BZ)