UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUCCESSFACTORS, INC., <br>     Plaintiff(s), <br> v. <br> SOFTSCAPE, INC., <br>     Defendant(s). | No. C08-1376 CW (BZ) <br><br> **ORDER RE APPOINTMENT OF SPECIAL MASTER** |

    The court has selected Jack Russo to appoint as Special Master to act as discovery referee. Attached hereto is an Order appointing Mr. Russo, which Judge Wilken has approved and is prepared to signed once the parties have signified their consent and Mr. Russo has submitted a declaration under penalty of perjury as required by Rule 53(b)(3). **IT IS THEREFORE ORDERED** that:

    1. The parties shall signify their consent to the appointment of a discovery referee by countersigning the proposed order by **August 19, 2008** and filing the countersigned copy.

    2. The parties shall jointly contact Mr. Russo, advise

1  him of the appointment and request him to file his declaration
2  by **August 26, 2008.**
3  Dated: August 12, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\SUCCESSFACTORS V. SOFTSCAPE\ORDER RE STIPULATING TO SPECIAL MASTER.wpd

So Agreed:

_____   8/27/08
Jack Russo, Special Master

2

## **DECLARATION UNDER OATH**

I, Jack Russo, declare under penalty of perjury, as follows:

1.  I have read the foregoing Court Orders and I hereby accept the appointment as Special Master under Rule 53 of the Federal Rules of Civil Procedure. My resume is attached hereto as Exhibiit "A". My hourly rate and compensation for this work, as explained to counsel for the parties, is $600/hour.

2.  I hereby affirm that I am aware of no actual or potential conflicts of interest that prevent or restrict my neutrality in any fashion and I hereby confirm my neutrality.

3.  I further hereby affirm that I have disclosed my past employment at Davis, Stafford, Kellman & Fenwick (later named Fenwick, Stone, Davis & West and now named Fenwick & West) from 1980 to 1985 - - over 20 years ago. I have also disclosed my collegial relationships with Bill Fenwick as well as with Robert Taylor. The parties, through counsel, have agreed that none of the foregoing is an actual or potential conflict of interest.

4.  I have agreed and hereby do agree to be bound to the Protective Order in this case to the same degree and the same fashion as a District Court Judge, Magistrate Judge and/or other judicial officer of this Court is so bound and I hereby reaffirm this commitment.

5.  I further agree to make myself reasonably available and to not delegate any matters entrusted to me pursuant to Rule 53 and this Court's Orders and to remain neutral throughout these proceedings.

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on this 27th day of August, 2008 in Palo Alto, California.

*/s/ Jack Russo*
Jack Russo

## BIOGRAPHY OF JACK RUSSO

Jack Russo is the founding partner in the Palo Alto law firm of Russo & Hale LLP (*www.computerlaw.com*). The firm's focus is in representing entrepreneurs and companies in the protection of their ideas, inventions, and businesses; the firm specializes in the areas of Internet, e-commerce, software and other intellectual property protection, infringement, and licensing.

Mr. Russo originated some of the early thinking on IP protection of the "look and feel" of computer software and he has been involved in a number of software cases. His 1985 article, *Copyright in the "Look and Feel" of Computer Software* published in The Computer Lawyer pioneers the subject.

Mr. Russo is a member of the State Bars of California, New York, and Washington, D.C. He holds his JD from UCLA School of Law as well as dual M.B.A. degrees from Columbia University and from UC Berkeley's Haas School of Business; he also holds a joint Bachelor's and Master's degree from City University of New York in Urban Administration and Computer & Information Science. Before becoming an attorney, Mr. Russo worked full-time as a computer programmer and software analyst.

Mr. Russo is a Judge Pro Temp for the Santa Clara Superior Court and an Arbitrator and a Mediator for the United States District Court for the Northern District of California as well as for the American Arbitration Association. He has an active ADR practice and has acted as a neutral in over 100 cases in many federal and state civil litigation contexts.

