UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUCCESSFACTORS, INC.,

        Plaintiff(s),      No. C08-1376 CW (BZ)

  v.

                            **ORDER APPOINTING SPECIAL**
SOFTSCAPE, INC.,            **MASTER FOR DISCOVERY**

        Defendant(s).

      Under Federal Rule of Civil Procedure 53 (a) and (b), the parties have consented to the appointment of a Special Master to act as a discovery referee.  The Court finds that consideration of fairness, the prevention of undue delay and the amount of judicial resources expended adjudicating discovery disputes in this case constitute "exceptional circumstances" which require the appointment of a special master to oversee discovery.  See Harmston v. City and Country of San Francisco, 2007 WL 3306526, *9 (N.D. Cal); National Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 560 (N.D. Cal. 1987).  Pursuant to Federal Rule of Civil Procedure 53 (b)(3), by August 22, 2008 the Special Master is directed

1

to file an declaration under 28 U.S.C. § 455 stating that there is no ground for disqualification.

**THEREFORE, IT IS HEREBY ORDERED THAT**, pursuant to Federal Rule of Civil Procedure 53, effective upon the filing of his conflict declaration, the Court appoints Jack Russo as the Special Master for discovery in this case.

1. <u>Scope of Duties</u>.  The Special Master shall adjudicate all pretrial discovery disputes in this case, including disputes arising during the course of depositions.

2. <u>Scope of Authority</u>. The Special Master shall have all the authority provided in Federal Rule of Civil Procedure 53(c), including, but not limited to, the authority to set the date, time, and place for all hearings determined by the Special Master to be necessary; to direct the issuance of subpoenas; to make rulings on objections or otherwise resolve disputes arising during the course of depositions; to preside over hearings (whether telephonic or in-person); to take evidence in connection with discovery disputes; to award fee allocations and non-contempt sanctions provided by Federal Rules of Civil Procedure 37 and 45; and to recommend contempt sanctions.  Any motion pursuant to Federal Rule of Civil Procedure 37 or Civil Local Rule 37-1 for sanctions for violations of the Special Master's orders shall be decided by the Special Master.

3. <u>Procedures for Briefing Submitted to Special Master</u>. The Special Master may resolve disputes presented orally, in person or by telephone, in a letter brief, or in formal motions.  In the case of discovery disputes that are to be

resolved by letter brief or written motions, all papers will be submitted directly to the Special Master by email with a courtesy copy by United States Mail or overnight courier, as directed by the Special Master.  Briefing schedules will be determined by the Special Master.

4. <u>Discovery Disputes - Meet and Confer Required</u>.  In the event of a discovery dispute, the parties shall first meet and confer in good faith to attempt to resolve the dispute.  In the event the parties are not able to reach an agreement, the dispute will be resolved by the Special Master.  The Special Master shall devise procedures for the parties to follow in seeking his intervention.

5. <u>Preservation of Record</u>.  Pursuant to Federal Rule of Civil Procedure 53(b)(2)(c), the Special Master shall maintain files consisting of all documents submitted by the parties and any written orders, findings, and/or recommendations.  Any order issued by the Special Master shall be emailed to the parties.  Such emailing shall fulfill the Special Master's duty to serve the order on the parties.  In addition, any order issued by the Special Master shall be filed with the Court via Electronic Case Filing (ECF) in a notice of ruling by the moving party.  Any records of the Special Master's activities other than written orders, findings, and/or recommendations shall be filed in accordance with paragraph 6.(a) herein.

6. <u>Action on Special Master's Orders, Reports, or Recommendations</u>.

   (a) Pursuant to Federal Rule of Civil Procedure

1 53(b)(2)(D), the procedure described in paragraphs 6(b) and
2 6(c) herein shall govern any action on the Special Master's
3 orders, reports and/or recommendations.

4      (b) <u>Time Limits for Review</u>.  Any party wishing to file
5 objections to the Special Master's orders, reports and/or
6 recommendations must file such objection with the Court within
7 ten court days from the day the Special Master's order, report
8 and/or recommendation is filed.  Review of the Special
9 Master's orders will be subject to the same procedures as
10 review of orders of a Magistrate Judge, except as otherwise
11 provided herein.  <u>See</u> Civil Local Rule 72-2.

12      (c) <u>Filing the Record for Review</u>.  The party filing the
13 objection shall submit with such objection any record
14 necessary for the Court to review the Special Master's order,
15 report, and/or recommendation, including any transcripts of
16 proceedings before the Special Master and any documents
17 submitted by the parties in connection with the Special
18 Master's order, report, and/or recommendation.  Failure to
19 provide the record shall constitute grounds for the Court to
20 overrule the objection or deny the motion.

21      7. <u>Ex Parte Communications</u>.  To facilitate the
22 fulfillment of the duties hereunder, the Special Master may
23 communicate ex parte to the Court to the extent that the
24 Special Master deems necessary and appropriate.  In addition,
25 the Special Master may have ex parte communications with a
26 party but such communications shall be limited to
27 administrative matters such as scheduling hearings, telephone
28 calls or briefing, if such arrangements cannot be made in a

4

timely manner by contacting the Special Master's administrative assistant.

   8. <u>Compensation</u>.  The Special Master shall be compensated at the normal hourly rate for his or her services.  The cost of the Special Master's compensation shall be allocated at the Special Master's discretion, including allocation of the cost of the Special Master's compensation to the non-prevailing party upon the resolution of a dispute.

   9. <u>Diligence</u>.  Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Court hereby directs the Special Master to proceed with all reasonable diligence in performing these duties.

   The parties consent to the appointment of a special master to act as discovery referee.


Dated:  _____,2008         _____
                                Counsel for plaintiff

Dated:  _____,2008         _____
                                Counsel for defendant

   **IT IS SO ORDERED.**

 Dated: September 2, 2008       _____
                                Claudia Wilken
                                United States District Judge

G:\BZALL\-REFS\SUCCESSFACTORS V. SOFTSCAPE\ORDER APPOINTING SPECIAL MASTER.wpd