LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
LIWEN A. MAH (CSB No. 239033)
lmah@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

PATRICK E. PREMO (CSB No. 184915)
ppremo@fenwick.com
HENRY Z. CARBAJAL III (CSB No. 237951)
hcarbajal@fenwick.com
DENNIS M. FAIGAL (CSB No. 252829)
dfaigal@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for Plaintiff
SUCCESSFACTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC., a Delaware corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SOFTSCAPE, INC., a Delaware corporation; and DOES 1-10,<br><br>　　　　　　　　Defendants. | Case No. C-08-1376 CW (BZ)<br><br>**PLAINTIFF SUCCESSFACTORS, INC.'S RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTION AND REQUEST TO STRIKE DECLARATION OF KEVIN MOORE IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS, FURTHER INTERROGATORY ANSWERS AND PROPER PRIVILEGE LOGS**<br><br>Date:　September 10, 2008<br>Time:　10:00 a.m.<br>Special Master: Jack Russo<br><br>Date of Filing: July 30, 2008<br>Trial Date:　June 1, 2009 |

# INTRODUCTION

SuccessFactors, Inc. was forced to file a motion to compel due to Softscape, Inc.'s continued resistance to producing discovery, in particular electronically stored information. Softscape continues its obstructionist methods with meritless objections to the reply declaration of Kevin Moore filed in support of SuccessFactors' July 30, 2008 motion to compel. Softscape's objections largely appear to re-argue the merits of SuccessFactors' motion to compel rather than attack on legitimate evidentiary grounds the admissibility of Mr. Moore's declaration. Softscape's objections regarding the timeliness and relevance of the Moore declaration are without merit and appeared aimed principally at distracting from the core issue that Softscape continues to withhold highly relevant information. Softscape's objection and request to strike should be overruled.

# ARGUMENT

## I. SUCCESSFACTORS DID NOT OFFER IMPROPER "NEW" EVIDENCE

Softscape attempts to tie the disputes regarding overwritten revisions of the Presentation to the August 20, 2008 declaration of Kevin Moore in support of SuccessFactors' reply brief. (*See* Dkt. No. 201.) This is a non-sequitur since the Moore declaration does not discuss the missing revision issue.[1] The Moore declaration responds to the declaration of Mr. Fougere submitted in support of Softscape's opposition as well as Softscape's arguments regarding types of metadata information that may exist and refutes the assertion that extracting some of the requested metadata information would be burdensome. (*Compare* Dkt. No. 201, ¶¶ 6-11, *with* Dkt. No. 190, ¶¶ 10-13 & Dkt. No. 187, at 3:23-25 & 4:20-21.)

SuccessFactors submitted the Moore Declaration to address Softscape's arguments raised for the first time in the opposition papers. Softscape opposed SuccessFactors' motion through attorney argument asserting undue burden (Dkt. No. 187, at 3:23-25 & 4:20-21; *accord* Dkt. No. 211, at 1:15-17) and disputing the nature and utility, though not the existence, of additional metadata information within Softscape's system and hard drives to avoid an order compelling

---

[1] However, should additional Presentation versions exist and are produced by Softscape, SuccessFactors maintains that such documents should be produced with the metadata currently sought by SuccessFactors' motion.

production. (Dkt. No. 190, Fougere Decl. ¶¶ 10-13.) Mr. Moore's declaration responds to the unsupported attorney argument regarding burden by pointing out the requested information should already be readily accessible assuming Softscape's document collection was performed properly. (Dkt. No. 201, ¶¶ 7-11.) Mr. Moore's declaration also responds to Mr. Fougere's statements asserting confusion as to what information was meant by the term "local drive directory structures" and alluding to local drive file histories comprising material already produced by Softscape in the form of embedded file metadata. (*Compare* Dkt. No. 190, Fougere Decl. ¶¶ 12-13, *with* Dkt. No. 201, ¶¶ 10-11.) There was nothing improper about submitting Mr. Moore's declaration in response to Softscape's opposition papers. Its objections to the contrary should be overruled.

The evidence included in Mr. Moore's declaration is highly relevant to the underlying discovery dispute. It is well-settled that on a motion to compel, where information appears relevant (as it surely does with respect to Presentation metadata and revision information), "the party resisting the discovery has the burden to establish the lack of relevance . . . ." *Beach v. City of Olathe*, 203 F.R.D. 489, 495-96 (D. Kan. 2001); *see also Culkin v. Pitney Bowes, Inc.*, 225 F.R.D. 69, 71 (D. Conn. 2005) (objecting party "bears the burden of showing why discovery should be denied") (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Moreover, "in opposing discovery on grounds of burdensomeness, the *objecting party* is required to demonstrate that the time and expense involved in responding to the requested discovery will, in fact, be unduly burdensome." *Residential Constructors, LLC v. Ace Prop. & Cas. Ins. Co.*, No. 2:05-cv-01318, 2006 U.S. Dist. LEXIS 80403, at *25-26 (D. Nev. Nov. 1, 2006) (emphasis added); *Cory v. Aztec Steel Bldg., Inc.*, 225 F.R.D. 667, 672 (D. Kan. 2005).

The Moore declaration simply refutes Softscape's attempts in its opposition papers to substantiate its spurious relevance and burden objections. SuccessFactors' submission is proper, timely and could not be done in the opening papers. *See Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 309 n.5 (N.D. Cal. 2007). When Softscape made an attempt at asserting relevance and burden objections by including *inter alia* a client declaration, SuccessFactors appropriately responded with the declaration of Mr. Moore and appropriate arguments in its reply brief.

1  SuccessFactors was not obligated to disprove Softscape's objections in advance. There is no
2  reason to strike the declaration as "new" evidence.[2]

### **CONCLUSION**

For the foregoing reasons, SuccessFactors respectfully requests that Softscape's Evidentiary Objection and Request to Strike Plaintiff's Declaration of Kevin Moore in Support of Plaintiff's Motion to Compel Production of Documents, Further Interrogatory Answers and Proper Privilege Logs be overruled in its entirety.

Dated: September 5, 2008

FENWICK & WEST LLP

By:     /s/ Henry Z. Carbajal III
             Henry Z. Carbajal III

Attorneys for Plaintiff
SUCCESSFACTORS, INC.

*1291006*

---

[2] Softscape's citation to *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) is inapposite. *Provenz* dealt with the special circumstance of new evidence in a reply to a motion for summary judgment, which cannot be considered unless the opposing party has an opportunity to respond. *Id*. Additionally, Softscape's citation to *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) is irrelevant as the case addressed waiver of issues first raised in a reply *appellate* brief.