1   LAURENCE F. PULGRAM (CSB No. 115163)
    lpulgram@fenwick.com
2   LIWEN A. MAH (CSB No. 239033)
    lmah@fenwick.com
3   FENWICK & WEST LLP
    555 California Street, 12th Floor
4   San Francisco, CA 94104
    Telephone:   (415) 875-2300
5   Facsimile:   (415) 281-1350

6   PATRICK E. PREMO (CSB No. 184915)
    ppremo@fenwick.com
7   HENRY Z. CARBAJAL III (CSB No. 237951)
    hcarbajal@fenwick.com
8   DENNIS M. FAIGAL (CSB No. 252829)
    dfaigal@fenwick.com
9   FENWICK & WEST LLP
    Silicon Valley Center
10  801 California Street
    Mountain View, CA 94041
11  Telephone:   (650) 988-8500
    Facsimile:   (650) 938-5200

12
    Attorneys for Plaintiff
13  SUCCESSFACTORS, INC.

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16                   OAKLAND DIVISION

17

18  SUCCESSFACTORS, INC. a Delaware          Case No. C-08-1376 CW (BZ)
    corporation,
19                                           **PLAINTIFF SUCCESSFACTORS, INC.'S NOTICE
                     Plaintiff,              OF MOTION AND MOTION TO COMPEL
20                                           PRODUCTION OF DOCUMENTS, FURTHER
           v.                                INTERROGATORY ANSWERS AND PROPER
21                                           PRIVILEGE LOGS**
    SOFTSCAPE, INC., a Delaware
22  corporation; and DOES 1-10,             Date:    September 3, 2008
                                            Time:    10:00 a.m.
23                   Defendants.            Judge:   Hon. Bernard Zimmerman
                                            Place:   Courtroom G, 15th Floor
24
                                            Date of Filing: July 30, 2008
25                                          Trial Date:     May 11, 2009

26

27             **REDACTED PUBLIC VERSION**

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO COMPEL .................................................. 1

STATEMENT OF ISSUES TO BE DECIDED ....................................................... 1

INTRODUCTION ................................................................................. 2

STATEMENT OF FACTS .......................................................................... 2

    A.    Softscape's "Internal" PowerPoint "Hit Piece" ....................................... 2

    B.    Softscape Engaged In Unethical and Illegal Activities to *Inter Alia* Obtain Content for the Presentation ....................................................................... 3

    C.    Pertinent Procedural History ............................................................... 4

ARGUMENT ..................................................................................... 5

I.    INFORMATION REGARDING THE PRESENTATION AND RECIPIENTS ............... 6

    A.    Document Request No. 1 .................................................................... 6

    B.    Document Request No. 5 .................................................................... 8

    C.    Document Request No. 2 .................................................................... 9

        1.    Communications *About* the Recipients ..................................... 10

        2.    Softscape Database Information on Presentation Recipients................... 10

        3.    Softscape Sales and Marketing Efforts Made to Presentation Recipients.................................................................................. 11

II.    INFORMATION REGARDING UNAUTHORIZED ACCESS CLAIMS ................... 12

    A.    Document Request Nos. 7 and 8 .......................................................... 12

    B.    Document Request No. 8 .................................................................... 13

    C.    Interrogatory No. 7 ......................................................................... 14

III.    OPERATION OF THE NMS SHELL COMPANY ............................................. 14

    A.    Document Request No. 28 ................................................................... 14

    B.    Document Request No. 29 ................................................................... 15

    C.    Document Request No. 42 ................................................................... 16

IV.    INFORMATION REGARDING CUSTOMER POACHING........................................ 17

    A.    Document Request No. 6 .................................................................... 17

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1
2

**TABLE OF CONTENTS**
(continued)

Page

3    B.    Document Request No. 13 ................................................................. 18

4    C.    Document Request Nos. 22-25 ......................................................... 19

5    D.    Document Request No. 32 ................................................................. 20

6 V.   INFORMATION REGARDING THE RECEIPT OF SUCCESSFACTORS'
      TEMPLATE DOCUMENT .......................................................................... 21

7    A.    Document Request No. 15 ................................................................. 21

8 VI.  DOCUMENTS CONCERNING SOFTSCAPE'S PRESS RELEASE
      DOCUMENTS ............................................................................................. 22

9

10 VII.  PRIVILEGED INFORMATION AND LOGS ............................................. 24

      A.    Inadequacy of Privilege Assertions for Phone Records ........................ 24
11

12    B.    Refusal to Log Press Release-Related Communications ....................... 25

 VIII.  CONCLUSION ............................................................................................. 25

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.,*
175 F.R.D. 646 (C.D. Cal. 1997) ................................................................ 5

*Ceramic Corp. of Am. v. Inka Mar. Corp.* Inc.,
163 F.R.D. 584 (C.D. Cal. 1995) .............................................................. 24

*Fed. Open Mkt. Comm. v. Merrill,*
443 U.S. 340 (1979) .................................................................................. 11

*Hill v. Eddie Bauer,*
242 F.R.D. 556 (C.D. Cal. 2007) ........................................................ 11, 24

*Marshall v. Rain,*
Case No. 04cv0403, 2008 U.S. Dist. LEXIS 41737
(S.D. Cal. May 23, 2008) .......................................................................... 25

*Pittman v. Frazer,*
129 F.3d 983 (8th Cir. 1997) ...................................................................... 7

*Societe Civille Succession Richard Guino v. Beseder Inc.,*
No. CV 03-1310, 2007 U.S. Dist. LEXIS 83782 (D. Ariz. Oct. 30, 2007) ..................... 10, 19

*South Bay Chevrolet v. GMAC,*
72 Cal. App. 4th 861 (1999) ...................................................................... 17


**STATUTES**

15 U.S.C. § 1117(a) .......................................................................... 10, 12, 19

Cal. Bus. & Prof. Code § 17200 .......................................................... 13, 15, 16, 17

Cal. Bus. & Prof. Code § 17208 .......................................................................... 14

Cal. Civ. Code § 48 .................................................................................. 10, 19

Cal. Penal Code § 502 .......................................................................... 13, 15, 16


**OTHER AUTHORITIES**

Civil L.R. 37-2 ............................................................................................ 1

Civil L.R. 7 ............................................................................................... 1

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## NOTICE OF MOTION AND MOTION TO COMPEL

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 3, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard, before Magistrate Judge Bernard Zimmerman, Plaintiff SuccessFactors, Inc. ("SuccessFactors") will and hereby does move the Court, pursuant to Civil L.R. 7 and Civil L.R. 37-2, for an Order compelling Defendant Softscape, Inc. ("Softscape") to produce documents, adequate interrogatory responses and proper privilege logs as follows:

1.    Full and complete requested document production in response to Document Request Nos. 1, 2, 4-8, 13, 15, 17, 22-25, 28-29, 32 and 42.

2.    A full and complete response to Interrogatory No. 7, regarding which employees accessed SuccessFactors' sales demos.

3.    Unredaction of relevant information within Softscape's employees' phone records, produced pursuant to various document requests.

4.    A privilege log of allegedly privileged or work-product communications concerning final or draft Softscape press releases, in response to Document Request No. 17.

This Motion is based on this Notice of Motion and Motion, SuccessFactors' Memorandum of Points and Authorities in support, the Declaration of Henry Z. Carbajal III, and exhibits thereto, filed contemporaneously herewith, the pleadings and papers on file in this action and any other matter or authorities that may be submitted at or before the hearing.

## STATEMENT OF ISSUES TO BE DECIDED

1.    Whether Softscape can artificially limit document requests to the Presentation or facts therein, even when several of SuccessFactors' claims do not depend on the Presentation.

2.    Whether Softscape can refuse to produce documents and communications, including metadata and directory information, regarding the Presentation and its recipients based on non-particularized claims of "confidentiality" and lack of relevance.

3.    Whether Softscape can refuse to produce documents regarding its effort to poach SuccessFactors' customers, possibly utilizing the Presentation or related information, by limiting discovery to lost customers SuccessFactors can identify *before* the benefit of discovery.

4.    Whether Softscape can withhold information on the basis of "privacy" and "confidentiality" despite the presence of an adequate Protective Order.

