LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
LIWEN A. MAH (CSB No. 239033)
lmah@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:   (415) 875-2300
Facsimile:    (415) 281-1350

PATRICK E. PREMO (CSB No. 184915)
ppremo@fenwick.com
HENRY Z. CARBAJAL III (CSB No. 237951)
hcarbajal@fenwick.com
DENNIS M. FAIGAL (CSB No. 252829)
dfaigal@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:   (650) 988-8500
Facsimile:    (650) 938-5200

Attorneys for Plaintiff SUCCESSFACTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC, a Delaware corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>SOFTSCAPE, INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. CV 08-1376 CW (BZ)<br><br>**CONSENT JUDGMENT** |

Pursuant to Fed. R. Civ. P. 41(a)(1)(ii), 41 (c), and 54, Plaintiff and Counterclaim Defendant SuccessFactors, Inc. ("SuccessFactors") and Defendant and Counterclaim Plaintiff Softscape, Inc. ("Softscape"), by their undersigned counsel, hereby stipulate and consent to the following judgment (the "Consent Judgment"):

/ / /

**A.  Jurisdiction**

This Court has jurisdiction over the parties to this Consent Judgment and the subject matter of this action.

**B.  Permanent Injunction**

The Court hereby permanently enjoins Defendant Softscape and its officers, agents, servants, employees, successors and assigns from:

(1) Disseminating, publishing, causing to be made available to the public, or affirming the purported truth or accuracy of, the presentation titled "The Naked Truth;"

(2) Disseminating, publishing, causing to be made available to the public, or affirming the following allegedly false or misleading statements set forth within that presentation:

    (a) The presentation is "a compilation of facts from Successfactors [sic] customers;"

    (b) The presentation represents "why many of us [SuccessFactors' customers] have left" SuccessFactors;

    (c) "63% of Their [SuccessFactors'] Customers Left Them by 2008" and "1 out of 2 customers leaves Successfactors [sic] within 2 – 3 years;"

    (d) "After six months Sears Pulled the Plug on the entire project," or any other statement that Sears is not a current customer;

    (e) Merrill Lynch and Apple Computers are former customers that were "dissatisfied" and "have left" SuccessFactors;

    (f) MasterCard is not a referenceable customer;

    (g) Bank of America, Reebok, Symbol Technologies, Peregrine Systems, and Portal Software are former customers who left SuccessFactors because they were dissatisfied; and

    (h) SuccessFactors employs 440 consultants and spends "1,650 hours of effort for each of its customers;"

///

///

  (3) Representing or implying that a person or entity other than Softscape authored any of the statements in the presentation regarding SuccessFactors when such person or entity did not author it;

  (4) Disseminating or making public use of SuccessFactors' trade name, trademark, or logo beyond that amount reasonably necessary to identify SuccessFactors or its products and services;

  (5) Accessing or obtaining data from any other computer system or computer owned, operated, or licensed by SuccessFactors and subject to restrictions on access without SuccessFactors' express written authorization;

  (6) Disclosing, publishing, reproducing, or communicating any information or data received from such a restricted computer or computer system; and

  (7) Obtaining from any partner or other person, or using, any non-public list of SuccessFactors' prospects or leads (hereinafter the "Injunction").

**C.**  **Dismissal of Remaining Claims and Counterclaims**

  All remaining claims for relief in this action, including all counterclaims by Softscape, are hereby dismissed with prejudice, and with each party to bear its own fees and costs.

**D.**  **Continuing Jurisdiction**

  SuccessFactors and Softscape respectfully request that the Court direct the parties to perform each of the obligations set forth in the parties' Settlement Agreement executed on December 17, 2008 ("the Settlement Agreement"), and incorporate the terms of the Settlement Agreement into the Consent Judgment by reference. SuccessFactors and Softscape further request that the Court expressly retain jurisdiction over them for the purposes of enforcing this Injunction and the parties' Settlement Agreement executed on December 17, 2008.

**E.**  **Return of Security**

  Pursuant to Federal Rule of Civil Procedure 65(c) and the Court's temporary restraining order dated March 13, 2008, SuccessFactors posted cash in lieu of a bond in the amount of $10,000 with the Court on March 14, 2008 [Docket No. 27, receipt #44611001920]. Within five (5) days of

///

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  entry of the Consent Judgment, the Court clerk shall arrange for the Court to remit $10,000 to
2  SuccessFactors to extinguish this bond deposit.
3      **IT IS SO STIPULATED.**
4  Dated:  December 22, 2008                Mintz, Levin Cohn Ferris Glovsky & Popeo, PC

                                       By:      */s/ Bryan Sinclair*
                                            Bryan Sinclair
                                            Attorneys for Defendant SOFTSCAPE, INC.

Dated:  December 22, 2008                FENWICK & WEST LLP

                                       By:      */s/ Patrick E. Premo*
                                            Patrick E. Premo
                                            Attorneys for Plaintiff SUCCESSFACTORS, INC.

### ATTESTATION PURSUANT TO GENERAL ORDER 45

Concurrence in the filing of this document has been obtained from the other signatory.

Dated:  December 22, 2008                FENWICK & WEST LLP

                                       By:      */s/ Patrick E. Premo*
                                            Patrick E. Premo
                                            Attorneys for Plaintiff SUCCESSFACTORS, INC.

### JUDGMENT

**NOW, THEREFORE, PURSUANT TO STIPULATION, IT IS SO ORDERED, ADJUDGED AND DECREED THAT** a permanent injunction be entered in the form identified above against Defendant Softscape in favor of Plaintiff SuccessFactors, Inc.  All remaining claims for relief in the above-captioned action, including all counterclaims by Softscape, are hereby dismissed with prejudice, with each party to bear its own fees and costs.

1  SuccessFactors and Softscape are hereby directed to perform each of the obligations set
2  forth in the parties' Settlement Agreement executed on December 17, 2008, the terms of which
3  are incorporated herein by reference.  This Court shall retain personal and exclusive jurisdiction
4  over SuccessFactors and Softscape for the purpose of enforcing or interpreting any portion of the
5  Injunction or Settlement Agreement.  Said jurisdiction may be invoked by or against any party
6  hereto by filing a limited request to re-open Case No. CV 08-1376 CW (BZ), which request shall
7  specifically identify the provision of the Injunction or Settlement Agreement in question and the
8  nature of the dispute or disagreement. Within five (5) days of entry of the Consent Judgment, the
9  Court clerk shall arrange for the Court to remit $10,000 to SuccessFactors to extinguish the bond
10 deposit that SuccessFactors posted with the Court on or about March 14, 2008.

Dated:  December 29,  2008

_____
The Honorable Claudia Wilken
United States District Court Judge