Mr. Russo is a frequent speaker and has presented often to the ABA, PLI, and Computer Law Association; he is Chairman of the non-profit Foundation for Creativity in Dispute Resolution.

Exhibit "A"

# RESUME OF JACK RUSSO

**ADMITTED TO PRACTICE**

    State of California    State of New York
    State of Washington    District of Columbia
    District of Oregon    State of Hawaii

    Seventh Circuit
    Ninth Circuit
    Tenth Circuit
    Federal Circuit
    United States Supreme Court

**PRACTICE**

    Russo & Hale LLP
    (formerly Nelson & Russo)
    401 Florence Street
    Palo Alto, CA  94301
    (June 1985-Present)

    Fenwick & West
    (formerly Fenwick, Davis & West)
    Two Palo Alto Square, Suite 800
    Palo Alto, CA  94306
    (through May 1985)

**EDUCATION**

    UCLA School of Law, J.D., June 1980 (Order of the Coif)

    Columbia University, M.B.A.; UC Berkeley Haas School M.B.A.

    City University of New York, Brooklyn College, B.A.-M.A.
    Joint Degree in Urban Management and Computer and
    Information Science, 1977 (magna cum laude)

**PROFESSIONAL ASSOCIATIONS**

    American Bar Association (Section on Intellectual Property)
    Computer Law Association
    National Institute of Trial Advocacy
    American Inns of Court (San Francisco Intellectual Property)
    Chairman, Foundation for Creativity in Dispute Resolution

**PUBLIC PRESENTATIONS**

    Competitive Intellectual Property Litigation: Special Problems for Mediators, Evaluators and Other Neutrals U.S. District Court Program (March 1999)

    Presenting Expert Witnesses in Patent Cases and at <u>Markman</u> Hearings: The Use of <u>Daubert</u> and Related Objections Inn of Court Program (March 1999)

    Trade Expression in the "Look and Feel" of World Wide Web Site Graphical User Interfaces, International Trademark Association (1997)

    Lanham Act Protection for World Wide Web Sites, State Bar of California, Digital Trademark Conference (1997)

    "Look and Feel" Protection in the 1990s, Hastings School of Law, COMM/ENT Law Conference (1993)

    Scope of Copyright Protection for Virtual Worlds and Virtual Objects, ABA, Section on International Law (1993)

    Copyright Protection for Virtual Realities, American Bar Association, Section on Science & Technology (Aug. 1992)

    Problems in Computer-Based Licensor-Licensee Relationships, USC Computer Law Institute (May 1990)

    Strict Liability in Computer Software Cases, Minnesota State Bar Computer Law Association (April 1990)

    Copyright Protection of Computer Software in the 1990s, MacWeek ID89 Interface Design Conference (September 1989)

    Testimony before the United States Copyright Office Regarding Copyright Protection of Computer Software Textual Screen Displays (September 9, 1987)

    Developments in Trade Secret Law, Minn. Bar (Apr.1987)

    California Uniform Trade Secrets Act, Santa Clara (June 1986)

    Licensor/Licensee Software Litigation, PLI (Mar 1985)

    Copyright Registration of Trade Secret Works, Minn. (Oct 1984)

    Trade Secret Protection of Corporate Information Assets, National Computer Conference (May 1983)

    Copyright Protection of Computer Software, PLI (Jan. 1983)

**PUBLICATIONS**

The Trade Secret "Inevitable Disclosure" Doctrine, Reports for the ABA Section of Intellectual Property Subcommittee on Computer Software and Trade Secret Law (1997-1999)

Copyright Protection for Virtual Realities, American Bar Association, Section on Science & Technology (Aug. 1992) National Law Journal, vol.15, no. 6 (Oct. 12, 1992)

Copyright Protection for Computer Software in the 1990s, USC Computer Law Institute (May 1989)

Recent Developments in the Copyright Protection of the "Look and Feel" of Computer Software: Apple Computer v. Microsoft, 6 Software Protection 1-15 (No. 10 March 1988)