5.    Whether Softscape can refuse to log alleged privileged communications regarding press releases related to the Presentation that repeated and endorsed its defamation.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Defendant Softscape and its employees constructed a 40-plus page PowerPoint "hit piece" ("the Presentation") written to read as if written by an unsatisfied customer of Plaintiff SuccessFactors. One of the main authors of the Presentation was Softscape's CEO, Dave Watkins, who posed as a phony potential customer, obtain a password to SuccessFactors' site and collect non-public information to compete against SuccessFactors. (Ex. 1, ¶ 4.)[1]

In the aftermath of this debacle, Softscape has employed two strategies. One is to obscure the established facts. Indeed, Mr. Watkins and Softscape have already begun to retreat from prior acknowledgment that Softscape wrote the entire Presentation, now contending that it cannot tell who prepared the final version. The second strategy employed by Softscape is to attempt to severely limit the amount and type of damaging evidence available in discovery. Softscape has taken a variety of unreasonable positions imposing innumerable limitations and drawing lines that cordon off discovery in critical areas As two examples out of many, Softscape repeatedly seeks to ignore SuccessFactors' claims based on illegal access to computer systems, which do not depend on the Presentation, and to shutter access to Softscape's communications with Presentation recipients. Moreover, Softscape is improperly withholding information regarding employee phone records and allegedly privileged press release documents.

SuccessFactors needs this discovery and so is filing this motion for the first date available after Judge Zimmerman gave permission to do so. The motion to compel should be granted.

### STATEMENT OF FACTS

**A.    Softscape's "Internal" PowerPoint "Hit Piece"**

This litigation is based on a 43-page PowerPoint presentation entitled "The Naked Truth," which was authored by Softscape and sent to more than 750 of SuccessFactors' customers and potential customers. (Dkt. No. 17, Mar. 11, 2008 Decl. of Robert Bernshteyn ("Bernshteyn

---

[1] All citations to "Decl." are to the Declaration of Henry J. Carbajal In Support of Plaintiff SuccessFactors' Notice of Motion and Motion to Compel Production of Documents, Further Interrogatory Answers and Proper Privilege Logs. Unless otherwise indicated, all citations to "Ex." are Exhibits to Mr. Carbajal's Declaration.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Decl.") ¶¶ 3, 7.)  The Presentation contains numerous false and misleading statements about customer retention rates and satisfaction with SuccessFactors' products, all designed to impugn SuccessFactors and turn its customers towards Softscape.  Although Softscape claims the Presentation was to serve this function as an "internal sales document," in fact the Presentation never mentions Softscape; is prepared on a SuccessFactors' template; and is written to be *read* by potential customers.  In short, it appears designed precisely for anonymous circulation.

The Presentation was sent using the anonymous gmail address under the pseudonym "John Anonymous."  (Dkt. No. 17, Bernshteyn Decl. ¶¶ 3, 7.)  The address was created on March 4, 2008 at approximately 9:44 p.m. EST.  (Dkt No. 55, Mar. 26, 2008 Decl. of Liwen Mah, ¶ 2.)  Google records show the account was accessed at approximately 10:03 pm EST from the Courtyard Marriott Hotel in Waltham, Massachusetts, which is less than nine miles away from Softscape's headquarters in Wayland, Massachusetts.  (*Id.* ¶ 4.)

**B.    Softscape Engaged In Unethical and Illegal Activities to *Inter Alia* Obtain Content for the Presentation**

Evidence collected by SuccessFactors in a Rule 30(b)(6) deposition further implicates Softscape.  John Anonymous's March 4 e-mails included addresses of SuccessFactors' prospects and customers who had attended a dinner event hosted by SuccessFactors in New York City on February 28, 2008 ("SuccessFactors' Dinner List").  (Ex. 2, at 356:22-363:5, 362:20-363:5 & 368:5-370:13.)  Softscape obtained that Dinner List from Larry Kurzner, ana employee of Accenture who disclosed the List to Softscape without knowledge, authorization or consent of SuccessFactors, joining Softscape as an employee thereafter.  (*Id.*)

The scheme to distribute the Presentation began with Softscape's Chief Executive Officer, Dave Watkins, its primary author.  (*See* Ex. 1, ¶ 4.)  (Ex. 3, at 240:17-21, 259:15-20.)  Watkins posed as a prospective customer by using a defunct shell company in Puerto Rico, New Millenium Shoe Company ("NMS"), of which he is the sole owner.  (*Id.* at 227:10-229:24.)  He used the name of his sister-in-law, Ely Valls, to contact SuccessFactors on behalf of NMS to fraudulently obtain a password and thereby gain access to and participate in SuccessFactors' demonstration version of its software.  (*Id.* at 234:25-235:5.)

1     Watkins had his wife Lillian, posing as her sister Ely, set up two web meetings on

2     February 19, and 21, 2008, for "NMS" to get detailed explanation of SuccessFactors' software

3     from its sales representative, Jose Corrales. Watkins attended the first meeting secretly and in

4     silence; the second he participated use the fictitious name "Javier Cruz." (Dkt. No. 42, 3.21.08

5     Decl. of Jorge Andres Corrales, ¶¶ 2-16.) (Ex. 3, at 244:15-16, 247:2-248:6, 250:25-251:16.)

6     After the first demonstration, "Ms. Valls" asked for and received a confidential sales proposal

7     including pricing information (*Id.* ¶¶ 7-8) from which Mr. Watkins later copied two pages and

8     "paste[d] them into the Naked Truth document[.]" (Ex. 3, at 262:9-14.)

9     ████████████████████████████████████████████████████████████████

10    ████████████████████ (Ex. 2, at 282:1-7.) He also admitted that he, and at least one other

11    Softscape employee, used the password fraudulently to access SuccessFactors' customer-only

12    site. (Ex. 3, at 250:25-253:25.) Further, SuccessFactors has developed evidence that Watkins

13    also hacked into the SuccessFactors network one earlier occasion, in 2005. Remarkably, Watkins

14    also admitted that he had used the same ████████████████████████████████████████

15    ████████████████████████████████████████████████████████████. (*Id.* at

16    238:4-14.)

17    **C.    Pertinent Procedural History**

18         SuccessFactors served its first set of requests for production of documents (Nos. 1-16) on

19    March 28, 2008. (Ex. 4.) Softscape responded on May 1, 2008, and issued amended responses

20    May 14, 2008. (*Id.* ¶ 6 & Exs. 5 and 6.) SuccessFactors served its second set of requests for

21    production of documents (Nos. 17-43) on April 4, 2008. (*Id.* ¶ 7, Ex. 7.) Softscape responded on

22    May 4, 2008, and issued amended responses May 19, 2008. (*Id.* ¶ 7 & Exs. 8 and 9.)

23    SuccessFactors served its first set of interrogatories (Nos. 1-19) on April 11, 2008, and Softscape

24    responded on May 12. (*Id.* ¶ 8, Exs. 10, 11.)

25         The parties have met and conferred in-person on these issues on numerous occasions over

26    four months, most recently for several hours on July 10 and July 17, 2008. (Decl. ¶¶ 10-28.) The

27    parties' efforts were unable to resolve all disputes, prompting the instant motion.

28         Disputes regarding Softscape's discovery responses have been exacerbated by the paucity

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    of Softscape's document production. Softscape has repeatedly made promises to the Court

2    regarding the imminence of a substantial document production that has yet to come to pass,

3    including representations made on March 27, May 8, June 11, June 17 and July 3, 2008. (Decl.

4    ¶ 3.) The reality, however, is that Softscape is dribbling out miniscule narrowly sculpted

5    selections of 150 to 250 documents at a time. (*Id.* ¶ 5.)

6          The Court has issued several directives aimed at facilitating discovery. During the

7    preliminary injunction hearing, Judge Wilkin ordered the opening of fact discovery and Softscape

8    represented discovery would be forthcoming. (Ex. 13, at 45:24-46:10, 47:18-48:11.) On June 17,

9    Judge Wilkin expressed deep concern that despite Softscape's prior counsel's assurances,

10   discovery was not forthcoming. (Ex. 14, at 8:21-9:10.) On July 3, 2008, the Court also directed

11   lead counsel to meet and confer on all pending disputes no later than July 11, 2008. (Decl. ¶¶ 3-

12   4, 9.) The Court granted leave to file motions to compel to the extent any issues were left

13   unresolved thereafter . (*Id.*) On July 7, 2008 the Court set firm deadlines for production of

14   documents for outstanding discovery requests, including production of documents for six "tier 1"

15   Softscape custodians by July 15, 2008 (a date Softscape failed to meet) with the remainder of the

16   parties' outstanding production by August 1, 2008. (Dkt. No. 159, Third Disc. Order, at 1-2.)

17         further ordered that the parties would have leave to file motions to compel to the extent

18   any issues were left unresolved from the Court-ordered meet and confer session. (*Id.*) On July 7,

19   2008 and set firm deadlines for production of documents for outstanding discovery requests,

20   including production of documents for six "tier 1" Softscape custodians by July 15, 2008 (a date

21   Softscape failed to meet) and the remainder of the parties' outstanding production by August 1,

22   2008. (Dkt. No. 159, Third Disc. Order, at 1-2.)