Developments in Copyright Protection of Computer Software, 2 International Computer Law Adviser 9-12 (No. 4 January 1988)

Software Copyright Protection, 5 Software Publisher's Association News 3-4 (No. 1 January 1988)

Recent U.S. Developments in Copyright Protection, 1 International Computer Law Adviser 5-7 (No. 4 January 1987)

Copyright in the "Look and Feel" of Computer Software, 2 Computer Lawyer 1 (1985)

The Impact of the Uniform Trade Secrets Act on California Trade Secrets Law, 1 Trade Secret Reporter (1985)

Do the "Box-Top" Computer Software License Agreement Work? in Software Protection (Law & Technology 1984)

Copyright Law with an Emphasis on Computer Software Disputes, in Computer Litigation (PLI 1983)

Pre-Trial and Discovery in a Computer Marketing Agreement Dispute, in Computer Litigation (PLI 1983)

Protection of Software After the Computer Software Copyright Act in Protection of Computer Software & Databases (1981)

**HONORS**

Judge Pro Tempore, Santa Clara Superior Court
Arbitrator/Mediator, U.S. District Court (N.D. California)
Arbitrator/Mediator, American Arbitration Association
Adjunct Professor, University of Santa Clara
Chair, ABA Subcommittee on Computer Software & Trade Secrets

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  SUCCESSFACTORS, INC.,          )
                                   )
12           Plaintiff(s),         )    No. C08-1376 CW (BZ)
                                   )
13      v.                         )
                                   )    **ORDER APPOINTING SPECIAL**
14  SOFTSCAPE, INC.,               )    **MASTER FOR DISCOVERY**
                                   )
15           Defendant(s).         )
                                   )
16  _____  )

17       Under Federal Rule of Civil Procedure 53 (a) and (b), the
18  parties have consented to the appointment of a Special Master
19  to act as a discovery referee.  The Court finds that
20  consideration of fairness, the prevention of undue delay and
21  the amount of judicial resources expended adjudicating
22  discovery disputes in this case constitute "exceptional
23  circumstances" which require the appointment of a special
24  master to oversee discovery.  See Harmston v. City and Country
25  of San Francisco, 2007 WL 3306526, *9 (N.D. Cal); National
26  Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 560
27  (N.D. Cal. 1987).  Pursuant to Federal Rule of Civil Procedure
28  53 (b)(3), by August 22, 2008 the Special Master is directed

                                   1

1  to file an declaration under 28 U.S.C. § 455 stating that
2  there is no ground for disqualification.
3      **THEREFORE, IT IS HEREBY ORDERED THAT**, pursuant to Federal
4  Rule of Civil Procedure 53, effective upon the filing of his
5  conflict declaration, the Court appoints Jack Russo as the
6  Special Master for discovery in this case.
7      1. <u>Scope of Duties</u>.  The Special Master shall adjudicate
8  all pretrial discovery disputes in this case, including
9  disputes arising during the course of depositions.
10     2. <u>Scope of Authority</u>. The Special Master shall have all
11 the authority provided in Federal Rule of Civil Procedure
12 53(c), including, but not limited to, the authority to set the
13 date, time, and place for all hearings determined by the
14 Special Master to be necessary; to direct the issuance of
15 subpoenas; to make rulings on objections or otherwise resolve
16 disputes arising during the course of depositions; to preside
17 over hearings (whether telephonic or in-person); to take
18 evidence in connection with discovery disputes; to award fee
19 allocations and non-contempt sanctions provided by Federal
20 Rules of Civil Procedure 37 and 45; and to recommend contempt
21 sanctions.  Any motion pursuant to Federal Rule of Civil
22 Procedure 37 or Civil Local Rule 37-1 for sanctions for
23 violations of the Special Master's orders shall be decided by
24 the Special Master.
25     3. <u>Procedures for Briefing Submitted to Special Master</u>.
26 The Special Master may resolve disputes presented orally, in
27 person or by telephone, in a letter brief, or in formal
28 motions.  In the case of discovery disputes that are to be

resolved by letter brief or written motions, all papers will be submitted directly to the Special Master by email with a courtesy copy by United States Mail or overnight courier, as directed by the Special Master. Briefing schedules will be determined by the Special Master.