23                                      **ARGUMENT**

24         Federal Rule of Civil Procedure 26(b)(1) provides, as a matter of right, that parties may

25   obtain discovery on matters relevant to any party's claims and defenses. Discovery is designed to

26   remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate

27   and resolve their dispute. *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D.

28   646, 650 (C.D. Cal. 1997). The party resisting discovery has the burden to show discovery

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  should not be allowed, and has the burden of explaining and supporting its objections. *Id.*

2  **I.    INFORMATION REGARDING THE PRESENTATION AND RECIPIENTS**

3    Softscape has attempted to block discovery of some of the most fundamental issues in this

4  case, namely the evolution of the Presentation and who received it.  Softscape has produced only

5  a paltry number of versions of the Presentation in its possession, and refused to produce essential

6  metadata, file histories, version data and directory information.  Softscape further refuses to

7  produce its database information on the Presentation's recipients, sales efforts made to

8  Presentation recipients, and internal communications regarding recipients and their reactions.

9    **A.    Document Request No. 1**

10 **Document Request No. 1:**

11    ALL DOCUMENTS CONCERNING the genesis, creation, review, or revision of the
   PRESENTATION, including but not limited to any components, formats, versions, portions,
   edits, memoranda, notes, e-mails, embedded objects, file histories, version data, or document

12 management system logs. [(Ex. 4, at 6.)]
   **Response to Document Request No. 1:**

13    Softscape objects to this request to the extent it calls for the production of material
   protected by attorney-client privilege or the attorney work product doctrine.

14    Subject to the foregoing specific and general objections, Softscape will produce non-
   privileged relevant, responsive documents in its possession, custody or control that are related to

15 the genesis, creation, review or revision of the PRESENTATION.  [(Ex. 6, at 4.)]

16    There has been a disturbing lack of information produced about three of the central issues

17 in the case:  who authored the final version of the Presentation; who distributed it; and how it

18 made its way from Softscape's server to the John Anonymous Google e-mail account.  To this

19 point, Softscape has produced only four versions of the Presentation from Softscape's server and

20 custodians, including:  1) a March 3, 2008, 44 page version of the Presentation produced to

21 SuccessFactors in native PowerPoint format, with metadata indicating the file is revision 330,

22 (Ex. 15); 2) a March 3, 2008, 47 page version of the Presentation in .pdf format, created by Dave

23 Watkins, (Ex. 16); 3) a March 17, 2008 version in native PowerPoint format, with metadata

24 indicating the file is revision 377, (Ex. 17); and 4) a March 24, 2008 version in native PowerPoint

25 format, with metadata indicating the file is revision 382 (Ex. 18).  Softscape claims it can't find,

26 on its servers, the March 4, 2008 version emailed by John Anonymous.

27    From the metadata for the PowerPoint files that have been produced, it is evident that

28 there were more than 52 versions of the Presentation between March 3 and March 24, 2008.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   (*Compare* Ex. 15, at 1, *with* Ex. 18, at 1.)  Softscape has produced almost no information to

2   account for these versions, changes and the editing time.  To piece together the trail of the

3   Presentation, SuccessFactors needs to be able to identify where Presentation copies came from —

4   including various places on Softscape's servers and users' hard drives — and to track the

5   Presentation for its source creation location both before and after distribution by John

6   Anonymous.  Softscape has represented it has no document logs or information showing who

7   *accessed* the Presentation, and that the Presentation file simply "resided in a folder on the server."

8   (Ex. 19.)  But folders have names, creators, creation and modification dates, and locations on

9   particular servers.  Softscape is certainly able to track where the documents it is producing are

10  coming from in order to certify that its production is complete.  SuccessFactors is entitled to *all*

11  data that exists as to each version in any server hard drive or file records.  This includes:

- Local drive directory structures:  This information is readily available to Softscape from each custodians' imaged hard drive and indisputably responsive to the document request;

- Local drive file histories:  Document creation, last accessed and last written dates are written into the operating system on each of Softscape's imaged hard drives and servers, as well as included within a produced native format document. SuccessFactors is entitled to information from both sources.

- Audit log files from Softscape's document collection:  When Softscape began collecting documents for production, it would have generated a log showing the "chain of custody" or file path information showing where documents were found, where they are located and the overall file directory structure;

19      Softscape apparently asserts that its audit log files, with directory information identifying

20  where copies of the Presentation are originating from, and the directory structure for produced

21  documents, are protected non-opinion work product.[2]  (*Id.*)  But Softscape's collection of

22  information about where files were located cannot make the original locations and other pre-

23  existing information privileged.  In any event, work produced must yield where there is

24  "'substantial need and an inability to secure the substantial equivalent of the items through

25  alternate means without undue hardship.'"  *Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997)

26

27  [2] Softscape inexplicably refused production of local hard drive directory structure information and local drive file histories with respect to the Presentation.  (Ex. 19.)  This information plainly constitutes documents concerning the genesis, creation, review and revision of the Presentation

28  and should be produced.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    Softscape would have SuccessFactors accept its bare statement that the Presentation floats

2    in the ether of its server in isolation.  Compounding the difficulty, Softscape's CEO has testified

3    that there are several systems that may house versions or copies of the Presentation, including

4    Softscape's Sales Resource Center server, the "administrator's machine," and the corporate file

5    server.  (Ex. 3, at 43:3-13.)  *See also* Dkt. No. 74, Decl. of Susan Mohr, ¶ 6 (identifying

6    "Business Intelligence Server").  Softscape would deny SuccessFactors the ability to trace copies

7    to particular locations within Softscape's system, despite the clear relevance to the Presentation's

8    origin.  Softscape should be compelled to produce all missing versions of the Presentation and all

9    file, folder, directory, location, revision and document access information for all copies on its

10   server or custodians' hard drives.  If certain information does not exist, Softscape should be

11   compelled to tell SuccessFactors if it ever existed, and if so, why it no longer exists.

12       **B.    Document Request No. 5**

13   **Document Request No. 5:**
         ALL COMMUNICATIONS CONCERNING the PRESENTATION, including but not
14   limited to COMMUNICATIONS between or involving SOFTSCAPE employees, its customers,
     or current or former SUCCESSFACTORS employees.  (Ex. 4, at 7.)
15   **Response to Document Request No. 5:**
         Softscape objects to this request to the extent it calls for the production of material
16   protected by attorney-client privilege or the attorney work product doctrine.  Softscape further
     objects to this request to the extent that it calls for third party confidential, proprietary
17   information.
         Subject to the foregoing specific and general objections, Softscape will produce non-
18   privileged, relevant, responsive documents in its possession, custody or control that are related to
     any communications concerning the PRESENTATION.  (Ex. 6, at 5.)
19

20       This response demonstrates the crabbed construction Softscape is imposing on clearly

21   proper requests.  Although Softscape's response purports to agree to produce all communications

22   concerning the Presentation, counsel advised on July 10, that it planned to withhold emails it had

23   sent to customers defending the Presentation (and impugning SuccessFactors).  (Decl. ¶¶ 11-13.)

24   Specifically, on March 14, Dave Watkins sent an email to customers (who Softscape refuses to

25   identify), purportedly apologizing about the lawsuit and embedding a link to Softscape's press

26   release, which specifically reiterated that the Presentation was "based on substantiated fact."  Dkt.

27   39, Ex. 4.  The same day, Softscape's Customer Care agent, Rick Vatcher, emailed other

28   customers (who Softscape also refuses to identify), claiming Softscape was falsely accused

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  "regarding an anonymous email sent to [SuccessFactors'] potential customers." Ex. 5.

2      It is inconceivable how Softscape can contend that these communications with customers,

3  just days after the Presentation can remain hidden.  These endorsements of the Presentation's

4  content and circulation of the press release are obviously relevant to liability and to the injury

5  done to SuccessFactors—as Judge Wilkin recognized at the Preliminary Injunction hearing:

6      COURT:  AND I MUST SAY I'M NOT AT ALL IMPRESSED BY A PRESS
       RELEASE THAT SEEMS TO REAFFIRM THE TRUTH OF STATEMENTS THAT
7      YOU DON'T HAVE ANY REASON TO BELIEVE ARE TRUE. SO I THINK YOU
       NEED TO HAVE SOME TALKS WITH YOUR CLIENT ABOUT BUSINESS
8      PRACTICES HERE.