    4. <u>Discovery Disputes - Meet and Confer Required</u>. In the event of a discovery dispute, the parties shall first meet and confer in good faith to attempt to resolve the dispute. In the event the parties are not able to reach an agreement, the dispute will be resolved by the Special Master. The Special Master shall devise procedures for the parties to follow in seeking his intervention.

    5. <u>Preservation of Record</u>. Pursuant to Federal Rule of Civil Procedure 53(b)(2)(c), the Special Master shall maintain files consisting of all documents submitted by the parties and any written orders, findings, and/or recommendations. Any order issued by the Special Master shall be emailed to the parties. Such emailing shall fulfill the Special Master's duty to serve the order on the parties. In addition, any order issued by the Special Master shall be filed with the Court via Electronic Case Filing (ECF) in a notice of ruling by the moving party. Any records of the Special Master's activities other than written orders, findings, and/or recommendations shall be filed in accordance with paragraph 6.(a) herein.

    6. <u>Action on Special Master's Orders, Reports, or Recommendations</u>.

        (a) Pursuant to Federal Rule of Civil Procedure

53(b)(2)(D), the procedure described in paragraphs 6(b) and 6(c) herein shall govern any action on the Special Master's orders, reports and/or recommendations.

(b) <u>Time Limits for Review</u>. Any party wishing to file objections to the Special Master's orders, reports and/or recommendations must file such objection with the Court within ten court days from the day the Special Master's order, report and/or recommendation is filed. Review of the Special Master's orders will be subject to the same procedures as review of orders of a Magistrate Judge, except as otherwise provided herein. <u>See</u> Civil Local Rule 72-2.

(c) <u>Filing the Record for Review</u>. The party filing the objection shall submit with such objection any record necessary for the Court to review the Special Master's order, report, and/or recommendation, including any transcripts of proceedings before the Special Master and any documents submitted by the parties in connection with the Special Master's order, report, and/or recommendation. Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion.

7. <u>Ex Parte Communications</u>. To facilitate the fulfillment of the duties hereunder, the Special Master may communicate ex parte to the Court to the extent that the Special Master deems necessary and appropriate. In addition, the Special Master may have ex parte communications with a party but such communications shall be limited to administrative matters such as scheduling hearings, telephone calls or briefing, if such arrangements cannot be made in a

1 timely manner by contacting the Special Master's
2 administrative assistant.
3     8. <u>Compensation</u>.  The Special Master shall be compensated
4 at the normal hourly rate for his or her services.  The cost
5 of the Special Master's compensation shall be allocated at the
6 Special Master's discretion, including allocation of the cost
7 of the Special Master's compensation to the non-prevailing
8 party upon the resolution of a dispute.
9     9. <u>Diligence</u>.  Pursuant to Federal Rule of Civil
10 Procedure 53(b)(2), the Court hereby directs the Special
11 Master to proceed with all reasonable diligence in performing
12 these duties.

14     The parties consent to the appointment of a special
15 master to act as discovery referee.

17 Dated: Aug. 29, 2008                    _____
18                                          Counsel for plaintiff

19 Dated: Aug. 29, 2008                    _____
20                                          Counsel for defendant

21     IT IS SO ORDERED.

22                                          _____
23                                          Claudia Wilken
                                            United States District Judge
24
25 G:\BEALL\-REFS\SUCCESSFACTORS V. SOFTSCAPE\ORDER APPOINTING SPECIAL MASTER.wpd

26 So Agreed:
27
28 _____ 8/27/08
   Jack Russo,
   Special Master

                                    5