9                              *       *       *

       COURT: WELL, I MIGHT HAVE HAD MORE SYMPATHY WITH THAT
10     ARGUMENT IF IT HADN'T BEEN FOR YOUR PRESS RELEASE WHICH
       AFFIRMED THE TRUTH OF THINGS, SOME OF WHICH PRETTY CLEARLY
11     AREN'T TRUE, OR AT LEAST YOU HAVE NO REASON TO BELIEVE THEY ARE
       TRUE.  SO IT SEEMS TO ME YOU KIND OF CONTINUED IT AND ARE STILL
12     CONTINUING IT...

13

14  Ex. 13, at 4, 26-27.  Softscape must be ordered to produce all communications with anyone that

15  concern or refer to the Presentation or associated gmail or press releases.  It must also produce

16  documents relating to Softscape's preparation of those communications, as that will also reflect

17  Softscape's ratification of the Presentation's content, reflect its intent in sending these

18  communications, and likely contain admission of the impact of such communications.

19      **C.    Document Request No. 2**

20  **Document Request No. 2:**
       ALL DOCUMENTS CONCERNING potential, intended, or actual recipients of the
21  PRESENTATION or of any COMMUNICATIONS about the PRESENTATION, including but
    not limited to lists of recipients, sales or marketing efforts directed at those recipients, and
22  communications involving SOFTSCAPE's employees, customers, or other third parties about the
    recipients.  [(Ex. 4, at 6.)]
23  **Response to Document Request No. 2:**
       Softscape objects to this request to the extent it calls for the production of material
24  protected by attorney-client privilege or the attorney work product doctrine.  Softscape further
    objects to this request to the extent that it calls for third party confidential, proprietary
25  information.
       Subject to the foregoing specific and general objections, Softscape will produce
26  nonprivileged relevant, responsive documents in its possession, custody or control dated between
    January 1, 2008 and the present relating to communications about the PRESENTATION with any
27  recipients of the PRESENTATION.  [(Ex. 6, at 4.)]

28      SuccessFactors seeks to learn the identity of everyone who received the Presentation and

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    what relationship they had with Softscape.  This is relevant, as it would show Softscape's likely

2    involvement in targeting the John Anonymous list, and any benefit to Softscape or harm to

3    SuccessFactors as a result of the Presentation.  To obstruct this search, Softscape has agreed to

4    provide nothing other a few external communications it made *to* recipients that discuss the

5    presentation—excluding a host of other highly relevant matters.[3]

### 1.    Communications *About* the Recipients

7         Remarkably, Softscape has refused to produce internal communications regarding the

8    identity of the Presentation's recipients, recipients' reaction to it, or their prospects of buying

9    from Softscape or SuccessFactors after they received the hit piece written by Softscape.  (Decl.

10    ¶ 12.)  An example of the type of information Softscape seeks the ability to withhold would be

11    any internal list or discussion of who received the Presentation—which could identify who,

12    beyond the John Anonymous list may have received it.  Another example is documents and

13    database entries showing internal Softscape discussions regarding recipients' expressions

14    regarding SuccessFactors or Softscape.  Another is internal discussions about efforts to market to

15    SuccessFactors' Dinner List that "John Anonymous" targeted to receive the Presentation.

16         All of these documents are highly relevant to proving the extent of the Presentation's

17    circulation, its impact on SuccessFactors' goodwill and its causation of loss to SuccessFactors or

18    gain to Softscape.  *See Societe Civille Succession Richard Guino v. Beseder Inc.*, No. CV 03-

19    1310, 2007 U.S. Dist. LEXIS 83782, at *16-17 (D. Ariz. Oct. 30, 2007); Lanham Act; and false

20    advertising; Cal. Civ. Code § 48 (defamation).

### 2.    Softscape Database Information on Presentation Recipients

22         Softscape's Customer Relations Management ("CRM") and other databases will contain

23    substantial information about recipients of the Presentation and Softscape's relationship with

24    them.  Nonetheless, Softscape has flatly refused to produce their entries (Decl. ¶ 12.)  Softscape's

25    objection, though not listed in its response, is purported overbreadth.  (Ex. 20, at 2-3.)  But

26    SuccessFactors is entitled to prove that some or all of the recipients are from Softscape's files,

---

27    [3] As an initial matter, Softscape's information collection efforts later use in the Presentation
     began as early as 2004.  (Ex. 3, at 126:21-129:16). Softscape's unilateral time restriction is
28    therefore improper.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   which would show the source of John Anonymous' email, Softscape's complicity in its sending,

2   the impact of distribution to that set of persons, and its effect on their relationships.  Softscape

3   should produce the entries in its database as to each person known to have received the

4   Presentation so that SuccessFactors' counsel can analyze the relevant facts.  Softscape's

5   objections are not well-taken as the request is limited to recipients of the Presentation.[4]

6          Softscape's agreement to produce a cross reference list of "hits" between the John

7   Anonymous Google e-mail address list and its CRM database is inadequate.  (Decl. ¶ 12.)  In the

8   first place, the email went to 760 *individuals*, not merely companies, and so matches with

9   company names do not substitute for matches with individuals.  Further, finding matches between

10  the gmail address list and Softscape requires a search of not only the CRM, but any other

11  customer lists, contact lists, and sales resources utilized by Softscape.  Finally, a bare list of

12  company "hits" would exclude pertinent information, including the contacts Softscape has at

13  recipient entities, status of Softscape's relationship with them over time and dates of Softscape's

14  contacts with recipients both before and after distribution of the Presentation.

### 3.     Softscape Sales and Marketing Efforts Made to Presentation Recipients

15

16

17         The document request calls for sales and marketing efforts Softscape directed at

18  Presentation recipients.  Softscape's efforts to sell to these recipients is relevant to Softscape's

19  motive for distribution of the Presentation and may show that presence of these entities on the

20  John Anonymous list was not accidental.  Moreover, such communications are essential to

21  SuccessFactors' proof of loss:  until SuccessFactors obtains discovery as to the nature of

22  communications with recipients of the Presentation, it cannot know everyone Softscape

23  effectively steered away from SuccessFactors, nor prove that it was the Presentation that did so.

24  Indeed, Softscape's sales efforts with recipients are probative of SuccessFactors' damages, even

25  if neither company won the business, where customers have indicated that the Presentation (or the

26  litigants' resulting dispute about it) was a factor in buying from some third party.

27  _____

[4] In this regard, Softscape's objection to production based on an unspecified "confidentiality"
objection is not a valid reason to withhold documents.  *See Hill v. Eddie Bauer*, 242 F.R.D. 556,
28  561 (C.D. Cal. 2007) (citing *Fed. Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362 (1979)).

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    Moreover, such marketing efforts are equally relevant and essential to proof of

2    Softscape's illicit gains.  15 U.S.C. § 1117(a) (allowing recovery of defendant's profits).  Plainly,

3    SuccessFactors has no other way than this discovery to find out about diverted sales and sales it

4    will likely never get.   Finally, SuccessFactors is also entitled to discover Softscape's attempts to

5    capitalize on distribution of the Presentation as evidence of willful false advertising, intentional

6    interference with prospective economic advantage and unfair competition.

7    **II.    INFORMATION REGARDING UNAUTHORIZED ACCESS CLAIMS**

8         **A.    Document Request Nos. 7 and 8**

9    **Document Request No. 7:**
         ALL DOCUMENTS created or modified after February 2007 CONCERNING
10   SUCCESSFACTORS, its products, services, employees, business, or actual or prospective
     customers, including but not limited to all materials obtained from SUCCESSFACTORS'
11   website, online customer community, webinars, or online demonstration environments, including
     but not limited to copies of webpages or the content therein. [(Ex. 4, at 7.)]
12   **Response to Document Request No. 7:**
         Softscape objects to this request to the extent it calls for the production of material
13   protected by attorney-client privilege or the attorney work product doctrine.  Softscape further
     objects to this request because it is overboard as to both time and scope, rendering a response
14   unduly burdensome.  Softscape further objects to this request on the grounds that it is vague and
     ambiguous because it requires Softscape to speculate about the identity of SuccessFactors'
15   "prospective customers" or "employees."
         Subject to the foregoing specific and general objections, Softscape will produce non-
16   privileged relevant, responsive documents in its possession, custody or control dated between
     January 1, 2008 and the present that are reflected in or related to any facts or other information
17   contained in the PRESENTATION and/or all materials obtained from SUCCESSFACTORS'
     website, online customer community, webinars, or online demonstration environments, or copies
18   of webpages or the content therein that is related to the PRESENTATION. [(Ex. 6, at 7-8.)]

19        This request seeks information regarding how Softscape developed and executed its plan

20   to unfairly compete with SuccessFactors.  Thus, Softscape's proposed limitation to documents

21   expressly concerning the Presentation itself is far too narrow.  Plaintiff has alleged separate

22   claims of unfair competition and illicit access to computer services that would entitle it to

23   discovery even had the Presentation never been distributed.

24        Additionally, Dave Watkins testified at deposition that Softscape was being fed

25   information from Lori McNally, a SuccessFactors employee.  (Ex. 2, at 378:19-380:6.)

26   Mr. Watkins' deposition also divulged Softscape's theory that a rogue SuccessFactors employee

27   distributed the Presentation. (Ex. 3, at 203:1-16.)  SuccessFactors is entitled to test this theory

28   through production of communications concerning SuccessFactors.  It should also be noted that

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    Softscape's information collection efforts later used in the Presentation began as early as 2004.

2    (Ex. 3, at 126:21-129:16.)  Thus, Softscape's unilateral time restriction is improper, especially in

3    light of the request itself being limited in time to documents created after February 2007.

4         As to Softscape's allegations of overbreadth, Softscape is already using the term

5    "SuccessFactors" as a search term for its Electronically Stored Information ("ESI") production.

6    (Ex. 21, at 1.)  That is, Softscape has already conducted the search for the information responsive

7    to this request.  The limitation that Softscape seeks would intentionally excise relevant items that

8    include the term "SuccessFactors" that it has already collected but does not want SuccessFactors

9    to see.  Thus, Softscape's overbreadth and burden objections are not well-taken.

10        **B.    Document Request No. 8**

11   **Document Request No. 8:**
          ALL DOCUMENTS CONCERNING or showing access from any SOFTSCAPE
12   computer to SUCCESSFACTORS's [sic] website, online customer community, or online
     demonstration environments, including but not limited to DOCUMENTS CONCERNING web
13   browser history files, system logs, user names, passwords, user "ACE275," or any copy of a
     SUCCESSFACTOR webpage or its contents.  [(Ex. 4, at 7.)]
14   **Response to Document Request No. 8:**
          Softscape objects to this request to the extent it calls for the production of material
15   protected by attorney-client privilege or the attorney work product doctrine.
          Subject to the foregoing specific and general objections, Softscape will produce
16   nonprivileged relevant, responsive documents in its possession, custody or control dated between
     January 1, 2008 and the present that are related to access from any SOFTSCAPE computer to
17   SUCCESSFACTORS' website, online customer community, or online demonstration
     environments, including but not limited to documents relating to web browser history files,
18   system logs, user names, passwords, user "ACE275," or any copy of a SUCCESSFACTOR
     webpage or its contents insofar as such access was related to the PRESENTATION.  [(Ex. 6,
19   at 8.)]

20        This request asks for documents concerning Softscape's accessing SuccessFactors'

21   various online environments.  Softscape imposed an artificial limitation on production to access

22   relating only to the Presentation.  (Decl. ¶¶ 12-16.)  However, SuccessFactors' claims of

23   unauthorized electronic access under the Computer Fraud and Abuse Act, Cal. Penal Code § 502

24   and Cal. Bus. & Prof. Code § 17200 do not depend on the creation or distribution of the

25   Presentation.  Indeed, SuccessFactors has evidence that Dave Watkins penetrated SuccessFactors'

26   product demos as early as 2005.  Decl. ¶ 28.  Softscape's unilateral time limitation for production

27   of documents (which SuccessFactors changed during meet and confer efforts to documents dated

28   after February 1, 2007) is also improper.  (Decl. ¶¶ 12-16.)  The statute of limitations for

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  SuccessFactors' unfair competition claim extends back four years from the filing of the

2  complaint. Cal. Bus. & Prof. Code § 17208. SuccessFactors would be entitled to evidence of

3  Softscape's illegal conduct and accessing of demos and password protected areas at least as early

4  as March 11, 2004.

5      SuccessFactors also needs to insure that Softscape will not limit production only to

6  documents regarding the ACE 275 sales account, as it tried to do in its response; Softscape's

7  access to other online environments is also relevant to claims of unauthorized computer access.

8      **C.    Interrogatory No. 7**

9  **Interrogatory No. 7:**
       IDENTIFY all PERSONS (within Softscape and externally) who accessed a
10 SUCCESSFACTORS' sales demo account, including but not limited to ACE275. [(Ex. 10,
   at 8.)]
11 **Response to Interrogatory No. 7:**
       Defendant objects to the extent this interrogatory as overbroad, unduly burdensome, and
12 seeks information not within its possession or knowledge. Subject to this objection, Softscape is
   aware that the following individuals accessed a SuccessFactors' sales demo account in connection
13 with the preparation of the SIPP: David Watkins, and Alex Bartfeld. [(Ex. 12, at 9.)]

14     Once again, Softscape seeks to negate SuccessFactors' claims regarding unlawful

15 computer access and unfair competition. Softscape's response to Interrogatory No. 7 refuses to

16 provide identities of Softscape employees who accessed SuccessFactors' online environments

17 unless it was in preparation of the Presentation (which Defendant prefers to call a "SIPP"—

18 "Softscape Internal PowerPoint"). Softscape refused to amend its response to provide the plainly

19 relevant information. (Decl. ¶¶ 11-20.)

20 **III.    OPERATION OF THE NMS SHELL COMPANY**

21     As explained above, Softscape used the ruse of a shell company owned by CEO Dave

22 Watkins to steal competitive information from SuccessFactors. Predictably, Softscape does not

23 want to produce documentation of its inappropriate conduct. Thus, it has tried to re-define

24 Softscape' proper requests and has refused to produce numerous relevant documents.

25     **A.    Document Request No. 28**

26 **Document Request No. 28:**
       ALL DOCUMENTS CONCERNING recipients of **any DOCUMENTS or information**
27 that SUCCESSFACTORS provided to New Millenium Shoe, Ely Valls, or Javier Cruz, including
   but not limited to the proposal that SUCCESSFACTORS prepared for New Millenium Shoe,
28 which was attached as Exhibit 3 to the Declaration of Jorge Corrales in Support of Preliminary

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    Injunction and Expedited Discovery (Dkt. No. 53). [(Ex. 7, at 7) (emphasis added).]
      **Response to Document Request No. 28:**

2       Softscape objects to this request to the extent it calls for the production of material
   protected by attorney-client privilege or the attorney work product doctrine.

3       Subject to the foregoing specific and general objections, Softscape will produce non-
   privileged relevant, responsive documents in its possession, custody or control that are related to

4    recipients of any **DOCUMENTS** that SUCCESSFACTORS provided to New Millenium Shoe,
   Ely Valls, or Javier Cruz **relating to the SUCCESSFACTORS' proposal or the**

5    **PRESENTATION or any facts contained or statements made in the PRESENTATION**.
   [(Ex. 9, at 8) (emphasis added).]

6

7       This request encompasses not only recipients of *documents* provided by SuccessFactors to

8    NMS, but the broader category of recipients of *information* provided to NMS. Softscape has

9    unjustifiably attempted to exclude the portion of the request regarding "information." (Decl.

10    ¶¶ 18-19.) For example, e-mails internally transmitting information retrieved by a Softscape

11    employee from SuccessFactors' confidential demo environment or obtained from Mr. Corrales by

12    telephone, would *not* fall under clause "ALL DOCUMENTS CONCERNING recipients of any

13    DOCUMENTS . . . provided to [NMS]" but *would* fall under the broader request for documents

14    concerning recipients *of information* provided to NMS. SuccessFactors is entitled to production

15    of documents showing who got its information, not just its documents, through the ruse of NMS.

16       Additionally, Softscape unilaterally attempts to narrow the request to documents relating

17    only to Mr. Corrales' proposal, the Presentation or facts of statements within the Presentation.

18    Softscape disregards SuccessFactors' claims under the Computer Fraud and Abuse Act, Cal.

19    Penal Code § 502 and Cal. Bus. & Prof. Code § 17200. What Softscape did with information it

20    illicitly obtained about SuccessFactors' product by raiding its website is highly relevant, whether

21    or not related to the Presentation.[5]

22    **B.**     **Document Request No. 29**

23    **Document Request No. 29:**
      ALL DOCUMENTS CONCERNING commentary, discussion, or analysis of any

24    DOCUMENTS or information that SUCCESSFACTORS provided to New Millenium Shoe, Ely
   Valls, or Javier Cruz, including but not limited to the proposal that SUCCESSFACTORS

25    prepared for New Millenium Shoe. [(Ex. 7, at 8.)]
   **Response to Document Request No. 29:**

26       Softscape objects to this request to the extent it calls for the production of material

27    [5] In this regard, any attempt to limit the request to documents dated from January 1, 2008 to the
   present, based in Softscape's unfounded interpretation that this is the asserted date of the

28    complaints' allegations similarly fails. (Ex. 9, at 2.)

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    protected by attorney-client privilege or the attorney work product doctrine.
2           Subject to the foregoing specific and general objections, Softscape will produce non
     privileged relevant, responsive documents in its possession, custody or control that are related to
3    commentary, discussion, or analysis of any documents or information that SUCCESSFACTORS
     provided to New Millennium Shoe, Ely Valls, or Javier Cruz **relating to the**
4    **SUCCESSFACTORS' proposal or the PRESENTATION or any facts contained or**
     **statements made in the PRESENTATION.**  [(Ex. 9, at 8-9) (emphasis added).)]

5          Softscape again unjustifiably refused to remove its limitations of production to

6    information relating only to Mr. Corrales' proposal and the Presentation.  (Decl. ¶ 19.)  By

7    Softscape's redefinition, for example, it need not produce internal communications discussing

8    how Softscape should retool its product after obtaining non-public information through the NMS

9    fraud.  SuccessFactors' claims of unauthorized electronic access under the Computer Fraud and

10   Abuse Act, Cal. Penal Code § 502 and Cal. Bus. & Prof. Code § 17200 are not limited to the

11   content of the Presentation.  Softscape gives no valid objection justifying its strategic limitation.

12         **C.       Document Request No. 42**

13   **Document Request No. 42:**
            ALL COMMUNICATIONS between vallsely@hotmail.com, on the one hand, and Dave
14   Watkins or SOFTSCAPE, on the other hand, from January 1, 2007 to present.  [(Ex. 7, at 10.)]
     **Response to Document Request No. 42:**
15          Softscape objects to this request to the extent it calls for the production of material
     protected by attorney-client privilege or the attorney work product doctrine.
16          Subject to the foregoing specific and general objections, Softscape will produce
     nonprivileged relevant, responsive documents in its possession, custody or control reflecting
17   communications between vallsely@hotmail.com, on the one hand, and Dave Watkins or
     SOFTSCAPE, on the other hand, from February 1, 2007 and the present relating to the
18   PRESENTATION, any facts contained or statements made in the PRESENTATION, or access to
     the ACE 275 Sales Demo.  [(Ex. 9, at 13-14).)]

19

20         Softscape again placed artificial limitations on this document request, pledging only to

21   produce communications "from February 1, 2007 and [sic] the present relating to the

22   PRESENTATION, any facts contained or statements made in the PRESENTATION, or access to

23   the ACE 275 Sales Demo."  Because Ely Valls and Dave Watkins are family members, at the

24   parties' July 10 meet and confer session, SuccessFactors offered to exclude purely personal

25   communications.  (Decl. ¶ 20.)  Softscape rebuffed this offer.  (*Id.*)  On July 17, SuccessFactors

26   proposed both to exclude personal communications and further limit the request to documents

27   relating to Softscape's business, including any competition or competitors of Softscape, or the

28   NMS website.  (Decl. ¶ 26.)  Softscape refused this proposed compromise as well.  (Ex. 22.)

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    SuccessFactors is entitled to prove through Watkins' communications with Valls that

2    NMS is not a real business, but rather a tool of Softscape used in a corrupt routine to obtaining

3    proprietary information from SuccessFactors ███████ (Ex. 3, at 238:4-14.) Indeed, Dave

4    Watkins ██████████████████████████████████████████

5    ███████████ (Ex. 2, at 282:1-285:15.) The various communications between Ely Valls

6    and Dave Watkins evidencing such a regular and surreptitious practice are relevant to Softscape's

7    knowledge of the lack of authorization to access SuccessFactors' computers. Indeed, Watkins'

8    use of Valls and NMS as an instrumentality will refute Softscape's assertion that NMS was a

9    genuine, separate company with a legitimate right to obtain access to SuccessFactors' customer

10   environment. Softscape has claimed for example, that "SuccessFactors continues to

11   mischaracterize numerous details surrounding this case, including references to New Millenium

12   Shoe Corp., which has been doing business for more than 20 years." (Ex. 23.) The

13   Valls/Watkins' communications are likewise relevant to liability on SuccessFactors' unfair

14   competition claim where an "unfair" business practice under Cal. Bus. & Prof. Code § 17200

15   turns in part on the motive of the wrongdoer and whether the practice is immoral, unethical, or

16   unscrupulous. *South Bay Chevrolet v. GMAC*, 72 Cal. App. 4th 861, 887 (1999).[6]

17        Softscape's truncation of the period by one month should be rejected. There is no reason

18   why communications in January 2007 between Watkins and Valls should be withheld.

## IV.    INFORMATION REGARDING CUSTOMER POACHING

### A.    Document Request No. 6

**Document Request No. 6:**
        ALL COMMUNICATIONS between SOFTSCAPE and Sears, Regions Bank, Intelsat, David Sinkfield, ICMA Retirement, Harris-Williams, and any current or former SUCCESSFACTORS employee or consultant regarding SUCCESSFACTORS, its products, services, employees, business, or actual or prospective customers. [(Ex. 4, at 7.)]
**Response to Request No. 6:**
        Softscape objects to this request to the extent it calls for the production of material protected by attorney-client privilege or the attorney work product doctrine. Softscape further objects to this request to the extent that it calls for third party confidential, proprietary information. Softscape further objects to this request on the grounds that it is vague and ambiguous because it requires Softscape to speculate about the identity of SuccessFactors' "prospective customers" or its "current or former" employees. Subject to the foregoing specific

---

[6] Such conduct is also relevant to prove intent, motive, reckless disregard, and malice with respect to claims for false advertising, defamation, and intentional interference.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

and general objections, Softscape will produce non-privileged relevant, responsive documents in its possession, custody or control that are related to communications between SOFTSCAPE and Sears, Regions Bank, Intelsat, David Sinkfield, ICMA Retirement, Harris-Williams, and any known current or former SUCCESSFACTORS employee or consultant regarding any facts appearing in the PRESENTATION. [(Ex. 6, at 6.)]

This request asks for (i) communications between Softscape and specific SuccessFactors customers, and (ii) communications between Softscape and SuccessFactors current/former employees. Although, Softscape dropped its frivolous interpretation of the request as calling for three-way communications, (Decl. ¶ 14), Softscape has refused to drop its artificial limitation to communications relating only to the Presentation. (*Id.*) SuccessFactors is entitled to *all* communications with these five customers, who are presented as examples of customer dissatisfaction in the Presentation.

Further, SuccessFactors is entitled to know about Softscape's communications with SuccessFactors employees, whether Softscape was in disguise (as occurred for NMS), or in cooperation with a current employee to unfairly compete against SuccessFactors' interest.

### B.    Document Request No. 13

**Document Request No. 13:**
ALL DOCUMENTS CONCERNING contracts, licenses, or agreements, whether actual or prospective, between SOFTSCAPE and any recipients of the PRESENTATION or any SUCCESSFACTORS customers mentioned in the PRESENTATION. [(Ex. 4, at 8.)]
**Response to Document Request No. 13:**
Softscape objects to this request to the extent it calls for the production of material protected by attorney-client privilege or the attorney work product doctrine. Softscape further objects to this request to the extent that it calls for the production of third party confidential, proprietary information. Softscape further objects to this request because it is overbroad as to both time and scope, rendering a response unduly burdensome.
Subject to the foregoing specific and general objections, Softscape will produce nonprivileged relevant, responsive documents in its possession, custody or control that constitute contracts, licenses, or agreements with an effective date later than March 4, 2008 between SOFTSCAPE and any recipients of the PRESENTATION or any SUCCESSFACTORS customers mentioned in the PRESENTATION. [(Ex. 6, at 10.)]

Softscape refuses to allow SuccessFactors to obtain the negotiating history with recipients of the Presentation. (Decl. ¶ 25 & Ex. 20, at 4-5.) This prevents SuccessFactors from showing the impact of the Presentation in the marketplace. SuccessFactors is entitled to discover the reactions of Presentation recipients approached by Softscape insofar as Softscape attempted to negotiate contracts and agreements with them. This impact on SuccessFactors' goodwill in the market and the adverse impact on SuccessFacctors' reputation in the industry are relevant to

1  SuccessFactors' Lanham Act false advertising claim, *Societe Civille Succession Richard Guino*,

2  2007 U.S. Dist. LEXIS 83782, at *16-17, and defamation claim, respectively. Cal. Civ. Code §

3  48. The requested information is also directly relevant to SuccessFactors' disgorgement remedy

4  under the Lanham Act. 15 U.S.C. § 1117(a).

5       The requested documents showing Softscape's efforts to poach SuccessFactors' customers

6  and prospects leading up to the Presentation's dissemination, will be especially probative when

7  Softscape's efforts had not yet succeeded, as that lack of success shows Softscape's motive and

8  intent in disseminating the Presentation. Thus Softscape's unilateral time restriction to post-

9  March 4, 2008 agreements is thus improper.

10  **C.    Document Request Nos. 22-25**

11  **Document Request No. 22:**

12      ALL COMMUNICATIONS from January 1, 2008 to present involving Dennis Martinek
with or regarding any actual or prospective customers of SOFTSCAPE, including but not limited

13  to e-mails involving the e-mail address, wildgracks@yahoo.com. [(Ex. 7, at 7.)]
**Response to Document Request No. 22:**

14      Softscape objects to this request to the extent it calls for the production of material
protected by attorney-client privilege or the attorney work product doctrine. Subject to the

15  foregoing specific and general objections, Softscape will produce non-privileged relevant,
responsive documents in its possession, custody or control that are communications from

16  January 1, 2008 to present involving Dennis Martinek with or regarding any actual or prospective
customers of SOFTSCAPE relating to the PRESENTATION or any facts contained or statements

17  made in the PRESENTATION, including but not limited to e-mails involving the e-mail address,
wildgracks@yahoo.com. [(Ex. 9, at 5-6.)]

18  **Document Request No. 23:**
    ALL COMMUNICATIONS from January 1, 2008 to present involving Rick Vatcher with

19  or regarding any actual or prospective customers of SOFTSCAPE. [(Ex. 7, at 7.)]
**Response to Document Request No. 23:**

20      Softscape objects to this request to the extent it calls for the production of material
protected by attorney-client privilege or the attorney work product doctrine.

21      Subject to the foregoing specific and general objections, Softscape will produce non-
privileged relevant, responsive documents in its possession, custody or control that are

22  communications from January 1, 2008 to present involving Rick Vatcher with or regarding any
actual or prospective customers of SOFTSCAPE relating to the PRESENTATION or any facts

23  contained or statements made in the PRESENTATION. [(Ex. 9, at 6.)]
**Document Request No. 24:**

24      ALL COMMUNICATIONS from January 1, 2008 to present involving Dave Watkins
with or regarding any actual or prospective customers of SOFTSCAPE. [(Ex. 7, at 7.)]

25  **Response to Document Request No. 24:**
    Softscape objects to this request to the extent it calls for the production of material

26  protected by attorney-client privilege or the attorney work product doctrine.
    Subject to the foregoing specific and general objections, Softscape will produce non-

27  privileged relevant, responsive documents in its possession, custody or control that are
communications from January 1, 2008 to present involving Dave Watkins with or regarding any

28  actual or prospective customers of SOFTSCAPE relating to the PRESENTATION or any facts

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    contained or statements made in the PRESENTATION.  [(Ex. 9, at 6.)]
     **Document Request No. 25:**
2        ALL COMMUNICATIONS from January 1, 2008 to present involving Susan Mohr with
     or regarding any actual or prospective customers of SOFTSCAPE.  [(Ex. 7, at ___.)]
3    **Response to Document Request No. 25:**
         Softscape objects to this request to the extent it calls for the production of material
4    protected by attorney-client privilege or the attorney work product doctrine.
         Subject to the foregoing specific and general objections, Softscape will produce non-
5    privileged relevant, responsive documents in its possession, custody or control that are
     communications from January 1, 2008 to present involving Susan Mohr with or regarding any
6    actual or prospective customers of SOFTSCAPE relating to the PRESENTATION or any facts
     contained or statements made in the PRESENTATION.  [(Ex. 9, at 6-7.)]
7

8        These requests ask for a small window of communications, from January 1, 2008 on,

9    among select employees, Dennis Martinek, Rick Vatcher, Dave Watkins and Susan Mohr, who

10   indisputably were involved in the creation of the Presentation or investigated or responded to its

11   creation and distribution.  SuccessFactors narrowed the requests to communications that relate to

12   the Presentation, its contents, SuccessFactors, this litigation, or any recipient of the Presentation

13   (including those on the John Anonymous e-mail list).  (Ex. 24, at 4.)  Softscape refused this offer.

14   It also refused to drop a limitation to communications with 15 companies that SuccessFactors

15   identified in response to an unrelated interrogatory regarding the claim for interference with

16   prospective economic advantage.  (Decl. ¶ 23 & Ex. 25, at 4-5.)  This position ignores all of

17   SuccessFactors' other claims and damages theories, which are not limited to the 15 companies

18   listed in the unrelated interrogatory.  Softscape also limited produced documents to those "related

19   to the Presentation", which excludes critical types of information.  As described above, Softscape

20   has construed this limitation to allow it to withhold Watkins' and Vatcher's emails to customers

21   on March 14, attacking SuccessFactors and distributing links to its press release claiming the

22   Presentation is "substantiated by fact."  *See* Dkt. 39, Exs. 4, 5.  Softscape's limitation would also

23   exclude e-mail from Softscape to customers referencing John Anonymous.

24       SuccessFactors' narrowing of the requests is reasonable, while also ensuring production of

25   essential information.

26   **D.    Document Request No. 32**

27   **Document Request No. 32:**
         All memoranda of understanding, licenses, proposals, communications setting forth
28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  proposals or orders, invoices, or purchase orders between SOFTSCAPE and its actual or
   prospective customers after January 1, 2008. [(Ex. 7, at 8.)]
2  **Response to Document Request No. 32:**
3          Softscape objects to this request to the extent it calls for the production of material
   protected by attorney-client privilege or the attorney work product doctrine. Softscape also
   objects to this request on the grounds that it is not reasonably calculated to lead to the discovery
4  of admissible evidence. [(Ex. 9, at 10.)]

5          This request pertains to documents and communications regarding customer deals

6  Softscape made from January 1, 2008 to the present. It is meant to capture efforts to poach

7  customers from SuccessFactors and new customer relationships established through use of the

8  Presentation or information stolen from SuccessFactors, since it is reasonable to expect that not

9  all entities influenced by unfair competition were recipients of the gmail. As with similar

10 requests described above seeking evidence of Softscape customer relationships enhanced or

11 otherwise affected by the Presentation, this request is relevant to *inter alia* damage to

12 SuccessFactors' goodwill, reputation and its disgorgement remedy. SuccessFactors must be able

13 to compare Softscape's business dealings shortly before and after distribution of the Presentation

14 to gauge its impact.

15         SuccessFactors is cognizant of the subject-matter breadth of the request, and this is why a

16 narrow time restriction was placed in the request. During meet and confer efforts, SuccessFactors

17 offered to further limit the duration of the request to February 19 to the present. (Decl. ¶ 24.)

18 Softscape would only agree to produce documents limited to 15 companies that SuccessFactors

19 identified as already believed to have been impacted, in response to an interrogatory on

20 intentional interference and subject to a time limitation from March 4 to the present. (*Id.*) Since

21 more claims than just intentional interference with prospective economic advantage are at issue,

22 and pre-March 4 documents are also probative, these limitations are unjustified.

23 **V.    INFORMATION REGARDING THE RECEIPT OF SUCCESSFACTORS'
             TEMPLATE DOCUMENT**
24
25         **A.    Document Request No. 15**

26 **Document Request No. 15:**
           ALL DOCUMENTS CONCERNING SOFTSCAPE's procurement, copying, or use of
   SUCCESSFACTORS' TRADEMARKS or Powerpoint templates. [(Ex. 4, at 8.)]
27 **Response to Document Request No. 15:**
           Softscape objects to this request to the extent it calls for the production of material
28 protected by attorney-client privilege or the attorney work product doctrine. Softscape further

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   objects to this request because it is overbroad as to both time and scope, rendering a response
    unduly burdensome. The Complaint alleges that Softscape's purported unauthorized access of its
2   online demonstration environment occurred sometime after January 2008 and the distribution of
    the PRESENTATION occurred on or about March 4, 2008.
3           Subject to the foregoing specific and general objections, Softscape will produce non
    privileged relevant, responsive documents in its possession, custody or control that are related to
4   SOFTSCAPE's procurement, copying, or use of SUCCESSFACTORS' TRADEMARKS or
    PowerPoint templates in connection with the creation of the PRESENTATION. [(Ex. 6, at 11-
5   12.)]

6           SuccessFactors issued this request to discover how Softscape received and used its

7   trademarks and PowerPoint templates. Softscape has attempted to limit the request to use in

8   creating the Presentation. (Decl. ¶ 17.) However, testimony of Mr. Watkins, has established that

9   Softscape's procurement of the trademarks and template did not happen in connection with the

10  Presentation but rather at a substantially earlier time, from a former SuccessFactors' employee.

11  Ex. 3, at 112:11-16, 114:8-12. Softscape thus would withhold entirely documentation as to the

12  wrongful procurement, copying, and prior use. Moreover, discovery of all of Softscape's uses of

13  SuccessFactors' trademarks and template is relevant to SuccessFactors' trademark infringement

14  claim, notwithstanding specification in the complaint of use of SuccessFactors' trademarks within

15  the Presentation. *See* Adv. Comm. Notes to 2000 Amend. to Fed. R. Civ. P. 26(b)(1) (other

16  incidents of the same type alleged could be discoverable as relevant to the party's claims and

17  defenses). Thus, Softscape's scope and time restrictions are not well-taken.

18  **VI.    DOCUMENTS CONCERNING SOFTSCAPE'S PRESS RELEASE DOCUMENTS**

19  **Document Request No. 4:**
            ALL DOCUMENTS CONCERNING any assertions in the PRESENTATION, including
20  but not limited to DOCUMENTS that support or refute those assertions. [(Ex. 4, at 6.)]
    **Response to Document Request No. 4:**
21          Softscape objects to this request to the extent it calls for the production of material
    protected by attorney-client privilege or the attorney work product doctrine. Softscape further
22  objects to this request to the extent that it calls for third party confidential, proprietary
    information.
23          Subject to the foregoing specific and general objections, Softscape will produce non-
    privileged relevant, responsive documents in its possession, custody or control that are related to
24  any assertions in the PRESENTATION and/or which support or refute those assertions. [(Ex. 6,
    at 5.)]
25  **Document Request No. 5:**
            ALL COMMUNICATIONS CONCERNING the PRESENTATION, including but not
26  limited to COMMUNICATIONS between or involving SOFTSCAPE employees, its customers,
    or current or former SUCCESSFACTORS employees. [(Ex. 4, at 7.)]
27  **Response to Document Request No. 5:**
            Softscape objects to this request to the extent it calls for the production of material
28  protected by attorney-client privilege or the attorney work product doctrine. Softscape further

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    objects to this request to the extent that it calls for third party confidential, proprietary
     information.
2         Subject to the foregoing specific and general objections, Softscape will produce non-
     privileged, relevant, responsive documents in its possession, custody or control that are related to
3    any communications concerning the PRESENTATION.  [(Ex. 6, at 5.)]

**Document Request No. 17:**
4         ALL DOCUMENTS CONCERNING actual or planned press releases by SOFTSCAPE
     regarding this action, including but not limited to any version, portion, edits, memoranda, notes,
5    emails, file histories, and metadata.  [(Ex. 4, at 6.)]

**Response to Document Request No. 17:**
6         Softscape objects to this request to the extent it calls for the production of material
     protected by attorney-client privilege or the attorney work product doctrine. Subject to the
7    foregoing specific and general objections, Softscape will produce non-privileged and/or non-work
     product relevant, responsive documents in its possession, custody or control that contain actual or
8    planned press releases by SOFTSCAPE regarding this action.  [(Ex. 6, at 3-4.)]

9         During the parties' July 10, and July 17, 2008 meet and confer sessions, Softscape refused

10   to produce communications concerning development of its press releases regarding the

11   Presentation, all of which are requested under Request Nos. 4, 5 and 17. Softscape has not

12   provided any justification for refusing to produce documents merely because they are created in

13   connection with its press releases.  Softscape's releases proclaim, for example, that:

14        • "Softscape does not condone dissemination of the document in question";
          • "The document was based on substantiated facts";
15        • It "was intended for internal use and was not designed or intended for external
            distribution";
16        • It is common in a highly competitive market for vendors to review each other's . . .
            demonstrations."
17

18   Ex. 26. All of these points are extremely relevant, and Softscape's communications in developing

19   them are relevant to perceived truth or falsity of the Presentation; who was believed to have

20   distributed it; and how Softscape can protect its own interests (e.g., exploit) the Presentation.

21        In particular, on March 14, 2008, because Softscape issued a press release stating that the

22   Presentation was based on substantiated facts. (Ex. 26.)  SuccessFactors is entitled to production

23   of documents regarding this ratification.  As described above, Judge Wilken has already

24   recognized the exceptional importance of the Press Releases as indicative of culpability and bad

25   intent. *See* Docket 71 at 4, 26, 27.

26        With respect to Request No. 17, Softscape has inexplicably refused to produce any

27   responsive documents dated after March 27, 2008, the date of the preliminary injunction hearing.

28   (Ex. 22.)  These documents are indisputably relevant.  For example, on March 31, 2008,

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   Softscape issued a press release in the wake of the Court's order granting SuccessFactors' motion

2   for a preliminary injunction asserting that "SuccessFactors continues to mischaracterize numerous

3   details surrounding this case, including references to New Millenium Shoe Corp., which has been

4   doing business for more than 20 years." (Ex. 23.) Softscape's claim that NMS was a legitimate

5   prospect is directly relevant to SuccessFactors' claims of unauthorized computer access and

6   unfair competition. The Court should compel Softscape to produce all responsive press release

7   documents regarding this action to the present date.

8   **VII.    PRIVILEGED INFORMATION AND LOGS**

9        **A.    Inadequacy of Privilege Assertions for Phone Records**

10        Softscape has produced a miniscule number of mobile and corporate phone records for

11  selected employees showing calls between the dates of March 4, 2008 (the date of John

12  Anonymous's gmail) and March 5, 2008. (Decl. ¶ 27.) Even for the small number of produced

13  records, Softscape has withheld information identifying the parties communicating with the

14  Softscape employees on the basis of the right of "privacy" and an ephemeral claim of

15  confidentiality or trade secret protection. (Ex. 27, at 1, 2, & 4-5; *id.*, Ex. 28 (SSHC00654),

16  Ex. 29; Ex. 30.) Softscape has given no information to substantiate its claims of privacy rights,

17  confidentiality or trade secret protection, as it must to receive any sort of protection. *Hill*, 242

18  F.R.D. at 561; *Ceramic Corp. of Am. v. Inka Mar. Corp.* Inc., 163 F.R.D. 584, 588-89 (C.D. Cal.

19  1995). Nevertheless, during meet and confer efforts, SuccessFactors suggested that Softscape

20  omit the phone *numbers* of the non-Softscape parties so long as Softscape provided names for

21  companies and their representatives "friends" that called the selected Softscape employees.

22  (Decl. ¶ 27.) SuccessFactors agreed to forego the identification of family members' calls, with

23  the exception of the Watkins family. (*Id.*) Softscape ultimately refused to identify callers who

24  were employees' "friends," and never gave its position regarding willingness to identify calling

25  customer's names. (Ex. 22.)

26        These requested phone records are relevant to two central questions: 1) The identity of

27  John Anonymous; and 2) impact of the distribution of the Presentation. The danger faced by

28  SuccessFactors is that the identity of John Anonymous will be hidden as a "privileged" phone call

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  from the unnamed "friend" or "customer" of a Softscape employee.  The potential relevance of

2  the information renders Softscape's refusal to divulge the information inappropriate, particularly

3  in light of the Court's Protective Order.  *Marshall v. Rain*, Case No. 04cv0403, 2008 U.S. Dist.

4  LEXIS 41737, at *6-7 (S.D. Cal. May 23, 2008) (finding relevance of information outweighed

5  privacy interest, ordering production pursuant to a protective order).

6  **B.    Refusal to Log Press Release-Related Communications**

7  Softscape interposed objections to Document Request No. 17, pertaining to press release

8  documents, based on attorney-client privilege and the work product doctrine.  (Ex. 9, at 3-4.)

9  Softscape has refused to log withheld documents for this request.  (*Id.*)  As noted above,

10  communications regarding Softscape's press release documents are highly relevant, so if

11  Softscape any information about them withheld on purported privilege claims should be

12  identified.  A log is further warranted given the substantial question as to whether Softscape

13  waived privilege regarding its investigation into the Presentation's distribution.  (Ex. 31, at 1-3.)

14  **VIII.  CONCLUSION**

15  For the foregoing reasons, SuccessFactors respectfully requests that the Court grant its

16  Motion to Compel Softscape to produce documents erroneously withheld, provide full and

17  complete interrogatory responses, and provide privilege logs of appropriate scope.

18  Dated:  July 30, 2008                            FENWICK & WEST LLP

19                                                   By:_____/s/ Laurence F. Pulgram_____
                                                              Laurence F. Pulgram
20
                                                     Attorneys for Plaintiff
21                                                   SuccessFactors, Inc.

22

23

24

25

26

27

28